The Honorable Richard A. Jones

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| T-MOBILE USA, INC., a Delaware corporation, | NO.  C14-1351 RAJ |
| Plaintiff, | MOTION OF DEFENDANT HUAWEI DEVICE USA, INC. TO DISMISS COMPLAINT UNDER FED. R. CIV. P. 12(b)(6) |
| v. | |
| HUAWEI DEVICE USA, INC., a Texas corporation; and HUAWEI TECHNOLOGIES CO. LTD., a China company, | NOTE ON MOTION CALENDAR: November 21, 2014 |
| Defendants. | **ORAL ARGUMENT REQUESTED** |

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

## **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................1

CRITICAL FACTS RELEVANT TO THE MOTION TO DISMISS ............................................4

STANDARD OF REVIEW ......................................................................................................7

ARGUMENT ........................................................................................................................8

I.   T-MOBILE HAS FAILED TO STATE A CLAIM FOR TRADE SECRET
     MISAPPROPRIATION ................................................................................................8

     A.   T-Mobile Failed to Identify Any Trade Secret with Sufficient
          Particularity to Withstand Dismissal .......................................................9

     B.   T-Mobile Had No Trade Secret Because It Had Already Disclosed
          Publicly All Such Information ................................................................11

     C.   T-Mobile Failed to Maintain the Secrecy of Its Purported Trade
          Secret .....................................................................................................16

II.  T-MOBILE HAS FAILED TO STATE A CLAIM FOR BREACH OF
     CONTRACT .............................................................................................................17

     A.   T-Mobile Has Failed to State a Claim for Damages ...............................17

     B.   T-Mobile Has Failed to State a Claim for "Other Applicable
          Agreements" ...........................................................................................18

III. T-MOBILE HAS FAILED TO STATE A CLAIM FOR A PRIVATE
     CONSUMER PROTECTION ACT CLAIM ..................................................................19

     A.   T-Mobile Has Failed to Plead the Public Interest Element of a
          Consumer Protection Act Claim ............................................................19

     B.   T-Mobile Has Failed to Plead Unfair or Deceptive Act or Practice ......21

     C.   T-Mobile's Consumer Protection Act Claim Is Preempted by the
          Washington Uniform Trade Secret Act ..................................................22

CONCLUSION ...................................................................................................................24

MOTION OF DEFENDANT HUAWEI DEVICE USA, INC.
TO DISMISS COMPLAINT - i
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Arma v. Buyseasons, Inc.*,
    591 F. Supp. 2d 637 (S.D.N.Y. 2008)......................................................................18

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..........................................................................................8

*Atl. Inertial Sys., Inc. v. Condor Pac. Indus. of California, Inc.*,
    545 F. App'x 600 (9th Cir. 2013) .............................................................23

*Baden Sports, Inc. v. Wilson Sporting Goods Co.*,
    No. C11-0603, 2011 WL 3158607 (W.D. Wash. July 26, 2011) .............................9

*Barr v. Interbay Citizens Bank of Tampa, Fla.*,
    96 Wn. 2d 692, 635 P.2d 441 (Wash. 1981).........................................................18

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..........................................................................................7

*Berman v. Sugo, LLC*,
    580 F. Supp. 2d 191 (S.D.N.Y. 2008)................................................................18

*Boeing Co. v. Sierracin Corp.*,
    108 Wn. 2d 38, 738 P.2d 665 (Wash. 1987)........................................................8

*Calixto v. JPMorgan Chase Bank Nat. Ass'n*,
    No. C13-1153RSL, 2014 WL 30192 (W.D. Wash. Jan. 3, 2014) .........................18

*CDC Restoration & Constr., LC v. Tradesmen Contractors, LLC*,
    274 P.3d 317 (Utah Ct. App. 2012) ................................................................22

*Ed Nowogroski Ins., Inc. v. Rucker*,
    88 Wn. App. 350, 944 P.2d 1093 (Wash. Ct. App. 1997), *aff'd*, 137 Wn. 2d 427, 971
    P.2d 936 (Wash. 1999)......................................................................................22

*Eng'g Network Int'l, Inc. v. Lucent Technologies, Inc.*,
    178 F. App'x 721 (9th Cir. 2006) ....................................................................15

*Enterprises Int'l, Inc. v. Int'l Knife & Saw, Inc.*,
    No. C12-5638 BHS, 2013 WL 6185241 (W.D. Wash. Nov. 26, 2013) ..........................22, 23

MOTION OF DEFENDANT HUAWEI DEVICE USA, INC.
TO DISMISS COMPLAINT - ii
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
    105 Wn. 2d 778, 719 P.2d 531 (Wash. 1986) ................................................19, 20, 21

*Harris v. Seward Park Hous. Corp.*,
    913 N.Y.S.2d 161, 79 A.D.3d 425 (2010) ............................................................17

*Hickory Specialties, Inc. v. Forest Flavors Int'l, Inc.*,
    12 F. Supp. 2d 760 (M.D. Tenn. 1998) ...............................................................15

*In re Lilley*,
    No. 10-91078C-13D, 2011 WL 1428089 (Bankr. M.D.N.C. Apr. 13, 2011) ........14

*In re Wet Seal, Inc. Securities Litig.*,
    518 F. Supp. 2d 1148 (C.D. Cal. 2007) ...............................................................11

*Jobscience, Inc. v. CVPartners, Inc.*,
    2014 WL 1724763 (N.D. Cal. 2014) ...................................................................10

*Kammerer v. Western Gear Corp.*,
    27 Wn. App. 512, 618 P.2d 1330 (Wash. Ct. App. 1980) ....................................18

*Kelly v. L.L. Cool J.*,
    145 F.R.D. 32 (S.D.N.Y. 1992) ............................................................................4

*Lafjord USA v. Nutreco Holding NV*,
    No. C03-3897RSM, 2005 WL 1126923 (W.D. Wash. May 10, 2005) ................21

*Manshardt v. Fed. Judicial Qualifications Comm.*,
    408 F.3d 1154 (9th Cir. 2005) ..............................................................................7

*Marks v. City of Seattle*,
    C03-1701P, 2003 WL 23024522 (W.D. Wash. Oct. 16, 2003) ...........................18

*Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*,
    78 Wn. App. 707, 899 P.2d 6 (Wash. Ct. App. 1995) .........................................17

*Nw. Prod. Design Grp., LLC v. Homax Products, Inc.*,
    174 Wn. App. 1002 (Wash. Ct. App. 2013), *review denied*, 178 Wn. 2d 1004, 308
    P.3d 641 (Wash. 2013) ..............................................................................19, 20, 21

*Pollution Denim & Co. v. Pollution Clothing Co.*,
    547 F. Supp. 2d 1132 (C.D. Cal. 2007) ...............................................................11

*Robbins, Geller, Rudman & Dowd, LLP v. State*,
    179 Wn. App. 711, 328 P.3d 905 (Wash. Ct. App. 2014) ...................................10

MOTION OF DEFENDANT HUAWEI DEVICE USA, INC.
TO DISMISS COMPLAINT - iii
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

*Sitrick v. Dreamworks, LLC*,
   516 F.3d 993 (Fed. Cir. 2008)............................................................................12

*South Ferry LP, No. 2 v. Killinger*,
   542 F.3d 776 (9th Cir. 2008) .............................................................................7

*St. John's Univ. v. Bolton*,
   757 F. Supp. 2d 144 (E.D.N.Y. 2010) ...........................................................11

*Taylor v. Reliance Standard Life Ins.*,
   No. C10-1317JLR, 2011 WL 62142 (W.D. Wash. Jan. 7, 2011) .......................14

*telSPACE, LLC v. Coast to Coast Cellular, Inc.*,
   No. 2:13-CV-01477 RSM, 2014 WL 4364851 (W.D. Wash. Sept. 3, 2014) .........10

*Thola v. Henschell*,
   140 Wn. App. 70, 164 P. 3d 524 (Wash. Ct. App. 2007) ............................22, 23

STATUTES

35 U.S.C. § 112(a) ...............................................................................................12

35 U.S.C. § 122(b) ...............................................................................................11

RCW 19.86, et seq. ..............................................................................................23

RCW 19.108.010(4)...........................................................................................8, 16

RCW 19.108.900 .................................................................................................22

RULES

Fed. R. Civ. P. 8(a)(2) ...........................................................................................8

Fed. R. Civ. P. 9(g) .............................................................................................18

Fed. R. Civ. P. 12(b)(6).......................................................................................1, 7

Fed. R. Evid. 201(b)(2) ........................................................................................15

Fed. R. Evid. 201(d) ............................................................................................11

Red. R. Evid. 408 ..................................................................................................4

BOOKS AND ARTICLES

Restatement (Third) of Unfair Competition § 39 cmt. F (1995)................................11

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

**INTERNET**

David Beren, *T-Mobile Shows Off Device Testing Robot, Employees Do the Robot Dance*, Tmo News (Sept. 13, 2012), http://www.tmonews.com/2012/09/t-mobile-shows-off-device-testing-robot-employees-do-the-robot-dance/. ................................. 1, 14-15

MOTION OF DEFENDANT HUAWEI DEVICE USA, INC.
TO DISMISS COMPLAINT - v
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Defendant Huawei Device USA, Inc. ("Huawei USA"), by and through its undersigned counsel, hereby moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts I, II, and IV[1] of the Complaint because Plaintiff, T-Mobile USA, Inc. ("T-Mobile") has failed to state a claim upon which relief can be granted.

## INTRODUCTION

T-Mobile did not "invent" its robot. Rather, it purchased a robot from Epson. T-Mobile did not keep its robot a secret. Rather, it published details about the robot and its programming in patent applications, and T-Mobile featured the robot in videos posted on YouTube. All this was done well before Huawei even had access to T-Mobile's lab and the robot. T-Mobile's Complaint fails to identify any information that was confidential or had independent value by being confidential, requirements for a trade secret under Washington law.

The T-Mobile robot that is allegedly a trade secret was actually in the public domain years before Huawei even had access to T-Mobile's lab and the robot. Three years before Huawei had access to T-Mobile's robot, T-Mobile began allowing patent applications to publish and disclose details of the robot and its operating system. In total, at least three patent applications published details of the robot. T-Mobile also demonstrated the robot in operation in a YouTube video/advertisement months before Huawei had access to the lab.[2] The video shows

---

[1] T-Mobile alleged Count III of the Complaint against Huawei Technologies Co. Ltd. and not against Huawei USA. As a result, Huawei USA does not discuss Count III in this motion to dismiss; and a dismissal of Counts I, II, and IV would result in a complete dismissal of the action against Huawei USA.

[2] David Beren, *T-Mobile Shows Off Device Testing Robot, Employees Do the Robot Dance*, Tmo News (Sept. 13, 2012), http://www.tmonews.com/2012/09/t-mobile-shows-off-device-testing-robot-employees-do-the-robot-dance/. The video is also available on YouTube at http://www.youtube.com/watch?v=mv69ZxKOFSw.

MOTION OF DEFENDANT HUAWEI DEVICE USA, INC.
TO DISMISS COMPLAINT - 1
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

the robot tapping icons on a smartphone and reveals other aspects of the robot.  The following

screenshot shows that the robot is not even made by T-Mobile but is actually an Epson product:



    T-Mobile's trade secret claim fails for a number of reasons.  T-Mobile concedes, as it

must, that the industry used robots to test devices and that the components of its robot were in

the public domain.  T-Mobile is left to allege that there were "secret" parts of its robot; yet, the

Complaint is devoid of any description of this secret information that Huawei employees

allegedly took.  This level of pleading fails to inform Huawei or the Court of the purported trade

secrets that are the crux of the dispute; and there is no identification of what T-Mobile alleges is

trade secret versus what it must acknowledge was publicly known.  Courts require plaintiffs

alleging trade secret violations to state with specificity what is believed to be secret.  This is for

good reason.  To permit vague or conclusory allegations about purported trade secrets invites a

fishing expedition for information around which the plaintiff will attempt to fashion a claim.  T-

MOTION OF DEFENDANT HUAWEI DEVICE USA, INC.
TO DISMISS COMPLAINT - 2
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Mobile's sweeping claims of proprietary information cannot be reconciled with its public disclosures. Not only does T-Mobile not include this critical information in its Complaint, but it has also ignored Huawei's repeated requests to identify the allegedly secret information.

The Complaint omits other information that is highly relevant. T-Mobile knew Huawei was building its own robot. Building smartphones that meet quality control standards was in both companies' best interests. In fact, to assist Huawei with its project, T-Mobile gave samples of the robot finger tips to Huawei. T-Mobile also answered questions from Huawei's robot development team. *See* Dkt. 1, Compl. ¶¶ 43-44. The cooperation ended at a point, and Huawei ultimately decided to use a robot made by a third party—not the Epson robot that T-Mobile used.

Not only has T-Mobile publicized its robot on YouTube and the Internet, but it also has filed multiple patent applications on the specific features of the robot and its operation. The patent applications were published before and during Huawei's relationship with T-Mobile, but well before Huawei ever had access to the "secret" robot. The vague references in the Complaint to T-Mobile's patents fail to identify a single bit of information that remained confidential after the patent applications were published. Nonetheless, T-Mobile alleges that Huawei somehow misappropriated "secret" information.

In May 2013, when T-Mobile first raised issues described in the Complaint, Huawei responded immediately. First, Huawei stopped using its robot even though it was independently developed. Second, Huawei gave T-Mobile access to the relevant Huawei employees for interviews and even produced more than 20,000 pages of information requested by T-Mobile. *See id.* ¶¶ 3, 52, 68-71. This information was provided under the companies' agreements and also a new non-disclosure agreement specifically for the investigation, with explicit agreement

that the voluntary disclosure was subject to Rule 408 of the Federal Rules of Evidence.[3]  *See id.*

¶¶ 3, 12.  Despite Huawei's voluntary cooperation and the confidentiality protections, T-Mobile

took the fruits of the confidential investigation and used them in the Complaint.  *See, e.g.*, *id.*

¶¶ 52, 68-71.

Not only does T-Mobile's Complaint fail to state a claim for the numerous reasons (*e.g.*,

preemption under the Washington Uniform Trade Secret Act) articulated below, but the omission

of material facts is misleading and the use of Huawei's confidential information is reckless, at

best.  T-Mobile's overreaching Complaint should be dismissed in its entirety.

## CRITICAL FACTS RELEVANT TO THE MOTION TO DISMISS

T-Mobile and Huawei signed a Supply Agreement on June 2, 2010.  Dkt. 1, Compl. ¶ 35.

It was not until late 2012 that Huawei was first given access to T-Mobile's lab where the robot

was located.  *Id.* ¶ 41.  The alleged incidents of wrongdoing occurred in May 2013—photographs

taken of the robot occurred on May 14, 2013 and the measurement of the "end effector" took

place on May 29, 2013.  *Id.* ¶¶ 48, 58.  The Complaint also refers to an alleged taking of

"sequence files operating software," but there is no allegation of what these files are or who

allegedly took them.  *See id.* ¶¶ 61-62.

T-Mobile began developing a robot in 2006, which it began using in late 2007.  *Id.* ¶¶ 10,

29.  T-Mobile not only posted a YouTube video showing its robot in operation but also published

---

[3] The Court should strike the following paragraphs of the Complaint to the extent that T-Mobile relies on information disclosed by Huawei USA in the context of settlement negotiation:  Dkt. 1, Compl. ¶¶ 3, 15-18, 44, 45, 50, 52, 53, 56-60, 65-72, 82, & 100-105.  *See, e.g.*, *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 40 (S.D.N.Y. 1992) (granting defendant's motion to strike portions of a complaint that referenced settlement discussions under Rule 408 as impermissible to show fault and thus immaterial and potentially prejudicial).

details about the design and functionality of its robot more than two years before Huawei was

initially granted access to the robot.

T-Mobile has filed multiple patent applications with the U.S. Patent & Trademark Office

("USPTO") seeking to protect its robot and its functionality.  The first of these applications to

publish was patent application serial no. 12/239,271, entitled "Robotic Device Tester."  Ex. 1.

This application, which was published on the USPTO's website as Publication No. US

2009/0265035 on October 22, 2009, disclosed the robot in detail.  *Id.*  Figure 3 from the

published patent application is reproduced below:



*Id.* at Figure 3.  This published patent application also disclosed details about the file structure of

the configuration files and a "cross-functional flowchart that illustrates a method according to

which a device may be tested, including generation of a configuration file and performance of

the test."  *Id.* ¶ 27.  The Complaint, however, does not define the "sequencing files" that it

alleges Huawei took, nor is this a term of art.  Huawei and the Court consequently have no

indication of what T-Mobile's coined phrase means.  Nevertheless, there can be no dispute that

MOTION OF DEFENDANT HUAWEI DEVICE USA, INC.
TO DISMISS COMPLAINT - 5
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

this published patent application fully describes the operating software for T-Mobile's robot.  *See id.* ¶¶ 26-27.

The USPTO published patent application serial no. 12/830,142, entitled "Switching Matrix and Test Platform," on January 5, 2012.  Ex. 2.  The application was published as Publication No. US 2012/003982.  *Id.*  This application describes in detail how T-Mobile engineers envisioned testing the radio frequency signals in devices (such as smartphones) during performance of functions "such as making voice calls, transmitting and receiving data (messages, videos, music, etc.)."  *Id.* at Abstract.  This functionality is precisely what T-Mobile uses its robot to test.

On June 14, 2012, the USPTO published patent application serial no. 12/964,427, entitled "Touch Screen Testing Platform."  Ex. 3.  This application, which was published on the USPTO's website as Publication No. US 2012/0146956, also described the robot in detail.  *Id.* Figure 2, reproduced below, is illustrative:



*Id.* at Figure 2.

MOTION OF DEFENDANT HUAWEI DEVICE USA, INC.
TO DISMISS COMPLAINT - 6
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

This published patent application also describes in detail the "test protocol module" that commands the movements of the robot as it tests the device. *See, e.g.*, *id.* ¶¶ 25-34, 41.  Through these commands, the robot engages the touch screen and is used to activate the controls of the device, simulating actual use of the device.  The Complaint fails to acknowledge that the command protocols for T-Mobile's robot were in the public domain (and not eligible for trade secret protection) before Huawei had access to T-Mobile's lab.

All aspects of the robot are revealed in the published patent applications or in the YouTube video.  The actual robot, made by Epson (as clearly shown in the YouTube video), is commercially available.  The Complaint fails to describe the "unique and cutting-edge technology" that was embodied in the photographs of the robot that the Huawei employee allegedly took with his smartphone.  Dkt. 1, Compl. ¶ 22.  There is no indication that there is anything confidential about the outside appearance of the robot.  Similarly, the "end effector" is disclosed in the published patent applications and in the YouTube video.

## STANDARD OF REVIEW

Dismissal is proper under Rule 12(b)(6) "if it appears beyond doubt that the plaintiff can prove no set of facts to support his claims." *Manshardt v. Fed. Judicial Qualifications Comm.*, 408 F.3d 1154, 1156 (9th Cir. 2005).  While in reviewing the adequacy of the complaint the Court must accept all well-pleaded allegations as true, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also South Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 782 (9th Cir. 2008).  In other words, "[t]o survive a motion to dismiss, a complaint

MOTION OF DEFENDANT HUAWEI DEVICE USA, INC.
TO DISMISS COMPLAINT - 7
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation omitted).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, at 678. Moreover, the tenet that a court must accept all factual allegations in a plaintiff's complaint as true does not apply to legal conclusions; and threadbare recitals of the elements of a claim, supported by mere conclusory statements, do not suffice. *Id.*

## ARGUMENT

## I.   T-MOBILE HAS FAILED TO STATE A CLAIM FOR TRADE SECRET MISAPPROPRIATION

A plaintiff asserting a trade secret claim bears the burden of "proving that legally protectable secrets exist." *Boeing Co. v. Sierracin Corp.*, 108 Wn. 2d 38, 49, 738 P.2d 665 (Wash. 1987). The Washington Uniform Trade Secret Act defines a trade secret as:

> . . . information, including a formula, pattern, compilation, program, device, method, technique, or process that:
>
> (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
>
> (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

RCW 19.108.010(4). The Court should dismiss T-Mobile's Complaint here because T-Mobile failed to plead the existence of a trade secret, that its trade secret was not "readily ascertainable

MOTION OF DEFENDANT HUAWEI DEVICE USA, INC.
TO DISMISS COMPLAINT - 8
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

by proper means," and that it undertook reasonable efforts to maintain the secrecy of its trade

secret.

A.    **T-Mobile Failed to Identify Any Trade Secret with Sufficient Particularity to Withstand Dismissal**

T-Mobile's statement of the alleged trade secret is an insufficient, generic statement that

captures virtually *every component* of its robot.  T-Mobile alleges:

> The trade secrets owned by T-Mobile and improperly acquired by
> Huawei include information and know-how relating to the design,
> assembly, and operating methods of the T-Mobile testing robot –
> including specifications, source code, component selection, and
> operating instructions – as well as other non-public elements of the
> robot technology, and proprietary combinations and
> implementations of the robot.

Dkt. 1, Compl. ¶ 80.  This statement is wholly insufficient to state a claim for trade secret

misappropriation, and the Court should dismiss Count I for failure to state a claim.

In *Baden Sports*, this Court granted defendant's motion to dismiss a similar claim due to

failure to sufficiently plead that its product "could plausibly be a trade secret."  *Baden Sports,*

*Inc. v. Wilson Sporting Goods Co.*, No. C11-0603, 2011 WL 3158607, *2 (W.D. Wash. July 26,

2011).  The Court explained that, in its complaint, "Plaintiff fails to identify any component of

its [product] that is a trade secret."  *Id.*  The Court further criticized the description provided of

the product:

> This vague description does not provide sufficient detail.  It fails to
> identify what components of the device are claimed or whether it is
> the combination of the components that is claimed. . . .  Because
> Plaintiff fails to plead the details about its [product] that make it a
> trade secret, Plaintiff[] does not meet the pleading requirements for
> this claim.

*Id.*  The Court should similarly dismiss T-Mobile's trade secret claim for failing to plead what its

claimed trade secret is.

MOTION OF DEFENDANT HUAWEI DEVICE USA, INC.
TO DISMISS COMPLAINT - 9
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Courts are consistently wary of insufficiently pleaded trade secret claims, such as the one in this case, viewing them as improper litigation tactics:

> Experience has shown that it is easy to allege theft of trade secrets with vagueness, then take discovery into the defendant's files, and then cleverly specify whatever happens to be there as having been trade secrets stolen from plaintiff.  A true trade secret plaintiff ought to be able to identify, up front, and with specificity the particulars of the trade secrets without any discovery.

*telSPACE, LLC v. Coast to Coast Cellular, Inc.*, No. 2:13-CV-01477 RSM, 2014 WL 4364851, *5 (W.D. Wash. Sept. 3, 2014) (quoting *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 1724763, *2 (N.D. Cal. 2014)) (quotation marks omitted).  Accordingly, this Court ordered the plaintiff to "provide sufficient specificity for its . . . trade secret claims."  *Id.*  Before any trade secret claim can proceed, T-Mobile should, at a minimum, be required to provide sufficient specificity for its alleged trade secret.  *See Robbins, Geller, Rudman & Dowd, LLP v. State*, 179 Wn. App. 711, 722, 328 P.3d 905 (Wash. Ct. App. 2014) ("The alleged unique, innovative, or novel information must be described with specificity and, therefore, 'conclusory' declarations that fail to 'provide concrete examples' are insufficient to support the existence of a trade secret.") (citation omitted).  Washington courts clearly require pleading a claim for trade secret with particularity exceeding that which T-Mobile provided in its Complaint in this case.

T-Mobile's Complaint supplies insufficient detail to determine what the claimed trade secret is.  T-Mobile's claim extends to every component of the robot, capturing elements that are public knowledge and failing to identify with any level of detail what elements are allegedly protected trade secrets.  T-Mobile failed to plead the existence of any trade secret with the requisite level of detail, and the Court should, accordingly, dismiss Count I.

MOTION OF DEFENDANT HUAWEI DEVICE USA, INC.
TO DISMISS COMPLAINT - 10
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

**B.** **T-Mobile Had No Trade Secret Because It Had Already Disclosed Publicly All Such Information**

**1.** **T-Mobile Disclosed Its Robot Fully Via Its Patent Disclosures**

In patent applications published in 2009 and 2012, T-Mobile disclosed the elements of its robot over which it now claims trade secret protection. "In a motion to dismiss, a Court may take judicial notice of documents attached to or referenced in the complaint without converting the motion into one for summary judgment where the authenticity of the documents are not in dispute." *In re Wet Seal, Inc. Securities Litig.*, 518 F. Supp. 2d 1148, 1157 (C.D. Cal. 2007). T-Mobile references its patents and patent applications for its robot in its Complaint: "Several aspects of the robot are patented or patent-pending . . . ." Dkt. 1, Compl. ¶ 10. Moreover, patent applications and patents are subject to judicial notice, which allows for judicial consideration at any stage of the proceeding. *See* Fed. R. Evid. 201(d). Courts routinely take judicial notice of the contents of patents and of patent filing dates. *See, e.g.*, *St. John's Univ. v. Bolton*, 757 F. Supp. 2d 144, 154 (E.D.N.Y. 2010) (judicial notice of content of patent); *Pollution Denim & Co. v. Pollution Clothing Co.*, 547 F. Supp. 2d 1132, 1135 n.11 (C.D. Cal. 2007) (judicial notice of patent filing date). The patents and associated applications are, therefore, squarely before the Court in deciding this motion to dismiss.

The disclosures T-Mobile made in its patent applications are important because they eviscerate T-Mobile's ability to claim trade secret protection. The USPTO publishes patent applications, eighteen months after they are filed, thereby disclosing the contents of the applications to the public. 35 U.S.C. § 122(b); *see also* Restatement (Third) of Unfair Competition § 39 cmt. F (1995) ("Information that is generally known or readily ascertainable through proper means . . . by others to whom it has potential economic value is not protectable as

MOTION OF DEFENDANT HUAWEI DEVICE USA, INC.
TO DISMISS COMPLAINT - 11
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

a trade secret. Thus, information that is disclosed in a patent or contained in published materials reasonably accessible to competitors does not qualify for protection [as a trade secret].").  This is in part a natural result of the fact that patent applications necessarily must be specific enough to meet the "enablement requirement," which allows someone to make and use the invention, and must also include a description of the inventor's preferred method, or "best mode," of using the claimed invention.  35 U.S.C. § 112(a); *see also Sitrick v. Dreamworks, LLC*, 516 F.3d 993, 999 (Fed. Cir. 2008).  The "best mode" requirement ensures that a patent applicant cannot obtain a patent while at the same time keeping secret what he believes is the best implementation of the invention.

In the years preceding the alleged misappropriation of T-Mobile's alleged trade secret in May 2013, T-Mobile filed three separate patent applications for its robot:  (1) on September 26, 2008, T-Mobile filed its Robotic Device Tester patent application US 2009/0265035, now patent US 8,761,938, which bears a publication date of October 22, 2009, Ex. 1; (2) on July 2, 2010, T-Mobile filed its Switching Matrix and Test Platform patent application US 2012/0003982, which bears a publication date of January 5, 2012, Ex. 2; and (3) on December 9, 2010, T-Mobile filed its Touch Screen Testing Platform patent application US 2012/0146956, which bears a publication date of June 14, 2012, Ex. 3.  These patent documents amount to a prior, voluntary public disclosure by T-Mobile of each component of the robot that is even remotely identified by T-Mobile as potentially being a misappropriated trade secret.  As a result, T-Mobile has not identified anything not already disclosed, and the Court should dismiss T-Mobile's trade secret claim.

MOTION OF DEFENDANT HUAWEI DEVICE USA, INC.
TO DISMISS COMPLAINT - 12
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

While T-Mobile's Complaint is replete with vague references to alleged misappropriation, the section of the Complaint entitled "Huawei's Theft of Trade Secrets," Dkt. 1, Compl. ¶¶ 41-72, identifies two potential misappropriations, neither of which can involve a trade secret given their disclosure in T-Mobile's patent applications.  First, T-Mobile alleges misappropriation of the "end effector."  *Id.* ¶¶ 54-60.  The existence and purpose of the end effector, however, is described in the T-Mobile patent applications, which were published well before the alleged misappropriation.  *See, e.g.*, Ex. 3, US 2012/0146956 ¶ 30 (published June 2012) ("The robotic device tester 200 may include a robot 202 that is configured to control movement of an arm with a tip 206 using a robotic arm 208"); *id.* ¶ 32 ("In some embodiments, the robot 202 is configured to move the arm 204 and tip 206 in six degrees of freedom using the robotic arm 208 . . . ."); *see also id.* Fig. 2; Ex. 1, US 2009/0265035 at Fig. 3 (published October 2009).  The tip of the end effector is described in great detail, Ex. 1, US 2009/0265035 ¶ 85 ("a force sensor may sense force at the tip of the robotic arm and provide the reading to the processor, e.g., robot controller PC"), as is the material comprising the tip, Ex. 3, US 2012/0146956 ¶ 27 ("The tips may be synthetic pads (e.g., rubberized, plastic, etc.), that are moveably controlled by the robotic device tester"); *id.* ¶ 31 ("In some embodiments, the tip 206 may be formed using a synthetic material (e.g., rubber, polymer material, etc.), such as a conductive material that enables detection by the touch screen device 106 when the tip engages the touch screen 212.").

Second, T-Mobile alleges misappropriation of its sequencing files:  "On information and belief, Huawei employees accessed and sent proprietary sequencing files via email to others at Huawei."  Dkt. 1, Compl. ¶ 62.  T-Mobile has raised this conclusory allegation despite lacking

MOTION OF DEFENDANT HUAWEI DEVICE USA, INC.
TO DISMISS COMPLAINT - 13
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

any factual basis upon which to properly bring such a claim.  Such general allegations, based "on information and belief," are insufficient to state a claim.  *Taylor v. Reliance Standard Life Ins.*, No. C10-1317JLR, 2011 WL 62142 (W.D. Wash. Jan. 7, 2011) (explaining that such "general allegations are not sufficient to withstand a motion to dismiss"); *see also In re Lilley*, No. 10-91078C-13D, 2011 WL 1428089, *3 (Bankr. M.D.N.C. Apr. 13, 2011) (explaining that where plaintiffs "couch their conclusory recitals in terms of 'information and belief'" that amounts to "an inadequate substitute for providing detail as to why the element is present in an action").

Not only is the claim baseless, but T-Mobile also disclosed information regarding the computer programs that control its robot in the three previously mentioned patent applications. These patent applications fully describe the functionality of the robot, including the programming that controls the movement of the robot arm and the radio frequency operations of the device.  *See, e.g.*, Ex. 1, US 2009/0265035 at ¶¶ 76-82, 85; Ex. 2, US 2012/0003982 at ¶¶ 22-23, 54-62; Ex. 3, US 2012/0146956 at ¶¶ 23-34, 40 & Figs. 4, 5.  The publication of these programs, well before the alleged misappropriation, extinguishes any possible trade secret protection.

### 2.      T-Mobile Also Disclosed Elements of Its Robot in a Video It Released in September 2012

Not only should the Court take judicial notice of the patent applications, but the Court should also take judicial notice of the video T-Mobile posted on its website to show off its robot (http://www.tmonews.com/2012/09/t-mobile-shows-off-device-testing-robot-employees-do-the-robot-dance/) on September 13, 2012, eight months prior to the alleged misappropriation of trade secret via photographing the robot or taking the end effector.  Dkt. 1, Compl. ¶¶ 48, 54-55. Judicial notice is proper because the video "can be accurately and readily determined from

MOTION OF DEFENDANT HUAWEI DEVICE USA, INC.
TO DISMISS COMPLAINT - 14
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). T-Mobile produced and released the video, which T-Mobile maintains, to this day, on a T-Mobile hosted webpage that is publicly available.

The video shows the components of the robot, including the size of various components like the end effector. It also shows that Epson manufactured the robot, demonstrating that it was not manufactured internally by T-Mobile and that T-Mobile cannot claim any trade secret protection with respect to that component. *See, e.g.*, *Eng'g Network Int'l, Inc. v. Lucent Technologies, Inc.*, 178 F. App'x 721, 722 (9th Cir. 2006) (finding no misappropriation where plaintiff "failed to demonstrate its ownership over the alleged trade secrets"). Moreover, the video makes it readily apparent to the naked eye that the photographs taken in the testing laboratory by the Huawei employee do not disclose anything not already disclosed in this video, which had been released *eight* months prior to the date the photographs were taken. *Compare* http://www.tmonews.com/2012/09/t-mobile-shows-off-device-testing-robot-employees-do-the-robot-dance/ *with* Ex. 4, Photographs (referenced at Dkt. 1, Compl. ¶ 48); *see also* Ex. 5, Comparison of Photographs to YouTube Video and Patent Applications.[4]

In short, T-Mobile's extensive disclosure of the component parts and sequencing algorithm in its patent applications and material presented to the public has destroyed its claimed trade secret protection. Furthermore, both patent and trade secret protection do not attach to the same product. *See, e.g.*, *Hickory Specialties, Inc. v. Forest Flavors Int'l, Inc.*, 12 F. Supp. 2d 760, 767 (M.D. Tenn. 1998) ("It is generally accepted that once information is patented, it can no longer be a trade secret."). Once a product has been disclosed to the public in a patent

---

[4] The fourth photograph contains an image visible in a portion of the first two photographs and is inconsequential.

MOTION OF DEFENDANT HUAWEI DEVICE USA, INC.
TO DISMISS COMPLAINT - 15
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

application, as it has been here, trade secret protection with respect to that product is necessarily abandoned. As a result, the Court should dismiss Count I of the Complaint.

### C.    T-Mobile Failed to Maintain the Secrecy of Its Purported Trade Secret

In voluntarily disclosing its alleged trade secret, as detailed *supra* I.B, T-Mobile *de facto* fails to meet the second requirement for trade secret protection of undertaking reasonable efforts to maintain its secrecy. RCW 19.108.010(4)(b).

T-Mobile has also failed to plead affirmatively that it undertook the requisite precautionary efforts. Given the lack of particularity discussed *supra* I.A., Huawei USA does not know what T-Mobile is claiming as its trade secret. Nevertheless, T-Mobile's Complaint fails to foreclose the possibility that a T-Mobile employee voluntarily supplied the information to Huawei USA. T-Mobile alleged that "Huawei employees asked T-Mobile personnel detailed questions about the testing robot," and only vaguely stated that "T-Mobile personnel did not provide answers to these [more pointed] questions." Dkt. 1, Compl. ¶ 43; *see also id.* ¶ 44. In explaining the precautionary measures it took, T-Mobile pleaded that it imposed restrictions on *suppliers* who entered its testing lab. *Id.* ¶¶ 11-14. Nowhere did T-Mobile plead that it imposed any measures on its own employees that would have or should have prevented those employees from voluntarily disclosing material to Huawei.

In addition, T-Mobile failed to plead the existence of adequate security measures in place within the laboratory to maintain the secrecy of its alleged trade secrets. *See id.* T-Mobile admits that it allowed Huawei employees access to the laboratory to use the robot and even let Huawei access test results on the computer in the laboratory. *Id.* ¶ 42. T-Mobile alleges that the robot is "hooked up to a computer, which allows the user to change the operation of the robot and record testing results" and that the "robot's operating software is confidential and

MOTION OF DEFENDANT HUAWEI DEVICE USA, INC.
TO DISMISS COMPLAINT - 16
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

proprietary." *Id.* ¶ 33.  Finally, T-Mobile alleges that "Huawei employees accessed and sent

proprietary sequencing files via email to others at Huawei," *id.* ¶ 62, with the implication being

that the files were accessed off the computer in the laboratory.  Nevertheless, T-Mobile did not

plead the existence of any security measures on the computers in the laboratory, such as even the

most basic password or encryption protection on the files allegedly "accessed and sent."

Because of these failures, as well as the obvious public disclosures delineated above, T-

Mobile has not adequately demonstrated that it took reasonable precautionary measures to

maintain the secrecy of its purported trade secret; and the Court should, therefore, dismiss Count

I of the Complaint.

## II.      T-MOBILE HAS FAILED TO STATE A CLAIM FOR BREACH OF CONTRACT

### A.      T-Mobile Has Failed to State a Claim for Damages

An essential element of a breach of contract action is damages.  "A breach of contract is

actionable only if the contract imposes a duty, the duty is breached, and the breach proximately

causes damage to the claimant." *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wn.

App. 707, 712, 899 P.2d 6 (Wash. Ct. App. 1995); *see also Harris v. Seward Park Hous. Corp.*,

913 N.Y.S.2d 161, 162, 79 A.D.3d 425 (2010) ("The elements of such a claim [breach of

contract] include the existence of a contract, the plaintiff's performance thereunder, the

defendant's breach thereof, and resulting damages.").[5]  In its breach of contract claim, T-Mobile

has failed to adequately plead damages.  "A party cannot recover twice for the same injury

---

[5] The Supply Agreement and Clean Room Letter are both subject to Washington law.  Ex. 6,
Supply Agreement ¶ 9.11; Ex. 7, Clean Room Letter at 1 ("This letter is supplemental to the
[Supply Agreement], and is governed by the terms and conditions set forth therein.").  The Non-
Disclosure Agreement, however, is subject to New York law.  Ex. 8, Non-Disclosure Agreement
¶ 13.

MOTION OF DEFENDANT HUAWEI DEVICE USA, INC.
TO DISMISS COMPLAINT - 17
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

simply because he has two legal theories." *Kammerer v. Western Gear Corp.*, 27 Wn. App. 512, 527, 618 P.2d 1330 (Wash. Ct. App. 1980) (*overruled on other grounds*, *Barr v. Interbay Citizens Bank of Tampa, Fla.*, 96 Wn. 2d 692, 635 P.2d 441 (Wash. 1981)).  And, yet, T-Mobile's allegation of damages for its trade secret and breach of contract allegations are identical, *compare* Compl. ¶ 86 *with id.* ¶ 97.  As a result, T-Mobile has stated a claim for double recovery, and the Court should dismiss Count II.[6]

**B.      T-Mobile Has Failed to State a Claim for "Other Applicable Agreements"**

The Court should also dismiss the allegations related to "other applicable agreements" for failure to state a claim.  T-Mobile alleges that "Huawei USA has materially breached the Supply Agreement *and other applicable agreements between the parties*," Dkt. 1, Compl. ¶ 94 (emphasis added), with only this insufficiently pleaded, conclusory allegation.  With respect to "other agreements," the Complaint has failed to state a claim, as there is no identification of the individual agreements alleged to have been breached and thus no notice of the contractual provisions allegedly breached or of the nature of the breach.  *See Calixto v. JPMorgan Chase Bank Nat. Ass'n*, No. C13-1153RSL, 2014 WL 30192 (W.D. Wash. Jan. 3, 2014) (dismissing the complaint for failure to state a claim where plaintiff failed to specify the basis for the alleged breach according to the terms of the specific contract at-issue); *see also Berman v. Sugo, LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008) (dismissing breach-of-contract claims as conclusory for, in part, failing to set forth the contract's major terms); *Arma v. Buyseasons, Inc.*, 591 F.

---

[6] To the extent that T-Mobile is seeking standalone consequential damages pursuant to paragraph 96 of the Complaint, such damages should be dismissed for violating Rule 9(g) of the Federal Rules of Civil Procedure:  "If an item of special damage is claimed, it must be specifically stated."  Fed. R. Civ. P. 9(g); *see also, e.g., Marks v. City of Seattle*, C03-1701P, 2003 WL 23024522 (W.D. Wash. Oct. 16, 2003) (striking claim for special damages where the Court found it "impossible to determine what the special damages alleged would consist of").

MOTION OF DEFENDANT HUAWEI DEVICE USA, INC.
TO DISMISS COMPLAINT - 18
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Supp. 2d 637, 643 (S.D.N.Y. 2008) (concluding that "bare allegations" were conclusory).

Because T-Mobile has only pleaded that Huawei USA is a signatory to the Supply Agreement,

the Non-Disclosure Agreement, and the Clean Room Letter, Dkt. 1, Compl. ¶ 91, any allegations

with respect to any other agreements referenced vaguely in the Complaint should be dismissed

for failure to state a claim.

## III.   T-MOBILE HAS FAILED TO STATE A CLAIM FOR A PRIVATE CONSUMER PROTECTION ACT CLAIM

   T-Mobile's consumer protection claim fails for three independent reasons:  First, T-

Mobile has failed to plead the necessary element of public interest impact.  Second, T-Mobile

has failed to plead the necessary element of an unfair or deceptive act or practice.  Third, T-

Mobile's consumer protection claim is preempted by the Washington Uniform Trade Secret Act.

### A.   T-Mobile Has Failed to Plead the Public Interest Element of a Consumer Protection Act Claim

   There are five elements a plaintiff must establish for a private Consumer Protection Act

("CPA") claim:  "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce;

(3) public interest impact; (4) injury to plaintiff in his or her business or property; [and]

(5) causation."  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn. 2d 778,

780, 719 P.2d 531 (Wash. 1986).  Failure to plead any single element is fatal to a CPA claim.  *Id.*

at 793.  T-Mobile has failed to plead the third element, public interest impact, and the Court

should therefore dismiss Count IV of the Complaint.

   To meet the pleading requirements of public interest impact, T-Mobile "must show an

impact to public interest *separate and apart* from showing an unfair and deceptive act."  *Nw.*

*Prod. Design Grp., LLC v. Homax Products, Inc.*, 174 Wn. App. 1002, 1002 (Wash. Ct. App.

2013), *review denied*, 178 Wn. 2d 1004, 308 P.3d 641 (Wash. 2013) (emphasis in original).  The

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Washington Supreme Court has recognized the difficulty in pleading public interest impact when the alleged unfair act pertains to a private dispute:  "Ordinarily, a breach of a private contract affecting no one but the parties to the contract is not an act or practice affecting the public interest."  *Hangman Ridge*, 105 Wn. 2d at 790.

When the dispute involves a private contract, as it does here, rather than a consumer transaction, the court evaluates four factors to determine whether the private dispute affects the public interest:  "(1) the alleged acts were committed in the course of the defendant's business; (2) the defendant advertised to the consumer public in general; (3) the defendant actively solicited the plaintiff, indicating its potential to similarly solicit others; and (4) plaintiff and defendant occupied unequal bargaining positions."  *Nw. Prod.*, 174 Wn. App. at 1002 (citing *Hangman Ridge*, 105 Wn. 2d at 790-91).

At most, T-Mobile has pleaded facts sufficient to establish only the first of the four factors, that the alleged acts were committed in the course of Huawei's business.  With respect to the second factor, the Complaint merely contains a conclusory allegation that "Huawei advertises to the general public."  Dkt. 1, Compl. ¶ 109.  Washington courts have found such a statement in a pleading utterly insufficient where, as here, the plaintiff failed to plead "a causal connection between these conclusory allegations and the alleged unfair and deceptive act or practice."  *Nw. Prod.*, 174 Wn. App. at 1002 (affirming dismissal of CPA claim).  T-Mobile's own pleading belies the third factor.  T-Mobile alleged:  "Huawei actively solicited T-Mobile's business through participation in *T-Mobile's Request for Proposal process* in which numerous domestic and international companies competed with Huawei to supply handsets through T-Mobile to the public at large."  Dkt. 1, Compl. ¶ 109 (emphasis added).  T-Mobile therefore concedes that *it*

MOTION OF DEFENDANT HUAWEI DEVICE USA, INC.
TO DISMISS COMPLAINT - 20
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

solicited the business.  Huawei simply participated in a competitive bidding process, and T-Mobile selected Huawei for the business.  T-Mobile has failed to plead—and indeed, cannot plead—solicitation.  *See Lafjord USA v. Nutreco Holding NV*, No. C03-3897RSM, 2005 WL 1126923, *6 (W.D. Wash. May 10, 2005) (explaining that the fact that "it was plaintiff who selected defendant for this business" meant that the solicitation factor was not met).  Finally, T-Mobile has omitted mention of the fourth factor, unequal bargaining position, implicitly acknowledging that it has no basis upon which to plead that Huawei occupied superior bargaining power.

Considering the factors that afford standing for a private company to bring a CPA claim, T-Mobile has failed to make a sufficient showing.  Accordingly, the Court should dismiss Count IV for failure to state a claim upon which relief can be granted.  *Nw. Prod.*, 174 Wn. App. at 1002 (granting motion to dismiss CPA claim); *see also Lafjord*, 2005 WL 1126923, *7 (finding "no basis for a claim under the Washington Consumer Protection Act").

### B.    T-Mobile Has Failed to Plead Unfair or Deceptive Act or Practice

Not only has T-Mobile failed to state a claim by failing to plead the public interest element, but T-Mobile also failed to plead an unfair deceptive act or practice.  The basis for T-Mobile's CPA claim is the alleged misappropriation of T-Mobile's trade secret.  T-Mobile alleges that "Huawei has engaged in unfair practices in violation of the public interest by stealing the technology of its business partner T-Mobile in violation of a nondisclosure agreement."  Dkt. 1, Compl. ¶ 108.  As explained in Section I *supra*, T-Mobile has failed to state a claim for trade secret misappropriation; therefore, with the basis for the CPA being the alleged trade secret, this claim should be similarly dismissed.  *See, e.g.*, *Hangman Ridge*, 105 Wn. 2d at 793 (explaining that the failure to allege a single element is fatal to a CPA claim).

MOTION OF DEFENDANT HUAWEI DEVICE USA, INC.
TO DISMISS COMPLAINT - 21
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

C.     **T-Mobile's Consumer Protection Act Claim Is Preempted by the Washington Uniform Trade Secret Act**

The Washington Uniform Trade Secrets Act ("WUTSA") expressly preempts claims for consumer protection when the claims are based on the alleged misappropriation of trade secrets. Here, T-Mobile's consumer protection claim is based upon its trade secret claim; and this Court, therefore, should dismiss Count IV of the Complaint.

WUTSA provides that it "displaces conflicting tort, restitutionary, and other law of this state pertaining to civil liability for misappropriation of a trade secret." RCW 19.108.900. A plaintiff "may not rely on acts that constitute trade secret misappropriation to support other causes of action." *Ed Nowogroski Ins., Inc. v. Rucker*, 88 Wn. App. 350, 358, 944 P.2d 1093 (Wash. Ct. App. 1997), *aff'd*, 137 Wn. 2d 427, 971 P.2d 936 (Wash. 1999). Moreover, a court "'need not first determine whether the information that [plaintiff] alleges was misappropriated constitutes a trade secret before determining whether [the UTSA] displaces [plaintiff's] common-law claims.'" *Enterprises Int'l, Inc. v. Int'l Knife & Saw, Inc.*, No. C12-5638 BHS, 2013 WL 6185241, *10 (W.D. Wash. Nov. 26, 2013) (quoting *CDC Restoration & Constr., LC v. Tradesmen Contractors, LLC*, 274 P.3d 317, 330 n.6 (Utah Ct. App. 2012)) (additional citation omitted).

Washington courts have adopted a tripartite analysis to determine whether a claim is preempted: "(1) assess the facts that support the plaintiff's civil claim; (2) ask whether those facts are the same as those that support the plaintiff's UTSA claim; and (3) hold that the UTSA preempts liability on the civil claim unless the common law claim is factually independent from the UTSA claim." *Thola v. Henschell*, 140 Wn. App. 70, 82, 164 P. 3d 524 (Wash. Ct. App.

MOTION OF DEFENDANT HUAWEI DEVICE USA, INC.
TO DISMISS COMPLAINT - 22
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

2007) (citation omitted).  "[P]roper application of this three-step analysis precludes duplicate recovery for a single wrong."  *Id.*

According to T-Mobile's own Complaint, the basis for its CPA claim is that "Huawei has engaged in unfair practices in violation of the public interest by stealing the technology of its business partner T-Mobile in violation of a nondisclosure agreement."  Dkt. 1, Compl. ¶ 108.  T-Mobile further alleges that "Huawei's conduct has the capacity to deceive a substantial portion of the public by passing off T-Mobile's testing technology as its own and attributing improvements to its devices to its own efforts rather than T-Mobile's R&D."  *Id.*  As is clear from the allegations in the Complaint, T-Mobile has pleaded a consumer protection claim based precisely on the same set of facts for which it is alleging trade secret misappropriation.

Where, as here, the basis for the allegation of a violation of the Consumer Protection Act is the same core set of facts as the misappropriation, the CPA claim must fail.  In *Enterprises Int'l, Inc. v. Int'l Knife & Saw, Inc.*, this Court found that "[a]n examination of Plaintiffs' amended complaint makes clear that they rely on the same set of core facts to support claims for . . . unfair competition pursuant to RCW 19.86, et seq. (Consumer Protection Act ('CPA')) . . . as well as their misappropriation of trade secrets claim."  2013 WL 6185241, *10.  Because "the allegations necessary to prove each element still relate to the same core set of facts," the Court found plaintiffs' claim for violation of the CPA preempted by the UTSA.  *Id.* at *11; *see also Atl. Inertial Sys., Inc. v. Condor Pac. Indus. of California, Inc.*, 545 F. App'x 600, 602 (9th Cir. 2013) (applying the law of California, which has adopted the UTSA, and finding the claim for consumer protection preempted because it relies "'on the same facts' as Plaintiff's statutory claim for misappropriation of trade secrets").  Because T-Mobile's CPA claim is rooted

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

exclusively in the alleged misappropriation of trade secrets, the Court should dismiss Count IV as preempted by the WUTSA.

### CONCLUSION

For the foregoing reasons, Defendant Huawei USA respectfully requests that this Court dismiss the Complaint against it in its entirety for failure to state a claim upon which relief can be granted.

DATED this 27th day of October, 2014.

**GORDON TILDEN THOMAS & CORDELL** LLP
Attorneys for Defendant Huawei Device USA, Inc.

By   *s/Franklin D. Cordell*
    Franklin D. Cordell, WSBA #26392
    Jeffrey M. Thomas, WSBA #21175
    1001 Fourth Avenue, Suite 4000
    Seattle, Washington 98154
    Telephone:  (206) 467-6477
    Facsimile:   (206) 467-6292
    Email:  fcordell@gordontilden.com
    Email:  jthomas@gordontilden.com

**STEPTOE & JOHNSON LLP**
Attorneys for Defendant Huawei Device USA, Inc.

By   *s/Timothy C. Bickham*
    William F. Abrams*
    James F. Hibey*
    Timothy C. Bickham*
    Jessica I. Rothschild*
    1330 Connecticut Avenue NW
    Washington, DC 20036
    Telephone: (202) 429-3000
    Facsimile:  (202) 429-3902
    Email:  jhibey@steptoe.com
    Email:  wabrams@steptoe.com
    Email:  tbickham@steptoe.com
    Email:  jrothschild@steptoe.com
    * *Admitted Pro Hac Vice*

MOTION OF DEFENDANT HUAWEI DEVICE USA, INC.
TO DISMISS COMPLAINT - 24
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL** LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2014, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

following:

Michael E. Kipling
Marjorie A. Walter
KIPLING LAW GROUP PLLC
3601 Fremont Avenue N., Suite 414
Seattle, WA 98103
kipling@kiplinglawgroup.com
walter@kiplinglawgroup.com

John Hueston
Alison Plessman
Eric Hayden
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
jhueston@irell.com
aplessman@irell.com
ehayden@irell.com

                                              s/ *Frank D. Cordell*
                                              Frank D. Cordell, WSBA #26392

MOTION OF DEFENDANT HUAWEI DEVICE USA, INC.
TO DISMISS COMPLAINT - 25
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292