HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| T-MOBILE USA, INC., | |
| Plaintiffs, | CASE NO. C14-1351RAJ |
| v. | MINUTE ORDER |
| HUAWEI DEVICE USA, INC., et al., | |
| Defendant. | |

The clerk issues the following minute order by the authority of the Honorable Richard A. Jones, United States District Court Judge.

Defendant Huawei Technologies Co. Ltd. has filed a motion to dismiss.[1]  Dkt. # 50.  No attorney has entered a notice of appearance on behalf of Huawei Technologies.  *See* Local Rules W.D. Wash. LCR 83.2(a) (specifying methods by which an attorney eligible to appear may enter an appearance in a civil case).  No attorney was eligible to file a motion to dismiss on behalf of Huawei Technologies.

The court will strike the motion to dismiss.  Ordinarily, the court might permit Huawei Technologies to enter a belated notice of appearance without striking the motion it filed in violation of court rules, but other circumstances lead the court to a different conclusion.  The motion to dismiss contains several grounds unique to Huawei Technologies.  It invokes Rule 12(b)(2), contending that the court lacks personal

---

[1] Counsel used the court's electronic filing system to indicate incorrectly that both Defendants filed the motion to dismiss.

MINUTE ORDER – 1

jurisdiction over Huawei Technologies. It attacks a claim for tortious interference that applies only to Huawei Technologies. In many other respects, however, the motion is duplicative of a motion to dismiss that the other Defendant, Huawei Device USA, Inc., filed months ago. It is not identical, to be sure, but many passages are wholly identical, and those portions that are not identical seem to be (at best) attempts to state the same arguments in a slightly different way. The same counsel represents both Defendants.

No one benefits from this approach. The court has no need for six briefs making the same arguments, nor does it relish the prospect of rooting through six briefs to discern which portions are actually different. The court has no idea why Huawei Technologies did not simply indicate that it joins in the arguments its United States subsidiary made in its motion to dismiss. That would have been cheaper for Huawei Technologies, simpler for the court, and would not have put Plaintiff through the exercise of responding to the same arguments twice.

The court orders as follows:

1) The court TERMINATES Huawei Technologies' motion to dismiss. Dkt. # 50.
2) Huawei Technologies shall file nothing further until it enters a notice of appearance.
3) If Huawei Technologies enters a notice of appearance and wishes to renew the arguments it made in its motion to dismiss, it shall use one of the following options:
    a. it shall file a new motion to dismiss that indicates its joinder with arguments made in Huawei Device's motion to dismiss but does not repeat those arguments; or

MINUTE ORDER – 2

      b. it shall file a motion for leave to file a duplicative motion to dismiss, wherein it explains why the first of these two alternatives is not adequate.

Dated this 21st day of April, 2015.

                                WILLIAM M. MCCOOL
                                Clerk

                                s/Rhonda Stiles
                                Deputy Clerk

MINUTE ORDER – 3