1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| T-MOBILE USA, INC., a Delaware corporation, | NO.  C14-1351 RAJ |
| Plaintiff, | MOTION OF DEFENDANT HUAWEI TECHNOLOGIES CO., LTD. TO DISMISS COMPLAINT UNDER FED. R. CIV. P. 12(b)(2) AND 12(b)(6) |
| v. | |
| HUAWEI DEVICE USA, INC., a Texas corporation; and HUAWEI TECHNOLOGIES CO. LTD., a China company, | NOTE ON MOTION CALENDAR: May 15, 2015 |
| Defendants. | **ORAL ARGUMENT REQUESTED** |

MOTION OF DEFENDANT
HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

## **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................1

STANDARD OF REVIEW ...............................................................................................3

    A.    Standard for Dismissal Under Rule 12(b)(2) ..................................3

    B.    Standard for Dismissal Under Rule 12(b)(6) ..................................3

ARGUMENT ......................................................................................................................4

I.    THE COURT LACKS PERSONAL JURISDICTION OVER HUAWEI TECHNOLOGIES .................................................................................................4

    A.    The Court Lacks General Jurisdiction over Huawei Technologies ........................4

    B.    The Court Also Lacks Specific Jurisdiction ....................................5

II.    T-MOBILE HAS FAILED TO STATE A CLAIM FOR TRADE SECRET MISAPPROPRIATION ................................................................................7

    A.    T-Mobile Failed to Identify Any Misappropriated Trade Secret with Sufficient Particularity to Withstand Dismissal................................8

    B.    T-Mobile Had No Trade Secret Because It Had Already Publicly Disclosed All Such Information................................8

    C.    T-Mobile Failed to Maintain the Secrecy of Its Purported Trade Secret................................10

III.    T-MOBILE HAS FAILED TO STATE A CLAIM FOR BREACH OF CONTRACT ................................................................................11

    A.    Huawei Technologies Is Not a Party to the Mutual Nondisclosure Agreement................................11

    B.    T-Mobile Has Failed to State a Claim for Damages................................12

IV.    T-MOBILE HAS FAILED TO STATE A CLAIM FOR TORTIOUS INTERFERENCE WITH A CONTRACT ................................................12

    A.    T-Mobile Has Failed to Plead Interference for an Improper Purpose................................12

MOTION OF DEFENDANT
HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - i
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

B.   T-Mobile's Tortious Interference Claim Is Preempted by the Washington Uniform Trade Secret Act ................................................................13

C.   T-Mobile Has Failed to State a Claim Because a Parent Cannot Tortiously Interfere with Its Wholly Owned Subsidiary .......................................15

D.   T-Mobile Has Failed to Plead Interference with "Other Applicable Agreements" with the Requisite Particularity........................................16

V.   T-MOBILE HAS FAILED TO STATE A CLAIM FOR A PRIVATE CONSUMER PROTECTION ACT VIOLATION .........................................17

CONCLUSION................................................................17

MOTION OF DEFENDANT
HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - ii
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Bancroft & Masters, Inc. v. Augusta Nat. Inc.*,
    223 F.3d 1082 (9th Cir. 2000) ............................................................4

*Bingham v. Blair LLC*,
    No. C10-5005 RBL, 2010 WL 2196106 (W.D. Wash. May 27, 2010)....................6

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)...........................................................................3, 7

*Centennial Energy Holdings, Inc. v. Colo. Energy Mgmt., LLC*,
    934 N.Y.S.2d 32 (N.Y. Sup. Ct. 2011) .....................................................11

*Coe v. Philips Oral Healthcare Inc.*,
    No. 13-518, 2014 WL 585858 (W.D. Wash. Feb. 14, 2014)..........................6

*Daimler AG v. Bauman*,
    134 S. Ct. 746 (2014)..........................................................................6

*Doe v. Unocal Corp.*,
    248 F.3d 915 (9th Cir. 2001) .............................................................5, 7

*Ed Nowogroski Ins., Inc. v. Rucker*,
    88 Wn. App. 350, 944 P.2d 1093 (Wash. Ct. App. 1997), *aff'd*, 137 Wn. 2d 427, 971
    P.2d 936 (Wash. 1999)...................................................................13, 14

*Electric Mirror, LLC v. Janmar Lighting, Inc.*,
    760 F. Supp. 2d 1033 (W.D. Wash. 2010)..............................................5

*Endeavor Capital Holdings Group, LLC v. Umami Sustainable Seafood, Inc.*,
    No. 13-4143, 2014 WL 3897577 (S.D.N.Y. Aug. 7, 2014).........................12

*Enterprises Int'l, Inc. v. Int'l Knife & Saw, Inc.*,
    No. C12-5638 BHS, 2013 WL 6185241 (W.D. Wash. Nov. 26, 2013) ..............13

*Hansen v. Transworld Wireless TV-Spokane, Inc.*,
    44 P.3d 929 (Wash. Ct. App. 2002)....................................................15

*Harris v. Sears Holding Corp.*,
    No. 2:10-CV-01339-MJP, 2011 WL 219669 (W.D. Wash. Jan. 24, 2011).............16

*Horsehead Indus. v. Metallgesellschaft AG*,
    239 A.D.2d 171 (1st Dep't 1997) .......................................................................12

*Intern. Shoe Co. v. Washington*,
    326 U.S. 310 (1945)...........................................................................................3

*Jason v. UNITE HERE*,
    No. C05-820 JLR, 2005 WL 3278004 (W.D. Wash. Dec. 2, 2005)........................4

*Lake v. Lake*,
    817 F.2d 1416 (9th Cir. 1987) .............................................................................5

*McGlinchy v. Shell Chemical Co.*,
    845 F.2d 802 (9th Cir. 1988) ...............................................................................7

*Newton Ins. Agency & Brokerage, Inc. v. Caledonian Ins. Grp., Inc.*,
    52 P.3d 30 (Wash. Ct. App. 2002)......................................................................12

*Omeluk v. Langsten Slip & Batbyggeri A/S*,
    52 F.3d 267 (9th Cir. 1995) .................................................................................7

*Private Reserve Fin., LLC v. Borenstein*,
    No. C13-5788 RBL, 2014 WL 2208944 (W.D. Wash. May 28, 2014)...................5

*Pulver v. Battelle Mem'l Inst.*,
    No. CV-05-5028-RHW, 2009 WL 224490 (E.D. Wash. Jan. 29, 2009) ..........13, 16

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) .......................................................................3, 4, 5

*Thola v. Henschell*,
    140 Wn. App. 70, 164 P. 3d 524 (Wash. Ct. App. 2007) ...............................13, 14

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
    592 F.3d 954 (9th Cir. 2010) .............................................................................10

*Wells Fargo & Co. v. Wells Fargo Express Co.*,
    556 F.2d 406 (9th Cir. 1977) ...............................................................................6

*Ziegler v. Indian River Cnty.*,
    64 F.3d 470 (9th Cir. 1995) .................................................................................5

STATUTES

RCW 19.108.900 .................................................................................................13

MOTION OF DEFENDANT
HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - iv
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
RULES
3
Fed. R. Civ. P. 12(b)(2)..........................................................................passim
4
5
Fed. R. Civ. P. 12(b)(6)......................................................................... 1-3, 5
6
7
Fed. R. Evid. 201(b)(2) ..............................................................................10
8
9
PATENTS
10
11
Canada Patent Application No. 2721793 ........................................................8
12
13
Canada Patent Application No. 2806546 ........................................................8
14
15
Europe Patent Application No. 090732725 ....................................................8
16
17
Hong Kong Patent Application No. 11112517 ...............................................8
18
19
International Patent Application No. PCT/US2009/41094................................8
20
21
International Patent Application No. PCT/US2011/42799................................8
22
23
Japan Patent Application No. 2011-505250 ...................................................8
24
25
South Korea Patent Application No. 10-2010-7025816 .................................8
26
27
U.S. Patent Application No. US 2012/0003982 .............................................8
28
BOOKS AND ARTICLES
29
30
Aubrey Cohen, *T-Mobile Marks Anniversary with Tour, Unlimited Data*, Seattlepi.com
31       (Sept. 5, 2012), http://www.seattlepi.com/business/tech/article/T-Mobile-marks-
32       anniversary-with-tour-unlimited-3842407.php#photo-3412686 ...............................9
33
Brier Dudley, *Video: T-Mobile USA Turns 10, Shows off Testing Labs*, The Seattle Times
34       (Sept. 5, 2012),
35       http://old.seattletimes.com/html/technologybrierdudleysblog/2019077344_t-
36       mobile_usa_turns_10_shows_of.html .......................................................9
37
Latif Salman, *T-Mobile Introduces Tappy, the Software Testing Robot*, übergizmo.com
38       (Sept. 13, 2012), http://www.ubergizmo.com/2012/09/t-mobile-introduces-tappy-the-
39       software-testing-robot/.........................................................................9
40
Matt Markovich, *T-Mobile Testers Drop, Dunk and Tap Devices Before They're Sold*,
41       KOMOnews.com (Sept. 5, 2012),
42       http://www.komonews.com/home/video/168716536.html.......................................9
43
44
45

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Nat Levy, *Phone Testing by Dummies Is Serious Stuff*, Mercer Island Reporter (Oct. 3, 2012), http://www.mi-reporter.com/news/172510031.html# .......................................................9

Stephanie Mlot, *T-Mobile Software-Testing Robot Gets Tap-Happy*, PCMag.com (Sept. 13, 2012), http://www.pcmag.com/article2/0,2817,2409695,00.asp ........................................9

MOTION OF DEFENDANT
HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - vi
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

Defendant Huawei Technologies Co., Ltd. ("Huawei Technologies"), by and through its undersigned counsel, hereby moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss the Complaint for lack of personal jurisdiction. Alternatively, Huawei Technologies moves to dismiss the Complaint pursuant to Rule 12(b)(6) because Plaintiff, T-Mobile USA, Inc. ("T-Mobile"), has failed to state any claim upon which relief can be granted.

## <u>INTRODUCTION</u>

T-Mobile's Complaint against Huawei Technologies should be dismissed in its entirety for lack of personal jurisdiction. As explained more fully herein, there is no support for the exercise of personal jurisdiction over Huawei Technologies. The company is based in China and has no contacts with the State of Washington, let alone any of those typically required for personal jurisdiction to attach. Huawei Technologies does not conduct business in Washington and has no offices, employees, phone numbers, licenses to do business, or other such indicia of personal jurisdiction. Huawei Technologies did not employ the individuals T-Mobile accuses of misconduct. Put simply, there are no contacts with Washington, and the Complaint against Huawei Technologies should be dismissed for lack of personal jurisdiction.

Huawei Device USA, Inc. ("Huawei USA") is the entity at the heart of T-Mobile's allegations. Huawei USA entered into contracts to provide T-Mobile with cellular handsets and established an office in Bellevue, Washington, to service the relationship with T-Mobile. Huawei USA does not contest jurisdiction but has moved to dismiss the complaint under Rule 12(b)(6). Dkt. 32.

T-Mobile's claims against Huawei Technologies also fail to satisfy Rule 12(b)(6) pleading standards. In addition to raising unique Rule 12(b)(6) arguments in this Motion,

MOTION OF DEFENDANT
HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 1
No. C14-1351 RAJ

Huawei Technologies joins the following arguments made by Huawei USA in its Motion to Dismiss[1]:

1.     Huawei Technologies joins Huawei USA's whole argument that T-Mobile has failed to state a claim for trade secret misappropriation.  Dkt. 32 at 8-17.  Huawei Technologies, however, herein supplements that argument with additional public disclosures made by T-Mobile that support both Huawei Technologies' and Huawei USA's position that T-Mobile publicly disclosed so much of its robot that T-Mobile's Complaint fails to identify a misappropriated trade secret.

2.     Huawei Technologies joins the part of Huawei USA's breach of contract argument that T-Mobile has failed to plead damages.  *Id.* at 17-18.

3.     Huawei Technologies joins Huawei USA's whole argument that T-Mobile has failed to state a claim for a private Consumer Protection Act claim.  *Id.* at 19-24.

The focus of T-Mobile's Complaint is an allegation of trade secret misappropriation related to its handset testing robot.  As previously stated, not only has T-Mobile not identified any specific trade secret that was allegedly misappropriated, but T-Mobile also did not keep its robot a secret.  *See id.* at 1-7.  Instead, Huawei Technologies discovered that *eight months* before the alleged misappropriation occurred, T-Mobile (a) featured the robot in a video posted on YouTube, (b) invited the media (including KOMO-TV and *The Seattle Times*) into its lab to film and report on the robot to the public, and (c) published comprehensive details regarding the design and specifications in numerous patents both in the United States and abroad.  T-Mobile's trade secret claim is meritless, as are its derivative tortious interference and consumer protection

---

[1] Where appropriate, Huawei Technologies will also indicate *infra* where it incorporates by reference (and therefore joins) the arguments Huawei USA made in its Motion to Dismiss.

MOTION OF DEFENDANT
HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 2
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

claims, which are also each preempted by the Washington Uniform Trade Secret Act

("WUTSA").

T-Mobile's breach of contract claim is similarly unfounded and should be dismissed, as

Huawei Technologies—unlike Huawei USA—was not a party to the agreement T-Mobile alleges

has been breached.

T-Mobile's overreaching Complaint should be dismissed in its entirety.

## STANDARD OF REVIEW

### A.    Standard for Dismissal Under Rule 12(b)(2)

A court must dismiss a complaint when it lacks personal jurisdiction over a defendant

who does not possess sufficient contacts with the forum.  Fed. R. Civ. P. 12(b)(2); *Intern. Shoe*

*Co. v. Washington*, 326 U.S. 310, 316 (1945).  The plaintiff has the burden to show by

affirmative proof that jurisdiction exists.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d

797, 800 (9th Cir. 2004).  There are two kinds of personal jurisdiction:  general and specific.

General jurisdiction is subject to an "exacting standard," found only where the plaintiff has

shown that the defendant has "continuous and systematic general business contacts that

approximate physical presence in the forum state."  *Id.* at 801 (quotations and citations omitted).

Specific jurisdiction, which is much narrower than general jurisdiction, exists when the cause of

action arises from the defendant's contacts with the forum.  *Id.* at 801-02 (citing *Burger King*

*Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).  Neither general nor specific jurisdiction can

be found here.

### B.    Standard for Dismissal Under Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 10(c), Huawei Technologies incorporates by

reference the legal standard section from Huawei USA's Motion to Dismiss, Dkt. 32 at 7-8.

MOTION OF DEFENDANT
HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 3
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

## <u>ARGUMENT</u>

**I.   THE COURT LACKS PERSONAL JURISDICTION OVER HUAWEI TECHNOLOGIES**

While personal jurisdiction may be either general or specific, T-Mobile cannot show that Huawei Technologies has ties to the State of Washington sufficient to satisfy either standard.

### A.   The Court Lacks General Jurisdiction over Huawei Technologies

T-Mobile's Complaint identifies Huawei Technologies and Huawei USA as defendants in this case; yet, T-Mobile does not allege any facts that could plausibly support the Court's exercise of general jurisdiction over Huawei Technologies.  In determining whether general jurisdiction over a defendant exists, courts consider "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there."  *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).  The Ninth Circuit has "regularly declined to find general jurisdiction [over a non-resident defendant] even where the defendant's contacts were quite extensive."  *Jason v. UNITE HERE*, No. C05-820 JLR, 2005 WL 3278004, *4 (W.D. Wash. Dec. 2, 2005) (citation omitted).

The lack of personal jurisdiction over Huawei Technologies is so clear that it is not even properly alleged in the Complaint.  T-Mobile merely alleges that "Huawei Technologies Co. Ltd. ('Huawei China') is a Chinese company with its principal place of business at Bantian, Longgang District, Shenzhen, People's Republic of China."  Dkt. 1, Compl. ¶ 25.  This allegation is wholly insufficient to show that the entity T-Mobile identified as Huawei Technologies has "continuous and systematic general business contacts that approximate physical presence" in the State of Washington.  *Schwarzenegger*, 374 F.3d at 801 (citations and

MOTION OF DEFENDANT
HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 4
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

quotations omitted).  Rather, Huawei Technologies is a company based in China, has no offices

or employees in Washington, and is not and has never been licensed or registered to do business

in Washington.  Declaration of Lily Xu at ¶¶ 4-10 ("Xu Decl.").[2]  Huawei Technologies clearly

does not maintain the requisite "continuous and systematic" contacts needed to sustain general

jurisdiction.  *See, e.g.*, *Electric Mirror, LLC v. Janmar Lighting, Inc.*, 760 F. Supp. 2d 1033,

1036 (W.D. Wash. 2010) (finding no general jurisdiction absent showing that defendant was

doing business in Washington).

### B.   The Court Also Lacks Specific Jurisdiction

T-Mobile's Complaint also fails to allege any facts sufficient to support the Court's

exercise of specific jurisdiction over Huawei Technologies.  The Ninth Circuit has held that

specific jurisdiction exists where:  (1) the defendant has done some act or consummated some

transaction with the forum or performed some act by which it purposefully availed itself of the

privilege of conducting activities in the forum, thereby invoking the benefits and protections of

its laws, (2) the claim arises out of or results from the defendant's forum-related activities, and

(3) the exercise of jurisdiction "comport[s] with fair play and substantial justice."

*Schwarzenegger*, 374 F.3d at 802 (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).

The "purposeful availment" requirement ensures that a party has sufficient contacts with the

forum state to put it on notice that it could be haled into court there; "random, fortuitous, or

attenuated contacts" are not enough to satisfy the constitutional requirements of Due Process.

*See Ziegler v. Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir. 1995).

---

[2] "Unlike a Rule 12(b)(6) motion, a Rule 12(b)(2) motion to dismiss for lack of subject matter jurisdiction enables a court to consider 'affidavits or any other evidence properly before the court," including material extrinsic to the pleadings."  *Private Reserve Fin., LLC v. Borenstein*, No. C13-5788 RBL, 2014 WL 2208944, at *1 (W.D. Wash. May 28, 2014) (quoting *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001)).

MOTION OF DEFENDANT
HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 5
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

Huawei Technologies was not involved in the actions set forth in the Complaint.  At no time relevant to the allegations in the Complaint did Huawei Technologies employ either of the two individuals T-Mobile identifies as having misappropriated its alleged trade secret(s) or any of the other individuals identified in the Complaint.  Xu Decl. ¶¶ 11-13.  At no time did Huawei Technologies engage in any of the activities alleged in the Complaint.  *Id.* ¶ 14.  Moreover, Huawei Technologies, which does not develop, manufacture, or sell handsets, was never a signatory or party-in-interest to any of the contracts T-Mobile identifies in the Complaint.  *Id.* ¶¶ 15-19.  T-Mobile's naming of Huawei Technologies is erroneous and unjustified.

T-Mobile's effort to create jurisdiction over this China-based corporation by conflating Huawei Technologies and Huawei USA as "Huawei" does not overcome the Complaint's clear jurisdictional defects.  Huawei Technologies is a distinct entity from Huawei USA.  The mere existence of a corporate relationship between the two entities does not confer jurisdiction over the foreign entity that has neither purposefully availed itself of the laws of the State of Washington nor engaged in forum-related activities.  This Court, consequently, should not exercise specific jurisdiction over Huawei Technologies.  *See, e.g.*, *Coe v. Philips Oral Healthcare Inc.*, No. 13-518, 2014 WL 585858 (W.D. Wash. Feb. 14, 2014) (a foreign corporation may not be subject to jurisdiction based on its domestic subsidiary's actions) (citing *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014)); *Bingham v. Blair LLC*, No. C10-5005 RBL, 2010 WL 2196106, *4 (W.D. Wash. May 27, 2010) ("it is well established that a parent-subsidiary relationship by itself is insufficient to attribute the minimum contacts of the subsidiary to the parent") (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 420 (9th

Cir. 1977)); *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 271 (9th Cir. 1995) (no

purposeful availment where the connection to Washington was the act of another entity).

Moreover, any attempt by T-Mobile to assert personal jurisdiction over Huawei

Technologies based on its breach of contract allegations is also unavailing.  T-Mobile alleges

that Huawei Technologies is bound by the Non-Disclosure Agreement ("NDA").  Dkt. 1, Compl.

¶¶ 38, 92.  As discussed *infra* III.A, Huawei Technologies is not a party to the NDA.[3]

The Court should dismiss T-Mobile's Complaint against Huawei Technologies pursuant

to Rule 12(b)(2) due to the absence of either general or specific jurisdiction.

## II.  T-MOBILE HAS FAILED TO STATE A CLAIM FOR TRADE SECRET MISAPPROPRIATION

T-Mobile has failed to identify any specific trade secret that was misappropriated by

either Huawei Technologies or Huawei USA.[4]  In addition, T-Mobile published foreign patent

applications describing the details of its robot and engaged in a public relations campaign that

broadcasted its robot to the public through various media outlets.  Such disclosures to the public

were made before Huawei USA first gained access from T-Mobile to its robot lab, let alone well

before the dates of the misconduct alleged in the Complaint.

---

[3] Even if Huawei Technologies was determined to be bound to the agreement, the NDA does not confer specific jurisdiction on Huawei Technologies with respect to T-Mobile's other allegations.  *See, e.g.*, *Unocal Corp.*, 248 F.3d at 924 (explaining that "an individual's contract with an out-of-state party alone [cannot] automatically establish sufficient minimum contacts to support personal jurisdiction") (citing *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 816 n.9 (9th Cir. 1988); quoting *Burger King*, 471 U.S. at 478) (quotation marks omitted).

[4] As noted above, Huawei Technologies joins in and incorporates herein by reference Huawei USA's arguments regarding T-Mobile's failure to state a claim for trade secret misappropriation, Dkt. 32 at 8-17.  Any new facts or arguments to support Huawei Technologies' position are in text *infra*.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

**A.      T-Mobile Failed to Identify Any Misappropriated Trade Secret with Sufficient Particularity to Withstand Dismissal**

Huawei Technologies incorporates by reference Section I.A of Huawei USA's Motion to Dismiss, Dkt. 32 at 9-10.

**B.      T-Mobile Had No Trade Secret Because It Had Already Publicly Disclosed All Such Information**

**1.      T-Mobile Fully Disclosed Its Robot Via Its Patent Applications**

Huawei Technologies incorporates by reference Section I.B.1 of Huawei USA's Motion to Dismiss, Dkt. 32 at 11-14.  In addition to the U.S. patent applications discussed therein, *see id.*, T-Mobile filed numerous foreign applications.  For example, on April 20, 2009, T-Mobile filed the Chinese equivalent of the Robotic Device Tester patent application US 2009/0265035 (Dkt. 38-1).  Ex. 1, China Patent Publication No. 200980122850.6.  The Chinese patent application bears a publication date of May 18, 2011.  T-Mobile filed additional foreign parent applications corresponding to the Robotic Device Tester application that published before T-Mobile granted access to its robot.[5]  Similarly, T-Mobile filed several foreign applications corresponding to its Switching Matrix and Test Platform patent application US 2012/0003982 (Dkt. 32-2), which also published prior to T-Mobile granting access to its robot.[6]  These patent applications amount to prior, voluntary, comprehensive public disclosures by T-Mobile of each robot component that is even remotely identified in its Complaint as potentially constituting a

---

[5] International Patent Application No. PCT/US2009/41094 (Oct. 22, 2009); Canada Patent Application No. 2721793 (Oct. 22, 2009); Europe Patent Application No. 090732725 (Jan. 5, 2011); Japan Patent Application No. 2011-505250 (June 23, 2011); South Korea Patent Application No. 10-2010-7025816 (Oct. 31, 2011); Hong Kong Patent Application No. 11112517 (July 13, 2012).

[6] Canada Patent Application No. 2806546 (Jan. 5, 2012); International Patent Application No. PCT/US2011/42799 (Feb. 23, 2012).

MOTION OF DEFENDANT
HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 8
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

trade secret, let alone one misappropriated by Huawei Technologies (or Huawei USA).  As a result, T-Mobile has not identified anything not already disclosed, and the Court should dismiss T-Mobile's trade secret claim.

### 2.   T-Mobile Unveiled Its "Secret" Lab to the Press and Public in September 2012

Huawei Technologies incorporates by reference Section I.B.2 of Huawei USA's Motion to Dismiss, Dkt. 32 at 14-16.  In addition to the T-Mobile video discussed therein, *see id.*,[7] T-Mobile broadcast details of its "secret" robot in KOMO-TV and in *Seattle Times* segments in September 2012—eight months before the alleged misappropriation.  *See* Dkt. 1, Compl. ¶¶ 48, 54-55.  In September 2012, T-Mobile "lifted the veil on their high-security testing lab," allowing the media into the lab not only for their own viewing, but with permission to write reports and record video that was then broadcast over the air and/or posted online, where they remain available today.[8]  KOMO Video at 0:07-0:09; *id.* at 0:24-0:29 ("For the first time in its 10-year

---

[7] Huawei USA's motion refers to, or describes, only T-Mobile's video.  Additional evidence of which the Court can take judicial notice is included herein.

[8] Matt Markovich, *T-Mobile Testers Drop, Dunk and Tap Devices Before They're Sold*, KOMOnews.com (Sept. 5, 2012), http://www.komonews.com/home/video/168716536.html (KOMO reporter explains that T-Mobile "lifted the veil on their high security testing lab") ("KOMO Video") (*see* Ex. 2, stills from the KOMO Video); Ex. 3, Brier Dudley, *Video: T-Mobile USA Turns 10, Shows off Testing Labs*, The Seattle Times (Sept. 5, 2012), http://old.seattletimes.com/html/technologybrierdudleysblog/2019077344_t-mobile_usa_turns_10_shows_of.html ("*Seattle Times* Video") (*see* Ex. 4, stills from the *Seattle Times* Video); *see also* Ex. 5, Aubrey Cohen, *T-Mobile Marks Anniversary with Tour, Unlimited Data*, Seattlepi.com (Sept. 5, 2012), http://www.seattlepi.com/business/tech/article/T-Mobile-marks-anniversary-with-tour-unlimited-3842407.php (explaining that T-Mobile "open[ed] up its device lab for media tours"); Ex. 6, Latif Salman, *T-Mobile Introduces Tappy, the Software Testing Robot*, übergizmo.com (Sept. 13, 2012), http://www.ubergizmo.com/2012/09/t-mobile-introduces-tappy-the-software-testing-robot/; Ex. 7, Stephanie Mlot, *T-Mobile Software-Testing Robot Gets Tap-Happy*, PCMag.com (Sept. 13, 2012), http://www.pcmag.com/article2/0,2817,2409695,00.asp; Ex. 8, Nat Levy, *Phone

MOTION OF DEFENDANT
HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 9
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

history, T-Mobile opened up its validation lab"); *see also* Ex. 2 at 2-3.  Judicial notice of these

public materials is proper because the videos and news reports "can be accurately and readily

determined from sources whose accuracy cannot reasonably be questioned"—namely the media.

Fed. R. Evid. 201(b)(2); *see also Von Saher v. Norton Simon Museum of Art at Pasadena*, 592

F.3d 954, 960 (9th Cir. 2010) (courts may take judicial notice of news reports "as an indication

of what information was in the public realm at the time").

The videos released by news outlets undermine any claim to proprietary, confidential

information in the software and hardware of T-Mobile's robot, including the material comprising

the finger tip.  Kathy Barnes, T-Mobile's Senior Director of Device Technology, Network &

Device Quality Assurance, explained:  "We don't need to have any special software, we don't

need to have any special hardware, to put a device under test on these robots.  They actually have

a rubber pen that simulates the finger, and they can press actual keys or touchscreen."  *Seattle*

*Times* Video at 3:28-3:42; *see also* Ex. 4 at 3.  The videos also show that Epson—not T-

Mobile—manufactured the robot, *see, e.g.*, KOMO Video at 0:45-0:54; Ex. 2 at 5, which

eviscerates T-Mobile's ability to claim trade secret protection with respect to the Epson

component.

In short, T-Mobile's extensive disclosures regarding its robot destroy any plausible claim

of trade secret protection.

### C.     T-Mobile Failed to Maintain the Secrecy of Its Purported Trade Secret

Huawei Technologies incorporates by reference Section I.C of Huawei USA's Motion to

Dismiss, Dkt. 32 at 16-17.

---

*Testing by Dummies Is Serious Stuff*, Mercer Island Reporter (Oct. 3, 2012), http://www.mi-reporter.com/news/172510031.html#.

## III.   T-MOBILE HAS FAILED TO STATE A CLAIM FOR BREACH OF CONTRACT

### A.   Huawei Technologies Is Not a Party to the Mutual Nondisclosure Agreement

T-Mobile's only contract-based claim against Huawei Technologies—relating to an alleged breach of the Mutual Nondisclosure Agreement ("NDA"), Dkt. 1, Compl. ¶ 92—should be dismissed because Huawei Technologies is not a party to that agreement.  Huawei Technologies is not a signatory to the NDA.  *See* Dkt. 32-8.  Instead, Huawei USA is a signatory.  The boilerplate language that Huawei USA was signing on behalf of "itself, its parents, affiliates, subsidiaries, contract manufacturers, partner companies and alliances," *id.* at 1, does not make Huawei Technologies a party to the NDA.

It is hornbook law that corporate relationships, by themselves, are insufficient to bind a parent to an agreement signed even by a subsidiary.  "In general, a party that is not a signatory to an executed contract is not bound by that agreement.  Therefore, it cannot be sued for its purported breach unless there is a separate basis for the nonsignatory's liability, such as where the nonsignatory manifests an intent to be bound by the contract."  *Centennial Energy Holdings, Inc. v. Colo. Energy Mgmt., LLC*, 934 N.Y.S.2d 32 (N.Y. Sup. Ct. 2011) (citations omitted).[9]

T-Mobile has not pleaded a legal basis for binding a parent to its immediate subsidiary's agreement, let alone any basis for binding a remotely related entity.  There are three ways a parent company can be bound to the agreement of its immediate subsidiary:  "[1] if the parent's conduct manifests an intent to be bound by the contract, which intent is inferable from the parent's participation in the negotiation of the contract, or [2] if the subsidiary is a dummy for the parent, or [3] if the subsidiary is controlled by the parent for the parent's own purposes."

---

[9] The NDA is subject to New York law.  Dkt. 32-8, NDA ¶ 13.

MOTION OF DEFENDANT
HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 11
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

*Horsehead Indus. v. Metallgesellschaft AG*, 239 A.D.2d 171, 171 (1st Dep't 1997) (citations omitted). T-Mobile has not alleged any of these bases. Courts routinely dismiss claims for breach of contract against non-signatories for failure to plead supporting allegations. *See, e.g.*, *Endeavor Capital Holdings Group, LLC v. Umami Sustainable Seafood, Inc.*, No. 13-4143, 2014 WL 3897577, at *4-5 (S.D.N.Y. Aug. 7, 2014) (explaining that the plaintiff had "offer[ed] no basis for concluding that [defendant] manifested an intent with respect to the [contract]" and granting the motion to dismiss upon finding that the defendant "could not have breached the [contract] because it was not a party to the agreement and did not manifest an intent to be bound by it"). Huawei Technologies is not a party to the NDA, is not bound by the NDA's provisions, and, consequently, is not subject to liability for any alleged breach thereof.

**B.      T-Mobile Has Failed to State a Claim for Damages**

Huawei Technologies incorporates by reference Section II.A of Huawei USA's Motion to Dismiss, Dkt. 32 at 17-18.

**IV.      T-MOBILE HAS FAILED TO STATE A CLAIM FOR TORTIOUS INTERFERENCE WITH A CONTRACT**

**A.      T-Mobile Has Failed to Plead Interference for an Improper Purpose**

A tortious interference claim contains five elements: "(1) the existence of a valid contractual relationship or business expectancy; (2) that the defendant had knowledge of that expectancy; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that the defendant interfered for an improper purpose or used improper means; and (5) resulting damage." *Newton Ins. Agency & Brokerage, Inc. v. Caledonian Ins. Grp., Inc.*, 52 P.3d 30, 33 (Wash. Ct. App. 2002).

MOTION OF DEFENDANT
HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 12
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

T-Mobile has failed to state a claim for trade secret, *see supra* II, which is the basis for T-Mobile's tortious interference claim.  *See infra* IV.B.  Accordingly, T-Mobile has also failed to state a claim for tortious interference, and the Court should dismiss T-Mobile's tortious interference claim.  *See, e.g.*, *Pulver v. Battelle Mem'l Inst.*, No. CV-05-5028-RHW, 2009 WL 224490 (E.D. Wash. Jan. 29, 2009) (granting defendant's motion to dismiss tortious interference claim due to plaintiff's failure to adequately plead one of the elements of the claim).

**B.    T-Mobile's Tortious Interference Claim Is Preempted by the Washington Uniform Trade Secret Act**

WUTSA provides that it "displaces conflicting tort, restitutionary, and other law of this state pertaining to civil liability for misappropriation of a trade secret."  RCW 19.108.900.  A plaintiff "may not rely on acts that constitute trade secret misappropriation to support other causes of action."  *Ed Nowogroski Ins., Inc. v. Rucker*, 88 Wn. App. 350, 358, 944 P.2d 1093 (Wash. Ct. App. 1997), *aff'd*, 137 Wn. 2d 427, 971 P.2d 936 (Wash. 1999).  Moreover, a court "need not first determine whether the information that [plaintiff] alleges was misappropriated constitutes a trade secret before determining whether [the UTSA] displaces [plaintiff's] common-law claims."  *Enterprises Int'l, Inc. v. Int'l Knife & Saw, Inc.*, No. C12-5638 BHS, 2013 WL 6185241, *10 (W.D. Wash. Nov. 26, 2013) (quotations and citations omitted).

Washington courts have adopted a tripartite analysis to determine whether a claim is preempted:  "(1) assess the facts that support the plaintiff's civil claim; (2) ask whether those facts are the same as those that support the plaintiff's UTSA claim; and (3) hold that the UTSA preempts liability on the civil claim unless the common law claim is factually independent from the UTSA claim."  *Thola v. Henschell*, 140 Wn. App. 70, 82, 164 P. 3d 524 (Wash. Ct. App.

MOTION OF DEFENDANT
HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 13
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

2007) (citation omitted).  "[P]roper application of this three-step analysis precludes duplicate recovery for a single wrong."  *Id.*

Where the basis for a tortious interference claim is the alleged misappropriation, Washington courts dismiss the tortious interference claim as preempted.  In *Ed Nowogroski Ins., Inc. v. Rucker*, the Court of Appeals affirmed the lower court's ruling that the tortious interference claim was preempted because it was "based upon the same acts" as the UTSA claim. 944 P.2d 1093, 1097 (Wash. Ct. App. 1997).  The court explained that plaintiff was simply relying on acts that constitute trade secret misappropriation to support other causes of action, including a claim for tortious interference.  *Id.*

While a claim based on allegations that are distinct from the alleged misappropriation would not be preempted, reference to the alleged misappropriation to support the alternative claim is not permitted.  In *Thola*, the Court of Appeals found that the tortious interference claim was based upon actions wholly distinct from the misappropriation of the customer list.  164 P. 3d at 530.  The tortious interference claim "did not involve the acquisition or disclosure of confidential information," and, thus, plaintiff could proceed on this independent theory.  *Id.*  The court further explained that, because the plaintiff was proceeding with both trade secret and tortious interference claims, the jury should have been instructed not to consider evidence of the trade secret misappropriation as supporting the tortious interference claim.  *Id.* at 531.

Here, the only basis for the tortious interference claim is the alleged misappropriation.  T-Mobile alleges tortious interference based on the following:

- "breach [of] material obligations related to *T-Mobile's confidential information under the applicable agreements*," Compl. ¶ 100 (emphasis added);

MOTION OF DEFENDANT
HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 14
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

- "Huawei China took advantage of Huawei USA's access to *T-Mobile's trade secrets*," *id.* (emphasis added);

- "Huawei China sent its employee, Mr. Wang, to the United States *to steal trade secrets from T-Mobile*," *id.* ¶ 101 (emphasis added);

- "Huawei China instructed Huawei USA to assist Mr. Wang in his attempt *to steal trade secrets from T-Mobile*," *id.* (emphasis added);

- "Mr. Wang *disclosed the confidential information he wrongfully acquired* from the T-Mobile testing chamber to Huawei China R&D team," *id.* ¶ 102 (emphasis added);

- "Huawei China instructed Mr. Xiong *to misappropriate T-Mobile's confidential information*," *id.* ¶ 103 (emphasis added);

- "Specifically, it asked Mr. Xiong *to steal an end effector and report measurements* to Huawei China's R&D team," *id.* (emphasis added);

- "As instructed, Mr. Xiong *provided the information he misappropriated* to employees of Huawei China," *id.* (emphasis added); and

- "Employees of both Huawei China and Huawei USA have repeatedly explained *that the purpose of these acts of misappropriation* was to facilitate Huawei China's efforts to build its own testing robot," *id.* ¶ 104 (emphasis added).

As evidenced in the recounting of the allegations, T-Mobile's tortious interference claim is based exclusively on the alleged misappropriation of trade secrets. The Court should, therefore, find that it is preempted by WUTSA and dismiss Count III of the Complaint.

## C.   T-Mobile Has Failed to State a Claim Because a Parent Cannot Tortiously Interfere with Its Wholly Owned Subsidiary

A corporate parent cannot be held liable for tortious interference with its subsidiary's contracts when their financial interests are aligned. *Hansen v. Transworld Wireless TV-Spokane, Inc.*, 44 P.3d 929, 935-36 (Wash. Ct. App. 2002) (parent corporation not liable for tortious interference with its subsidiary's contract). With respect to the Supply Agreement, the supplemental Clean Room Letter, and "other applicable agreements," Dkt. 1, Compl. ¶ 99,

MOTION OF DEFENDANT
HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 15
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Huawei Technologies' financial interests as alleged would necessarily have been in alignment with Huawei USA's financial interests.  Huawei Technologies, could not, therefore, be liable for tortiously interfering with Huawei USA's agreements with T-Mobile, and the Court should, thus, dismiss Count III of the Complaint.  *See, e.g.*, *Pulver*, 2009 WL 224490 (granting motion to dismiss on tortious interference claim).

> **D.** **T-Mobile Has Failed to Plead Interference with "Other Applicable Agreements" with the Requisite Particularity**

The Court should also dismiss the allegations relating to Huawei Technologies' interference with "other applicable agreements" for failure to state a claim.[10]  T-Mobile alleges that "Huawei China knew about . . . the terms of the Supply Agreement, the Clean Room Letter, *and other applicable agreements*," Dkt. 1, Compl. ¶ 99 (emphasis added), with only this insufficiently pleaded, conclusory allegation.  T-Mobile has not identified the individual "other agreements" and, thus, has given Huawei Technologies no notice of the subject(s) of its alleged interference.  *See, e.g.*, *Harris v. Sears Holding Corp.*, No. 2:10-CV-01339-MJP, 2011 WL 219669, at *4 (W.D. Wash. Jan. 24, 2011) (dismissing the tortious interference claim for plaintiff's having "failed to specify which contractual relationship was interfered with").  Because T-Mobile has only identified the Supply Agreement and the Clean Room Letter in its pleadings, any allegations with respect to any other agreements referenced vaguely in the Complaint should be dismissed for failure to state a claim.

---

[10] While this argument is similar to Section II.B of Huawei USA's Motion to Dismiss, Dkt. 32 at 18-19, Huawei Technologies' argument is based on separate allegations in the Complaint unique to Huawei Technologies and is supported by case law related to tortious interference claims (not breach of contract claims).

MOTION OF DEFENDANT
HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 16
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

V.     **T-MOBILE HAS FAILED TO STATE A CLAIM FOR A PRIVATE CONSUMER PROTECTION ACT VIOLATION**

Huawei Technologies incorporates by reference Section III of Huawei USA's Motion to Dismiss, Dkt. 32 at 19-24.

## **CONCLUSION**

For the foregoing reasons, Defendant Huawei Technologies respectfully requests that this Court dismiss the Complaint against it in its entirety for lack of personal jurisdiction, or, in the alternative, for failure to state a claim upon which relief can be granted.

MOTION OF DEFENDANT
HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 17
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

DATED this 22nd day of April, 2015.

**GORDON TILDEN THOMAS & CORDELL** LLP
Attorneys for Defendant Huawei Technologies Co., Ltd.


By   *s/Franklin D. Cordell*
    Franklin D. Cordell, WSBA #26392
    Jeffrey M. Thomas, WSBA #21175
    1001 Fourth Avenue, Suite 4000
    Seattle, Washington 98154
    Telephone:  (206) 467-6477
    Facsimile:  (206) 467-6292
    Email:  fcordell@gordontilden.com
    Email:  jthomas@gordontilden.com

**STEPTOE & JOHNSON LLP**
Attorneys for Defendant Huawei Technologies Co., Ltd.


By   *s/Timothy C. Bickham*
    William F. Abrams*
    James F. Hibey*
    Timothy C. Bickham*
    Jessica I. Rothschild*
    1330 Connecticut Avenue NW
    Washington, DC 20036
    Telephone: (202) 429-3000
    Facsimile:  (202) 429-3902
    Email:  jhibey@steptoe.com
    Email:  wabrams@steptoe.com
    Email:  tbickham@steptoe.com
    Email:  jrothschild@steptoe.com
    *  *Admitted Pro Hac Vice*

MOTION OF DEFENDANT
HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 18
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL** LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2015, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send notification of such filing to the

following:

      Michael E. Kipling
      Marjorie A. Walter
      KIPLING LAW GROUP PLLC
      3601 Fremont Avenue N., Suite 414
      Seattle, WA 98103
      kipling@kiplinglawgroup.com
      walter@kiplinglawgroup.com

      John Hueston
      Alison Plessman
      Eric Hayden
      HUESTON HENNIGAN LLP
      523 West 6th Street
      Los Angeles, CA  90014
      jhueston@hueston.com
      aplessman@hueston.com
      ehayden@hueston.com

                                              *s/ Frank D. Cordell*
                                            Frank D. Cordell, WSBA #26392

MOTION OF DEFENDANT
HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 1
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292