The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| T-MOBILE USA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>HUAWEI DEVICE USA, INC., a Texas corporation; and HUAWEI TECHNOLOGIES CO. LTD., a China company,<br><br>Defendants. | NO. C14-1351 RAJ<br><br>REPLY IN SUPPORT OF MOTION OF DEFENDANT HUAWEI TECHNOLOGIES CO., LTD. TO DISMISS COMPLAINT UNDER FED. R. CIV. P. 12(b)(2) AND 12(b)(6)<br><br>NOTE ON MOTION CALENDAR: May 15, 2015<br><br>**ORAL ARGUMENT REQUESTED** |

REPLY IN SUPPORT OF MOTION OF
DEFENDANT HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

# TABLE OF CONTENTS

INTRODUCTION ..........................................................................................................................1

ARGUMENT ................................................................................................................................2

I. T-MOBILE'S OPPOSITION DOES NOT ESTABLISH PERSONAL
JURISDICTION OVER HUAWEI TECHNOLOGIES ........................................................2

II. T-MOBILE HAS NOT STATED A CLAIM FOR TRADE SECRET
MISAPPROPRIATION GIVEN ITS EXTENSIVE PUBLIC
DISCLOSURES ..................................................................................................................5

    A. T-Mobile's Patent Applications Fully Disclosed the Robot's Trade
       Secrets to the World ................................................................................................6

    B. T-Mobile Opened Its Lab for a Public "Media Tour" in September
       2012 ..........................................................................................................................6

III. T-MOBILE HAS NOT ALLEGED ANY BASIS TO BIND HUAWEI
TECHNOLOGIES TO AN AGREEMENT IT DID NOT SIGN ........................................7

IV. T-MOBILE HAS NOT STATED A CLAIM FOR TORTIOUS
INTERFERENCE WITH A CONTRACT ..........................................................................8

    A. T-Mobile Has Not Pleaded Interference for an Improper Purpose
       Aside from Its Alleged Misappropriation Claims ...................................................8

    B. T-Mobile's Tortious Interference Claim Is Preempted Because T-
       Mobile Has Not Shown Its Claim Is Based on Any Acts Unrelated
       to the Alleged Misappropriation .............................................................................9

    C. T-Mobile's Complaint Provides the Basis for the Court to Rule
       Now that Huawei Technologies Cannot Be Found to Have
       Tortiously Interfered with Its Wholly Owned Subsidiary ....................................10

    D. T-Mobile Has Not Pleaded Interference with "Other Applicable
       Agreements" with the Requisite Particularity Demanded by This
       Court ......................................................................................................................11

CONCLUSION ...........................................................................................................................12

REPLY IN SUPPORT OF MOTION OF
DEFENDANT HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - i
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Action Embroidery Corp. v. Atl. Embroidery, Inc.*,
    368 F.3d 1174 (9th Cir. 2004) .................................................................................................5

*AT & T v. Campagnie Bruxelles Lambert*,
    94 F.3d 586 (9th Cir. 1996) ....................................................................................................3

*Catch Curve, Inc. v. Venali, Inc.*,
    519 F. Supp. 2d 1028 (C.D. Cal. 2007) ................................................................................12

*Centennial Energy Holdings, Inc. v. Colo. Energy Mgmt., LLC*,
    934 N.Y.S.2d 32 (N.Y. Sup. Ct. 2011) ...................................................................................7

*Copperweld Corp. v. Independence Tube Corp.*,
    467 U.S. 752 (1984)..............................................................................................................11

*Crabtree v. Tristar Auto. Grp., Inc.*,
    776 F. Supp. 155 (S.D.N.Y. 1991) ......................................................................................7, 8

*Dole Food Co. v. Watts Inc.*,
    303 F.3d 1104 (9th Cir. 2002) ................................................................................................3

*First Advantage Background Svcs. Corp. v. Private Eyes, Inc.*
    569 F. Supp. 2d 929 (N.D. Cal. 2008) ..............................................................................9, 10

*Hansen v. Transworld Wireless TV-Spokane, Inc.*,
    44 P.3d 929 (Wash. Ct. App. 2002).......................................................................................11

*Harris v. Sears Holding Corp.*,
    No. 2:10-CV-01339-MJP, 2011 WL 219669 (W.D. Wash. Jan. 24, 2011).............................12

*Husky Int'l Trucks, Inc. v. Navistar, Inc.*,
    No. C10-5409BHS, 2010 WL 4053082 (W.D. Wash. Oct. 14, 2010) ...................................11

*Int'l Paper Co. v. Stuit*,
    No. C11-2139-JLR, 2012 WL 1857143 (W.D. Wash. May 21, 2012).....................................9

*Int'l Paper Co. v. Stuit*,
    No. C11-2139-JLR, 2012 WL 3527932 (W.D. Wash. Aug. 15, 2012) ....................................9

*Momentive Performance Materials USA, Inc. v. AstroCosmos Metallurgical, Inc.*,
    No. 07-567, 2009 WL 1514912 (N.D.N.Y. June 1, 2009).....................................................11

REPLY IN SUPPORT OF MOTION OF
DEFENDANT HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - ii
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

*No Cost Conference, Inc. v. Windstream Commc'ns, Inc.*,
 940 F. Supp. 2d 1285 (S.D. Cal. 2013) ............................................................................. 11

*NTCH-WA, Inc. v. ZTE Corp.*,
 No. 12-3110, 2014 WL 794283 (E.D. Wash. Feb. 27, 2014) .................................................. 11

*Sopcak v. N. Mountain Helicopter Serv.*,
 52 F.3d 817 (9th Cir. 1995) ................................................................................................. 5

*Taylor v. Portland Paramount Corp.*,
 383 F.2d 634 (9th Cir. 1967) ............................................................................................... 3

*Texas Taco Cabana, L.P. v. Taco Cabana of New Mexico*,
 304 F. Supp. 2d 903 (W.D. Tex. 2003) ............................................................................... 11

**RULES**

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 10, 11

Fed. R. Evid. 201(b)(2) ....................................................................................................... 5

REPLY IN SUPPORT OF MOTION OF
DEFENDANT HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - iii
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## INTRODUCTION

Contrary to T-Mobile USA, Inc.'s ("T-Mobile") bald, unsupported assertions in its Complaint and Opposition brief (the "Opposition" or "Opp."), Huawei Technologies Co., Ltd. ("Huawei Technologies") is not responsible for any of the actions alleged in the Complaint, as it did not purposefully direct any of the alleged activities in the State of Washington. T-Mobile's misnomer of Huawei Technologies as "Huawei China" is not only misleading, but it also does not save the Complaint. There is no such entity as "Huawei China." Huawei Technologies, on the other hand, is a large company with a complex corporate structure.[1] T-Mobile's attempt to conflate multiple corporate entities based in China to subject Huawei Technologies to personal jurisdiction is contrary to the established rules for determining jurisdiction.

Huawei Technologies is based in China and has no contacts with the State of Washington. T-Mobile cannot demonstrate the existence of personal jurisdiction absent evidence of direction and control over any act giving rise to the allegations in the Complaint. The uncontroverted, sworn declaration submitted by Huawei Technologies, negates all involvement by Huawei Technologies in any of the actions alleged in the Complaint. The declaration explains that no individual identified in the Complaint was employed by Huawei Technologies at any relevant time and that Huawei Technologies did not engage in or direct any of the alleged activities.

In its Opposition, T-Mobile points only to post-incident email correspondence which describe remedial measures taken by Huawei Device Executive Management Team, Huawei Technologies, Inc. Ltd. Senior HR Executives, and Huawei's Deputy Chairman and which

---

[1] Huawei Device USA, Inc. ("Huawei USA"), the other defendant in this case, is a wholly owned subsidiary of Huawei Device (Hong Kong) Co., Ltd., which itself is a wholly owned subsidiary of Huawei Device Co., Ltd., which is jointly owned by Huawei Tech. Investment Co., Ltd. and Huawei Technologies.

| | |
|---|---|
| REPLY IN SUPPORT OF MOTION OF<br>DEFENDANT HUAWEI TECHNOLOGIES CO., LTD.<br>TO DISMISS COMPLAINT - 1<br>No. C14-1351 RAJ | GORDON TILDEN THOMAS & CORDELL LLP<br>1001 Fourth Avenue, Suite 4000<br>Seattle, WA 98154<br>Phone (206) 467-6477<br>Fax (206) 467-6292 |

identify the individuals who are being disciplined and each of their employers.[2] The document does not support an argument that Huawei Technologies directed any of the alleged misconduct described in the Complaint. The Court lacks personal jurisdiction and should grant Huawei Technologies' Motion to Dismiss (the "Motion" or "Mot.").

Alternatively, the Court should dismiss the case for failure to state a claim, as, *inter alia*, T-Mobile has not alleged misappropriation adequately, has not pleaded a basis for binding Huawei Technologies to an agreement it did not sign, and has not pleaded any independent basis for its tortious interference and Consumer Protection Act claims which, thus, are preempted by the Washington Uniform Trade Secret Act ("WUTSA").[3] Nothing in T-Mobile's Opposition supports a different result.

## ARGUMENT

### I. T-MOBILE'S OPPOSITION DOES NOT ESTABLISH PERSONAL JURISDICTION OVER HUAWEI TECHNOLOGIES

T-Mobile criticizes Huawei Technologies for "spend[ing] pages attacking grounds for jurisdiction on which T-Mobile does not and need not rely." Opp. at 3. Huawei Technologies adopted this approach because T-Mobile failed to plead any basis for personal jurisdiction over Huawei Technologies in the Complaint, requiring Huawei Technologies to rebut all conceivable arguments. Now, in its Opposition, T-Mobile, for the first time, attempts to delineate a basis for personal jurisdiction over an entity with no involvement in the misconduct alleged in the Complaint. This attempt must fail.

---

[2] The document attached to the Declaration of Eric Hayden, Dkt. 57, has been temporarily sealed while the parties negotiate their dispute regarding the public disclosure of the document.

[3] Huawei Technologies incorporates by reference Huawei USA's Motion to Dismiss ("Huawei USA's Motion"), Dkt. 32, and Huawei USA's Reply in Support of Its Motion to Dismiss ("Huawei USA's Reply"), Dkt. 38.

REPLY IN SUPPORT OF MOTION OF
DEFENDANT HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 2
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

T-Mobile concedes that there is no general jurisdiction over Huawei Technologies in Washington, *see* Opp. at 3, but presses for specific jurisdiction, *id.* at 1, 3-7. In support of its argument, T-Mobile merely recites the allegations of its Complaint, claiming that its *bald allegations* establish *the fact* of Huawei Technologies' involvement. *Id.* at 3-7.[4] These allegations are insufficient to establish personal jurisdiction over Huawei Technologies.

Where, as here, a nonresident defendant submits a sworn statement contradicting the plaintiff's jurisdictional allegations and the plaintiff rests on its allegations, the jurisdictional facts in the defendant's sworn statement are taken as true. *See, e.g.*, *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967) ("We do not think that the mere allegations of the complaint, when contradicted by affidavits, are enough to confer personal jurisdiction of a nonresident defendant."); *see also AT & T v. Campagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (court not required to accept a plaintiff's bare allegations if the defendant controverts them with evidence); Opp. at 5 (citing *Dole Food Co. v. Watts Inc.*, 303 F.3d 1104, 1108 (9th Cir. 2002) (where T-Mobile's own case law explains that the Court must only "accept *uncontroverted* allegations as true in resolving personal jurisdiction issues") (emphasis added)). Each allegation of Huawei Technologies' involvement has been categorically rejected in the sworn declaration supplied on behalf of Huawei Technologies (the "Xu Declaration").

Unable to refute the statements contained in the Xu Declaration, T-Mobile resorts to questioning the Declaration's credibility. Opp. at 5, 7-8. T-Mobile claims that the Declaration is not to be accorded weight because "some unspecified portion of it is based on 'information, and belief.'" Opp. at 7. Not so. Contrary to T-Mobile's misleading selective quotation, the Xu

---

[4] T-Mobile claims that Huawei Technologies only addressed "purposeful availment" and did not address "purposeful direction." Opp. at 4. This is not true: Huawei Technologies has argued that it neither purposefully availed itself of the laws of Washington *nor* engaged in forum-related activities. *See* Mot. at 6.

REPLY IN SUPPORT OF MOTION OF
DEFENDANT HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 3
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Declaration is based on "knowledge, information, and belief." Dkt. 55 ¶ 1 (Xu Decl.). As the "Team Leader of the Corporate Governance Professional Team of Huawei Technologies," *id.* ¶ 2, Ms. Xu is well-suited to provide a declaration attesting to the identities of its employees and activities in which Huawei Technologies has engaged.

T-Mobile resorts to characterizing Ms. Xu's statement that no individuals identified in T-Mobile's Complaint were employed by Huawei Technologies at any relevant time as "conclusory" and "misleading." Opp. at 7. This critique lacks substance. First, Ms. Xu's statement is factual. She read the Complaint and can attest to the fact that none of the individuals identified in the Complaint were Huawei Technologies employees at any relevant time. Dkt. 55 ¶¶ 3, 11-13. Second, the fact that Huawei Technologies is alleged to have been involved in an internal investigation and discipline *after the alleged incidents* does not establish that Huawei Technologies was involved in any of the complained-of forum-related acts, particularly where the disciplinary notice does not implicate Huawei Technologies in any of those acts.[5] *See* Dkt. 57 at 5-11. The statements contained in the Xu Declaration are uncontroverted.

The undisputed facts lead to only one conclusion: Huawei Technologies was not involved in the acts alleged in the Complaint. *See* Dkt. 55 ¶¶ 11-14. This means that T-Mobile's mere unsupported allegations—*i.e.*, that Huawei Technologies committed an "Intentional Act," that its "conduct was expressly aimed at Washington," or that it "knew its conduct would cause harm in Washington," Opp. at 4-5—cannot be accepted as true for purposes of this Motion. Moreover, given that Huawei Technologies was not involved in the actions alleged in the Complaint, T-Mobile's claims do not arise out of conduct by Huawei Technologies that was

---

[5] Not only that, but T-Mobile's Complaint does not contain any allegations implicating investigation or discipline.

REPLY IN SUPPORT OF MOTION OF
DEFENDANT HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 4
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

directed at the State of Washington. It follows then that it would be categorically unreasonable to subject Huawei Technologies to personal jurisdiction in Washington.

Finally, it deserves noting that T-Mobile did not move for an extension of time or for jurisdictional discovery; instead, T-Mobile "request[ed] permission to take jurisdictional discovery" only in the event that the Court is "inclined to grant" Huawei Technologies' motion to dismiss for lack of personal jurisdiction. Opp. at 8. T-Mobile has stated its intention to stand on the allegations of its Complaint and should be held to that position. T-Mobile's alternative and conditional request should be denied as it is insufficient to support jurisdictional discovery per clear Ninth Circuit precedent. *Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 819 (9th Cir. 1995) (upholding denial of request for jurisdictional discovery where "rather than moving for extension of time to oppose the dismissal motion, the Appellants filed an opposition which stated in part: '[h]owever, if the court believes that there is not sufficient evidence to support plaintiffs' jurisdictional allegation, plaintiffs respectfully request an opportunity to conduct discovery'").[6] The Court should dismiss the Complaint as to Huawei Technologies.

## II. T-MOBILE HAS NOT STATED A CLAIM FOR TRADE SECRET MISAPPROPRIATION GIVEN ITS EXTENSTIVE PUBLIC DISCLOSURES

Though T-Mobile would prefer that the Court not consider the extrinsic evidence raised in both Huawei Technologies' and Huawei USA's motions to dismiss, Opp. at 8, this evidence is properly before the Court at this juncture. *See* Fed. R. Evid. 201(b)(2); *see also* Mot. at 10; Dkt. 38 at 5. Moreover, Huawei Technologies has no obligation, as T-Mobile suggests, to explain

---

[6] In a footnote, T-Mobile states that the "Court may additionally and alternatively exercise pendent jurisdiction over T-Mobile's breach of contract claim." Opp. at 8 n.2. This argument makes no sense. Pendent personal jurisdiction would be inappropriate here because, for the doctrine to even be considered, personal jurisdiction must exist over the defendant with respect to at least one claim. *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004). Given that there is no basis for personal jurisdiction over Huawei Technologies for Counts I, III, and IV, the doctrine of pendent personal jurisdiction is inapplicable to Count II, its breach of contract claim.

REPLY IN SUPPORT OF MOTION OF
DEFENDANT HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 5
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

how these materials "meaningfully differ from the materials Huawei USA already submitted." Opp. at 9. Nevertheless, these materials provide additional examples of the extensive public disclosures that T-Mobile voluntarily engaged in prior even to admitting vendors into its robot laboratory. Each item disclosed in these materials is not susceptible to trade secret protection and undercuts T-Mobile's broad, sweeping allegations.

### A. T-Mobile's Patent Applications Fully Disclosed the Robot's Trade Secrets to the World

Contrary to T-Mobile's position in its Opposition, Opp. at 8, the foreign patents are appropriate for the Court's consideration here because the subject of this motion to dismiss is Huawei Technologies, or—as T-Mobile likes to call the company—"Huawei China." The Chinese patent application, for example, which details claimed trade secrets in the robot, was published on Huawei Technologies' turf more than a year before T-Mobile granted access to its robot laboratory. *See* Mot. at 8-9; Dkt. 32 at 11-14.

### B. T-Mobile Opened Its Lab for a Public "Media Tour" in September 2012

T-Mobile confirms that it engaged in extensive public disclosures by referring to the two videos identified in Huawei Technologies' Motion as part of a full-fledged "media tour." Opp. at 8. T-Mobile then incorrectly claims that this "media tour" was "already discussed in Huawei USA's motion." *Id.* The only video discussed in Huawei USA's Motion is the one T-Mobile produced itself. The two videos discussed in this Motion, by contrast, were produced by independent news stations and not "under T-Mobile's *supervision and control*," Dkt. 37 at 15 (emphasis added), as T-Mobile claimed with respect to its own video.[7] The news reports, which

---

[7] T-Mobile's claim that the media tour was "conducted by T-Mobile in a controlled environment," Opp. at 8, refers to Huawei USA's Motion, which did not discuss the news videos.

REPLY IN SUPPORT OF MOTION OF
DEFENDANT HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 6
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

showcased the T-Mobile robot to the world long before the alleged acts of misappropriation, visibly undermine T-Mobile's claimed trade secret protection.

### III. T-MOBILE HAS NOT ALLEGED ANY BASIS TO BIND HUAWEI TECHNOLOGIES TO AN AGREEMENT IT DID NOT SIGN

T-Mobile admits that Huawei USA—and not Huawei Technologies—is a signatory to the Mutual Nondisclosure Agreement ("NDA"). Opp. at 9. And yet, T-Mobile seeks to bind Huawei Technologies to an agreement it did not sign. T-Mobile claims that this is appropriate because the language of the agreement says that Huawei USA was signing "on behalf of" various other corporate entities into which category T-Mobile has alleged Huawei Technologies falls.[8] *Id.* at 9. This argument misses the point entirely: The relevant inquiry to bind a nonsignatory to an agreement is whether the signatory had the requisite authority to sign on behalf of the nonsignatory or whether the nonsignatory assumed or was assigned the contract. *Crabtree v. Tristar Auto. Grp., Inc.*, 776 F. Supp. 155, 166 (S.D.N.Y. 1991) ("It is hornbook law that a non-signatory to a contract cannot be named as a defendant in a breach of contract action unless it has thereafter assumed or been assigned the contract."); *Centennial Energy Holdings, Inc. v. Colo. Energy Mgmt., LLC*, 934 N.Y.S.2d 32 (N.Y. Sup. Ct. 2011). This requires a pleading that alleges at least one of the possible bases for demonstrating such authority. T-Mobile's attempt to claim that such an inquiry would involve a question of fact is utterly meaningless, as T-Mobile's Complaint fails to allege even a single basis. The Court should, therefore, dismiss the breach of

---

[8] T-Mobile points to the fact that Huawei Technologies "does not dispute that it is a parent or affiliate of Huawei USA" as supportive of Huawei Technologies being bound by the NDA. This suggestion is meaningless, as a 12(b)(6) motion requires the allegations of the Complaint to be accepted as true.

REPLY IN SUPPORT OF MOTION OF
DEFENDANT HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 7
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

contract claim against Huawei Technologies.[9] *See, e.g.*, *Crabtree*, 776 F. Supp. at 166 (dismissing contract claim for alleging no fact supporting any theory to bind the nonsignatory).

## IV. T-MOBILE HAS NOT STATED A CLAIM FOR TORTIOUS INTERFERENCE WITH A CONTRACT

### A. T-Mobile Has Not Pleaded Interference for an Improper Purpose Aside from Its Alleged Misappropriation Claims

T-Mobile now claims in its Opposition that its tortious interference allegations are based on actions falling both within the context of the alleged misappropriation as well as distinct from the alleged misappropriation.[10] Opp. at 11. T-Mobile cannot use its Opposition to rewrite its Complaint to broaden its allegations to cover actions not related to the alleged misappropriation.

T-Mobile selectively excerpts allegations from its Complaint and, in doing so, removes them from essential context. Opp. at 11. Paragraphs 100 and 105 of the Complaint anchor the allegations and describe them generally. The intervening paragraphs of the Complaint—and even the omitted portion of Paragraph 100—all describe the confidential information exclusively in terms of "trade secret" misappropriation. *See also* Mot. at 14-15 (listing the allegations and highlighting their applicability only to T-Mobile's misappropriation claim). And, in fact, T-Mobile itself makes the connection between these paragraphs and misappropriation repeatedly in its Opposition. For example, T-Mobile argues: "T-Mobile *expressly alleges* that 'Huawei China took advantage of Huawei USA's access to T-Mobile's trade secrets to build its own testing robot' *by* '*instruct[ing] Mr. Xiong to misappropriate* T-Mobile's confidential information.'"

---

[9] T-Mobile's assertion that the alignment of Huawei Technologies' financial interests with those of Huawei USA supports T-Mobile's breach of contract claim against Huawei Technologies under the NDA, Opp. at 10, is a red herring. The financial interests shared by a parent and its subsidiary have nothing to do with whether a parent may be bound to a contract it did not sign.

[10] For Huawei Technologies' argument with respect to the allegations falling within the context of the alleged misappropriation, see Mot. at 13.

REPLY IN SUPPORT OF MOTION OF
DEFENDANT HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 8
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Opp. at 5 (emphasis added). And, in asserting a basis for pendent jurisdiction, T-Mobile conceded that there was no independent basis for its claims apart from the alleged misappropriation because all of its claims have arisen "out of a common nucleus of operative facts." *Id.* at 8 n.2. T-Mobile cannot have it both ways and is bound by its pleaded allegations.

### B. T-Mobile's Tortious Interference Claim Is Preempted Because T-Mobile Has Not Shown Its Claim Is Based on Any Acts Unrelated to the Alleged Misappropriation

Because T-Mobile's tortious interference claim is based entirely on its allegations of misappropriation, this claim should also be dismissed as preempted by WUTSA. As detailed *supra*, T-Mobile has not identified a single independent basis for its tortious interference claim that does not involve the factual allegations for its trade secret misappropriation claim. Absent an independent basis, the claim is ripe for dismissal. T-Mobile's only argument to the contrary is that dismissal is often granted on preemption grounds at a later stage of the litigation. Opp. at 12. However, neither of T-Mobile's cases even supports deferral here. *International Paper Co. v. Stuit* actually compels dismissal at this time.[11] No. C11-2139-JLR, 2012 WL 3527932 (W.D. Wash. Aug. 15, 2012). In the earlier opinion in that case, this Court categorically rejected the plaintiff's argument that preemption issues could not be resolved on a motion to dismiss: "Based on a comparison of the allegations in the complaint supporting IP's UTSA claim and interference with business relations claims, the court concludes that the common law claims are not factually independent from IP's UTSA claim and are therefore preempted as currently plead." *Int'l Paper Co. v. Stuit*, No. C11-2139-JLR, 2012 WL 1857143, at *6-8 (W.D. Wash. May 21, 2012). Similarly, the Eastern District of California in *First Advantage Background Svcs. Corp. v.*

---

[11] T-Mobile actually tried to make this identical argument in its opposition to Huawei USA's Motion to Dismiss with respect to the argument that T-Mobile's Consumer Protection Act claim is preempted. Dkt. 37 at 19. The argument fails here for the same reasons it fails there. *See* Dkt. 38 at 11.

REPLY IN SUPPORT OF MOTION OF
DEFENDANT HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 9
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

*Private Eyes, Inc.* dismissed the tortious interference claim, in part based on preemption grounds and in part based on pleading failure grounds. 569 F. Supp. 2d 929, 938 (N.D. Cal. 2008). The Court should follow suit and dismiss T-Mobile's tortious interference claim at this time.

### C. T-Mobile's Complaint Provides the Basis for the Court to Rule Now that Huawei Technologies Cannot Be Found to Have Tortiously Interfered with Its Wholly Owned Subsidiary

T-Mobile contends that Huawei Technologies' argument that it cannot be liable for interfering with the affairs of its subsidiary "has repeatedly been rejected as premature at the motion to dismiss stage." Opp. at 12. While that argument may apply elsewhere, there are no factual issues here preventing the Court from deciding the issue at this time.

Huawei Technologies' argument requires two elements, neither of which T-Mobile disputes: the existence of a parent-subsidiary relationship between the two entities and alignment of the entities' financial interests. *See* Mot. at 15. With respect to the first element, T-Mobile has pleaded that Huawei USA is a "wholly-owned subsidiary of Huawei Technologies." Dkt. 1, Compl. ¶ 24. This statement must be accepted as true for purposes of this 12(b)(6) motion and thus satisfies the first element. As to the second element, not only has T-Mobile failed to contest the parties' unity of financial interest, but contesting this would run contrary to T-Mobile's own allegations, which repeatedly conflate the two entities. *See, e.g.*, Dkt. 1, Compl. ¶ 83 ("Huawei has used the robot technology it misappropriated from T-Mobile to unjustly gain a commercial advantage worth hundreds of millions of dollars . . . ."); *see also, e.g.*, *id.* ¶¶ 2, 18, 19, 65. By simply accepting these allegations as true, as Rule 12(b)(6) requires, it is clear that even T-Mobile has pleaded an alignment of financial interest.[12]

---

[12] Moreover, even if T-Mobile had not conceded the alignment of financial interests, the Supreme Court has explained the dynamics of a parent and its wholly owned subsidiary, as T-Mobile alleges the relationship to be: "A

REPLY IN SUPPORT OF MOTION OF
DEFENDANT HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 10
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

There are no factual disputes in play with respect to this argument, which renders the case law T-Mobile cites irrelevant. *See NTCH-WA, Inc. v. ZTE Corp.*, No. 12-3110, 2014 WL 794283, at *8 (E.D. Wash. Feb. 27, 2014) (finding that there was an issue of fact that could not be decided on the motion to dismiss). Here, there is no issue of fact.[13] This case should not proceed, only to be dismissed at summary judgment as occurred in *Hansen v. Transworld Wireless TV-Spokane, Inc.*, 44 P.3d 929, 935-36 (Wash. Ct. App. 2002).[14]

### D. T-Mobile Has Not Pleaded Interference with "Other Applicable Agreements" with the Requisite Particularity Demanded by This Court

T-Mobile tries to save its inadequately pleaded claim for tortious interference of "other applicable agreements" by, once again, attempting to rewrite its Complaint in its Opposition. Opp. at 13-15. This is impermissible. To the extent T-Mobile contends that there are any "other

---

parent and its wholly owned subsidiary have a complete unity of interest. Their objectives are common, not disparate; their general corporate actions are guided or determined not by two separate corporate consciousnesses [sic], but one. They are not unlike a multiple team of horses drawing a vehicle under the control of a single driver." *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 771 (1984).

This Court has adopted this theory of corporate structure, explaining that "entities in a parent/subsidiary relationship are treated as a single economic unit." *Husky Int'l Trucks, Inc. v. Navistar, Inc.*, No. C10-5409BHS, 2010 WL 4053082, at *7 (W.D. Wash. Oct. 14, 2010). This conclusion enables courts to conclude, *as a matter of law*, that a wholly owned subsidiaries' interests are necessarily aligned with its parent. *See, e.g.*, *Texas Taco Cabana, L.P. v. Taco Cabana of New Mexico*, 304 F. Supp. 2d 903, 912 (W.D. Tex. 2003) ("As a matter of law, a parent corporation is incapable of tortiously interfering with its subsidiary's contracts.").

[13] Not only do the other two cases T-Mobile cites not apply Washington law, but they also do not address whether a parent can tortiously interfere with its subsidiary's contracts. *See No Cost Conference, Inc. v. Windstream Commc'ns, Inc.*, 940 F. Supp. 2d 1285, 1304-05 (S.D. Cal. 2013) (applying California law and allowing a pleading in the alternative—which T-Mobile has not done—to proceed); *Momentive Performance Materials USA, Inc. v. AstroCosmos Metallurgical, Inc.*, No. 07-567, 2009 WL 1514912, at *8 (N.D.N.Y. June 1, 2009) (applying New York law and denying motion to dismiss because several factual disputes had been identified, including whether the parties even had a parent/subsidiary relationship—an issue not in dispute here per Rule 12(b)(6)'s requirement to accept the truth of pleaded facts).

[14] T-Mobile's accusation that Huawei Technologies has taken "contradictory positions," Opp. at 13, is patently false. The alleged basis for the "contradiction" is as follows: "To the extent Huawei is attempting to claim that 'a party cannot interfere with its own contract,' this again contradicts Huawei's earlier argument that it is not bound by the NDA and other contracts." *Id.* These statements, even on their face, are not contradictory, though perhaps they become so by T-Mobile's attempt to conflate the two entities. Huawei Technologies is not a party to any of the contracts named in the Complaint. That fact is not mutually exclusive of the fact that T-Mobile cannot seek to attach liability to Huawei Technologies due to any alleged relationship it has with Huawei USA.

REPLY IN SUPPORT OF MOTION OF
DEFENDANT HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 11
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

applicable agreements," T-Mobile should have identified them by name. The case law from this Court requires as much. In *Harris v. Sears Holding Corp.*, this Court dismissed a tortious interference with contractual relation claim because the plaintiff "failed to specify which contractual relationship was interfered with or what improper purpose or means [defendant] used to interfere with the contracts." No. 2:10-CV-01339-MJP, 2011 WL 219669, at *4 (W.D. Wash. Jan. 24, 2011). T-Mobile's claim should be dismissed for the exact same reason.

T-Mobile does not even attempt to distinguish this case, instead looking to distinguishable cases from outside this jurisdiction. For example, in *Catch Curve, Inc. v. Venali, Inc.*, a court found that the defendant "would not be prejudiced if the tortious interference claim is permitted to remain" because "[t]hrough discovery and the parties' supplemental responses, [the plaintiff] *has now identified these contracts*." 519 F. Supp. 2d 1028, 1039 (C.D. Cal. 2007) (emphasis added). Not only has T-Mobile not identified any "other applicable agreement" by name, but T-Mobile has not even indicated that it is still determining which contracts are allegedly covered by this claim, a position that the *Catch Curve* plaintiff had presented to, and which satisfied, the court. *See id.* Accordingly, this Court should dismiss T-Mobile's tortious interference claim as to "other applicable agreements."

## **CONCLUSION**

For the foregoing reasons and for those delineated in its opening Motion to Dismiss and the briefs incorporated by reference, Defendant Huawei Technologies respectfully requests that this Court dismiss the Complaint against it in its entirety for lack of personal jurisdiction, or, in the alternative, for failure to state a claim upon which relief can be granted.

REPLY IN SUPPORT OF MOTION OF
DEFENDANT HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 12
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

DATED this 15th day of May, 2015.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Defendant Huawei Technologies Co., Ltd.

By  *s/Franklin D. Cordell*
　　Franklin D. Cordell, WSBA #26392
　　Jeffrey M. Thomas, WSBA #21175
　　1001 Fourth Avenue, Suite 4000
　　Seattle, Washington 98154
　　Telephone: (206) 467-6477
　　Facsimile:  (206) 467-6292
　　Email: fcordell@gordontilden.com
　　Email: jthomas@gordontilden.com

**STEPTOE & JOHNSON LLP**
Attorneys for Defendant Huawei Technologies Co., Ltd.

By  *s/Timothy C. Bickham*
　　William F. Abrams*
　　James F. Hibey*
　　Timothy C. Bickham*
　　Jessica I. Rothschild*
　　1330 Connecticut Avenue NW
　　Washington, DC 20036
　　Telephone: (202) 429-3000
　　Facsimile:  (202) 429-3902
　　Email: jhibey@steptoe.com
　　Email: wabrams@steptoe.com
　　Email: tbickham@steptoe.com
　　Email: jrothschild@steptoe.com
　　*  *Admitted Pro Hac Vice*

REPLY IN SUPPORT OF MOTION OF
DEFENDANT HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 13
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

# CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Michael E. Kipling
    Marjorie A. Walter
    KIPLING LAW GROUP PLLC
    4464 Fremont Avenue N., Suite 300
    Seattle, WA 98103
    kipling@kiplinglawgroup.com
    walter@kiplinglawgroup.com

    John Hueston
    Alison Plessman
    Eric Hayden
    HUESTON HENNIGAN LLP
    523 West 6th Street
    Los Angeles, CA 90014
    jhueston@hueston.com
    aplessman@hueston.com
    ehayden@hueston.com

                                                s/ *Frank D. Cordell*
                                                Frank D. Cordell, WSBA #26392

REPLY IN SUPPORT OF MOTION OF
DEFENDANT HUAWEI TECHNOLOGIES CO., LTD.
TO DISMISS COMPLAINT - 1
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292