The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| T-MOBILE USA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>HUAWEI DEVICE USA, INC., a Texas corporation; and HUAWEI TECHNOLOGIES CO. LTD., a China company,<br><br>Defendants. | NO. C14-1351 RAJ<br><br>DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO COMPEL AND FOR PROTECTIVE ORDER<br><br>NOTE ON MOTION CALENDAR:<br>June 19, 2015 |

DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO COMPEL AND FOR PROTECTIVE ORDER
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

# TABLE OF CONTENTS

I. FACTUAL AND PROCEDURAL BACKGROUND ........................................................ 1

    A. T-Mobile Has Not Identified Its Allegedly Misappropriated Trade Secrets ........... 1

    B. T-Mobile's Consumer Protection Act Claim Is Preempted .................................... 6

    C. Local Rule 37(a) Certification:  Huawei USA Has Met and Conferred with T-Mobile in an Attempt to Resolve This Dispute ...................................................... 7

II. ARGUMENT ..................................................................................................................... 7

    A. The Court Should Compel T-Mobile to Identify Its Allegedly Misappropriated Trade Secrets with Particularity ..................................................... 7

        1. T-Mobile Must Identify Its Trade Secrets with Particularity Prior to Opening the Doors of Discovery ................................................................ 7

        2. T-Mobile Must Differentiate Between What It Disclosed Publicly and What Remains "Secret" .......................................................................... 9

    B. The Court Should Stay Discovery on the Consumer Protection Act Claim .......... 10

III. CONCLUSION ................................................................................................................ 12

DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO COMPEL AND FOR PROTECTIVE ORDER - i
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*AutoMed Technologies, Inc. v. Eller*,
   160 F. Supp. 2d 915 (N.D. Ill. 2001) ........................................................................................8

*Blackie v. Barrack*,
   524 F.2d 891 (9th Cir. 1975) ...................................................................................................12

*Demmings v. Pac. Mar. Ass'n*,
   No. 13-5737, 2014 WL 4850389 (W.D. Wash. Sept. 29, 2014) (Jones, J.) .............................11

*Enterprises Int'l, Inc. v. Int'l Knife & Saw, Inc.*,
   No. C12-5638 BHS, 2013 WL 6185241 (W.D. Wash. Nov. 26, 2013) ....................................6

*Gardner v. Toyota Motor Corp.*,
   No. 08-0632, 2009 WL 8732016 (W.D. Wash. May 6, 2009) (Jones, J.) ...............................10

*Int'l Longshore & Warehouse Union v. Nelson*,
   No. 11-05767, 2012 WL 1158657 (W.D. Wash. Apr. 6, 2012) ................................................7

*Park W. Radiology v. CareCore Nat. LLC*,
   547 F. Supp. 2d 320 (S.D.N.Y. 2008).....................................................................................12

*Staples v. Dep't of Soc. & Health Servs.*,
   No. C07-5443, 2008 WL 4425998 (W.D. Wash. Sept. 25, 2008).............................................3

*telSPACE, LLC v. Coast to Coast Cellular, Inc.*,
   No. 13-01477, 2014 WL 4364851 (W.D. Wash. Sept. 3, 2014).................................................8

*Wood v. McEwen*,
   644 F.2d 797 (9th Cir. 1981) (*per curiam*) .............................................................................11

*Zuk v. Eastern Pa. Psychiatric Inst. of Med. College of Pa.*,
   103 F.3d 294 (3d Cir. 1996)......................................................................................................8

**STATUTES**

RCW 19.108.010(4)..........................................................................................................................5, 9

**RULES**

Fed. R. Civ. P. 26..................................................................................................................................1

Fed. R. Civ. P. 26(b)(1)................................................................................................................ 7-8, 12

DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO
COMPEL AND FOR PROTECTIVE ORDER - ii
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Fed. R. Civ. P. 26(c)(1) ............................................................................................................... 11

Fed. R. Civ. P. 33(b)(3) ................................................................................................................. 9

Fed. R. Civ. P. 37 .......................................................................................................................... 1

**BOOKS AND ARTICLES**

Aubrey Cohen, *T-Mobile Marks Anniversary with Tour, Unlimited Data*, Seattlepi.com
    (Sept. 5, 2012) ........................................................................................................................ 2

Brier Dudley, *Video: T-Mobile USA Turns 10, Shows off Testing Labs*, The Seattle Times
    (Sept. 5, 2012),
    http://old.seattletimes.com/html/technologybrierdudleysblog/2019077344_t-
    mobile_usa_turns_10_shows_of.html .................................................................................... 2

David Beren, T-Mobile Shows Off Device Testing Robot, Employees Do the Robot
    Dance, Tmo News (Sept. 13, 2012), http://www.tmonews.com/2012/09/t-mobile-
    shows-off-device-testing-robot-employees-do-the-robot-dance/ ........................................... 2

Latif Salman, *T-Mobile Introduces Tappy, the Software Testing Robot* (Sept. 13, 2012) ............... 2

Matt Markovich, *T-Mobile Testers Drop, Dunk and Tap Devices Before They're Sold*
    (Sept. 5, 2012), http://www.komonews.com/home/video/168716536.html ........................... 2

Stephanie Mlot, *T-Mobile Software-Testing Robot Gets Tap-Happy*, PCMag.com (Sept.
    13, 2012) ................................................................................................................................. 2

DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO
COMPEL AND FOR PROTECTIVE ORDER - iii
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Defendant Huawei Device USA, Inc. ("Huawei USA"), by and through undersigned counsel, hereby moves, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure and the Court's inherent powers, for (1) an order compelling T-Mobile USA, Inc. ("T-Mobile") to respond fully, accurately, and promptly to Interrogatory No. 1, which requires identification of the allegedly misappropriated trade secrets with particularity, and (2) a protective order staying discovery on T-Mobile's Request for Production Nos. 89-91 and Request for Admission No. 42, which seek documents and information regarding T-Mobile's Consumer Protection Act ("CPA") claim.

The Court should compel and require T-Mobile to identify its allegedly misappropriated trade secrets with particularity immediately.  It is fundamental that T-Mobile should identify the trade secrets that it believes Huawei USA misappropriated, especially before T-Mobile is allowed to engage in discovery of Huawei USA.  Moreover, the Court should stay discovery into issues that are solely related to T-Mobile's CPA claim, especially where that claim is likely to be dismissed as a matter of law because the claim is preempted by T-Mobile's misappropriation claim and because T-Mobile has failed to plead the requisite elements.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     T-Mobile Has Not Identified Its Allegedly Misappropriated Trade Secrets

T-Mobile has a robot that it uses to test the touchscreens of cell phones supplied by Huawei USA and its other suppliers, including for example LG and Samsung.  Before Huawei USA was given access to T-Mobile's robot, T-Mobile invited the television and print news

DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO
COMPEL AND FOR PROTECTIVE ORDER - 1
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

media to film and report on its testing robot,[1] a report on the robot was broadcast on KOMO-TV news,[2] patent applications on its robot were published,[3] and a video demonstration of its robot was posted on T-Mobile's blog and YouTube.[4]

On September 2, 2014, T-Mobile filed its Complaint in this action alleging, *inter alia*, a broad claim for misappropriation of trade secrets relating to its robot:

> The trade secrets owned by T-Mobile and improperly acquired by Huawei include information and know-how relating to the design, assembly, and operating methods of the T-Mobile testing robot – including specifications, source code, component selection, and operating instructions – as well as other non-public elements of the robot technology, and proprietary combinations and implementations of the robot.

Dkt. 1, Compl. ¶ 80.  This vague allegation does not specify what trade secrets T-Mobile is claiming Huawei USA misappropriated.  And while the Complaint includes references to items like an "end effector" and an "arm," *see, e.g.*, *id.* ¶ 43, both items were shown in the public disclosures and the Complaint does not indicate how these allegedly misappropriated items are different from what was shown in the public disclosures.

---

[1] Dkts. 54-4, 54-5, Brier Dudley, *Video: T-Mobile USA Turns 10, Shows off Testing Labs*, The Seattle Times (Sept. 5, 2012), http://old.seattletimes.com/html/technologybrierdudleysblog/2019077344_t-mobile_usa_turns_10_shows_of.html; *see also* Dkt. 54-6, Aubrey Cohen, *T-Mobile Marks Anniversary with Tour, Unlimited Data*, Seattlepi.com (Sept. 5, 2012); Dkt. 54-7, Latif Salman, *T-Mobile Introduces Tappy, the Software Testing Robot*, übergizmo.com (Sept. 13, 2012); Dkt. 54-8, Stephanie Mlot, *T-Mobile Software-Testing Robot Gets Tap-Happy*, PCMag.com (Sept. 13, 2012); Dkt. 54-9, Nat Levy, *Phone Testing by Dummies Is Serious Stuff*, Mercer Island Reporter (Oct. 3, 2012).

[2] Dkt. 54-3, Matt Markovich, *T-Mobile Testers Drop, Dunk and Tap Devices Before They're Sold* (Sept. 5, 2012), http://www.komonews.com/home/video/168716536.html.

[3] *See, e.g.*, Robotic Device Tester, U.S. Patent Publication No. 2009/0265035 (pub. Oct. 22, 2009) (Dkt. 32-1); Switching Matrix and Test Platform, U.S. Patent Publication No. 2012/0003982 (pub. Jan. 5, 2012) (Dkt. 32-2); Touch Screen Testing Platform, U.S. Patent Publication No. 2012/0146956 (pub. June 14, 2012) (Dkt. 32-3).

[4] David Beren, T-Mobile Shows Off Device Testing Robot, Employees Do the Robot Dance, Tmo News (Sept. 13, 2012), http://www.tmonews.com/2012/09/t-mobile-shows-off-device-testing-robot-employees-do-the-robot-dance/. The video is also available on YouTube at http://www.youtube.com/watch?v=mv69ZxKOFSw.

DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO COMPEL AND FOR PROTECTIVE ORDER - 2
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Accordingly, Huawei USA objected, in its pending Motion to Dismiss, Dkt. 32 at 9-10, to T-Mobile's fundamental failure to identify its misappropriated trade secrets.  On February 12, 2015, Huawei USA served its initial discovery requests on T-Mobile and sought clarification from T-Mobile on its misappropriation allegations:

> **Interrogatory No. 1:**  Describe with particularity each trade secret, including each feature or component or combination that has not been publicly disclosed, that you contend Huawei misappropriated in this Action.

T-Mobile served its response to this Interrogatory on March 19, 2015.[5]  *See* Declaration of Jessica I. Rothschild ("Decl."), Ex. A.  In relevant part, after pages of General Objections, boilerplate objections accompanying the individual response, and references to its earlier pleadings,[6] T-Mobile responded:

> To the best of its ability, given the vague and compound nature of the request, and given the fact that the robot is composed of countless individual components, measurements, specifications, materials, and code, **T-Mobile further identifies the trade secrets involved in the robot** as the design (specific materials used and specifications), the specific identity and source of parts, the assembly (selection of components and manner in which they are combined), the operating methods of the robot (how it moves, tests, records results), the know-how used in the operation and development of the robot, and the code used to operate the robot, record results, and set up devices for analysis. This includes, but is not limited to, the material, manner of design, refinement, precise measurements, and source of the conductive tips; the end effector, its design, length, material, and source; the location of the cameras, specific lenses used, aperture, and measurements, as well as the precise method used by T-Mobile to secure, place, and focus the cameras' viewpoint, and specific methods used to record camera results; the materials used and specific design of the T-Mobile robot housing; the method used to secure devices tested using the

---

[5] Only after repeated requests for a verification of its response to Interrogatory No. 1, T-Mobile supplied a verification on April 23, 2015, over a month after it served its response to the Interrogatory. Decl., Ex. B; *id.* ¶ 3.

[6] A party may not refer to pleadings to satisfy its obligation to answer interrogatories.  *See, e.g.*, *Staples v. Dep't of Soc. & Health Servs.*, No. C07-5443, 2008 WL 4425998, at *3 (W.D. Wash. Sept. 25, 2008).

DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO COMPEL AND FOR PROTECTIVE ORDER - 3
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

> T-Mobile robot, including the base and fixture, the material out of which it is made, the size (including length and width), assembly, and design, as well as know-how used in securing the devices; the specific components used in combination for the testing apparatus and the source of those components, such as the type of mechanical robot arm used in combination with the particular robot controller used for the T-Mobile robot; the method, design, and know-how by which all of the preceding components are combined and the selection of those components; the specific forces used for the "touching," "tapping," "swiping" and all other contact processes, as well as other related information such as duration and number of contacts for device testing; all refinements necessary to test devices of differing shapes (e.g., curved versus flat), sizes, and materials, including screen size or shape and method of user control (e.g., touch or buttons); specific sequences and methods of using the robot to perform particular types of test cases, including testing battery life, testing applications, dialing, and handling calls; the code used to perform such testing, touching, and otherwise operating the robot; and all post-patent application refinements and know-how used to update the robot in order to lower costs, to improve quality, and to test constantly-changing devices.

*Id.* at 7-8 (emphasis added). T-Mobile's response is nonresponsive and its objections render the response meaningless.

First, the response fails to specify **any** claimed trade secret with particularity. T-Mobile's response purports to "identif[y] the trade secrets involved in the robot" in an exhaustive listing that fills an entire page and covers all aspects of the robot, ranging from design to source of parts and from operation to source code. *Id.* at 7-8. This "laundry list" of "trade secrets involved in the robot" does not respond to the Interrogatory.

After an exchange of letters, the parties conducted a meet and confer on April 28, Decl. ¶¶ 4, 5. On May 7, T-Mobile repeated its position that the listing supplied "T-Mobile's conten[tions]—because it either knows or reasonably believes—Huawei misappropriated [each item] in whole or in part," *id.*, Ex. C. Huawei USA then asked T-Mobile which items it was

DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO COMPEL AND FOR PROTECTIVE ORDER - 4
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

claiming had been misappropriated in whole and which in part. *Id.* at ¶ 7. To Huawei USA's surprise, T-Mobile indicated that it was incapable of providing this level of detail. *Id.* Instead, T-Mobile deflected, claiming that Huawei USA is better suited to respond to the discovery propounded on T-Mobile. *Id.*

Second, T-Mobile's response encompasses numerous items that are fully disclosed in T-Mobile's patent applications, robot demonstration video, and media reports. *Compare id.*, Ex. A *with supra* notes 1-4. Trade secret protection cannot attach to such disclosed items, as it attaches only to items "not [] generally known to" others and "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." RCW 19.108.010(4). Huawei USA explained to T-Mobile that Interrogatory No. 1 specifically asked T-Mobile to detail what trade secrets it was claiming as misappropriated that "*ha[d] not been publicly disclosed*" but that T-Mobile's response failed to differentiate between what T-Mobile had and had not publicly disclosed. Decl. ¶ 5. T-Mobile claimed that it had no obligation to delineate between what it may or may not have publicly disclosed. *Id.* In response, Huawei USA asked T-Mobile to clarify whether T-Mobile was taking the position that none of the items identified had been publicly disclosed prior to the acts of alleged misappropriation. *Id.* at ¶ 8. T-Mobile responded to this letter on May 21, 2015, but ignored this request for clarification. *Id.*

More than nine months after T-Mobile filed its Complaint, T-Mobile has yet to specify the misappropriated trade secrets that actually form the basis for its Complaint. Instead, T-Mobile has provided a page-long list of virtually every conceivable part of its robot and then claimed entitlement to discovery of Huawei USA. *See, e.g.*, *id.* at ¶¶ 6, 8. This is impermissible, particularly in a trade secret case where the plaintiff bears the burden of specifying the basis for

DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO COMPEL AND FOR PROTECTIVE ORDER - 5
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

its claim before it can obtain discovery.  Huawei USA thus requests that the Court compel T-Mobile to respond fully, accurately, and promptly to Interrogatory No. 1.

B.      **T-Mobile's Consumer Protection Act Claim Is Preempted**

T-Mobile has also alleged a private Consumer Protection Act ("CPA") claim.  Dkt. 1, Compl. ¶¶ 107-11.  As briefed in the Motion to Dismiss, this claim is deficient as a matter of law:  the claim is preempted by the Washington Uniform Trade Secret Act ("WUTSA")[7] and T-Mobile failed to plead two necessary elements of the claim.  Dkt. 32 at 19-24.  These requests seek discovery on activities unrelated to the other counts in the Complaint.  Huawei USA requests that the Court stay T-Mobile's discovery requests related to this claim, specifically Request for Production Nos. 89, 90, and 91 and Request for Admission No. 42,[8] until the Court rules on Huawei USA's Motion to Dismiss.

In response to a letter from T-Mobile objecting to Huawei USA's position that T-Mobile's discovery requests were improper, Huawei USA sought T-Mobile's consent to stay discovery, Decl. ¶¶ 9, 10.  T-Mobile refused and tried to "legitimize" its requests by claiming that they "are not solely related to T-Mobile's CPA claim" but that they are "also relevant to Huawei's motive or intent and its alleged defenses for other claims."  *Id.* at ¶ 11.

---

[7] *See, e.g.*, *Enterprises Int'l, Inc. v. Int'l Knife & Saw, Inc.*, No. C12-5638 BHS, 2013 WL 6185241, *10 (W.D. Wash. Nov. 26, 2013).

[8] **Request for Production No. 89:**  All documents and communications relating to the U.S. House of Representatives Permanent Select Committee on Intelligence investigation initiated in November 2011 into Huawei, including but not limited to documents Huawei provided to the Committee.
**Request for Production No. 90:**  All documents and communications relating to Huawei's misappropriation of intellectual property from Cisco.
**Request for Production No. 91:**  All documents and communications relating to accusations against Huawei of intellectual property theft, misuse, and unfair acts.
**Request for Production No. 42:**  Admit that a Neutral Expert concluded in 2003 that Huawei misappropriated Cisco's source code.

DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO COMPEL AND FOR PROTECTIVE ORDER - 6
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

    **C.**    **Local Rule 37(a) Certification: Huawei USA Has Met and Conferred with T-Mobile in an Attempt to Resolve This Dispute**

Huawei USA certifies that it has conferred in good faith with counsel for T-Mobile in an effort to resolve the instant dispute without Court action. In addition to exchanging numerous letters, the parties had two telephonic meet and confers, one on April 28 and a second on June 9. Despite these repeated attempts to resolve the dispute, the parties are at an impasse regarding the discovery requests that are the subject of this Motion. Decl. ¶¶ 5, 12.

**II.**    **ARGUMENT**

    **A.**    **The Court Should Compel T-Mobile to Identify Its Allegedly Misappropriated Trade Secrets with Particularity**

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Contention interrogatories must be answered. *Int'l Longshore & Warehouse Union v. Nelson*, No. 11-05767, 2012 WL 1158657, at *7 (W.D. Wash. Apr. 6, 2012). T-Mobile's response to Interrogatory No. 1 is insufficient, and the Court should compel a complete and accurate response.

    **1.**    **T-Mobile Must Identify Its Trade Secrets with Particularity Prior to Opening the Doors of Discovery**

Interrogatory No. 1 is critical to the case. T-Mobile must identify what, if anything, it is alleging is a trade secret regarding its robot that Huawei USA misappropriated. This is particularly important given the numerous public disclosures T-Mobile made prior to Huawei USA first accessing the robot. Not only does T-Mobile's response evade the issue, T-Mobile claims entitlement to full discovery on Huawei USA before being required to supplement its

DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO COMPEL AND FOR PROTECTIVE ORDER - 7
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

response.  This contravenes the obligation that this Court, and courts across the country, impose on plaintiffs like T-Mobile to identify each allegedly misappropriated trade secret early in the litigation, before discovery commences on the defendant:

> Experience has shown that it is easy to allege theft of trade secrets with vagueness, then take discovery into the defendant's files, and then cleverly specify whatever happens to be there as having been trade secrets stolen from plaintiff.  ***A true trade secret plaintiff ought to be able to identify, up front, and with specificity the particulars of the trade secrets without any discovery.***

*telSPACE, LLC v. Coast to Coast Cellular, Inc.*, No. 13-01477, 2014 WL 4364851, *5 (W.D. Wash. Sept. 3, 2014) (emphasis added, quotation marks and citation omitted).  In *telSPACE*, the Court ordered the plaintiff to "provide sufficient specificity" before permitting discovery into the defendant's proprietary information.  *Id.*[9]  While, at the motion to dismiss stage, Huawei USA's reference to the *telSPACE* line of cases was precautionary, as the litigation has continued Huawei USA's predictions have been borne out.  T-Mobile is seeking to postpone delineating its allegedly misappropriated trade secrets until it receives Huawei USA's confidential information so that it can conform its trade secret allegations.  This type of fishing expedition is precisely the activity that *telSPACE* thwarts.  T-Mobile should, thus, be compelled to respond fully, accurately, and specifically to the Interrogatory without delay.

Not only is T-Mobile not entitled to postpone its response, but it must also describe each allegedly misappropriated trade secret with the level of detail sought by the Interrogatory— *particularity*.  T-Mobile, however, has refused to do so, Decl. ¶¶ 4-8, instead claiming that

---

[9] *See also AutoMed Technologies, Inc. v. Eller*, 160 F. Supp. 2d 915, 926 (N.D. Ill. 2001) ("[P]laintiff must particularize which of its secrets were allegedly misappropriated before we will compel [defendant] to reveal its own."); *Zuk v. Eastern Pa. Psychiatric Inst. of Med. College of Pa.*, 103 F.3d 294, 299 (3d Cir. 1996) ("[D]iscovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the action."); Fed. R. Civ. P. 26(b)(1), Committee Notes on Rules—2000 Amendment (explaining that "the parties [] have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings").

DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO COMPEL AND FOR PROTECTIVE ORDER - 8
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Huawei USA knows what was misappropriated. *See, e.g.*, *id.*, at ¶ 7. This is nonresponsive. T-Mobile bears the obligation to respond to the interrogatories propounded upon it. Fed. R. Civ. P. 33(b)(3) (requiring a party to respond to each interrogatory "fully in writing"). Moreover, T-Mobile has claimed that each item is listed because T-Mobile "*either knows or reasonably believes*" it was misappropriated by Huawei USA. Decl., Ex. C (emphasis added). Given T-Mobile's statement that it possesses the knowledge necessary to delineate its claimed trade secrets, the Court should require T-Mobile to do so immediately.

### 2. T-Mobile Must Differentiate Between What It Disclosed Publicly and What Remains "Secret"

The second part of Interrogatory No. 1 asks T-Mobile to narrow its answer to the claimed features or components or combination *that had not been publicly disclosed*. The request was framed in this manner because a trade secret is defined as something "not [] generally known to" others and "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." RCW 19.108.010(4). T-Mobile's broad response, however, which covers virtually every conceivable aspect of its robot, serves to do the opposite: It greatly expands the scope of the dispute beyond the limits of Washington's definition of trade secret. T-Mobile cannot claim trade secret protection over any item it disclosed to the public, like its published patent applications, its video demonstration, and the media tour videos and reports. And yet, T-Mobile has refused to differentiate its claimed trade secrets from those extensive disclosures, despite the fact that its list of claimed trade secrets covers many elements that it obviously disclosed. *See e.g.*, Decl. ¶¶ 5, 8.[10]

---

[10] To the extent that T-Mobile claims that its response covers refinements to its robot that were made after its extensive disclosures, T-Mobile should explain what the protected refinement is in a manner that differentiates it from what was disclosed.

DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO COMPEL AND FOR PROTECTIVE ORDER - 9
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

For example, the videos show the complete physical embodiment of the working robot just one week before Huawei USA was provided access to it, *see supra* notes 1, 2 & 4, Dkts. 54-3 & 54-5, and the patent applications show and describe the complete design, *see* Dkts. 32-1, 32-2 & 32-3. And yet, T-Mobile has claimed trade secret protection over just that—the "specific identity and source of parts" as well as "the specific components used in combination for the testing apparatus and the source of those components," Decl., Ex. A at 8—without distinguishing its claims from its extensive disclosures. Moreover, as another example, the videos demonstrate how the robot operates. *See supra* notes 1, 2 & 4; Dkts. 54-3 & 54-5. Nevertheless, T-Mobile has claimed trade secret protection in "the operating methods of the robot (how it moves, tests, records results)." Decl., Ex. A at 8. T-Mobile has not identified what specific aspects of its robot's operations it is claiming as protected that were not disclosed. T-Mobile's answer, thus, does not provide any clarity as to what legitimate trade secrets are the subject of this litigation.

T-Mobile's response cannot stand, as T-Mobile has an obligation to provide the requested information, in full, prior to obtaining discovery from Huawei USA. The Court should, therefore, grant Huawei USA's motion to compel and require T-Mobile to respond completely and promptly to Interrogatory No. 1. *See, e.g.*, *Gardner v. Toyota Motor Corp.*, No. 08-0632, 2009 WL 8732016, at *1 (W.D. Wash. May 6, 2009) (Jones, J.) (granting motion to compel response to contention interrogatory where the request "seeks information that will help the parties to narrow the disputed issues" and where the "type of information is a proper and relevant subject of discovery").

### B. The Court Should Stay Discovery on the Consumer Protection Act Claim

Discovery is not unlimited. The Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,

DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO COMPEL AND FOR PROTECTIVE ORDER - 10
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1).

Good cause exists justifying the issuance of a protective order, where, as here, the party seeks discovery related to a cause of action that is the subject of a pending motion to dismiss. "A district court may limit discovery 'for good cause', Rule 26(c)(4), Federal Rules of Civil Procedure, and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (*per curiam*) (citation omitted). It is proper to grant a motion for protective order and stay discovery on claims pending court ruling, where "it appears unlikely to the court that plaintiff will be able to plausibly allege viable claims . . . ." *Demmings v. Pac. Mar. Ass'n*, No. 13-5737, 2014 WL 4850389, at *5 (W.D. Wash. Sept. 29, 2014) (Jones, J.).

As fully briefed in Huawei USA's Motion to Dismiss, T-Mobile's claim for private consumer protection must be dismissed. The claim is preempted by WUTSA as it is based upon the same facts as the misappropriation claim. Dkt. 32 at 22-24. Moreover, T-Mobile failed to plead two of the elements of the claim: the public interest element and the unfair or deceptive act or practice. *Id.* at 19-21. Staying discovery on the requests related to the consumer protection claim to allow the Court to rule on the Motion to Dismiss would avoid unduly burdening Huawei USA from having to collect and produce documents that are only relevant to a cause of action that is likely to be dismissed. *See Demmings*, 2014 WL 4850389, at *5.

Without any supporting facts or law, T-Mobile asserts that these four discovery requests are broader than the CPA claim. *See, e.g.*, Decl. ¶ 11 (claiming that the requests are "also relevant to Huawei's motive or intent and its alleged defenses for other claims"). The discovery requests, however, are neither relevant to Huawei USA's "motive or intent" nor are they

DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO COMPEL AND FOR PROTECTIVE ORDER - 11
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

reasonably calculated to lead to the discovery of admissible evidence.  The requests seek information regarding allegations of misappropriation wholly unrelated to the allegations T-Mobile has made here.  For example, Request for Production No. 90 and Request for Admission No. 42 seek information about an alleged incident from over a decade prior to the alleged trade secret misappropriation.  Request for Production No. 89 asks for documents regarding a congressional investigation that was concluded before any of the alleged acts of misappropriation in this case occurred.  And Request for Production No. 91, is a catchall request for any other accusations of "intellectual property theft, misuse, and unfair acts."  These expansive requests cover unproven accusations that would require mini-trials into liability to assess the possibility that any of these allegations even have anything to do with the current matter.  *See, e.g.*, *Park W. Radiology v. CareCore Nat. LLC*, 547 F. Supp. 2d 320, 322 (S.D.N.Y. 2008) (rejecting similar discovery into accusations); *see also Blackie v. Barrack*, 524 F.2d 891, 906 n.22 (9th Cir. 1975).  Moreover, none of these requests has anything to do with Huawei USA's alleged actions in T-Mobile's lab.  Such discovery is thus neither relevant to nor dispositive of any of the non-CPA issues in this case.  It is not an appropriate subject of discovery.  These requests, untethered to T-Mobile's CPA claims, are not reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).

### III.   CONCLUSION

For the foregoing reasons, the Court should (1) compel a response from T-Mobile to Interrogatory No. 1 and (2) stay discovery on T-Mobile's Request for Production Nos. 89-91 and Request for Admission No. 42.

DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO COMPEL AND FOR PROTECTIVE ORDER - 12
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

DATED this 11th day of June, 2015.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Defendant Huawei Device USA, Inc.


By  *s/Franklin D. Cordell*
   Franklin D. Cordell, WSBA #26392
   Jeffrey M. Thomas, WSBA #21175
   1001 Fourth Avenue, Suite 4000
   Seattle, Washington 98154
   Telephone: (206) 467-6477
   Facsimile:  (206) 467-6292
   Email: fcordell@gordontilden.com
   Email: jthomas@gordontilden.com

**STEPTOE & JOHNSON LLP**
Attorneys for Defendant Huawei Device USA, Inc.


By  *s/Timothy C. Bickham*
   William F. Abrams*
   James F. Hibey*
   Timothy C. Bickham*
   Jessica I. Rothschild*
   1330 Connecticut Avenue NW
   Washington, DC 20036
   Telephone: (202) 429-3000
   Facsimile:  (202) 429-3902
   Email: jhibey@steptoe.com
   Email: wabrams@steptoe.com
   Email: tbickham@steptoe.com
   Email: jrothschild@steptoe.com
   *  *Admitted Pro Hac Vice*

DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO COMPEL AND FOR PROTECTIVE ORDER - 13
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Michael E. Kipling
Marjorie A. Walter
KIPLING LAW GROUP PLLC
4464 Fremont Avenue N., Suite 300
Seattle, WA 98103
kipling@kiplinglawgroup.com
walter@kiplinglawgroup.com

John Hueston
Alison Plessman
Eric Hayden
HUESTON HENNIGAN LLP
523 West 6th Street
Los Angeles, CA 90014
jhueston@hueston.com
aplessman@hueston.com
ehayden@hueston.com

s/ *Franklin D. Cordell*
Franklin D. Cordell, WSBA #26392

DEFENDANT HUAWEI DEVICE USA, INC.'S MOTION TO COMPEL AND FOR PROTECTIVE ORDER - 14
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292