HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

T-MOBILE USA, INC.,

    Plaintiff,

    v.

HUAWEI DEVICE USA, INC., et al.,

    Defendants.

CASE NO. C14-1351RAJ

ORDER

       This matter comes before the court on a discovery motion from Defendant Huawei Device USA, Inc. ("Huawei USA") and a discovery motion from its Chinese parent company, Defendant Huawei Technologies Co., Ltd. ("Huawei China").  For the reasons stated herein, the court DENIES both motions.  Dkt. ## 65, 69.

       Huawei USA asks the court to compel Plaintiff T-Mobile USA, Inc. ("T-Mobile") to identify its allegedly misappropriated trade secrets with more particularity.  The court issued an order earlier today addressing that trade secret claim, and at part III.A.2 of that order explained its views as to the adequacy of T-Mobile's identification of its trade secrets.  In light of that explanation, the court declines to order T-Mobile to provide more specific identification of its trade secrets than its complaint and discovery responses reveal.  In addition, the court disagrees that it is T-Mobile's obligation to decide for Huawei which aspects of the technology in dispute are revealed in patent applications and other public disclosures.

ORDER – 1

Huawei USA also asks the court to relieve it of the obligation to respond to three discovery requests that, according to Huawei USA, seek information that is relevant only to T-Mobile's Washington Consumer Protection Act claim ("CPA").  The court dismissed that claim in its order from earlier today.  Nonetheless, the court agrees with T-Mobile that the information requested is also potentially relevant to other claims.  Huawei has asserted that some of its employees acted independently to take improper acts with respect to T-Mobile's confidential information.  Evidence that Huawei has previously conspired to misappropriate confidential information is potentially relevant to disprove any assertion that Huawei was unaware of the unlawful acts of its employees.

Finally, Huawei China asks the court to relieve it of the burden of responding to any discovery pending the court's ruling on its motion to dismiss for lack of personal jurisdiction.  The court earlier today ruled that Huawei China is subject to personal jurisdiction in this court, mooting Huawei China's objection to providing discovery.

DATED this 14th day of July, 2015.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 2