1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

T-MOBILE USA, INC., a Delaware
corporation,

               Plaintiff,

     v.

HUAWEI DEVICE USA, INC., a Texas
corporation; and HUAWEI TECHNOLOGIES
CO., LTD., a China company,

             Defendants.

NO.  2:14-cv-01351-RAJ

**DEFENDANT HUAWEI DEVICE
USA, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES**

**JURY DEMAND**

Defendant Huawei Device USA, Inc. ("Huawei USA"), by and through undersigned

counsel, answers the allegations of Plaintiff T-Mobile USA, Inc.'s ("T-Mobile") Complaint as

follows:

## I.      INTRODUCTION

1.     Huawei USA is without sufficient information to form a belief as to the truth of

the allegations in the first sentence of Paragraph 1 and therefore denies them.  Huawei USA

denies the allegations in the second sentence of Paragraph 1.

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

2.      Huawei USA denies the allegations in the first two sentences of Paragraph 2 in full and the factual allegations in the third sentence.  The third sentence of Paragraph 2 states legal conclusions to which no response is required.  To the extent a response is required, Huawei USA denies the allegations in the third sentence of Paragraph 2.

3.      Paragraph 3 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Huawei USA denies the allegations in Paragraph 3.

4.      The first sentence of Paragraph 4 of the Complaint states legal conclusions to which no response is required.  Huawei USA denies the allegations in the second sentence and the factual allegations of the third and fourth sentences.  The third and fourth sentences also state legal conclusions to which no response is required.  To the extent a response is required, Huawei USA denies the allegations in Paragraph 4.

## II.      BACKGROUND

5.      Huawei USA is without sufficient information to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies them.

6.      Huawei USA is without sufficient information to form a belief as to the truth of the allegations in the first two sentences of Paragraph 6 and therefore denies them.  Huawei USA admits that potential suppliers submit proposals to T-Mobile in a competitive RFP process and that Huawei USA used to be one such supplier.   Huawei USA denies the allegations in the fifth sentence of Paragraph 6, except to note that T-Mobile did select Huawei USA to supply handsets for particular segments of its customer base for several years prior to 2015.  Huawei USA is without sufficient information to form a belief as to the truth of the allegations in the last sentence of Paragraph 6 and therefore denies them.

DEFENDANT HUAWEI DEVICE USA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 2
No. 2:14-cv-01351-RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

7.      Huawei USA is without sufficient information to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies them.

8.      Huawei USA is without sufficient information to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies them.

9.      Huawei USA admits that T-Mobile has a robot nicknamed "Tappy."  Huawei USA is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 9 and therefore denies them.

10.      Huawei USA admits that certain aspects of the T-Mobile robot are patented or patent-pending.  Huawei USA denies that "the remaining innovative aspects consist of closely-guarded trade secrets."  Huawei USA is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 10 and therefore denies them.

11.      Huawei USA is without sufficient information to form a belief as to the truth of the allegations in the first two sentences of Paragraph 11 and therefore denies them.  Huawei USA admits that T-Mobile allowed its employees into T-Mobile's lab in Bellevue, Washington. Huawei USA is without sufficient information to form a belief as to the truth of the remaining allegations in the third sentence of Paragraph 11 and therefore denies them.

12.      Huawei USA admits that it entered into contracts with T-Mobile.  The first sentence of Paragraph 12 of the Complaint states legal conclusions to which no response is required.  To the extent the allegations refer to contractual agreements, the agreements speak for themselves, and their legal significance in this case is a matter for the Court to decide.  To the extent a response is required, Huawei USA denies the remaining allegations in the first sentence

DEFENDANT HUAWEI DEVICE USA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 3
No. 2:14-cv-01351-RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

of Paragraph 12.  Huawei USA is without sufficient information to form a belief as to the truth of the allegations in the second sentence of Paragraph 12 and therefore denies them.

13.     Huawei USA admits that it entered into two contracts with T-Mobile and is a successor party to a third contract with T-Mobile.  The agreements speak for themselves, and their legal significance in this case is a matter for the Court to decide.  To the extent a response is required, Huawei USA denies the remaining allegations in the first sentence of Paragraph 13. The second sentence of Paragraph 13 states legal conclusions to which no response is required. To the extent a response is required, Huawei USA denies the allegations in the second sentence of Paragraph 13.  Huawei USA admits that T-Mobile authorized its employees to use T-Mobile's robot to test their handsets, and otherwise denies the allegations in the third sentence of Paragraph 13.

14.     Huawei USA admits that T-Mobile authorized Huawei USA employees to enter the T-Mobile lab.  The agreements to which the first sentence of Paragraph 14 refers speak for themselves, and their legal significance in this case is a matter for the Court to decide.  To the extent a response is required, Huawei USA denies the allegations in the first sentence of Paragraph 14.  Huawei USA is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 14 and therefore denies them.

15.     Huawei USA admits that T-Mobile gave its employees access to T-Mobile's robot in 2012.  Paragraph 15 states legal conclusions to which no response is required.  Huawei USA denies the remaining allegations in Paragraph 15.

DEFENDANT HUAWEI DEVICE USA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 4
No. 2:14-cv-01351-RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

16.     Huawei USA is without sufficient information to form a belief as to the truth of the allegations in the first sentence of Paragraph 16 and therefore denies them.  Huawei USA denies the remaining allegations in Paragraph 16.

17.     Huawei USA denies the allegations in Paragraph 17 of the Complaint.  To the extent the second sentence of Paragraph 17 states legal conclusions, no response is required.  To the extent the second sentence of Paragraph 17 refers to documents, the documents speak for themselves and their legal significance in this case is a matter for the Court to decide.

18.     Huawei USA admits that its former employee removed a part of the robot from T-Mobile's lab and that, while the former employee initially denied taking anything, the former employee later admitted to taking the part and returned it the next day.  Huawei USA denies the allegations in the first two sentences of Paragraph 18.  Huawei USA is without sufficient information to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 18 and therefore denies them.  Huawei USA denies the remaining allegations in Paragraph 18.

19.     Huawei USA is without sufficient information to form a belief as to the truth of the allegations in the first two sentences of Paragraph 19 and therefore denies them.  Huawei USA denies the remaining allegations in Paragraph 19.

20.     Huawei USA denies the allegations of the first two sentences of Paragraph 20 of the Complaint.  Huawei USA is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 20 and therefore denies them.

21.     Huawei USA denies the allegations in the first sentence of Paragraph 21 of the Complaint.  To the extent the second sentence of Paragraph 21 relies on a document, the

DEFENDANT HUAWEI DEVICE USA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 5
No. 2:14-cv-01351-RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

document speaks for itself, and its legal significance in this case is a matter for the Court to decide.  To the extent a response is required, Huawei USA denies the allegations in the second sentence of Paragraph 21.  Huawei USA denies the remaining allegations in the second sentence of Paragraph 21.

22.      Huawei USA denies the allegations in Paragraph 22 of the Complaint.

### III.      PARTIES

23.      Huawei USA is without sufficient information to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies them.

24.      Huawei USA admits the first sentence of Paragraph 24.  Huawei USA admits that it is a successor to Futurewei Technologies, Inc. and further avers that it is an indirect subsidiary of Huawei Technologies Co., Ltd.

25.      Huawei USA admits the allegations in Paragraph 25 of the Complaint.

26.      Paragraph 26 of the Complaint states legal conclusions to which no response is required.   To the extent a response is required, Huawei USA denies the allegations in Paragraph 26.

### IV.      JURISDICTION AND VENUE

27.      Huawei USA admits the allegations in Paragraph 27 of the Complaint, with respect to its status in this case.

28.      Huawei USA admits the allegations in the first sentence of Paragraph 28 of the Complaint.  To the extent the second sentence of Paragraph 28 relies on a document, the document speaks for itself.  To the extent a response is required, Huawei USA admits the allegations in the second sentence of Paragraph 28.

DEFENDANT HUAWEI DEVICE USA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 6
No. 2:14-cv-01351-RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

## V.    GENERAL ALLEGATIONS

29.    Huawei USA is without sufficient information to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies them.

30.    Huawei USA admits that T-Mobile has a testing robot.  Huawei USA is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 30 and therefore denies them.

31.    Huawei USA is without sufficient information to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies them.

32.    Huawei USA is without sufficient information to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies them.

33.    Huawei USA admits the first sentence of Paragraph 33 of the Complaint.  Huawei USA is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 33 and therefore denies them.  The third sentence also states legal conclusions to which no response is required.  To the extent a response is required, Huawei USA denies the allegations in the third sentence of Paragraph 33.

34.    Huawei USA admits that T-Mobile has testing facilities at its Bellevue, Washington campus.  Huawei USA admits that, for a period of nine and a half months, T-Mobile permitted Huawei USA employees to access parts of these facilities and to use the robot to test the devices.  Huawei USA is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 34 and therefore denies them.

35.    Huawei USA admits the first sentence of Paragraph 35.  The remaining allegations of Paragraph 35 state legal conclusions to which no response is required and refer to a

DEFENDANT HUAWEI DEVICE USA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 7
No. 2:14-cv-01351-RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

document that speaks for itself, and its legal significance in this case is a matter for the Court to decide.  Huawei USA denies the remaining allegations of Paragraph 35.

36.     Huawei USA admits that Futurewei Technologies, Inc., d/b/a Huawei Technologies (USA) separated into three companies, one of which was Huawei USA, and that the Supply Agreement was assigned to Huawei USA.  Huawei USA denies the remaining allegations of Paragraph 36.

37.     The allegations of Paragraph 37 state legal conclusions to which no response is required and refer to a document that speaks for itself.   To the extent a response is required, Huawei USA denies the allegations in Paragraph 37.

38.     The allegations of Paragraph 38 state legal conclusions to which no response is required and refer to a document that speaks for itself.   To the extent a response is required, Huawei USA denies the allegations in Paragraph 38.

39.     The allegations of the first three sentences of Paragraph 39 state legal conclusions to which no response is required and refer to documents that speaks for themselves.   To the extent a response is required, Huawei USA denies the allegations in these sentences of Paragraph 39.  Huawei USA is without sufficient information to form a belief as to the truth of the allegations in the last sentence of Paragraph 39 and therefore denies them.

40.     Huawei USA is without sufficient information to form a belief as to the truth of the allegations in the first sentence of Paragraph 40 and therefore denies them.  The allegations in the second sentence of Paragraph 40 refer to a document that speaks for itself, and its legal significance in this case is a matter for the Court to decide.  Huawei USA denies the remaining allegations of Paragraph 40.

DEFENDANT HUAWEI DEVICE USA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 8
No. 2:14-cv-01351-RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

41.     Huawei USA is without sufficient information to form a belief as to the truth of the allegations in the first sentence of Paragraph 41 and therefore denies them.  Huawei USA admits that its employees were first given access to T-Mobile's robot in 2012.  Huawei USA is without sufficient information to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 41 and therefore denies them.

42.     Huawei USA admits that its employees were allowed to perform and monitor diagnostic tests for Huawei handsets using T-Mobile's robot and that they could obtain the test results for the devices they were testing.  Huawei USA denies the remaining allegations of Paragraph 42.

43.     Huawei USA admits that some of its employees asked T-Mobile personnel questions about T-Mobile's robot.  Huawei USA further avers that for a period of time, T-Mobile personnel were forthcoming with answers about T-Mobile's robot.  Huawei USA is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 43 and therefore denies them.

44.     Huawei USA is without sufficient information to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies them.  To the extent Paragraph 44 relies on documents, the documents speak for themselves, and their legal significance in this case is a matter for the Court to decide.

45.     Huawei USA admits that Yu (Frank) Wang arrived in Bellevue and further avers that his arrival was in mid-May, 2013.  Huawei USA admits that Mr. Wang was a system test engineer in China and that he had never before been to T-Mobile's Bellevue, Washington, facilities.  Huawei USA is without sufficient information to form a belief as to the truth of the

DEFENDANT HUAWEI DEVICE USA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 9
No. 2:14-cv-01351-RAJ

**GORDON TILDEN THOMAS & CORDELL** LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

remaining allegations in the first two sentences of Paragraph 45 and therefore denies them. Huawei USA admits that one purpose of Mr. Wang's trip was to visit the T-Mobile lab. Huawei USA denies the remaining allegations in the third sentence of Paragraph 45.

46.     Huawei USA admits that Mr. Wang went with Helen Lijingru to T-Mobile's testing lab on May 13, 2013, and that Mr. Wang was asked to leave. Huawei USA denies the remaining allegations of Paragraph 46.

47.     Huawei USA is without sufficient information to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies them.

48.     Huawei USA admits that Mr. Wang entered the lab on May 14, 2013, and took several photographs of the testing robot using his smartphone. To the extent Paragraph 48 relies on a document, the document speaks for itself, and its legal significance in this case is a matter for the Court to decide. Huawei USA denies the remaining allegations of Paragraph 48.

49.     Huawei USA admits that Mr. Wang was asked to leave T-Mobile's lab. Huawei USA denies the remaining allegations of Paragraph 49.

50.     Huawei USA admits that Mr. Wang sent some of the photographs he had taken of the robot to engineers in China. Huawei USA denies the remaining allegations of Paragraph 50.

51.     Huawei USA is without sufficient information to form a belief as to the truth of the allegations in Paragraph 51 and therefore denies them.

52.     Huawei USA admits that Jennifer Ponder provided T-Mobile with four photographs taken by Mr. Wang. To the extent the allegations in Paragraph 52 rely on a document, the document speaks for itself, and its legal significance in this case is a matter for the

DEFENDANT HUAWEI DEVICE USA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 10
No. 2:14-cv-01351-RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Court to decide. To the extent a response is required, Huawei USA denies the allegations in the second sentence of Paragraph 52.

53.    Huawei USA admits that Mr. Wang was sent back to China earlier than scheduled. Huawei USA denies the remaining allegations of Paragraph 53.

54.    Huawei USA is without sufficient information to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies them.

55.    Huawei USA is without sufficient information to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies them.

56.    To the extent the allegations in Paragraph 56 rely on a text message, the text speaks for itself, and its legal significance in this case is a matter for the Court to decide. Huawei USA is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 56 and therefore denies them.

57.    Huawei USA admits that Mr. Xiong took a robot part to Huawei USA's office and that measurements were taken. Huawei USA is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 57 and therefore denies them.

58.    Huawei USA is without sufficient information to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies them.

59.    Huawei USA is without sufficient information to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies them.

60.    Huawei USA is without sufficient information to form a belief as to the truth of the allegations in the first sentence of Paragraph 60 and therefore denies them. The second sentence of Paragraph 60 states legal conclusions to which no response is required. To the extent

DEFENDANT HUAWEI DEVICE USA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 11
No. 2:14-cv-01351-RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

a response is required, Huawei USA denies the allegations in the second sentence of Paragraph 60.  Huawei USA denies the allegations in the third sentence of Paragraph 60.

61.     Huawei USA is without sufficient information to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies them.  To the extent the second sentence of Paragraph 61 states legal conclusions, no response is required.  To the extent a response is required, Huawei USA denies the allegations in this sentence of Paragraph 61.

62.     Huawei USA denies the allegations in the first sentence of Paragraph 62.  To the extent the second sentence of Paragraph 62 relies on a document, the document speaks for itself, and its legal significance in this case is a matter for the Court to decide.  To the extent a response is required, Huawei USA denies the allegations in the second sentence of Paragraph 62.  Huawei USA is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 62 and therefore denies them.

63.     Huawei USA admits that T-Mobile recalled Huawei's security badges in May 2013.  Huawei USA is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 63 and therefore denies them.

64.     To the extent that the first sentence of Paragraph 64 of the Complaint relies on a document, the document speaks for itself.  To the extent a response is required, Huawei USA denies the allegations in the first sentence of Paragraph 64.  Huawei USA is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 64 and therefore denies them.

65.     Huawei USA denies the allegations in Paragraph 65 of the Complaint.

DEFENDANT HUAWEI DEVICE USA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 12
No. 2:14-cv-01351-RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

66.     To the extent that Paragraph 66 of the Complaint relies on a document, the document speaks for itself, and its legal significance in this case is a matter for the Court to decide.  To the extent a response is required, Huawei USA denies the allegations in Paragraph 66.

67.     Huawei USA is without sufficient information to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies them.

68.     Huawei USA is without sufficient information to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies them.

69.     Huawei USA admits that T-Mobile was permitted to interview Mr. Xiong on June 12, 2013.  Huawei USA is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 69 and therefore denies them.

70.     Huawei USA is without sufficient information to form a belief as to the truth of the allegations in Paragraph 70 and therefore denies them.

71.     Huawei USA admits that T-Mobile was permitted to interview Mr. Wang on June 17, 2013.  Huawei USA is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 71 and therefore denies them.

72.     Huawei USA denies the allegations in Paragraph 72 of the Complaint.

73.     The allegations of Paragraph 73 relate solely to Plaintiff's claim for violation of Washington Consumer Protection Act in Count IV, which was dismissed by the Court's Order of July 14, 2015, Dkt. 77, and therefore no response is required.  To the extent a response is required, Huawei USA denies the allegations in Paragraph 73.

DEFENDANT HUAWEI DEVICE USA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 13
No. 2:14-cv-01351-RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

74.     The allegations of Paragraph 74 relate solely to Plaintiff's claim for violation of Washington Consumer Protection Act in Count IV, which was dismissed by the Court's Order of July 14, 2015, Dkt. 77, and therefore no response is required.  To the extent a response is required, Huawei USA denies the allegations in Paragraph 74.

75.     The allegations of Paragraph 75 relate solely to Plaintiff's claim for violation of Washington Consumer Protection Act in Count IV, which was dismissed by the Court's Order of July 14, 2015, Dkt. 77, and therefore no response is required.  To the extent a response is required, Huawei USA denies the allegations in Paragraph 75.

76.     The allegations of Paragraph 76 relate solely to Plaintiff's claim for violation of Washington Consumer Protection Act in Count IV, which was dismissed by the Court's Order of July 14, 2015, Dkt. 77, and therefore no response is required.  To the extent Paragraph 76 relies on a document, the document speaks for itself.  To the extent a response is required, Huawei USA denies the allegations in Paragraph 76.

77.     The allegations of Paragraph 77 relate solely to Plaintiff's claim for violation of Washington Consumer Protection Act in Count IV, which was dismissed by the Court's Order of July 14, 2015, Dkt. 77, and therefore no response is required.  To the extent Paragraph 77 relies on a document, the document speaks for itself.  To the extent a response is required, Huawei USA denies the allegations in Paragraph 77.

78.     The allegations of Paragraph 78 relate solely to Plaintiff's claim for violation of Washington Consumer Protection Act in Count IV, which was dismissed by the Court's Order of July 14, 2015, Dkt. 77, and therefore no response is required.  To the extent Paragraph 78 relies

DEFENDANT HUAWEI DEVICE USA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 14
No. 2:14-cv-01351-RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

on a document, the document speaks for itself.  To the extent a response is required, Huawei USA denies the allegations in Paragraph 78.

## VI.    FIRST CAUSE OF ACTION

### (Violation of Washington Uniform Trade Secrets Act Against Huawei China and Huawei USA)

79.    With respect to Paragraph 79 of the Complaint, Huawei USA restates and incorporates by reference its responses to the allegations in Paragraphs 1-72 as if fully set forth herein.

80.    Paragraph 80 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Huawei USA denies the allegations in Paragraph 80.

81.    Paragraph 81 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Huawei USA denies the allegations in Paragraph 81.

82.    Paragraph 82 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Huawei USA denies the allegations in Paragraph 82.

83.    Huawei USA denies the allegations in the first three sentences of Paragraph 83 of the Complaint.  The fourth sentence of Paragraph 83 states legal conclusions to which no response is required.  To the extent a response is required, Huawei USA denies the remaining allegations in this sentence of Paragraph 83.

DEFENDANT HUAWEI DEVICE USA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 15
No. 2:14-cv-01351-RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

84.     Huawei USA denies the allegations in the first sentence of Paragraph 84 of the Complaint.  Huawei USA is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 84 and therefore denies them.

85.     Paragraph 85 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Huawei USA denies the allegations in Paragraph 85.  Huawei USA is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 85 and therefore denies them.

86.     Paragraph 86 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Huawei USA denies the allegations in Paragraph 86.  Huawei USA is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 86 and therefore denies them.

87.     Paragraph 87 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Huawei USA denies the allegations in Paragraph 87.

88.     Paragraph 88 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Huawei USA denies the allegations in Paragraph 88.

## VII.     SECOND CAUSE OF ACTION

### (Breach of Contract against Huawei China and Huawei USA)

89.     With respect to Paragraph 89 of the Complaint, Huawei USA restates and incorporates by reference its responses to the allegations in Paragraphs 1-72 as if fully set forth herein.

DEFENDANT HUAWEI DEVICE USA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 16
No. 2:14-cv-01351-RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

90.     Paragraph 90 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Huawei USA denies the allegations in Paragraph 90.

91.     Paragraph 91 of the Complaint states legal conclusions to which no response is required.  Paragraph 91 also relies on documents that speak for themselves, and their legal significance in this case is a matter for the Court to decide.  To the extent a response is required, Huawei USA denies the remaining allegations in Paragraph 91.

92.     Paragraph 92 of the Complaint relies on a document that speaks for itself, and its legal significance in this case is a matter for the Court to decide.  Paragraph 92 also states legal conclusions to which no response is required.  To the extent a response is required, Huawei USA denies the allegations in Paragraph 92.

93.     Paragraph 93 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Huawei USA denies the allegations in Paragraph 93.

94.     Paragraph 94 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Huawei USA denies the allegations in Paragraph 94.

95.     The first sentence of Paragraph 95 of the Complaint states legal conclusions to which no response is required.  The NDA speaks for itself, and its legal significance in this case is a matter for the Court to decide.  To the extent a response is required, Huawei USA denies the allegations in Paragraph 95.

DEFENDANT HUAWEI DEVICE USA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 17
No. 2:14-cv-01351-RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

96.     Paragraph 96 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Huawei USA denies the allegations in Paragraph 96.

97.     Paragraph 97 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Huawei USA denies the allegations in Paragraph 97.

## VIII.   THIRD CAUSE OF ACTION

### (Interference with Business Expectancy and Contractual Relationship against Huawei China)

98.-106. Plaintiff's claim for Interference with Business Expectancy and Contractual Relationship was dismissed by the Court's Order of July 14, 2015.  Dkt. 77.  Accordingly, no response to the allegations contained in Paragraphs 98 through 106 is required.

## IX.     FOURTH CAUSE OF ACTION

### (Violation of Washington Consumer Protection Act against Huawei China and Huawei USA)

107.-111. Plaintiff's claim for Violation of Washington Consumer Protection Act was dismissed by the Court's Order of July 14, 2015.  Dkt. 77.  Accordingly, no response to the allegations contained in Paragraphs 107 through 111 is required.

## X.     RESPONSE TO PRAYER FOR RELIEF

Although a response to the Prayer for Relief is not required, Huawei USA denies that Plaintiff is entitled to any of the relief request, including injunctive relief, damages, enhanced damages, attorneys' fees, costs, expenses, interest, or any other relief of any kind.

DEFENDANT HUAWEI DEVICE USA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 18
No. 2:14-cv-01351-RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

# XI.    RESERVATION OF RIGHTS

The responses in this Answer, and the Affirmative Defenses set forth below, are based on the information currently known to Huawei USA.  Huawei USA reserves the right to amend this Answer and its Affirmative Defenses to the extent it learns of new or additional information during discovery or otherwise.  Any allegation in T-Mobile's Complaint that is not specifically admitted is denied.

# XII.    AFFIRMATIVE DEFENSES

Further answering the Complaint, Huawei USA asserts the following affirmative defenses, and in asserting such defenses does not concede that it bears the burden of proof as to any of them. Huawei USA reserves the right to supplement or amend this Answer, if necessary, after further investigation and as more information becomes known regarding Plaintiff's claims.

### First Affirmative Defense
### *(Failure to State a Claim)*

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted for either trade secret misappropriation or for breach of any contract.

### Second Affirmative Defense
### *(Readily Ascertainable by Proper Means)*

2.    The claims alleged in the Complaint are barred on the grounds that the alleged trade secret information was readily ascertainable by proper means at the time of the alleged improper acquisition, use and/or disclosure.  Without limitation, the readily available information was ascertainable in both domestic and foreign patents applications published before the acts of alleged misappropriation (Canada Patent Application No. 2721793, Canada Patent Application No. 2806546, China Patent Application No. 201310368737.4, China Patent Publication No. 200980122850.6, China Patent Application No. 201180041116.4, Europe Patent Application No.

DEFENDANT HUAWEI DEVICE USA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 19
No. 2:14-cv-01351-RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

09732725.8, Europe Patent Application No. 11801491.9, Hong Kong Patent Application No. 14106429.2, Hong Kong Patent Application No. 11112517.6, Japan Patent Application No. 2013-136319, Japan Patent Application No. 2011-505250, Japan Patent Application No. 2013-518757, South Korea Patent Application No. 10-2010-7025816, PCT/US2009/41094, PCT/US2011/28530, PCT/US2011/42799, United States Patent Application No. 13/832,436, United States Patent Application No. 14/281,745, United States Patent Application No. 12/239,271, United States Patent Application No. 61/046,355, United States Patent Application No. 12/729,154, United States Patent Application No. 12/830,142, United States Patent Application No. 14/314,339, and United States Patent Application No. 12/964,427), videos (Plaintiff's own video - http://www.tmonews.com/2012/09/t-mobile-shows-off-device-testing-robot-employees-do-the-robot-dance/, KOMO-TV's video - http://www.komonews.com/home/video/168716536.html, and *Seattle Times*'s video - http://old.seattletimes.com/html/technologybrierdudleysblog/2019077344_t-mobile_usa_turns_10_shows_of.html), and other published materials (including, but not limited to, news articles).

### Third Affirmative Defense
### *(No Trade Secret)*

3.      The claims alleged in the Complaint are barred on the grounds that the alleged confidential and proprietary information referred to in the Complaint are not trade secrets under the Washington Uniform Trade Secret Act, in that such information was not in fact secret; Plaintiff did not take reasonable steps to protect or treat such information as secret; and such information lacks any independent economic value from its status as secret.

DEFENDANT HUAWEI DEVICE USA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 20
No. 2:14-cv-01351-RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

**Fourth Affirmative Defense**
*(Failure to Establish Misappropriation)*

4.      The claims alleged in the Complaint are barred on the grounds that the Huawei robot referenced in the Complaint xDeviceRobot was independently developed without using any of Plaintiff's alleged trade secrets.

**Fifth Affirmative Defense**
*(Plaintiff Materially Breached the Agreements)*

5.      Plaintiff itself has materially breached its agreements with Huawei USA and therefore cannot bring an action enforcing those agreements.

**Sixth Affirmative Defense**
*(Estoppel)*

6.      Plaintiff is estopped from making the claims set forth in its Complaint.

**Seventh Affirmative Defense**
*(Bad Faith)*

7.      The claims alleged in the Complaint are barred because Plaintiff is prosecuting this litigation in bad faith and for an improper purpose, and Plaintiff's claims are frivolous and entitle Huawei USA to an award of reasonable expenses and attorneys' fees.  Plaintiff is wrongfully claiming as its own trade secrets information that it knows to be publicly available.

**Eighth Affirmative Defense**
*(Election of Remedies)*

8.      The remedy claims alleged in the Complaint are barred and precluded by the doctrine of election of remedies to the extent Plaintiff seeks inconsistent remedies or remedies that would result in a double recovery for Plaintiff.

DEFENDANT HUAWEI DEVICE USA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 21
No. 2:14-cv-01351-RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

**Ninth Affirmative Defense**
*(Adequacy of Remedy at Law)*

9.      The injury allegedly suffered by Plaintiff, if any, would be adequately compensated in an action at law for damages.  Accordingly, Plaintiff is not entitled to seek equitable relief.

**Tenth Affirmative Defense**
*(Comparative Fault)*

10.      No conduct by or attributable to the Huawei USA was either the cause in fact or the proximate cause of the damages alleged by Plaintiff.  Rather, the damages alleged by Plaintiff were caused, either in whole or in part, by Plaintiff's own acts or omissions or by the acts or omissions of persons or entities other than Huawei USA, including but not limited to Plaintiff's failure to take reasonable and adequate measures to protect its allegedly proprietary information.  Plaintiff is therefore barred from recovery against Huawei USA, or alternatively, Plaintiff should have the recovery, if any, proportionately reduced.

**Eleventh Affirmative Defense**
*(No Damages)*

11.      Plaintiff has not suffered any damages.

**Twelfth Affirmative Defense**
*(No Punitive Damages)*

12.      Plaintiff is not legally entitled to punitive damages.

**Thirteenth Affirmative Defense**
*(No Attorneys' Fees)*

13.      Plaintiff is not legally entitled to attorneys' fees.

DEFENDANT HUAWEI DEVICE USA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 22
No. 2:14-cv-01351-RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

### Fourteenth Affirmative Defense
### (*Full Compliance with Obligations*)

14.     Huawei USA fully complied with its obligations to Plaintiff.

## XIII.   JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Defendant Huawei Device USA, Inc. requests a trial by jury on all issues so triable.

## XIV.   PRAYER FOR RELIEF

WHEREFORE, Huawei USA prays for the following relief:

1.     That T-Mobile take nothing by way of its Complaint;

2.     That the Court enter judgment in favor of Huawei USA and against T-Mobile and dismiss T-Mobile's Complaint against Huawei USA with prejudice; and

3.     That Huawei USA be awarded reasonable costs incurred in defending the Complaint, including attorneys' fees as authorized by law; and

4.     That Huawei USA be awarded such further relief as the Court deems just, proper, and equitable.

DEFENDANT HUAWEI DEVICE USA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 23
No. 2:14-cv-01351-RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

DATED this 28th day of August, 2015.

**GORDON TILDEN THOMAS & CORDELL** LLP
Attorneys for Defendant Huawei Device USA, Inc.


By   *s/Franklin D. Cordell*
     Franklin D. Cordell, WSBA #26392
     Jeffrey M. Thomas, WSBA #21175
     1001 Fourth Avenue, Suite 4000
     Seattle, Washington 98154
     Telephone:  (206) 467-6477
     Facsimile:   (206) 467-6292
     Email:  fcordell@gordontilden.com
     Email:  jthomas@gordontilden.com

**STEPTOE & JOHNSON LLP**
Attorneys for Defendant Huawei Device USA, Inc.


By   *s/Timothy C. Bickham*
     William F. Abrams*
     James F. Hibey*
     Timothy C. Bickham*
     Jessica I. Rothschild*
     1330 Connecticut Avenue NW
     Washington, DC 20036
     Telephone: (202) 429-3000
     Facsimile:  (202) 429-3902
     Email:  jhibey@steptoe.com
     Email:  wabrams@steptoe.com
     Email:  tbickham@steptoe.com
     Email:  jrothschild@steptoe.com
     *  *Admitted Pro Hac Vice*

DEFENDANT HUAWEI DEVICE USA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES - 24
No. 2:14-cv-01351-RAJ

**GORDON TILDEN THOMAS & CORDELL** LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

## CERTIFICATE OF SERVICE

I hereby certify that, on this 28th day of August 2015, a true and correct copy of

Defendant Huawei Device USA, Inc.'s Answer and Affirmative Defenses was sent by electronic

mail to the following counsel:


Michael E. Kipling, WSBA #7677
**KIPLING LAW GROUP PLLC**
3601 Fremont Avenue N., Suite 414
Seattle, WA  98103
(206) 545-0345
(206) 545-0350 (fax)
kipling@kiplinglawgroup.com

John Hueston (*Pro Hac Vice*)
jhueston@hueston.com
Alison Plessman (*Pro Hac Vice*)
aplessman@hueston.com
Eric Hayden (*Pro Hac Vice*)
ehayden@hueston.com
**HUESTON HENNIGAN LLP**
523 West 6th Street
Los Angeles, CA  90014
(213) 788-4340

*Counsel for Plaintiff T-Mobile USA, Inc.*



s/ *Franklin D. Cordell*
 Franklin D. Cordell, WSBA #26392