HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| T-MOBILE USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> HUAWEI DEVICE USA, INC. et al., <br><br> Defendants. | CASE NO. C14-01351 RAJ <br><br> ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER |

## I.   INTRODUCTION

This matter comes before the Court on a motion for protective order from Huawei Device USA, Inc. ("Huawei USA") and Huawei Technologies Co. Ltd. ("Huawei China") (collectively "Huawei"). Dkt. #85. For the reasons stated herein, the Court GRANTS Huawei's motion.

## II.   BACKGROUND

Background relevant to this matter was previously set forth in the Court's Order granting in part and denying in part motions to dismiss previously brought by Huawei. *See* Dkt. #77 at 1-4. In summary, T-Mobile alleges that Huawei misappropriated trade secrets contained in

"Tappy," a robot used to test mobile phone touch screens. *See* Dkt. #1 at 1-5. T-Mobile asserts that the alleged misappropriation violates Washington's version of the Uniform Trade Secrets Act ("UTSA," RCW 19.108), and breaches contracts protecting T-Mobile's confidential information. *Id*. at 15-18.

T-Mobile served its second set of discovery requests on Huawei in September 2015. Dkt. #87, Exs. A-D. The motion at issue seeks a protective order restricting discovery with respect to the following requests for production and interrogatories[1]:

> **Document Request No. 93 [96]:** All documents or files downloaded or accessed by Huawei from T-Mobile's ShareFile database between November 2013 and the present.
>
> **Document Request No. 94 [97]:** All communications relating to any documents or files downloaded or accessed by Huawei from T-Mobile's ShareFile database between November 2013 and the present.
>
> **Document Request No. 95 [98]:** All documents and communications that Huawei claims authorized Huawei or any Person acting on Huawei's behalf to access T-Mobile's ShareFile database between November 2013 and the present.
>
> **Interrogatory No. 16 [16]:** For each document downloaded or accessed from T-Mobile ShareFile database between November 2013 and the present, identify and describe all uses Huawei made of such documents or such information contained in such documents, including the name of the individual who downloaded or accessed each document, the date, time, and location each individual accessed the information, any copies made of the document(s), and any communications sent via email or otherwise relating to the document(s).

ShareFile is a file sharing website. Dkts. #85 at 3, 6 and #88 at 4. Using ShareFile, T-Mobile provides mobile phone manufacturers with documents that contain the requirements a manufacturer's devices must meet to operate on T-Mobile's wireless network. Dkts. #88 at 4 and #90 at 2. Manufacturers can only access ShareFile with a username and password provided

---

[1] The unbracketed numbers indicate T-Mobile's requests to Huawei USA; the bracketed numbers indicate T-Mobile's corresponding request to Huawei China. Dkt. # 87, Exs. A at 5, B at 11, C at 19, D at 27.

by T-Mobile. Dkts. #85 at 7, #88 at 4, and #90 at 2. Huawei USA was granted access to ShareFile, and Huawei USA and T-Mobile used the site to share information. Dkts. #85 at 7 and #88 at 5-6. In July 2015, T-Mobile revoked Huawei USA's access to ShareFile. Dkts. #85 at 7 and #88 at 6. According to T-Mobile, Huawei accessed confidential information contained on the ShareFile site without T-Mobile's authorization. Dkt. #88 at 5-6.

### III. DISCUSSION

#### A. Legal Standard

Courts have broad discretion to control discovery. *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). That discretion is guided by several principles. Most importantly, the scope of discovery is broad. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). However, discovery must be limited if it is not "proportional to the needs of the case[.]" *Id*. When considering proportionality, courts may assess "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*.

A protective order may be entered if a party certifies that it has "in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action," and demonstrates good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

#### B. T-Mobile's Disputed Requests for Production and Interrogatories Are Not Relevant to Any Party's Claim Or Defense.

Huawei contests the relevance of the disputed requests and interrogatories. Dkts. #85 at 5, 8-11 and #91 at 3-6. According to Huawei, the ShareFile information sought is not relevant

to T-Mobile's claims. Dkt. #85 at 8-10. Huawei explains that T-Mobile's ShareFile site does not contain any information about T-Mobile's testing robot (the robot Huawei allegedly misappropriated trade secrets from) or the confidentially agreements it allegedly breached. *Id*. The lack of relevance, Huawei argues, is further evidenced by the temporal scope of the request. *Id*. at 10. Huawei explains that even though its access to T-Mobile's robot lab was terminated in May of 2013, T-Mobile nonetheless seeks unrelated information that Huawei allegedly accessed from November of 2013 to the present. *Id*. According to Huawei, the disputed requests and interrogatories are T-Mobile's attempt to discover if another basis for bringing claims against Huawei exists. *Id*. at 10-11. Huawei contends that the burden of responding to the disputed discovery "greatly outweighs any benefit, particularly given that the discovery does not inform any of the issues in the case." *Id*. at 11.

The Court agrees that T-Mobile's requests and interrogatories are not relevant to any claim or defense in this case. First, as noted by Huawei, the disputed requests are in no way related to T-Mobile's misappropriation claims; the disputed discovery solely seeks information with respect to T-Mobile's ShareFile site, not the robot. In its response, T-Mobile does not explain how the ShareFile site is related to the misappropriated technology. Instead, T-Mobile raises two arguments in response to Huawei's relevance challenge. First, T-Mobile argues that the discovery it seeks is relevant to help disprove a defense. Dkt. #88 at 7-8. Huawei's "rogue employee" defense, T-Mobile explains, would be undermined if it were able to discover information which shows that Huawei was aware that its employees were engaging in unlawful conduct. *Id*. T-Mobile then argues that its requests and interrogatories help demonstrate Huawei's "motive and intent" as it relates to the alleged misappropriation and contract breaches in this case. Dkt. #88 at 2, 7. The Court is unpersuaded.

  T-Mobile erroneously relies on an Order (Dkt. #78) previously entered in this case to support its "rogue defense" and "motive and intent" arguments. Dkt. #88 at 2, 7. In that Order, this Court denied Huawei USA's request for a protective order with respect to three discovery requests. Dkt. #78 at 2. Those discovery requests sought information relevant to a dismissed Washington Consumer Protection Act ("CPA") claim against Huawei USA. *Id*. Notwithstanding dismissal of T-Mobile's CPA claim, the Court agreed that the information sought was potentially relevant to T-Mobile's other claims. *Id*. The Court explained that evidence of Huawei's previous attempts to misappropriate confidential information was potentially relevant "to disprove any assertion that Huawei was unaware of the unlawful acts of its employees." *Id*. Huawei's previous misappropriation attempts were thus potentially relevant because they could have helped T-Mobile disprove any defense that Huawei employees acted without Huawei's knowledge. *Id*. However, after the Order was entered Huawei filed its answers to T-Mobile's complaint. *See* Dkts. #79-80. In its answers, Huawei, contrary to T-Mobile's assertions, at no point raises a "rogue employee" defense. *Id*.; *also* Dkt. #91 at 2-3. Instead, Huawei's defenses challenge the legitimacy of trade secret protection as it relates to "Tappy" and whether T-Mobile is entitled to damages. *See* Dkts. #79 at 19-23 and #80 at 19-23. Because Huawei has not raised a "rogue employee" defense, T-Mobile cannot rely on this argument to demonstrate the relevance of the disputed requests and interrogatories.

  The Court also disagrees with T-Mobile's "motive and intent" argument. Contrary to T-Mobile's assertions, this Court has not ruled that "motive and intent" evidence in this case is discoverable. *See* Dkt. # 78 at 2. As explained above, the Court's July 14, 2015 Order merely addressed the relevance of prior acts of misappropriation as they might relate to defenses raised by Huawei. *Id*. Additionally, T-Mobile has not explained how Huawei's "motive and intent"

in 2012 and 2013 (when Huawei allegedly stole Tappy's trade secrets) can be demonstrated with evidence of Huawei's alleged, unauthorized access to documents that have nothing to do with T-Mobile's testing robot technology.

Because the requests and interrogatories in dispute fall outside the scope of discovery permitted by Rule 26(b)(1), Huawei has demonstrated that good cause exists to protect it from the undue burden and expense of responding to T-Mobile's discovery requests. The Court thus GRANTS Huawei's motion for a protective order. Huawei USA need not respond to the following requests and interrogatories contained in T-Mobile's second sets of Requests for Production and Interrogatories: Requests for Production Nos. 93-95 and Interrogatory No. 16. Huawei China need not respond to the following requests and interrogatories contained in T-Mobile's second sets of Requests for Production and Interrogatories: Requests for Production Nos. 96-98 and Interrogatory No. 16.

## IV.  CONCLUSION

Having reviewed Huawei's Motion for Protective Order, the Response in opposition thereto and Reply in support thereof, along with the supporting declarations and exhibits and the remainder of the record, the Court hereby finds and ORDERS that Huawei's Motion for Protective Order (Dkt. #85) is GRANTED.

Dated this 20th day of April, 2016.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court