| | |
|---|---|
| 1 | |
| 2 | |
| ... | |
| 10 | The Honorable Richard A. Jones |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| T-MOBILE USA, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> HUAWEI DEVICE USA, INC., a Texas corporation; and HUAWEI TECHNOLOGIES CO. LTD., a China company, <br><br> Defendants. | NO. C14-1351 RAJ <br><br> DEFENDANTS HUAWEI DEVICE USA, INC. AND HUAWEI TECHNOLOGIES CO., LTD.'S MOTION TO COMPEL <br><br> NOTE ON MOTION CALENDAR: June 3, 2016 |

DEFENDANT HUAWEI DEVICE USA, INC.
AND HUAWEI TECHNOLOGIES CO., LTD.'S
MOTION TO COMPEL
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Defendants Huawei Device USA, Inc. ("Huawei USA") and Huawei Technologies Co., Ltd. ("Huawei Technologies" and, collectively, "Huawei"), by and through undersigned counsel, hereby move, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, for an order compelling T-Mobile USA, Inc. ("T-Mobile") (a) to designate witnesses on 30(b)(6) Topic Nos. 21, 22, 25, and 30, (b) to provide a substantive response to Interrogatory Nos. 9-11, (c) to supplement responses to Interrogatory Nos. 1-8, and (d) to produce documents responsive to Request for Production Nos. 1, 3, 15, 82, 83, 89, 92, and 93.

Since the beginning of this case, Huawei has sought discovery from T-Mobile to ascertain the scope of T-Mobile's allegations and to prepare its defense. All along the way, as is seen from the motions practice in the case, T-Mobile has delayed and obfuscated. Now, in the final days of fact discovery, it appears that T-Mobile's strategy of "playing out the clock" may succeed unless the Court intervenes. T-Mobile has failed to provide a variety of documents and information that is highly relevant, directly tied to the claims or defenses in the case, and which have been promised or are the subject of the Court's prior Orders.

## I. LOCAL RULE 37(a) CERTIFICATION

Huawei's counsel certifies that they have conferred in good faith with counsel for T-Mobile in an effort to resolve the instant dispute without Court intervention. The parties held a telephonic meet and confer on May 4, 2016. Declaration of Margaret P. Kammerud ("Kammerud Decl.") ¶ 2. During the meet and confer process, T-Mobile made several representations that remain unfulfilled today, three business days prior to the close of fact discovery. *Id.* Specifically, T-Mobile acknowledged that it had committed to designate a witness on 30(b)(6) Topic No. 22, even though it had not yet (and still has not) designated a

DEFENDANT HUAWEI DEVICE USA, INC.
AND HUAWEI TECHNOLOGIES CO., LTD.'S
MOTION TO COMPEL - 1
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

witness on the Topic, and T-Mobile committed to provide Huawei its final position on outstanding discovery, including the designation of a witness on Topic Nos. 21 and 25. *Id.* T-Mobile also agreed to respond to Huawei's Second Set of Interrogatories, responses which were due on April 28, but T-Mobile has not served substantive responses. *Id.* Moreover, T-Mobile backed away from its earlier representations that it would supplement its responses to Interrogatory Nos. 1-8, claiming that supplementation was no longer required because depositions were underway. *Id.* T-Mobile also categorically refused to designate a witness on Rule 30(b)(6) Topic No. 30 and would not commit to produce requested documents responsive to Request for Production Nos. 1, 3, 15, 17, 82, 83, 89, 92, and 93. *Id.* Because of these positions, the parties have reached an impasse.

## II. ARGUMENT

### A. T-Mobile Must Produce a 30(b)(6) Witness on Topic Nos. 21, 22, 25 and 30

**Topic No. 22.** Huawei Topic No. 22 requests a corporate witness to testify on T-Mobile's assessment of Huawei as a handset manufacturer and supplier, including, without limitation, performance of Huawei handsets. On April 8, 2016, T-Mobile responded with generic objections and then stated: "T-Mobile will designate one or more individuals to testify on T-Mobile's behalf regarding this topic." Kammerud Decl., Ex. 1. During the meet and confer on May 4, counsel for T-Mobile confirmed that T-Mobile intended to designate a witness on this topic. It is now nine days later, there are only three business days remaining in fact discovery, and T-Mobile has yet to designate a witness on the subject. Huawei respectfully requests that the Court compel T-Mobile to designate a witness on the subject and permit Huawei to take the deposition after the close of fact discovery.

DEFENDANT HUAWEI DEVICE USA, INC.
AND HUAWEI TECHNOLOGIES CO., LTD.'S
MOTION TO COMPEL - 2
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

**Topic Nos. 21 and 25.** In its responses to Huawei's 30(b)(6) Topic Nos. 21 and 25,[1] T-Mobile stated that it would "consider providing a witness after a meet and confer." *Id.* T-Mobile never disputed the relevance of the subjects, which pertain to the contracts underlying T-Mobile's claim for breach of contract and T-Mobile's assessment of its suppliers' handsets; T-Mobile requested clarification of the scope of the topics, which Huawei provided during the May 4 meet and confer. Despite having indicated that the topics were reasonable and promising to provide Huawei with T-Mobile's revised position, T-Mobile has yet to designate witnesses on the topics. Time has run out, and Huawei must now ask the Court to compel T-Mobile to designate a witness on Topic Nos. 21 and 25 and permit Huawei to take the deposition after the close of fact discovery.

**Topic No. 30.** T-Mobile has refused to designate a witness to testify on Topic No. 30, which seeks communications with third parties, including but not limited to OptoFidelity and Deutsche Telekom AG, related to this Action or any of the underlying actions. *Id.* This is an attempt by T-Mobile to use discovery as a sword and a shield: T-Mobile propounded the reciprocal topic on Huawei,[2] and Huawei designated a witness on the subject who T-Mobile has

---

[1] Topic No. 21: The Master Supply Agreement, the Non-Disclosure Agreement, the Clean Room Letter, and any other agreement under which T-Mobile is making a breach of contract claim.
Topic No. 25: Performance of handsets and other devices of all OEMs that supply such devices to T-Mobile.

[2] T-Mobile Topic No. 34: "Huawei's communications with third parties and/or [its co-defendant] (but excluding Huawei's own counsel retained for this matter) about this lawsuit or about T-Mobile's allegations of theft of information related to its testing robot." Kammerud Decl. Exs. 2 & 3; *cf. id.* Ex. 4 at Topic No. 30.

DEFENDANT HUAWEI DEVICE USA, INC.
AND HUAWEI TECHNOLOGIES CO., LTD.'S
MOTION TO COMPEL - 3
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

now deposed. Huawei asks the Court to compel T-Mobile to produce a witness on Topic No. 30 and permit Huawei to take the deposition after the close of fact discovery.

   B.   **T-Mobile Must Respond to Interrogatories**

**Interrogatory Nos. 9-11.** Huawei served T-Mobile with its Second Set of Interrogatories, Interrogatory Nos. 9-11, on March 24, 2016. Despite having previously responding to only eight interrogatories, T-Mobile categorically refused to answer the new Interrogatories on the asserted basis that the requests were "compound and an improper circumvention of the 25 Interrogatory limit." *Id.*, Ex. 5 at 6. During the May 4 meet and confer, T-Mobile did not dispute the relevant of the interrogatories and acknowledged that it had not responded to the 25 interrogatory limit imposed by the Federal Rules. T-Mobile said that it would respond to some portions of Huawei's Second Set of Interrogatories.[3] *Id.* ¶ 2. T-Mobile's substantive responses, however, were due on April 28. Now, more than two weeks after those responses were due and nine days since the meet and confer, T-Mobile has yet to provide a substantive response to Huawei's Second Set of Interrogatories. Huawei respectfully requests that the Court compel T-Mobile to respond immediately.

**Interrogatory Nos. 1-8.** In the Court's recent Order, Dkt. No. 129, the Court ruled: "Because T-Mobile has repeatedly stated that it will supplement its interrogatories the Court finds no basis for compelling T-Mobile to respond . . . ." Dkt. 129 at 10. T-Mobile should have supplemented its interrogatories by this late date in the fact discovery period, but it has not. For example, T-Mobile has yet to produce a complete list of modifications to its robot that T-Mobile

---

[3] T-Mobile maintains that certain of Huawei's interrogatories are compound, but agreed that even under its interpretation of the number of interrogatories, T-Mobile has not yet responded to 25 and, thus, owes Huawei additional responses. Kammerud Decl. ¶ 2. Huawei disagrees with T-Mobile's assertion that it has propounded more than 25 interrogatories.

DEFENDANT HUAWEI DEVICE USA, INC.
AND HUAWEI TECHNOLOGIES CO., LTD.'S
MOTION TO COMPEL - 4
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

is claiming as a trade secret, including a description of each modification, in response to Interrogatory No. 2. Now that T-Mobile's experts have submitted their reports, it should be easy for T-Mobile to supplement its interrogatory responses to include more than general objections and ambiguous statements.

At this time, Huawei renews its request for the Court to compel T-Mobile to supplement its responses due T-Mobile's new position on the issue of supplementation. Specifically, during the meet and confer call, counsel for T-Mobile indicated that they do not intend to supplement Interrogatory Nos. 1-8 despite T-Mobile's earlier assertion to the contrary. Kammerud Decl. ¶ 2.[4] T-Mobile's continued failure to provide relevant information continues to prejudice to Huawei, and Huawei asks that the Court compel T-Mobile to supplement its responses to Interrogatory Nos. 1-8.

---

[4] Interrogatory No. 7 seeks identification of each person involved in T-Mobile's decision to stop, suspend, or otherwise change its handset supply relationship with Huawei. T-Mobile's response fails to identify a single individual involved in this decision. *See* Kammerud Decl. Ex. 6 at 18 ("Those at T-Mobile 'involved' in the decision included Senior Management in consultation with Legal, along with Product Marketing, Procurement and Supply Chain.").

Huawei sought identification of those involved to inform its selection of witnesses for deposition. Huawei did include the subject as one of its 30(b)(6) topics, for which T-Mobile originally designated Jason Young. During her deposition, T-Mobile witness Kathy Barnes identified Jason Young as having been responsible for the decision to terminate the supply relationship. Since that deposition, however, T-Mobile de-designated Jason Young on the related topic. Huawei noticed Mr. Young's deposition, in his individual capacity, on May 9, to explore these issues, but TMO refuses to produce Mr. Young for deposition because Huawei has served notices for eleven depositions (6 of T-Mobile and 5 of third parties or former T-Mobile employees). This includes the Letters of Request for OptoFidelity. If the Finnish judicial authorities respond to the Court's discovery request and a deposition is scheduled, Huawei will seek leave from this Court, if necessary, to take a deposition over the presumptive limit of ten.

DEFENDANT HUAWEI DEVICE USA, INC.
AND HUAWEI TECHNOLOGIES CO., LTD.'S
MOTION TO COMPEL - 5
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

C.  **T-Mobile Cannot Continue to Withhold Highly Relevant Documents**[5]

**Request for Production Nos. 1, 3, and 15.**  T-Mobile's productions remain deficient with respect to Request for Production Nos. 1, 3, and 15,[6] which request documents that identify and describe T-Mobile's alleged trade secrets.  Weeks ago Huawei's experts identified a cache of technical documentation on T-Mobile's source code computer falling within the scope of these requests. T-Mobile's documents and its Rule 30(b)(6) witness on the robot confirmed that this set of materials comprises a core collection of documentation maintained as part of the development and continued refinement of the robot at the center of this litigation.  Huawei demanded these materials be produced sufficiently in advance of its deposition of T-Mobile's 30(b)(6) witnesses.  T-Mobile failed to do so.  Huawei requests that those materials be produced.

**Request for Production Nos. 82, 83, and 89.**  T-Mobile's productions remain deficient with respect to Request for Production Nos. 82, 83, and 89,[7] which request documents reflecting

---

[5] Today, T-Mobile made a production of another 12,500 pages of documents, which Huawei has not been able to review prior to filing this Motion.  As today is the last day to file a Motion to Compel, Huawei cannot review these new materials prior to filing.

[6] Request for Production No. 1:  Any and all documents that identify or describe the alleged trade secrets that you contend Huawei misappropriated.
Request for Production No. 3:  For each trade secret allegedly misappropriated by Huawei, a. any and all documents relating to the development of that trade secret . . . .
Request for Production No. 15:  Any and all documents relating to the purchasing or manufacturing of each component of T-Mobile's Testing Robot, including the end effector, conductive tip, and robot arm.

[7] Request for Production No. 82:  All documents and communications reflecting each modification proposed and each modification made to T-Mobile's Testing Robot, including logbooks, from the time Huawei USA was given access to the lab for testing in September 2012 through the date of these requests.
Request for Production No. 83:  All documents and communications reflecting the instructions, guidance, and/or training made available to T-Mobile's handset supplier(s) and relating to T-Mobile's Testing Robot, the "computer" to which it "is hooked up to," and the "operating

DEFENDANT HUAWEI DEVICE USA, INC.
AND HUAWEI TECHNOLOGIES CO., LTD.'S
MOTION TO COMPEL - 6
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

modifications to T-Mobile's Testing Robot, including change logs to the hardware and software components thereof. T-Mobile has broadly identified its trade secrets as comprising such changes made prior to or during Huawei's access in 2012-2013. Kammerud Decl., Ex. 7. And its recently served expert reports specifically identify those changes as the foundation of its misappropriation claim. Moreover, any changes made after Huawei's access was revoked are relevant to show the value (or lack thereof) of the version of the Testing Robot that Huawei had access to and, thus, could have misappropriated. In depositions conducted this week, T-Mobile's Rule 30(b)(6) witnesses confirmed that at least some such records exist, including software change logs that are maintained in T-Mobile's source code repository system. T-Mobile's witnesses further confirmed that a review of the Perforce logs would be *necessary* to determine the date of specific software changes. A complete production in response to these requests is thus necessary for Huawei to rebut T-Mobile's claims.

**Request for Production Nos. 92 and 93.** T-Mobile's productions remain deficient with respect to Request for Production Nos. 92 and 93,[8] which request documents and communications related to third-parties OptoFidelity and Perfecto Mobile, both of which

---

software" referenced, *inter alia*, in paragraphs 9 and 33 of the Complaint, as those objects were made available to Huawei USA at the time Huawei USA was given access to the lab for testing (*e.g.*, September 2012-May 2013) and as those objects exist as of the date of these requests. Request for Production No. 89: A copy of any change log or other documentation that reflects changes made to the software (including the source code and object code) used to operate T-Mobile's Testing Robot for the period of September 1, 2012, through September 2, 2014.

[8] Request for Production No. 92: All documents and communications relating to OptoFidelity regarding T-Mobile's Testing Robot or machines used for touchscreen testing or reliability testing of mobile telephones.
Request for Production No. 93: All documents and communications relating to Perfecto Mobile regarding T-Mobile's Testing Robot or machines used for touchscreen testing or reliability testing of mobile telephones.

DEFENDANT HUAWEI DEVICE USA, INC.
AND HUAWEI TECHNOLOGIES CO., LTD.'S
MOTION TO COMPEL - 7
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

manufacture mobile phone testing systems. Huawei has consistently argued that these materials are relevant to the scope and legitimacy of T-Mobile's claimed trade secrets. This Court has agreed. *See* Dkt. No. 107. These materials are also relevant to damages. T-Mobile purchased a Perfecto Mobile system during the case period for the purpose of testing its mobile phones; the technical and financial details of that system provide a benchmark to the potential damages in this case. In addition, T-Mobile's experts rely on discussions with OptoFidelity in support of T-Mobile's trade secret claims and damages calculations, documentation of which has not been produced. T-Mobile must produce this material in order for Huawei to be able to fully rebut its experts' positions.

In addition to the specific discovery requests enumerated above, during depositions of T-Mobile witnesses, it has become clear that there are additional documents that need to be produced. For example, on May 12, 2016, Huawei learned that important lab notebooks of David Jenkinson—TMO's lead engineer for the robot tester development project and also an inventor of T-Mobile's patents that cover the robot tester—have not been produced. Huawei will attempt to resolve these issues with T-Mobile but feels it necessary to mention this category of additional discovery in the event it becomes necessary to raise it with the Court in the future.

### D. T-Mobile Must Supply Documentation Supporting Assertions Made with Respect to the Inspection T-Mobile Permitted of Its Lab

In its September 4, 2015 requests, Huawei requested an inspection of T-Mobile's lab, the robot, and the testing and other operations performed with that robot (1) as they would have existed at the time Huawei had access to the lab and (2) as they existed at the time of the inspection. Kammerud Decl., Ex. 8. During meet and confers following those requests, T-Mobile refused the former (1) and offered only the latter (2). *Id.*, Ex. 9 at 3. Given its

DEFENDANT HUAWEI DEVICE USA, INC.
AND HUAWEI TECHNOLOGIES CO., LTD.'S
MOTION TO COMPEL - 8
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

preservation obligations, T-Mobile should have had little difficulty providing for inspection the exact trade secrets it claims were misappropriated. Nevertheless, when Huawei conducted its inspection of T-Mobile's labs and robot on May 2, 2016, T-Mobile only provided Huawei with access to the current robot and its operations. Before and during the inspection, Huawei requested change logs showing the precise changes or modifications made between the dates of Huawei's access in 2012-13 and the date of the inspection. T-Mobile did not provide such a list during the inspection and its Rule 30(b)(6) witness was unable to provide that information in his deposition. T-Mobile cannot refuse to produce the trade secrets it claims were misappropriated. Either T-Mobile needs to produce the robot and its operations as they existed at the time of the alleged misappropriation or a comprehensive set of change logs and documentation showing each modification made to the hardware and software of the robot since May 2013.

### E. Reservation of Rights to Re-Open Depositions

The documents and information being sought in this Motion, along with the additional productions of documents that T-Mobile has suggested are forthcoming (some of which are the subject of the Court's recent Order compelling discovery), cover materials that are highly relevant to depositions that have been conducted and topics which Huawei should not be foreclosed from exploring during depositions. To the extent T-Mobile's productions implicate depositions that have otherwise been completed, Huawei requests that it be permitted to re-open the depositions of the affected witnesses for a total of 10 hours at T-Mobile's expense.

## III. CONCLUSION

For the foregoing reasons, the Court should grant Huawei's Motion to Compel T-Mobile (a) to designate witnesses on 30(b)(6) Topic Nos. 21, 22, 25, and 30, (b) to provide a substantive

DEFENDANT HUAWEI DEVICE USA, INC.
AND HUAWEI TECHNOLOGIES CO., LTD.'S
MOTION TO COMPEL - 9
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

response to Interrogatory Nos. 9-11, (c) to supplement responses to Interrogatory Nos. 1-8, and (d) to produce documents responsive to Request for Production Nos. 1, 3, 15, 82, 83, 89, 92, and 93.

DATED this 13th day of May, 2016.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Defendant Huawei Device USA, Inc.

By  *s/Franklin D. Cordell*
Franklin D. Cordell, WSBA #26392
Jeffrey M. Thomas, WSBA #21175
1001 Fourth Avenue, Suite 4000
Seattle, Washington 98154
Telephone: (206) 467-6477
Facsimile:  (206) 467-6292
Email:  fcordell@gordontilden.com
Email:  jthomas@gordontilden.com

**STEPTOE & JOHNSON LLP**
Attorneys for Defendant Huawei Device USA, Inc.

By  *s/Timothy C. Bickham*
William F. Abrams*
James F. Hibey*
Timothy C. Bickham*
Jessica I. Rothschild*
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile:  (202) 429-3902
Email:  jhibey@steptoe.com
Email:  wabrams@steptoe.com
Email:  tbickham@steptoe.com
Email:  jrothschild@steptoe.com
*  *Admitted Pro Hac Vice*

DEFENDANT HUAWEI DEVICE USA, INC.
AND HUAWEI TECHNOLOGIES CO., LTD.'S
MOTION TO COMPEL - 10
No. C14-1351 RAJ

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

# CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Michael E. Kipling
Marjorie A. Walter
KIPLING LAW GROUP PLLC
4464 Fremont Avenue N., Suite 300
Seattle, WA 98103
kipling@kiplinglawgroup.com
walter@kiplinglawgroup.com

John Hueston
Alison Plessman
Eric Hayden
HUESTON HENNIGAN LLP
523 West 6th Street
Los Angeles, CA 90014
jhueston@hueston.com
aplessman@hueston.com
ehayden@hueston.com

s/ *Michael Flynn-O'Brien*
Michael Flynn-O'Brien*
* admitted *pro hac vice*

DEFENDANT HUAWEI DEVICE USA, INC.
AND HUAWEI TECHNOLOGIES CO., LTD.'S
MOTION TO COMPEL - 11
No. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292