The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| T-MOBILE USA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>HUAWEI DEVICE USA, INC., a Texas corporation; and HUAWEI TECHNOLOGIES CO., LTD., a China company,<br><br>Defendants. | NO. C14-1351 RAJ<br><br>**DEFENDANTS HUAWEI TECHNOLOGIES CO., LTD. AND HUAWEI DEVICE USA, INC.'S MOTION TO STRIKE PORTIONS OF THE SUPPLEMENTAL REPORT OF MICHAEL A.M. DAVIES**<br><br>**NOTING DATE:**<br>**OCTOBER 7, 2016**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**[REDACTED – PUBLIC VERSION]** |

DEFENDANTS' MOTION TO STRIKE

NO. C14-1351 RAJ

- 1 -

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

Defendants Huawei Device USA, Inc. and Huawei Technologies Co., Ltd. (collectively, "Huawei") request that the Court strike those portions of Plaintiff T-Mobile USA, Inc.'s ("T-Mobile") September 17, 2016 Supplemental Expert Report of Michael A.M. Davies, including paragraphs 23-24, 26-35, 83-139, 153, and Exhibits 2, 3, 4, 5, that rely upon material available to T-Mobile prior to May 11, 2016, the date of Mr. Davies' original expert report.

## BACKGROUND

T-Mobile has had three years to develop its case and fact discovery closed on May 18, 2016. The underlying events occurred in May 2013. T-Mobile conducted its own internal investigation that concluded in July 2013. It filed this lawsuit in September 2014. It received technical documentation detailing the design, development and operation of Huawei Device China's testing tool called "xDeviceRobot" in September 2015. Its expert, Michael A.M. Davies, conducted an unlimited inspection of xDeviceRobot in December 2015. Its experts were allowed to conduct unlimited inspections of the source code for xDeviceRobot from January 2016 to the close of discovery. It received copies of all of the test scripts and reports from xDeviceRobot in March 2016. Its experts were allowed to conduct unlimited inspections of the test videos from xDeviceRobot from March 2016 to the close of discovery. And its counsel deposed Huawei's Rule 30(b)(6) witnesses on xDeviceRobot prior to May 2016.

Despite the breadth of these technical disclosures, the first expert report served by T-Mobile's technical expert Michael A.M. Davies on May 11, 2016 (the "Initial Report", Ex. 1) entirely lacked substance. Much like T-Mobile's deficient discovery responses, the Initial Report identified only a few generic terms as T-Mobile's alleged trade secrets. It then proceeded to conclude that the xDeviceRobot contained the "functional equivalent" thereof in conclusory terms with little to no citations to actual evidence (the primary exception being the inspection of xDeviceRobot Mr. Davies personally undertook in December 2015, which appears to be the primary technical evidence he relied upon). Significantly, the Initial Report simply ignored the scores of technical documentation produced, the hundreds of pages of source code that T-Mobile's experts reviewed and printed, the test scripts, reports, and videos from xDeviceRobot.

DEFENDANTS' MOTION TO STRIKE
NO. C14-1351 RAJ

- 1 -

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

In short, with respect to xDeviceRobot, the Initial Report severely deficient. Huawei's experts, Drs. Andrew Wolfe and Joshua Smith, served rebuttal reports to Mr. Davies' Initial Report.

*After the Initial Report was served on May 11, 2016*, T-Mobile moved to compel certain discovery requests *but not on any of the discovery from xDeviceRobot*. Nor could it, since the technical disclosures of xDeviceRobot had been exhaustive and T-Mobile had previously failed to raise any questions or concerns therewith. Instead, T-Mobile moved to compel discovery from a datasource called TMSS and for inspection of robots purchased from third-parties Optofidelity and Putian. Dkt. 132. In the July 28, 2016 Order, the Court denied the former and granted the latter. Dkt. 205. In addition, reacting to a request from T-Mobile's counsel during the hearing (but one that was not the subject of T-Mobile's motion), the Court ordered the parties to "meet and confer to discuss whether similar files [to "sequence files"] have been produced relating to the xDeviceRobot and where those files may be located in Huawei's productions. *Id.* Huawei promptly complied, identifying not only where it produced test scripts but also, as a courtesy, where in its productions technical documentation and test reports could be found. Ex. 11. But Court did not order any additional technical discovery into xDeviceRobot. On the contrary, the Court's order of additional technical discovery was limited to the Optofidelity and Putian robots.

The parties understood and agreed that the Court's order of additional discovery was limited to inspections of the Optofidelity and Putian robots. The parties' joint stipulation was endorsed by the Court and the entire litigation scheduled was modified based on that explicit understanding. *See* Dkt. 209. To wit, the parties' stipulation expressly stated:

> The part of the Order that most significantly impacts the schedule relates to **the inspections of Huawei's OptoFidelity and Putian robots**, which are located in multiple cities in China as well as in one city in Finland. **One expert [T-Mobile's Mr. Davies] is unable to conduct the inspections until the end of August, and the parties are working out a schedule to accommodate his availability**. … The parties further agree that additional time is required to allow for the completion of expert discovery prior to the filing of dispositive motions. **Specifically, the parties are requesting time to allow T-Mobile's technical expert [Mr. Davies] to supplement his report after he completes his inspections**,

DEFENDANTS' MOTION TO STRIKE
NO. C14-1351 RAJ
- 2 -
GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

> followed by time to allow Huawei's technical experts to supplement their reports, followed by time to depose all three technical experts.

Dkt. 209.  Note that Huawei accommodated Mr. Davies' alleged scheduling constraints based on the agreement that his supplemental report would be limited to that material even though that resulted in Mr. Davies having six weeks for his supplemental report and Huawei's experts just two weeks.  Huawei agreed to such an imbalance based it already knew what Mr. Davies soon discovered and reported in his Supplemental Report—namely that the Optofidelity and Putian robots are third-party robots that do not incorporate any alleged T-Mobile trade secrets. But Huawei never would have agreed to such an imbalance if it knew that T-Mobile intended to actually use the six weeks "caused" by Mr. Davies' "schedule" to rewrite his Initial Report on the xDeviceRobot based on material previously available to it.  But that is precisely what it did.

T-Mobile served Mr. Davies' Supplemental Report (the "Supplemental Report", Ex. 2) on September 17, 2016.  The 77-page report contains *just 5 pages of substantive opinions* on the Optofidelity and Putian robots, including numerous admissions consistent with Huawei's representations about these robots purchased from third parties after the parties' underlying dispute arose.  Mr. Davies does not deny that these robots were designed and manufactured by third parties nor does Mr. Davies opine that the hardware or software was developed by Huawei.  Indeed, Mr. Davies expressly admits that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" that one "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" Supp. Rpt. ¶¶ 143, 146. With respect to the Putian robots, Mr. Davies admits that "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" and "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" *Id.* ¶ 149.  Finally, Mr. Davies admits that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." *Id.* ¶¶ 150-151.

DEFENDANTS' MOTION TO STRIKE
NO. C14-1351 RAJ
- 3 -
GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

Instead, the majority of the supplemental expert report served by T-Mobile on September 17 is merely a "re-do" of the expert's report T-Mobile served on May 11, 2016, and is based on documents available well before May 11.  This is improper.  *See Torgerson v. Leavit*, 2013 WL 12066141 (W. D. Wash. June 28, 2013) (Jones, J.) ("Defendants have not identified any information not previously available to Dr. Hall or identified any inaccuracies in the initial report that would justify supplementation. . . . It appears that Defendants simply seek a do-over to provide the complete expert report it should have produced in the first instance. The court does not believe that Rule 26(e)(2) allows a party to supplement a previously incomplete report.")

The table below identifies the subjects of the Supplemental Report. Sixty-eight (68) paragraphs of the Supplemental Report and Exhibits 3, 4, and 5 thereto relate to xDeviceRobot and not to any discovery obtained after May 11—namely OptoFidelity or Putian robots.[1]

| Subject Matter | Supp. Rpt. Paragraphs | Supp. Rpt. Pages |
|---|---|---|
| Introduction | 1-2 | 4 |
| Scope of Engagement | 3-6 | 4-5 |
| Qualifications | 7-19 | 5-9 |
| Legal Standards | 20-21 | 10 |
| Information Considered | 22 | 11 |
| xDeviceRobot | 23-24, 26-35, 83-139, 153, Exs. 2, 3, 4, 5 | 11-12, 13-18, 36-71, 76, Exs. 2:4-20, 3:1-12, 4:1-12, 5:1-4 |
| Optofidelity/Putian robots | 25, 36-82, 140-152 | 12, 18-36, 76 |

These new allegations and opinions about xDeviceRobot change the trajectory of this case.  This attempt at a "do-over" should not be countenanced. Huawei's experts have already responded to T-Mobile's expert and it would be time-consuming, expensive, and prejudicial for Huawei's experts to be forced to respond to material in T-Mobile's Supplemental Report that is not tied to the limited additional discovery authorized by the Court on July 28, 2016. Dkt. 205.

---

[1] Mr. Davies' discovery complaints related to the additional inspections of the Optofidelity and Putian robots are factually wrong and improper subject matter for trial. However, unlike the new material on xDeviceRobot, Mr. Davies does not base any opinions on his discovery complaints. Therefore, Huawei's experts do not need to respond to this part of the supplemental report and Huawei will address this in a *motion-in-limine*.

DEFENDANTS' MOTION TO STRIKE
NO. C14-1351 RAJ

- 4 -

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

# ARGUMENT

## I. Davies' Supplemental Report Contains New Opinions on xDeviceRobot

There is no dispute that the portions of the Supplemental Report related to xDeviceRobot comprise new expert opinions. Mr. Davies admits that those portions comprise "additional conclusions" about xDeviceRobot in the Supplemental Report. Supp. Rpt. ¶ 24. Even apart from Mr. Davies' admission, the material related to xDeviceRobot in Mr. Davies' Supplemental Report is an expansion of the material related to xDeviceRobot present in the Initial Report.

## II. Davies' Supplemental Report Contains New Allegations on xDeviceRobot

The portions of the Supplemental Report related to xDeviceRobot contain new allegations that have never previously been disclosed by T-Mobile in its discovery responses, including identifying new alleged trade secrets. By way of example, in his Supplemental Report, Mr. Davies alleges that T-Mobile's Master Terminal Requirements ("MTRs") and its Product Requirements Documents ("PRDs") comprise trade secrets allegedly misappropriated. *See* Suppl. Report at 48 n.58, 50 n.60, 58 n.77. But these are core T-Mobile documents, shared with its handset suppliers, that were used repeatedly in depositions and certainly known to T-Mobile and its counsel. Yet these allegations never appeared in T-Mobile's interrogatory responses identifying its alleged trade secrets, including T-Mobile's recent supplement to interrogatories 1 and 2, which it served on September 14, 2016—just three days before the Supplemental Report.

## III. Davies' New Allegations and Opinions Contradict the Court's Order and the Parties' Joint-Stipulation to Modify Case Deadlines in Light of that Order

The inclusion of these new allegations and opinions related to xDeviceRobot contradict the scope of limited discovery in the Court's July 28 Order. The only additional discovery in the Order comprised the additional inspections of Huawei's "other testing robots, specifically the OptoFidelity and Putian robots" and the associated source code or software, and to produce the "sequence files associated with the Optofidelity and Putian robots." Dkt. 205 at 2. The parties' joint stipulation to adjust case deadlines in light of the Court's Order confirms that both parties understood the Court-ordered additional discovery to be so limited. *See* Dkt. 209.

DEFENDANTS' MOTION TO STRIKE
NO. C14-1351 RAJ
- 5 -
GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA  98154
PHONE (206) 467-6477
FAX (206) 467-6292

Similarly, these new allegations and opinions contradict the parties' agreement as to the scope of the supplemental reports as reflected in their joint stipulation to this Court. Specifically, the parties' joint stipulation was endorsed by the Court and the entire litigation schedule was modified based on the parties' agreement that the supplemental reports would be limited to "the inspections of Huawei's OptoFidelity and Putian robots." *See* Dkt. 209 ("The part of the Order that most significantly impacts the schedule relates to *the inspections of Huawei's OptoFidelity and Putian robots*… Specifically, the parties are requesting *time to allow T-Mobile's technical expert to supplement his report after he completes his inspections*…"). T-Mobile's counsel now claims that it never agreed to such a limitation. But that position is belied by the stipulation, which Huawei justifiably relied upon, and T-Mobile never said otherwise. *See* Exs. 7, 8.

**IV.    All of the Information Relied Upon Was Available to T-Mobile's Expert Prior to His Initial Report and T-Mobile Never Raised Any Questions with Huawei in Discovery**

There is no dispute that all the information relied upon by Mr. Davies in forming these new allegations and opinions was available at the time of his Initial Report on May 11, 2016. They are thus improper and should be struck. "A party may not use a supplemental report to disclose information that should have been disclosed in the initial expert report, thereby circumventing the requirement for a timely and complete expert witness report." *See Allstate Insurance Co. v. Balle*, 2013 WL 5797848, *2 (D. Nev. Oct. 28, 2013). "Rather, supplementation under the Rule means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Id*.

To be clear, T-Mobile and its experts had a full and fair opportunity to review and inspect all technical material, source code, and software related to xDeviceRobot during fact discovery.

**A.    Technical Documentation Regarding Design, Development, and Operation**

Huawei produced hundreds of pieces of technical documentation related to the design, development, and operation of the xDeviceRobot in September 2015. Huawei recently identified a number of these to T-Mobile. *See* Ex. 11. These documents include but are not limited to

DEFENDANTS' MOTION TO STRIKE
NO. C14-1351 RAJ

- 6 -

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

design documents, engineering drawings, explanations of the software architecture, maintenance guides, test script manuals, , help files, and a variety of other operating documentation. *See id.*

### B.  Inspection of xDeviceRobot and Associated Software

Huawei provided Mr. Davies with an unfettered inspection of xDeviceRobot in December 2015.  T-Mobile admitted this inspection included access to **test scripts and cases** stored locally on xDeviceRobot. *See* Dkt. 132 at 5.  Mr. Davies likewise stated that this inspection included the ***"xDeviceRobot's software*,**" including "***test tasks***." Supp. Rpt. ¶ 307.

T-Mobile's correspondence afterward reflected the comprehensive nature of Mr. Davies' inspection of xDeviceRobot: it failed to raise a single issue or concern about the adequacy of its inspection, including but not limited to software or test scripts.  *See* Ex.3, Jan. 8, 2016 Letter.

### C.  Inspection of xDeviceRobot Source Code

Huawei produced its xDeviceRobot source code for inspection from January 2016 to May 2016.  T-Mobile's experts, including but not limited to Mr. Davies, inspected the xDeviceRobot source code at least six times during that period, including on January 13, January 14, April 13, April 14, April 25, and May 5, 2016. Ex. 8.  Following several of those inspections, T-Mobile's experts requested hundreds of pages of source code and documentation to be printed.  Ex. 9.

Despite those repeated inspections and print requests over the course of five months, T-Mobile never raised questions or concerns regarding the sufficiency of Huawei's xDeviceRobot source code production. Likewise, Mr. Davies did not note a single deficiency or limitation in his Initial Report.  Only after its Motion to Compel production from TMSS was denied and long after Mr. Davies' Initial Report was served on May 11, 2016, did T-Mobile raise any questions or concerns—and then only as a pretext to re-do Mr. Davies analysis of xDeviceRobot.

### D.  Inspection of Test Videos of xDeviceRobot

In addition to making xDeviceRobot available for inspection, Huawei produced test videos from xDeviceRobot for inspection from March to May 2016. Ex. 5.  T-Mobile's experts, including Mr. Davies, inspected the videos on April 20, 2016.  Ex. 9.

DEFENDANTS' MOTION TO STRIKE
NO. C14-1351 RAJ
- 7 -
GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

T-Mobile never raised a substantive question or concern with Huawei's production of the test videos. The only question T-Mobile's counsel asked in this regard was why the videos had been produced for inspection. Ex. 6. After Huawei's counsel explained the cost considerations at issue, but nevertheless offered to produce them if T-Mobile desired, T-Mobile dropped the issue and never raised any other question or concern about the production of test videos for inspection.

### E. Production of Test Reports from xDeviceRobot

In addition to making xDeviceRobot available for inspection, Huawei produced all test reports from xDeviceRobot in March 2016. These reports are in excel format and clearly identify the device under test, the specific tests that were run on that device, the "tasks" (in Davies' parlance) that each such test entailed, and the results thereof. These test reports were produced in consecutive sets and are easy to locate with search terms.

T-Mobile never raised any questions or concerns to Huawei about the sufficiency of its productions of the test reports from xDeviceRobot. Indeed, it appears that T-Mobile never even looked for them. Much like the test scripts that Huawei also produced, these test reports feature heavily in Mr. Davies' Supplemental Report but were never cited in his Initial Report.

### F. Production of Test Scripts from xDeviceRobot

In addition to making xDeviceRobot available for inspection, Huawei produced all the test scripts from xDeviceRobot in March 2016. These scripts are in python or xml format, both of which are readable in plain text, and plainly identify the device under test. In other words, no specific application is required to make use of this material, and they can be easily identified in the production by searching for "test case" or similar terms and certainly by file extension.

T-Mobile never raised any questions or concerns to Huawei about the sufficiency of its productions of the test scripts (or "test cases" or "sequence files") <u>from xDeviceRobot</u> until after its motion to compel production from TMSS was denied by the Court. *See* Dkt. 132 at 5-6. That material was not the subject of T-Mobile's motion to compel and consistent therewith T-Mobile never met and conferred about that material before filing its motion. Indeed, it appears that T-Mobile never even looked for them. After T-Mobile's counsel raised the issue during the parties

DEFENDANTS' MOTION TO STRIKE
NO. C14-1351 RAJ
- 8 -
GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

July 28 teleconference, Huawei quickly identified where T-Mobile could find that material in its March 2016 productions. Much like the test reports that Huawei also produced, these test scripts feature heavily in Mr. Davies' Supplemental Report but were never cited in his Initial Report.

## V.   Mr. Davies Reached Fulsome Conclusions on xDeviceRobot in His Initial Report

Consistent with the broad scope of Huawei's productions of technical material related to xDeviceRobot and T-Mobile's failure to raise any questions or concerns therewith, in that Initial Report, Mr. Davies reached conclusions about each and every aspect of xDeviceRobot. This again belies the claim that T-Mobile or its experts suffered from the lack of any information. The table below excerpts some of the relevant conclusions and identifies the subject matter thereof.



| Subject | Conclusion |
|---|---|
| Hardware; Testing Procedures; Business Practices | ███████████████████ (¶ 288) |
| Hardware | ███████████████████ (¶ 299) |
| Software Tests, incl. Actuations, Tasks | ███████████████████ (¶ 302) |
| Testing Parameters | ███████████████████ |

DEFENDANTS' MOTION TO STRIKE
NO. C14-1351 RAJ
- 9 -
GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292



The fact that Mr. Davies already offered conclusions about each and every aspect of xDeviceRobot demonstrates that his Supplemental Report is, in fact, a rebuttal report to our reports; it is a "do-over" after having the opportunity to consider all of Huawei's expert reports.

## VI. Davies' New Allegations and Opinions Are Improper and Unduly Prejudicial

For the reasons stated above, Mr. Davies' new allegations and opinions are improper and unduly prejudicial. In his Supplemental Report, Mr. Davies attempts to justify his new opinions and allegations by pointing to Huawei's identification of "test scripts" in its past productions. But that excuse is unbelievable, unavailing, and further prejudicial for a number of reasons:

DEFENDANTS' MOTION TO STRIKE
NO. C14-1351 RAJ
- 10 -
GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

*First*, Mr. Davies' new allegations and opinions related to xDeviceRobot are not limited to the "test scripts" the Court asked Huawei to identify to T-Mobile in its July 28 Order. On the contrary, those new allegations and opinions also rely on many other materials produced by Huawei long before Mr. Davies' initial expert reports was due on May 11, 2016. This includes:

- The test reports from xDeviceRobot (described above) that are in excel format and that plainly identify the device under test, the tests run, and results thereof;
- The photos allegedly taken by Huawei employees and the security footage of Huawei employees used as exhibits in numerous fact depositions by T-Mobile's counsel; and
- T-Mobile's requirements documents, such as the PRDs and TRDs, which were also used as exhibits in numerous fact depositions by Huawei's counsel.

None of Mr. Davies' purported justifications for his new opinions and allegations related to xDeviceRobot apply to these materials. The Supplemental Report is clearly a "do-over."

*Second*, these other categories of documents and materials relied upon for the first time in Mr. Davies' Supplemental Report demonstrate that what T-Mobile seeks to accomplish with the Supplemental Report is not to make up for any deficiencies in discovery, but to make up for its own failures to diligently review Huawei's productions and raise any questions or concerns in a timely manner, and/or its expert's failure to consider the technical material available to him before his Initial Report was due. But supplementation of an expert report is not appropriate simply "because the expert did an inadequate or incomplete preparation." *Rojas v. Marko Zaninovich, Inc.*, 2011 WL 4375297 (E.D.Cal. Sept. 19, 2011) (citations omitted). Indeed, "to construe supplementation to apply whenever a party wants to bolster or submit additional opinions would reek [sic] havoc in docket control and amount to unlimited expert opinion preparation." *Akeva LLC v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C.2002).

*Third*, the new allegations and opinions related to xDeviceRobot are designed to specifically respond to Huawei's expert reports and avert summary judgment. For example, Huawei's expert Dr. Wolfe offers opinions regarding the extent to which Huawei was allowed to learn from T-Mobile's MTRs and PRDs. Now suddenly, Mr. Davies is asserting that the

DEFENDANTS' MOTION TO STRIKE
NO. C14-1351 RAJ
- 11 -

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

information in those documents constitute certain of T-Mobile's alleged trade secrets. And more generally, Dr. Wolfe went through each potential allegation of a trade secret contained in Mr. Davies' original report and showed that each was contained in prior public disclosures of T-Mobile and/or third parties. Now Defendants have a whole set of new allegations to address.

Huawei's experts, Drs. Wolfe and Smith, have already served their rebuttal reports to Mr. Davies' previous opinions on xDeviceRobot. Not only are "reply" expert reports not permitted, but now Defendants have new substantive allegations to address on a very short timeframe. And the parties are expected to file summary judgment motions in a few weeks. Mr. Davies' new opinions are clearly intended to prejudice Huawei's defense by re-doing his analysis of xDeviceRobot before those motions are filed. It would be unfair to require Huawei and its experts to respond to these new allegations and opinions on any timeframe. For that reason, courts have "repeatedly rejected attempts to avert summary judgment by supplementing an expert report with a new and improved expert report." *Gallagher v. Southern Source Packaging, LLC*, 568 F. Supp. 2d 624, 631 (E.D.N.C. 2008). The same rule should be applied here.

## CONCLUSION

The deadline for Huawei's experts to respond to T-Mobile's "supplemental" report is September 30. For the reasons stated above, Huawei respectfully request the Court strike or otherwise indicate that Huawei's experts need not respond to those portions of the September 17, 2016 Supplemental Expert Report of Michael A.M. Davies, including paragraphs 23-24, 26-35, 83-139, 153, and Exhibits 2, 3, 4, 5, that rely upon material available to T-Mobile prior to May 11, 2016, the date of Initial Expert Report of Michael A.M. Davies. This will allow Defendants to adhere to the schedule that the parties jointly-agreed to six weeks ago.

DEFENDANTS' MOTION TO STRIKE
NO. C14-1351 RAJ
- 12 -
GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

DATED this 22nd day of September, 2016.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Defendants Huawei Device USA, Inc. and Huawei Technologies Co., Ltd.

By   s/Franklin D. Cordell
   Franklin D. Cordell, WSBA #26392
   Jeffrey M. Thomas, WSBA #21175
   1001 Fourth Avenue, Suite 4000
   Seattle, Washington 98154
   Telephone: (206) 467-6477
   Facsimile:  (206) 467-6292
   Email:  fcordell@gordontilden.com
   Email:  jthomas@gordontilden.com

**STEPTOE & JOHNSON LLP**
Attorneys for Defendants Huawei Device USA, Inc. and Huawei Technologies Co., Ltd.

By   s/Timothy C. Bickham
   Timothy C. Bickham*
   James F. Hibey*
   Michael J. Allan*
   Jessica I. Rothschild*
   1330 Connecticut Avenue NW
   Washington, DC 20036
   Telephone: (202) 429-3000
   Facsimile:  (202) 429-3902
   Email:  jhibey@steptoe.com
   Email:  tbickham@steptoe.com
   Email:  jrothschild@steptoe.com

   William F. Abrams*
   Meg Kammerud*
   Michael Flynn-O'Brien*
   1891 Page Mill Road, Suite 200
   Palo Alto, CA 94394
   Telephone: (650) 687-9500
   Facsimile: (650) 687-9499
   Email: wabrams@steptoe.com
   Email: mkammerud@steptoe.com
   Email: mflynnobrien@steptoe.com
   * Admitted *Pro Hac Vice*

DEFENDANTS' MOTION TO STRIKE
NO. C14-1351 RAJ
- 13 -
GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

# CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Michael E. Kipling
Marjorie A. Walter
KIPLING LAW GROUP PLLC
3601 Fremont Avenue N., Suite 414
Seattle, WA 98103
kipling@kiplinglawgroup.com
walter@kiplinglawgroup.com

John Hueston
Alison Plessman
Eric Hayden
HUESTON HENNIGAN LLP
523 West 6th Street
Los Angeles, CA 90014
(213) 788-4340
jhueston@hueston.com
aplessman@hueston.com
ehayden@hueston.com

                                                s/ *Jessica I. Rothschild*
                                                Jessica I. Rothschild*
                                                (*admitted *pro hac vice*)

DEFENDANTS' MOTION TO STRIKE
NO. C14-1351 RAJ
- 14 -

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292