The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| T-MOBILE USA, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>HUAWEI DEVICE USA, INC., a Texas corporation; and HUAWEI TECHNOLOGIES CO., LTD., a China company,<br><br>        Defendants. | NO. C14-1351 RAJ<br><br>**HUAWEI TECHNOLOGIES CO., LTD.'S MOTION FOR SUMMARY JUDGMENT**<br><br>**NOTING DATE:<br>NOVEMBER 14, 2016**<br><br>**ORAL ARGUMENT REQUESTED** |

DEFENDANT HUAWEI TECHNOLOGIES'
MOTION FOR SUMMARY JUDGMENT
NO. C14-1351 RAJ

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

BACKGROUND AND UNDISPUTED FACTS ..................................................................... 2

ARGUMENT ............................................................................................................................ 4

I. There Is No Basis to Exercise Personal Jurisdiction over Huawei Technologies ............... 4

    A. Huawei Technologies Did Not Purposefully Direct Any Activities at the State of Washington ................................................................................................. 5

    B. T-Mobile's Misappropriation Claim Does Not Arise out of or Relate to Any Huawei Technologies' Washington-Based Action ........................................... 7

    C. The Exercise of Personal Jurisdiction over Huawei Technologies Would Not Be Reasonable ................................................................................................... 7

        1. Extent of Purposeful Interjection .................................................................. 8

        2. Burden on Huawei Technologies .................................................................. 8

        3. Sovereignty ................................................................................................... 8

        4. Forum State's Interest ................................................................................... 9

        5. Efficiency ...................................................................................................... 9

        6. Importance of Forum to Plaintiff's Interest ................................................... 9

        7. Alternate Forum .......................................................................................... 10

II. Huawei Technologies Is Entitled to Judgment as a Matter of Law on the Contract Claim .................................................................................................................................. 10

III. Even Assuming Jurisdiction and Liability Are Established, T-Mobile Is Not Entitled to Unjust Enrichment or Reasonable Royalties ................................................... 12

        1. T-Mobile Cannot Establish a Factual Basis to Support Its Claim for Unjust Enrichment ...................................................................................... 12

        2. Similarly, T-Mobile Cannot Establish Any Basis for Its Reasonable Royalties Claim ........................................................................................... 13

CONCLUSION ........................................................................................................................ 13

DEFENDANT HUAWEI TECHNOLOGIES'
MOTION FOR SUMMARY JUDGMENT          - i -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano County*,
  480 U.S. 102 (1987) ................................................................................................. 8

*Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc.*,
  61 Wn. App. 151 (Wash. 1991) ............................................................................. 12

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ................................................................................................. 5

*Carte Blanche (Singapore), Pte, Ltd. v. Diners Club Int'l*,
  2 F.3d 24 (2d Cir. 1993) ........................................................................................ 11

*Conti v. Corporate Svcs. Group, Inc.*,
  No. 12-245, 2013 WL 5406205 (W.D. Wash. Sept. 25, 2013) (Jones, J.) .............. 6

*Core-Vent Corp. v. Nobel Indus. AB*,
  11 F.3d 1482 (9th Cir. 1993) ...................................................................... 7, 8, 9, 10

*Gmerek v. Scrivner, Inc.*,
  221 A.D.2d 991 (N.Y. Sup. Ct., App. Div., 4th Dep't 1995) ................................ 11

*Haugaard v. Fiskars Brands, Inc.*,
  No. 13-1261, 2014 WL 1899008 (W.D. Wash. May 12, 2014) (Jones, J.) ............ 7

*Hood v. South Whidbey School Dist.*,
  No. 11-2024, 2014 WL 813890 (W.D. Wash. Mar. 3, 2014) (Jones, J.) ................ 6

*Horsehead Indus. v. Metallgesellschaft AG*,
  239 A.D.2d 171 (N.Y. Sup. Ct., App. Div., 1st Dep't 1997) .......................... 10, 11

*Lake v. Lake*,
  817 F.2d 1416 (9th Cir. 1987) ................................................................................. 5

*Malmsteen v. Universal Music Grp., Inc.*,
  940 F. Supp. 2d 123 (S.D.N.Y. 2013) ................................................................... 11

*Maltz v. Union Carbide Chemicals & Plastics Co.*,
  992 F. Supp. 286 (S.D.N.Y. 1998) ........................................................................ 11

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
  647 F.3d 1218 (9th Cir. 2011) ................................................................................. 5

DEFENDANT HUAWEI TECHNOLOGIES'
MOTION FOR SUMMARY JUDGMENT     - ii -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

*Petters v. Williamson & Assocs., Inc.*,
    151 Wn. App. 154, 210 P.3d 1048 (Wash. 2009) ................................................................. 12

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) .................................................................................................. 5

*Washington Shoe Co. v. A-Z Sporting Goods, Inc.*,
    704 F.3d 668 (9th Cir. 2012) .................................................................................................. 4

*Yahoo! Inc. v. La Ligue Contre Le Racisme*,
    433 F.3d 1199 (9th Cir. 2006) ................................................................................................ 5

*Young v. Young*,
    164 Wn.2d 477 (Wash. 2008) ............................................................................................... 12

**STATUTES**

RCW 19.108.020(2) ..................................................................................................................... 13

**BOOKS AND ARTICLES**

Restatement (Third) of Unfair Competition § 45 ......................................................................... 12

DEFENDANT HUAWEI TECHNOLOGIES'
MOTION FOR SUMMARY JUDGMENT    - iii -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

There is no basis for the exercise of personal jurisdiction over Huawei Technologies Co., Ltd. ("Huawei Technologies") and it should be dismissed from the case. Huawei Technologies is a parent company, twice removed, of Huawei Device USA, Inc. It never should have been named as a defendant.

In May 2015, to avoid a Rule 12(b)(2) dismissal of Huawei Technologies, T-Mobile USA, Inc. ("T-Mobile") represented to the Court that Huawei Technologies directed—from China—activities within Washington state, or engaged in some "conspiracy" with Huawei Device USA with respect to such activities in Washington. It was undisputed at the time of the Rule 12(b)(2) motion that Huawei Technologies had no other connection to Washington. Now, after more than a year of discovery, there is still no evidence to support T-Mobile's claim that Huawei Technologies directed activities within Washington from China or engaged in any kind of conspiracy to direct any activity within the state.

The only "evidence" of a link between Huawei Technologies and Washington that T-Mobile can point to is the post hoc discipline of employees from Huawei Device USA, Inc. ("Huawei Device USA") and Huawei Device Co., Ltd. ("Huawei Device China"). The fact that Huawei Technologies issued a discipline notice falls well short of the purposeful direction to Washington that T-Mobile concedes is needed for personal jurisdiction here.

Putting aside the jurisdictional challenge, Huawei Technologies moves for summary judgment on the merits. T-Mobile's breach of contract claim against Huawei Technologies is limited to a non-disclosure agreement ("NDA"). Huawei Technologies, however, is not a party to the NDA; and there is no basis for binding Huawei Technologies to it. The breach of contract claim against Huawei Technologies should be dismissed as a matter of law.[1]

Finally, T-Mobile's damages claim suffers from a severe evidentiary deficiency: Even if there were evidence of trade secret misappropriation, there is no evidence that any Huawei entity

---

[1] Huawei Technologies incorporates by reference (and therefore joins) each of the arguments that Huawei Device USA is making in its Motion for Summary Judgment.

DEFENDANT HUAWEI TECHNOLOGIES'
MOTION FOR SUMMARY JUDGMENT        - 1 -
NO. C14-1351 RAJ

(including Huawei Technologies) utilized the alleged trade secrets to improve any handsets. Absent any such nexus, there can be no finding of unjust enrichment or entitlement to royalties.

For these reasons, the case against Huawei Technologies should be dismissed in its entirety as a matter of law.

## BACKGROUND AND UNDISPUTED FACTS

Huawei Technologies is a parent-level corporate entity within the multi-layered Huawei corporate structure. Huawei Technologies has never been licensed to transact business in Washington, has never been registered to do business in Washington, has never made sales in Washington, has never solicited business in Washington, and has never maintained any office, address, post office box, telephone number, bank account, or agent in Washington. Dkt. 55 ¶¶ 4-10.

As explained at the beginning of this case, Huawei Technologies and Huawei Tech. Investment Co., Ltd. together own Huawei Device Co., Ltd. ("Huawei Device China"). Huawei Device China owns Huawei Device (Hong Kong) Co., Ltd. ("Huawei Device Hong Kong"). And Huawei Device Hong Kong owns Huawei Device USA, Inc. ("Huawei Device USA"). Dkt. 28; Dkt. 59 at 1 n.1.



Xu Decl. ¶ 3.

DEFENDANT HUAWEI TECHNOLOGIES'
MOTION FOR SUMMARY JUDGMENT     - 2 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

Huawei Device China (not a defendant in this case) is the entity that developed and manufactured the handsets that Huawei Device USA sold to T-Mobile. *Id.* ¶ 4. Huawei Device USA worked directly with Huawei Device China to test the handsets to meet T-Mobile's requirements. Rothschild Decl., Ex. A, Dong Depo. Tr. 26:2-28:7. Huawei Device USA worked with Huawei Device China and had no working relationship with Huawei Technologies regarding T-Mobile. *Id.*; see also *id.* at 29:20-32:25 (Huawei Device USA Rule 30(b)(6) witness, Yongjian Dong, listed people he communicated with in China and confirmed that each was employed by Huawei Device China); *see also id.* 73:10-75:18.

The two principal actors identified in the complaint, Xinfu (Adam) Xiong and Yu (Frank) Wang, were employed by Huawei Device USA and Huawei Device China, respectively. *See, e.g.*, *id.* 87:7-23 (Apr. 19, 2016); Rothschild Decl., Ex. B, Hu Depo. Tr. 31:14-24, 131:8-17 (Apr. 22, 2016).

It is undisputed that Huawei Technologies did not employ <u>any</u> of the individuals identified in T-Mobile's Complaint—Yu (Frank) Wang, Xinfu (Adam) Xiong, Helen Lijingru, Jennifer Ponder, Sacha Wu, Michael Chang—at any time relevant to the allegations. Dkt. 55 ¶¶ 11-13. In fact, no employee of Huawei Technologies was even deposed in this litigation. Rothschild Decl., Ex. C, Hailin Depo. Tr. 14:1-2, 20:16-18; *id.*, Ex. B, Hu Depo. Tr. 8:2-9:18, 12:1-12 (Apr. 21, 2016); *id.*, Ex. D, Ling Depo. Tr. 16:15-25; *id.*, Ex. E, de Chateauvieux Depo. Tr. 7:3-4. There is simply no evidence that Huawei Technologies directed the underlying actions of alleged misappropriation.

Huawei Technologies did, however, publish the post-incident discipline notice of Huawei Device USA and Huawei Device China employees. None of the disciplined individuals within the chain of command for Frank Wang and Adam Xiong resided or worked in Washington. Xu Decl. ¶ 5. And, as for Frank Wang and Adam Xiong, it is undisputed that they had returned to China before the disciplinary notice was issued. *Id.* ¶ 6.

DEFENDANT HUAWEI TECHNOLOGIES'
MOTION FOR SUMMARY JUDGMENT   - 3 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

*The Mutual Nondisclosure Agreement*

T-Mobile alleges that only one contract—the Mutual Nondisclosure Agreement ("NDA")—has been breached by Huawei Technologies. Significantly, Huawei Technologies is not a signatory to the NDA.

Huawei Device USA signed the NDA with T-Mobile. Rothschild Decl., Ex. F (TMHUA00158811). The introductory paragraph of the NDA provides:

> THIS MUTUAL NONDISCLOSURE AGREEMENT (this "Agreement") is made and entered into as of this 31 day of July, 2012 (the "Effective Date") by and between T-MOBILE USA, Inc., a Delaware corporation formerly known as VoiceStream Wireless Corporation, on behalf of itself, its affiliates, subsidiaries, contract manufacturers, partner companies ("Carrier") and HUAWEI DEVICE USA, INC., a Texas corporation, on behalf of itself, its parents, affiliates, subsidiaries, contract manufacturers, partner companies and alliances ("Supplier"). . . .

*Id*. The NDA is signed by representatives of T-Mobile and Huawei Device USA. *Id.* at 3. Specifically, Grant Castle, VP of Engineering Services & QA signed on behalf of T-Mobile, and Jiangao Cui, President of Huawei Device USA signed on behalf of Huawei Device USA. *Id.*

## ARGUMENT

**I.    There Is No Basis to Exercise Personal Jurisdiction over Huawei Technologies**

The Court applies a three-part test for assessing whether the exercise of specific jurisdiction comports with the Due Process Clause:

> [1] The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or [a] resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum,[2] thereby invoking the benefits and protections of its laws;

---

[2] To the extent T-Mobile seeks to assert specific jurisdiction under the nondisclosure agreement, T-Mobile would have to demonstrate that Huawei Technologies purposefully availed itself of the laws of the State of Washington. *See* Dkt. 77 at 23 (citing *Washington Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 672-73 (9th Cir. 2012)). However, as Huawei Technologies is not a party to the nondisclosure agreement, there is no evidence of such purposeful availment.

DEFENDANT HUAWEI TECHNOLOGIES'
MOTION FOR SUMMARY JUDGMENT        - 4 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

>       [2] the claim must be one which arises out of or relates to the
>       defendant's forum-related activities; and
>
>       [3] the exercise of jurisdiction must comport with fair play and
>       substantial justice, i.e. it must be reasonable.

Dkt. 77 at 22 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). The plaintiff bears the burden as to the first two parts of the test. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). Only if the plaintiff meets that burden does the burden then shift to the defendant to make a "compelling case" that the exercise of jurisdiction is unreasonable. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). Here, T-Mobile cannot meet the burden on either of the first two parts of the test. Nor is it reasonable to exercise personal jurisdiction over Huawei Technologies.

### A.  Huawei Technologies Did Not Purposefully Direct Any Activities at the State of Washington

Where the conduct at issue consists of alleged tortious activity, personal jurisdiction turns on a purposeful direction "effects" test. The defendant must have "[1] committed an intentional act, [2] expressly aimed at the forum state, [3] causing harm that the defendant knows is likely to be suffered in the forum state. *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (quoting *Schwarzenegger*, 374 F.3d at 803). Here, T-Mobile bears the burden of demonstrating that Huawei Technologies purposefully directed activity at the State of Washington. T-Mobile's allegations with respect to Huawei Technologies survived dismissal at the pleading stage but cannot survive summary judgment. There is no evidence that Huawei Technologies purposefully directed any activities within Washington or aimed at Washington.

Huawei Technologies was not the entity involved in any of the conduct that forms the basis for T-Mobile's complaint. Huawei Technologies was not involved in communications with Huawei Device USA regarding the development of handsets for T-Mobile or T-Mobile's testing procedures. Rothschild Decl., Ex. A, Dong Depo. Tr. 26:2-21. And Huawei Technologies is not the entity that employed any of the individuals who sought information about T-Mobile's testing

DEFENDANT HUAWEI TECHNOLOGIES'
MOTION FOR SUMMARY JUDGMENT   - 5 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

robot. *See, e.g.*, Dkt. 55 ¶¶ 11-13 (explaining that Huawei Technologies did not employ any of the individuals T-Mobile identified in its allegations); Rothschild Decl., Ex. C, Hailin Depo. Tr. 14:1-2, 20:16-18 (no individual employed by Huawei Technologies); *id.*, Ex. B, Hu Depo. Tr. 8:2-9:18, 12:1-12 (same). There is no evidence that a single person from Huawei Technologies directed any action to take place in the State of Washington.

Instead, all of the evidence demonstrates that it was employees from Huawei Device China (not a named party to this case) who sought information about T-Mobile's robot testing. This undisputed fact was known to T-Mobile well before it filed the lawsuit. It was confirmed repeatedly during depositions, all of which pre-dated the May 4, 2016 deadline to file amended pleadings. Yet, despite having full knowledge of the facts, T-Mobile elected not to amend its pleadings to name Huawei Device China as a defendant. *See, e.g.*, *Hood v. South Whidbey School Dist.*, No. 11-2024, 2014 WL 813890 (W.D. Wash. Mar. 3, 2014) (Jones, J.) (denying request to amend complaint to add party where request made after deadline); *Conti v. Corporate Svcs. Group, Inc.*, No. 12-245, 2013 WL 5406205 (W.D. Wash. Sept. 25, 2013) (Jones, J.) (same).

While Huawei Technologies did not direct any of the actions in Washington prior to and including the May 2013 incidents, it was involved in post-incident discipline. This cannot give rise to personal jurisdiction for two reasons. First, none of Huawei Technologies' disciplinary actions was directed at the State of Washington. No disciplined individual resided in the State of Washington at the time of his discipline. Frank Wang and Adam Xiong, the only two people disciplined who had been in Washington, were sent back to China after the incidents and prior to their termination. *See, e.g.*, Rothschild Decl., Ex. E, de Chateauvieux Depo. Tr. 62:2-22 (explaining that Frank Wang and Adam Xiong were in China when they were fired).

Second, *disciplining* employees for the conduct at issue in this litigation is not the sort of intentional tortious act directed at Washington that could give rise to personal jurisdiction in the State. Purposeful direction jurisdiction requires that the *misconduct* "causing harm" be directed to the forum state. Huawei Technologies' disciplinary involvement is not the misconduct at

DEFENDANT HUAWEI TECHNOLOGIES'
MOTION FOR SUMMARY JUDGMENT          - 6 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

issue in this litigation and did not cause any harm to T-Mobile, let alone any harm that was likely to be suffered by T-Mobile in Washington.

### B. T-Mobile's Misappropriation Claim Does Not Arise out of or Relate to Any Huawei Technologies' Washington-Based Action

Even if the Court were to find that Huawei Technologies' involvement in the post hoc discipline was somehow an act directed at the State of Washington, T-Mobile's claim of misappropriation does not arise out of the discipline itself. The mere fact of issuing post hoc discipline in response to events giving rise to the misappropriation claim is insufficient to establish personal jurisdiction. *See, e.g.*, *Haugaard v. Fiskars Brands, Inc.*, No. 13-1261, 2014 WL 1899008, at *4 (W.D. Wash. May 12, 2014) (Jones, J.) (finding no personal jurisdiction where claims do not arise out of the conduct giving rise to the contact with Washington). Because the disciplinary actions do not form the basis for T-Mobile's claims, personal jurisdiction over Huawei Technologies cannot be established on this basis.

### C. The Exercise of Personal Jurisdiction over Huawei Technologies Would Not Be Reasonable

In any event, the exercise of personal jurisdiction over Huawei Technologies would be unreasonable. Courts consider seven factors relevant to the reasonableness of the exercise of personal jurisdiction: "(1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993) (citation omitted). "None of the factors is dispositive in itself; instead, we must balance all seven." *Id.* at 1488 (citation omitted). In balancing these factors, it is clear that it would be unreasonable to exercise personal jurisdiction over Huawei Technologies.

DEFENDANT HUAWEI TECHNOLOGIES'
MOTION FOR SUMMARY JUDGMENT   - 7 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

### 1.     Extent of Purposeful Interjection

There is no credible evidence of purposeful interjection in the record.  It is undisputed that Huawei Technologies is a Chinese company that has never been licensed to transact business in Washington, has never been registered to do business in Washington, has never made sales in Washington, has never solicited business in Washington, and has never maintained any office, address, post office box, telephone number, bank account, or agent in Washington.  Dkt. 55 ¶¶ 4-10.  This first factor weighs in favor of Huawei Technologies, as the contacts with Washington are, at best, so attenuated.  *See, e.g.*, *Core-Vent*, 11 F.3d at 1488.

### 2.     Burden on Huawei Technologies

While it is not impossible for Huawei Technologies to defend itself against this litigation in Washington, it is burdensome to force a non-resident company to defend itself in the United States when it does not maintain a physical presence in the United States.  *See, e.g.*, *id.* at 1488-89.  Specific jurisdiction does not equate to worldwide, global jurisdiction, where an entity can be dragged into any court in the world regardless of burden.  *See Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano County*, 480 U.S. 102, 114 (1987).  This factor too weighs in favor of Huawei Technologies.

### 3.     Sovereignty

In cases involving a foreign defendant, the Supreme Court has cautioned that "'[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field.'"  *Core-Vent*, 11 F.3d at 1489 (quoting *Asahi*, 480 U.S. at 115).  While courts consider connections with the United States more broadly than the forum for purposes of this factor, Huawei Technologies' connections with the United States are no different than its connections with the forum.  They are nonexistent.  Huawei Technologies has no offices in the United States.  While it has subsidiaries several corporate layers down that have offices in the United States, this is an attenuated connection—at best.  *See, e.g.*, *Asahi*, 480 U.S. at 115 (explaining that concern for sovereignty interests necessitates an "unwillingness to find the

DEFENDANT HUAWEI TECHNOLOGIES'
MOTION FOR SUMMARY JUDGMENT         - 8 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

serious burdens on an alien defendant outweighed by minimal interests on the part of the plaintiff or the forum State"). This factor, thus, weighs in favor of Huawei Technologies.

### 4. Forum State's Interest

While Washington may have an interest in adjudicating a dispute brought by a resident company seeking to apply Washington law, Washington's interest is presumably lessened by the fact that only one of the two claims against Huawei Technologies seeks to apply Washington law; the other claim applies New York law. More importantly, Washington's interests are protected through the involvement of Huawei Device USA—an entity that is properly subject to jurisdiction here.

### 5. Efficiency

No action by Huawei Technologies is alleged to have occurred in Washington. It is all alleged to have occurred in China, where Huawei Technologies is based. All Huawei Technologies' witnesses and evidence—to the extent there are any such witnesses[3] or evidence—is located in China. *See Core*-Vent, 11 F.3d at 1489 (explaining that the primary consideration for this factor is "where the witnesses and evidence are likely to be located"). Washington is not the most efficient forum for resolution of the issues against Huawei Technologies.

### 6. Importance of Forum to Plaintiff's Interest

Dismissing Huawei Technologies from this lawsuit does not terminate the lawsuit against Huawei Device USA. However, this does not militate in favor of keeping Huawei Technologies in the case in Washington, as Huawei Device USA is a U.S.-based company with a Washington office that does not contest personal jurisdiction. T-Mobile is not foreclosed from pursuing its case against Huawei Device USA here in Washington. *See Core-Vent*, 11 F.3d at 1490 (explaining that, because full relief is available from the remaining defendants, dismissing the other defendants does not compromise the relief available to plaintiff).

---

[3] No employees of Huawei Technologies employee were deposed in this case. All of the Huawei Device Co., Ltd. witnesses who were deposed in this case reside in China.

DEFENDANT HUAWEI TECHNOLOGIES'
MOTION FOR SUMMARY JUDGMENT         - 9 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

### 7. Alternate Forum

Not only should Huawei Technologies not be a party to this lawsuit, but this is also not the proper venue to bring this lawsuit against it. As for this factor, T-Mobile has neither demonstrated the unavailability of an alternate forum nor the ineffectiveness of relief in such alternate forum. *See Core-Vent*, 11 F.3d at 1490. Nor can T-Mobile meet that burden.

The overwhelming weight of all seven factors results in an unassailable conclusion that it would be unreasonable to exercise personal jurisdiction over Huawei Technologies.

In summary, T-Mobile cannot establish purposeful direction by Huawei Technologies at the State of Washington. Moreover, exercising personal jurisdiction over Huawei Technologies would not comport with fair play and substantial justice. Huawei Technologies should, accordingly, be dismissed from the case.

## II. Huawei Technologies Is Entitled to Judgment as a Matter of Law on the Contract Claim

Setting aside the lack of personal jurisdiction, Huawei Technologies is entitled to judgment as a matter of law on the single breach of contract claim—breach of the NDA.[4] It is undisputed that Huawei Technologies is not a signatory to the NDA. T-Mobile claims that Huawei Technologies is bound to the NDA because the prefatory language of the agreement states that the NDA "is made and entered into . . . by and between T-MOBILE USA, INC. . . . and HUAWEI DEVICE USA, INC., a Texas corporation, on behalf of itself, its parents, affiliates, subsidiaries, contract manufacturers, partner companies and alliances ('Supplier')." Rothschild Decl., Ex. F at 1. The NDA, however, is governed by New York law, *id.* ¶ 13, which provides that a corporate relationship is insufficient, on its own, to bind a nonsignatory to an agreement. *Horsehead Indus. v. Metallgesellschaft AG*, 239 A.D.2d 171, 171 (N.Y. Sup. Ct., App. Div., 1st Dep't 1997). Here, there is no evidence to support binding Huawei Technologies to the NDA, which was signed by an indirect subsidiary several corporate levels removed.

---

[4] *See* Dkt. 54 at 11; Dkt. 56 at 9-11 (T-Mobile does not dispute that the only breach of contract claim against Huawei Technologies relates to the NDA).

DEFENDANT HUAWEI TECHNOLOGIES'
MOTION FOR SUMMARY JUDGMENT     - 10 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

A nonsignatory parent company cannot be bound to an agreement simply because it was signed by its direct, wholly owned subsidiary—let alone an agreement signed by one of its indirect subsidiaries that is multiple levels removed.  A nonsignatory parent company can be bound to the agreement of its subsidiary only "if the parent's conduct manifests an intent to be bound by the contract, which intent is inferable from [1] the parent's participation in the negotiation of the contract, or [2] if the subsidiary is a dummy for the parent, or [3] if the subsidiary is controlled by the parent for the parent's own purposes." *Horsehead Indus.*, 239 A.D.2d at 171 (citations omitted); *see also Maltz v. Union Carbide Chemicals & Plastics Co.*, 992 F. Supp. 286, 300 (S.D.N.Y. 1998) ("Generally, parent and subsidiary corporations are treated as separate legal entities, and a contract by one does not legally bind the other.") (citing *Carte Blanche (Singapore), Pte, Ltd. v. Diners Club Int'l*, 2 F.3d 24, 26 (2d Cir. 1993); *Gmerek v. Scrivner, Inc.*, 221 A.D.2d 991, 992 (N.Y. Sup. Ct., App. Div., 4th Dep't 1995)).  Moreover, no matter how many times T-Mobile attempts to conflate the various Huawei entities, such efforts are summarily rejected under the law of New York:  "Courts in New York are reluctant to disregard the distinction between corporate entities." *Maltz*, 922 F. Supp. at 300-01 (citing *Carte Blanche*, 2 F.3d at 26).

Huawei Technologies is not a signatory to the NDA; T-Mobile must therefore prove one of the three circumstances identified in *Horsehead Industries*.  T-Mobile cannot carry that burden.  Huawei Technologies is an indirect corporate great-grandparent of Huawei Device USA.  There is no evidence that Huawei Technologies participated in the negotiation of the contract or even knew about the contract prior to or as of the time it was executed.  There is no evidence that Huawei Device USA is merely a shell for Huawei Technologies.  And there is no evidence that Huawei Technologies controlled Huawei Device USA for its own purposes.  Absent evidence supporting any theory for binding a nonsignatory, New York law requires granting summary judgment on the breach of contract claim.  *See, e.g.*, *Malmsteen v. Universal Music Grp., Inc.*, 940 F. Supp. 2d 123, 136 (S.D.N.Y. 2013) (granting summary judgment upon

DEFENDANT HUAWEI TECHNOLOGIES'
MOTION FOR SUMMARY JUDGMENT      - 11 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

finding that plaintiff had "adduced no evidence" of the nonsignatory's intent to be bound to the contract). The Court should, accordingly, dismiss Count II against Huawei Technologies.

## III. Even Assuming Jurisdiction and Liability Are Established, T-Mobile Is Not Entitled to Unjust Enrichment or Reasonable Royalties

### 1. T-Mobile Cannot Establish a Factual Basis to Support Its Claim for Unjust Enrichment

To prove unjust enrichment under Washington law, T-Mobile must show that "(1) the defendant receive[d] a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment." *Young v. Young*, 164 Wn.2d 477, 484-85 (Wash. 2008); *see Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc.*, 61 Wn. App. 151, 160 (Wash. 1991) ("Unjust enrichment occurs when one retains money or benefits which in justice and equity belong to another.") (citation omitted).[5] There is no evidence of improvement having been made to a single Huawei device resulting from testing conducted on any robotic tester that allegedly incorporates a claimed T-Mobile trade secret. In short, there is no evidence of any of the requisite elements to recover for unjust enrichment.

The underlying assumption of T-Mobile's damages theory supporting unjust enrichment is that "all devices sold after the alleged conduct benefited from the technology-in-suit." Rothschild Decl. ¶ 8. Even if we assume, for the sake of argument, that a Huawei robotic tester did in fact incorporate a T-Mobile trade secret—which it did not—T-Mobile cannot point to any evidence of device modification. Unable to demonstrate this critical causal link between the testing technology and device improvement, T-Mobile has no factual basis for its bare assertion that some defendant received a benefit from the technology. Lacking evidence of any benefit to a defendant, T-Mobile of course cannot show that any benefit was received at T-Mobile's expense or that it would be unjust for a defendant to retain a nonexistent benefit without payment

---

[5] In the misappropriation context, the Court of Appeals has held that, once the plaintiff proves sales *attributable to the use of a trade secret*, the burden shifts to the defendant to establish "any portion of the sales not attributable to the trade secret and any expenses to be deducted in determining net profits." *Petters v. Williamson & Assocs., Inc.*, 151 Wn. App. 154, 165, 210 P.3d 1048 (Wash. 2009) (quoting Restatement (Third) of Unfair Competition § 45, comment f). T-Mobile cannot prove any sales attributable to the use of a trade secret, and, thus, the burden never shifts away from T-Mobile.

DEFENDANT HUAWEI TECHNOLOGIES'
MOTION FOR SUMMARY JUDGMENT      - 12 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

to T-Mobile. Without any evidence of Huawei modifying a device to correct an issue identified on a Huawei robotic tester (let alone a robotic tester that incorporated a T-Mobile trade secret), no Huawei-affiliated entity can be found to have been unjustly enriched from the use of the technology. Consequently, T-Mobile's claim for unjust enrichment must be denied.

### 2. Similarly, T-Mobile Cannot Establish Any Basis for Its Reasonable Royalties Claim

The Washington Uniform Trade Secret Act allows for reasonable royalties in a specific situation not present here: "If the court determines that it would be unreasonable to prohibit future use, an injunction may condition future use upon payment of a reasonable royalty for no longer than the period of time the use could have been prohibited." RCW 19.108.020(2).

First, the Huawei robotic tester that is the subject of this litigation is no longer in use and has not been since 2013. *See* Rothschild Decl., Ex. B, Hu Depo. Tr. 127:2-128:10 (Apr. 22, 2016). Consequently, even if there were misappropriation, there is no issue in prohibiting future use of a technology whose use was discontinued years earlier.

Second, T-Mobile's reasonable royalty is based on the same faulty assumption as T-Mobile's unjust enrichment theory, which is "that Huawei would use the technology-in-suit to benefit all of Huawei's handsets and tablets." Rothschild Decl. ¶ 9. Lacking any evidence supporting any incorporation of any benefits into any Huawei handset of any allegedly misappropriated robotic technology, T-Mobile's claim for reasonable royalties is patently meritless and must be denied.

## CONCLUSION

For the foregoing reasons, there is no genuine issue of a material fact and Huawei Technologies is entitled to judgment as a matter of law. The case against Huawei Technologies should be summarily dismissed in its entirety.

DEFENDANT HUAWEI TECHNOLOGIES'
MOTION FOR SUMMARY JUDGMENT   - 13 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

DATED this 20th day of October, 2016.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Defendants Huawei Device USA, Inc. and Huawei Technologies Co., Ltd.

By   s/Franklin D. Cordell
    Franklin D. Cordell, WSBA #26392
    Jeffrey M. Thomas, WSBA #21175
    1001 Fourth Avenue, Suite 4000
    Seattle, Washington 98154
    Telephone:  (206) 467-6477
    Facsimile:   (206) 467-6292
    Email:  fcordell@gordontilden.com
    Email:  jthomas@gordontilden.com

**STEPTOE & JOHNSON LLP**
Attorneys for Defendants Huawei Device USA, Inc. and Huawei Technologies Co., Ltd.

By   s/Timothy C. Bickham
    Timothy C. Bickham*
    James F. Hibey*
    Michael J. Allan*
    Jessica I. Rothschild*
    1330 Connecticut Avenue NW
    Washington, DC 20036
    Telephone: (202) 429-3000
    Facsimile:  (202) 429-3902
    Email:  jhibey@steptoe.com
    Email:  tbickham@steptoe.com
    Email:  jrothschild@steptoe.com

    William F. Abrams*
    Meg Kammerud*
    Michael Flynn-O'Brien*
    1891 Page Mill Road, Suite 200
    Palo Alto, CA 94394
    Telephone: (650) 687-9500
    Facsimile: (650) 687-9499
    Email: wabrams@steptoe.com
    Email: mkammerud@steptoe.com
    Email: mflynnobrien@steptoe.com
    * Admitted *Pro Hac Vice*

DEFENDANT HUAWEI TECHNOLOGIES'
MOTION FOR SUMMARY JUDGMENT    - 14 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

# CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Michael E. Kipling
Marjorie A. Walter
KIPLING LAW GROUP PLLC
3601 Fremont Avenue N., Suite 414
Seattle, WA 98103
kipling@kiplinglawgroup.com
walter@kiplinglawgroup.com


John Hueston
Alison Plessman
Eric Hayden
HUESTON HENNIGAN LLP
523 West 6th Street
Los Angeles, CA 90014
(213) 788-4340
jhueston@hueston.com
aplessman@hueston.com
ehayden@hueston.com

s/ *Jessica I. Rothschild*
Jessica I. Rothschild*
(*admitted *pro hac vice*)

DEFENDANT HUAWEI TECHNOLOGIES'
MOTION FOR SUMMARY JUDGMENT      - 15 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292