1

2

3

4

5                                                    HONORABLE RICHARD A. JONES

6                        UNITED STATES DISTRICT COURT
                    FOR THE WESTERN DISTRICT OF WASHINGTON
7                                 AT SEATTLE

8   T-MOBILE USA, INC., a Delaware
    corporation,                              Case No. 14-cv-01351-RAJ
9
                   Plaintiff,                 **T-MOBILE USA, INC.'S**
10                                            **OPPOSITION TO HUAWEI**
                                              **TECHNOLOGIES CO., LTD'S**
11          v.                                **MOTION FOR SUMMARY**
                                              **JUDGMENT**
12  HUAWEI DEVICE USA, INC., a Texas
    corporation; and HUAWEI TECHNOLOGIES      **NOTED ON MOTION CALENDAR:**
13  CO. LTD, a China corporation,             November 14, 2016

14                 Defendants.                **ORAL ARGUMENT REQUESTED**

15

16

17

18

19

20

21

22

23

24

25

26

27

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    THE COURT SHOULD AGAIN DENY HUAWEI CHINA'S ARGUMENT THAT THE COURT LACKS PERSONAL JURISDICTION.........................3

    A.    Huawei China's Motion Should Be Denied As An Improper Motion For Reconsideration.............................................................................3

    B.    T-Mobile Meets Its Burden To Make A Prima Facie Showing That This Court Has Personal Jurisdiction Over Huawei China............................4

II.    HUAWEI CHINA IS BOUND BY THE NDA.........................................11

    Thus, there is no question that the plain language of the NDA binds Huawei China to the NDA ............................................................................11

III.    T-MOBILE IS ENTITLED TO UNJUST ENRICHMENT .........................13

    A.    Huawei, Not T-Mobile, Carries The Burden To Show Which Portion Of Its Sales Are Not Attributable To The Trade Secret Theft ................14

        1.    Evidence Supports a Finding of Huawei's Use of T-Mobile's Trade Secrets Sufficient for Unjust Enrichment...................15

    B.    There Are Genuine Disputes Of Material Facts As To T-Mobile's Request For Reasonable Royalties .................................................17

IV.    CONCLUSION.............................................................................18

T-MOBILE USA, INC.'S OPPOSITION TO HUAWEI
TECHNOLOGIES CO., LTD'S MOTION FOR SUMMARY
JUDGMENT - i
(14-cv-01351-RAJ)

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON  98103
telephone (206) 545-0345
fax (206) 545-0350

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A.H. Lundberg Assocs., Inc. v. TSI, Inc.,*
No. C14-1160JLR (W.D. Wash. Sept. 21, 2016) ...................................... 14

*Ada Motors, Inc. v. Butler,*
2014 WL 4067876 (Wash. App. Aug. 18, 2014)................................ 14, 15

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986)..................................................................................... 2

*Bailie Commc'ns,, Ltd. v. Trend Bus. Sys., Inc.,*
61 Wash. App. 151 (1991) ........................................................................ 14

*Ballard v. Savage,*
65 F.3d 1495 (9th Cir. 1995) .................................................................... 10

*Berry v. Lee,*
428 F.Supp.2d 546 (N.D. Tex. 2006) ....................................................... 11

*Brainerd v. Governors of the Univ. of Alberta,*
873 F.2d 1257 (9th Cir. 1989) .................................................................... 8

*Burger King Corp. v. Rudzewicz,*
471 U.S. 462 (1985)..................................................................................... 5

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986)..................................................................................... 2

*Core-Vent Corp. v. Nobel Indus. AB,*
11 F.3d 1482 (9th Cir. 1993) ................................................................. 9, 10

*Corporate Inv. Business Brokers v. Melcher,*
824 F.2d 786 (9th Cir. 1987) ...................................................................... 9

*Credit Index, L.L.C. v. RiskWise Intl., L.L.C.,*
746 N.Y.S.2d 885 (Sup. Ct. 2002) ........................................................... 11

*Data Disc, Inc. v. Systems Tech. Associates, Inc.,*
557 F.2d 1280 (9th Cir. 1977) .................................................................... 4

*Fluke Electronics Corp. v. CorDEX Instruments, Inc.,*
No. C12-2082-JLR, 2013 WL 566949 (W.D. Wash. Feb. 13, 2013) .......... 8

*Greenfield v. Philles Records, Inc.,*
98 N.Y.2d 562 (2002)................................................................................ 11

*Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.,*
784 F.2d 1392 (9th Cir. 1986) .................................................................... 8

T-MOBILE USA, INC.'S OPPOSITION TO HUAWEI
TECHNOLOGIES CO., LTD'S MOTION FOR SUMMARY
JUDGMENT - ii
(14-cv-01351-RAJ)

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

## <u>TABLE OF AUTHORITIES (cont.)</u>

<u>Page(s)</u>

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*,
   328 F.3d 1122 (9th Cir. 2003) ................................................................... 4

*Horsehead Indus., Inc. v. Metallgesellschaft AG*,
   657 N.Y.S.2d 632 (App. Div. 1997) ......................................................... 12

*Huawei Tech. Co., Ltd. v. Samsung Electronics Co., Ltd.*,
   No. 3:16-cv-02787-WHO (N.D. Cal. May 24, 2016)............................ 11, 12, 14

*Johnson v. U.S. Bancorp*,
   2012 WL 6615507 (W.D. Wash. Dec. 18, 2012) ....................................... 13

*Lake v. Lake*,
   817 F.2d 1416 (9th Cir. 1987) .................................................................... 5

*Langlois v. Déjà vu, Inc.*,
   984 F. Supp. 1327 (W.D. Wash. 1997) ........................................................ 3

*Maltz v. Union Carbide Chems. & Plastics Co.*,
   992 F. Supp. 286 (S.D.N.Y. 1998)............................................................ 12

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
   647 F.3d 1218 (9th Cir. 2011) ..................................................................... 5

*McGowan v. Pillsbury Co.*,
   723 F. Supp. 530 (W.D. Wash. 1989)........................................................... 3

*Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K.*,
   757 F.2d 1058 (9th Cir. 1985) ..................................................................... 9

*Petters v. Williamson & Assocs., Inc.*,
   151 Wash. App. 154 (2009).................................................................. 14, 15

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ....................................................................... 5

*Shute v. Carnival Cruise Lines*,
   783 P.2d 78 (Wash. 1989) ........................................................................... 5

*Sinatra v. Nat'l Enquirer, Inc.*,
   854 F.2d 1191 (9th Cir. 1988) ................................................................ 9, 10

*Stillaguamish Tribe of Indians v. Nelson*,
   2013 WL 1661244 (W.D. Wash. Apr. 17, 2013)......................................... 13

*Unicru, Inc. v. Brenner*,
   2004 WL 785276 (D. Or. Apr. 13, 2004) ..................................................... 8

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

## <u>TABLE OF AUTHORITIES (cont.)</u>

**Page(s)**

*Yahoo! Inc. v. La Ligue Contre Le Racisme*,
  433 F.3d 1199 (9th Cir. 2006) ............................................... 5

*Young v. Young*,
  164 Wash.2d 477 (2008) .......................................................... 14

**Rules**

W.D. Wash. L.R. 7(h)(2) .............................................................. 4

Fed. R. Civ. P. 12(b) ...................................................................... 3

Fed. R. Civ. P. 56(a) ...................................................................... 2

W.D. Local Rule 7(e)(3) ......................................................... 9, 13

**Other Authorities**

Restatement (Third) of Unfair Competition (1995) ...................... 14

U.S. Dept. of State, Foreign Affairs Manual,
  Vol. 7, 921 Procedures for Oral Examination of Witnesses ................ 11

T-MOBILE USA, INC.'S OPPOSITION TO HUAWEI
TECHNOLOGIES CO., LTD'S MOTION FOR SUMMARY
JUDGMENT - iv
(14-cv-01351-RAJ)

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

**INTRODUCTION**

Huawei Technologies Co., Ltd. ("Huawei China" or "Huawei")[1] seeks to avoid responsibility for its role in directing the theft of T-Mobile USA, Inc.'s trade secrets by recycling jurisdictional arguments rejected by this Court fifteen months ago, ignoring the plain language of the Nondisclosure Agreement with T-Mobile binding Huawei China to its terms, and attempting to bar T-Mobile's damages claims by improperly shifting the burden of proof and ignoring evidence of Huawei's use of and benefit from T-Mobile's trade secrets. None of these arguments have merit, and none absolve Huawei of its wrongdoing.[2]

*First,* Huawei argues that this Court lacks personal jurisdiction over Huawei China, despite the Court's clear ruling on July 14, 2015 – based on an *evidentiary* motion Huawei submitted – that T-Mobile made a prima facie case for personal jurisdiction. Dkt. 77. The same prima facie standard applies to this renewed motion, and Huawei submits no new evidence that would change this Court's ruling. Huawei merely relies on information that has always been in its possession. The request is therefore an improper motion for reconsideration that should be denied. In any case, discovery in this matter uncovered internal Huawei emails that confirm Huawei China extensively directed the trade secrets theft at issue to improve its own testing capabilities. Huawei cannot evade this Court's jurisdiction.

*Second*, Huawei argues that Huawei China should not be bound by the Nondisclosure Agreement with T-Mobile, even though Huawei Device USA, Inc. ("Huawei USA") expressly agreed to its terms "on behalf of" itself and Huawei China, its parent. Huawei cites no case where a court disregarded the plain language of a contract binding affiliates and parents of the signatory to the agreement – language T-Mobile relied upon when Huawei signed the agreement and was permitted access to T-Mobile's testing labs. Moreover, the evidence shows that Huawei

---

[1] Though Huawei uses "Huawei Technologies" as the abbreviation for Huawei China, T-Mobile will use Huawei China as the abbreviation to conform with this Court's Motion to Dismiss Order. Dkt. 77 at 1.

[2] T-Mobile incorporates by reference against Huawei China each of the arguments it makes in Opposition to Huawei Device USA, Inc.'s Motion for Summary Judgment.

T-MOBILE USA, INC.'S OPPOSITION TO HUAWEI
TECHNOLOGIES CO., LTD'S MOTION FOR SUMMARY
JUDGMENT - 1
(14-cv-01351-RAJ)

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

China intended to be bound by the contract by directing Huawei USA's acquisition of confidential information from T-Mobile to assist Huawei China's R&D program.  Without signing the NDA, Huawei would not have been allowed into the lab and would not have been able to conduct the theft directed by Huawei China.  Under these circumstances, the Court should find that Huawei China is bound by the Nondisclosure Agreement as a matter of law.

*Third*, Huawei argues that T-Mobile cannot establish, as a matter of law, unjust enrichment or a reasonable royalty should Huawei be found liable for theft of T-Mobile's trade secrets because T-Mobile cannot show which of Huawei's sales are due or not due to the stolen trade secrets.  In fact, under Washington law, it is Huawei's burden to show that its sales were not attributable to T-Mobile's trade secrets.  But even assuming a different standard applied, there is ample evidence that (1) Huawei stole T-Mobile's trade secrets, (2) Huawei used T-Mobile's trade secrets to test non-T-Mobile devices, and (3) Huawei benefitted from such testing in the form of reduced device returns and improved customer satisfaction and retention, among other things.

Huawei China's motion should be denied in its entirety.

## **ARGUMENT**

Summary judgment is appropriate only if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party meets its initial burden, the opposing party need only set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.  *Id.* at 255.

T-MOBILE USA, INC.'S OPPOSITION TO HUAWEI
TECHNOLOGIES CO., LTD'S MOTION FOR SUMMARY
JUDGMENT - 2
(14-cv-01351-RAJ)

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON  98103
telephone (206) 545-0345
fax (206) 545-0350

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## I.   THE COURT SHOULD AGAIN DENY HUAWEI CHINA'S ARGUMENT THAT THE COURT LACKS PERSONAL JURISDICTION

### A.   Huawei China's Motion Should Be Denied As An Improper Motion For Reconsideration

Fifteen months ago, after considering evidence, this Court rejected Huawei's argument that this Court lacks personal jurisdiction over Huawei China, holding that T-Mobile satisfied the three-part test for the exercise of specific jurisdiction.  Dkt. 77 at 20-24.  Huawei China never sought reconsideration of that order, and its reasoning and holding apply with equal force today.

Nonetheless, Huawei China now renews the same personal jurisdiction argument in its motion for summary judgment, despite facing the identical legal standard it could not meet before.  Dkt. 250 at 4-10.  Unlike a Rule 12(b)(6) motion in which the Court is confined to the pleadings, a defendant can elect to submit evidence outside the pleadings in support of a 12(b)(2) motion, and Huawei did so.  Dkt. 77 at 21-22.  Indeed, in concluding that T-Mobile met its burden, the Court considered *evidence* (not just "allegations" or the "pleading[s]" as Huawei argues).  *Id*.  T-Mobile's burden is the same now as it was then: it must make a prima facie case for jurisdiction.  *Compare McGowan v. Pillsbury Co.*, 723 F. Supp. 530, 533 (W.D. Wash. 1989) (applying prima facie standard at summary judgment stage); *Langlois v. Déjà vu, Inc.*, 984 F. Supp. 1327, 1322-33 (W.D. Wash. 1997) (same) *with* Dkt. 77 at 20 ("When a defendant invokes Federal Rule of Civil Procedure 12(b)(2) in a motion to dismiss for lack of personal jurisdiction, the plaintiff must make a prima facie showing of personal jurisdiction.").  Huawei China does not and cannot explain why the same evidence that was sufficient to meet T-Mobile's burden fifteen months ago is insufficient to meet that same burden today.  Huawei China's only new argument is that a different Huawei entity (Huawei Device Co., Ltd.), not Huawei China, was the actual perpetrator of the scheme to steal T-Mobile trade secrets.  This is both an argument that Huawei could have submitted in connection with its earlier motion and, in any event, does not change this Court's prior finding.  As discussed *infra*, this argument is contradicted by clear

T-MOBILE USA, INC.'S OPPOSITION TO HUAWEI TECHNOLOGIES CO., LTD'S MOTION FOR SUMMARY JUDGMENT - 3
(14-cv-01351-RAJ)

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

1    evidence that Huawei China was intimately involved in the plan to steal T-Mobile's trade

2    secrets.  At most, this new argument creates an issue of fact for the jury to decide.[3]

3            In sum, Huawei's purported motion for summary judgment on personal jurisdiction

4    grounds is an improper, belated, and disguised motion for reconsideration of this Court's prior

5    order in violation of Local Rule 7(h)(2).  Indeed, Huawei followed none of Local Rule 7(h)(2)'s

6    requirements and therefore its motion should be denied for that reason alone.  *See* W.D. Wash.

7    L.R. 7(h)(2) ("A motion for reconsideration shall be plainly labeled as such . . . The motion shall

8    be filed within fourteen days after the order to which it relates is filed. . .[the moving party must

9    address] with specificity the matters which the movant believes were overlooked or

10   misapprehended by the court, any new matters being brought to the court's attention for the first

11   time, and the particular modifications being sought in the court's prior ruling."); *id.* ("Failure to

12   comply with this subsection may be grounds for denial of the motion.").

13   **B.     T-Mobile Meets Its Burden To Make A Prima Facie Showing That
            This Court Has Personal Jurisdiction Over Huawei China**

14

15          Should the Court choose to reconsider Huawei's arguments, it should nonetheless find

16   that T-Mobile has made a prima facie showing of personal jurisdiction.  "A plaintiff builds a

17   prima facie case by stating facts that, if true, would support the court's exercise of jurisdiction."

18   Dkt. 77 at 20 (citing *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d

19   1122, 1128-29 (9th Cir. 2003)).  "If the parties provide competing evidence as to a fact, however,

20   the court must resolve competing inferences in the plaintiff's favor."  *Id.* (citing *Harris Rutsky*,

21   328 F.3d at 1129).

22          Huawei does not contest that the long-arm statute of Washington applies and that it

23   "extends personal jurisdiction to the broadest reach that the Due Process Clause of the federal

24

25          [3]  The Ninth Circuit has held that where jurisdictional facts are enmeshed with the merits, these issues are
      properly determined at trial - not on a motion for summary judgment or even at a preliminary evidentiary hearing

26   (where a preponderance of the evidence standard might be applied) - so that the plaintiff may present his case in a
      "coherent, orderly fashion and without the risk of prejudicing his case on the merits."  *Data Disc, Inc. v. Systems*

27   *Tech. Associates, Inc.*, 557 F.2d 1280, 1285 n.2 (9th Cir. 1977).

1    Constitution permits." *Id.* (citing *Shute v. Carnival Cruise Lines*, 783 P.2d 78, 82 (Wash. 1989)).

2    As this Court wrote in its MTD Order, "[a] three-part test determines whether the assertion of

3    specific jurisdiction over a defendant comports with the Due Process Clause:

4          1) The non-resident defendant must purposefully direct his activities or consummate
           some transaction with the forum or [a] resident thereof; or perform some act by which he
5          purposefully avails himself of the privilege of conducting activities in the forum, thereby
           invoking the benefits and protections of its laws;
6
           2) the claim must be one which arises out of or relates to the defendant's forum-related
7          activities; and

8          3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it
           must be reasonable.
9

10   *Id.* at 22 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)

11   (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987))).  "The plaintiff bears the burden as

12   to the first two parts of the test."  *Id.* (citing *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d

13   1218, 1228 (9th Cir. 2011)).  "If the plaintiff meets that burden, the burden shifts to the

14   defendant to make a 'compelling case' that the exercise of jurisdiction is unreasonable."  *Id.*

15   (citing *Mavrix*, 647 F.3d at 1228 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476

16   (1985)).  T-Mobile prevails on all three parts of this test.

17          *First*, T-Mobile easily meets the purposeful direction test that applies when tortious

18   activity is at issue, namely: "'The defendant allegedly [must] have (1) committed an intentional

19   act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to

20   be suffered in the forum state.'"  Dkt. 77 at 23 (citing *Yahoo! Inc. v. La Ligue Contre Le

21   *Racisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (quoting *Schwarzenegger*, 374 F.3d at 803)).

22   Huawei readily admits in its brief (as it must) that Huawei China – and not any other Huawei

23   entity – issued the discipline to the offending employees named in T-Mobile's Complaint.  *See,*

24   *e.g.*, Dkt. 250 at 1:13-15; ███████████████████████████████████████

25   ████████████████████████████████████████████████████████████████

26   ████████████████████████████████████████████████████████████████

27

T-MOBILE USA, INC.'S OPPOSITION TO HUAWEI
TECHNOLOGIES CO., LTD'S MOTION FOR SUMMARY
JUDGMENT - 5
(14-cv-01351-RAJ)

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

███████████████████████████████████[4].  This follows Huawei China's prior admissions in a filed Joint Stipulation that Huawei China executives were involved in the disciplinary decisions, Huawei China conducted an investigation into the alleged conduct in Washington, and Huawei China "had taken corrective and disciplinary actions" against Huawei employees. Dkt. 60-1, ¶¶ 2, 4-5.  The Court already found that this evidence, which it considered in connection with the earlier motion to dismiss, permits "the reasonable inference that Huawei China exercised control over the Huawei personnel who actually committed misconduct in T-Mobile's Bellevue facilities" and that "Huawei China disciplined [the employees] only to give the appearance that it had not directed their activities."  Dkt. 77 at 21, 24.  While Huawei China attempts to dismiss its involvement in the investigation and discipline of these employees as "post hoc," the Court correctly recognized that such actions create the inference that Huawei China was directing the theft of T-Mobile's trade secrets in Washington, not just the after-the-fact discipline.  *Id.*

That inference, which Huawei China conspicuously ignores in its brief, has now been confirmed through discovery:  Huawei China did, in fact, orchestrate and direct Huawei's multi-year campaign to obtain and steal T-Mobile's trade secrets, making this Court's exercise of personal jurisdiction over Huawei China entirely appropriate.  █████████████████████

████████████████████████████████████████████
████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████████████

---

[4] All citations to Exhibits are references to exhibits attached to the Declaration of Xinlin Li Morrow in Support of T-Mobile's Opposition to Huawei Technologies Co., Ltd's Motion for Summary Judgment.

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

1 ████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████

3 ████████ Dkt. 60-1 at ¶ 4 (Huawei admits that "Huawei Technologies was referred to as

4 'Huawei HQ.'").

5      Moreover, there is evidence showing that key actors in Huawei's scheme to steal T-

6 Mobile trade secrets work for and/or hold themselves out as agents of Huawei China. ████

7 ████████████████████████████████████████████████████

8 ████████████████████████████████████████████████████

9 ████████████████████████████████████████████████████

10 █████████████████████████████████████████████████

11 ████████████████████████████████████████████████

12 ████████████████████████████████████████████████████████

13 ████████ As a result of this direction from Huawei China personnel, Huawei USA employees

14 funneled information, including photographs taken in clear violation of NDAs and other

15 agreements, back to Huawei China.  *See, e.g.*, Dkt. 245 at 5-9 (T-Mobile's Motion for Partial

16 Summary Judgment).

17 ████████████████████████████████████████████

18 ████████████████████████████████████████████████

19 ████████████████████████████████████████████████████

20 ████████████████████████████████████████████████████

21 ████████████████████████████████████████████████

22 ██████████████████████████████████████████

23 ████████████████████████████████████████████

24 ██████████████████████████████████████████████

25 ████████████████████████████████████████████████

26 ████████████████████████████████████████████████████

27 ████████████████████████████████

1   In sum, there is ample evidence (including but not limited to the evidence this Court

2   already concluded was sufficient) to find that Huawei China intentionally directed Huawei

3   personnel to cause harm that it knew would occur to T-Mobile in Washington.

4        *Second*, "there is no question that the claims against Huawei China arise out of the

5   activity that it directed at Washington." Dkt. 77 at 24; *see also Fluke Electronics Corp. v.*

6   *CorDEX Instruments, Inc.*, No. C12-2082-JLR, 2013 WL 566949, at *5 (W.D. Wash. Feb. 13,

7   2013) ("The second prong of the effects test is that Defendants' acts must have been expressly

8   aimed at the forum state."). As outlined above, Huawei China exercised control over employees

9   accessing T-Mobile's testing labs in Bellevue, Washington, directed them to take photographs

10  and steal T-Mobile's trade secrets from those labs, benefitted from the misappropriation, and

11  then, later, "disciplined" the same employees when caught by T-Mobile. T-Mobile's claims

12  against Huawei China arise out of those activities. *See Brainerd v. Governors of the Univ. of*

13  *Alberta*, 873 F.2d 1257, 1260 (9th Cir. 1989) (finding claims arose out of activity when alleged

14  actions were taken "for the very purpose of having their consequences felt in the forum state").

15       *Third,* Huawei has not met its burden to show that it would be unreasonable to subject it

16  to personal jurisdiction in Washington. "[D]efendants carry a heavy burden attempting to defeat

17  the exercise of jurisdiction." *Unicru, Inc. v. Brenner*, 2004 WL 785276, at *9 (D. Or. Apr. 13,

18  2004); *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir.

19  1986) (defendant must make a "compelling case that [specific] jurisdiction would be

20  unreasonable"). Huawei failed to make any such arguments at the motion to dismiss stage.

21  Dkt. 77 at 24 ("Huawei China did not attempt to discharge that burden. The court is aware of no

22  reason that its exercise of jurisdiction over Huawei China would be unreasonable."). While

23  Huawei now attempts to make those arguments fifteen months later, they do not supply a basis

24  for finding that personal jurisdiction in Washington is unreasonable.

25       "In analyzing the reasonableness of exercising jurisdiction, [courts] apply seven factors:

26  (A) the extent of the purposeful interjection into the forum state, (B) the burden on the defendant

27  of defending in the forum, (C) the extent of conflict with the sovereignty of defendant's state,

T-MOBILE USA, INC.'S OPPOSITION TO HUAWEI
TECHNOLOGIES CO., LTD'S MOTION FOR SUMMARY
JUDGMENT - 8
(14-cv-01351-RAJ)

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

1  (D) the forum state's interest in adjudicating the dispute, (E) the most efficient judicial resolution

2  of the controversy, (F) the importance of the forum to plaintiff's interest in convenient and

3  effective relief, and (G) the existence of an alternative forum." *Paccar Int'l, Inc. v. Commercial*

4  *Bank of Kuwait, S.A.K.*, 757 F.2d 1058, 1065 (9th Cir. 1985) (internal quotations omitted).

5  Huawei has failed to show that personal jurisdiction in Washington is unreasonable here:

6  • Purposeful Interjection:  "The factor of purposeful interjection is analogous to the purposeful

7    direction analysis" discussed above.  *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1199

8    (9th Cir. 1988).  Huawei China directed employees to take actions that would harm T-Mobile

9    in Washington, as discussed above, and exercised control over employees who were

10   conducting business and had contractual relations with T-Mobile in Washington.  Where

11   purposeful direction is found, Ninth Circuit courts either routinely find that the 'purpose

12   interjectment' factor is satisfied.  *Corporate Inv. Business Brokers v. Melcher*, 824 F.2d 786,

13   790 (9th Cir. 1987); *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1488 (9th Cir.

14   1993).

15  • Burden:  Courts examine the burden of a party to litigate in the forum at issue.  *Sinatra*, 854

16   F.2d at 1199.  Here, Huawei China is represented by the same counsel as Huawei USA and

17   has been throughout this litigation.  Dkt. 250 at 14.  Indeed, Huawei USA and Huawei China

18   have used their joint defense to join and reference the arguments in one another's briefs to

19   circumvent this Court's local rules on the maximum length of briefs for summary judgment.

20   Dkt. 259 at 24; *see* W.D. Local Rule 7(e)(3).  Huawei China's ability to litigate these claims

21   in Washington in conjunction with its close subsidiary Huawei USA in a single litigation in

22   which it can jointly address overlapping issues demonstrates that the burden on it is minimal.

23  • Sovereignty:  Ninth Circuit law holds that where an international defendant "has manifested

24   an intent to serve and to benefit from the United States market[,]…sovereignty

25   considerations weigh less heavily than if no United States-based relationships were

26   established."  *Sinatra*, 854 F.2d at 1200.  Huawei China ultimately exerts control and

27   influence over Huawei USA and its operations.  Dkt. 250 at 2 (admitting that Huawei China

T-MOBILE USA, INC.'S OPPOSITION TO HUAWEI
TECHNOLOGIES CO., LTD'S MOTION FOR SUMMARY
JUDGMENT - 9
(14-cv-01351-RAJ)

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

jointly owns Huawei USA in whole); *see* supra Section I.B. at 6:14-7:4.  The scale of Huawei's operation in the United States shows that it certainly has "manifested an intent to serve and to benefit from the United States market…." *Sinatra*, 854 F.2d at 1200.

- Forum State's Interest:  Washington maintains a strong interest in ensuring that theft of intellectual property committed in Washington against a company based in Washington are adjudicated in Washington. *See Core-Vent*, 11 F.3d at 1489 (9th Cir. 1993) ("[States] maintain[] a strong interest in providing an effective means of redress for its residents who are tortiously injured." (internal quotations omitted)).

- Efficiency:  Courts examine efficiency by examining "where the witnesses and the evidence are likely to be located." *Core-Vent*, 11 F.3d at 1489.  Huawei ignores that many witnesses and evidence are located in Washington, including T-Mobile's employees and evidence regarding its testing labs and robotic testing system.  In addition, Huawei's argument that all Huawei China evidence is located in China and so Washington is not the most efficient forum is unavailing.  Dkt. 250 at 13.  Extensive discovery has already taken place in this matter, including international depositions, document discovery, and inspections.  Indeed, several have had to take place in countries other than China and the USA, such as Panama and Finland.

- Importance of Forum to Plaintiff's Interest:  In determining how to weigh this factor, courts look to where the plaintiff "could obtain the most effective and convenient relief." *Ballard v. Savage*, 65 F.3d 1495, 1501-02 (9th Cir. 1995).  Huawei does not contest that Washington is the most effective and convenient forum for T-Mobile to litigate its claims.

- Alternate Forum:  Huawei improperly places the burden on T-Mobile to offer an alternate forum, as Huawei does not offer an alternate forum in its argument, nor any evidence for why a different forum would be more appropriate.  Dkt. 250 at 10.  *See Ballard*, 65 F.3d at 1502 (stating that defendant "erroneously assum[ed] that the burden is on [plaintiff] to prove the lack of an alternate forum").  In any case, China is not a more appropriate forum because many of the violations and thefts occurred in Washington, the trade secrets are located in

T-MOBILE USA, INC.'S OPPOSITION TO HUAWEI
TECHNOLOGIES CO., LTD'S MOTION FOR SUMMARY
JUDGMENT - 10
(14-cv-01351-RAJ)

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

1    Washington, many of the witnesses reside in Washington, and Washington law applies to

2    most of the claims at issue.  In addition, China is not a reasonable forum because, for

3    example, depositions would likely be prohibited in China.  Ex. 15, § d(3) (U.S. Dept. of

4    State, Foreign Affairs Manual, Vol. 7, 921 Procedures for Oral Examination of Witnesses at

5    2-3)); *see also Berry v. Lee*, 428 F.Supp.2d 546, 557 (N.D. Tex. 2006) ("China may view

6    voluntary depositions … as violations of its judicial sovereignty").

7    These factors weigh in favor of personal jurisdiction, even more so after this case has

8    been extensively litigated through fact and expert discovery and is rapidly approaching trial.

9    Huawei's motion on this ground should be denied.

10   **II.     HUAWEI CHINA IS BOUND BY THE NDA**

11   Huawei China does not dispute that Huawei USA signed the Nondisclosure Agreement

12   ("NDA") with T-Mobile "on behalf of itself, its parents, [and] affiliates." Dkt. 251-6, at 1

13   (NDA).  Nor does Huawei dispute that Huawei China is a parent and affiliate of Huawei USA;

14   indeed, Huawei admitted in its opening brief and Answer that Huawei USA is a subsidiary of

15   Huawei China. Dkt. 250 at 6.  Huawei has similarly admitted in court filings in other cases that

16   Huawei USA is a subsidiary of Huawei China.  Complaint at ¶ 3 (Dkt. 1), *Huawei Tech. Co.,*

17   *Ltd. v. Samsung Electronics Co., Ltd.*, No. 3:16-cv-02787-WHO (N.D. Cal. May 24, 2016).

18   Thus, there is no question that the plain language of the NDA binds Huawei China to the

19   NDA.  *See Greenfield v. Philles Records, Inc.*, 98 N.Y.2d 562, 569 (2002) ("[A] written

20   agreement that is complete, clear and unambiguous on its face must be enforced according to the

21   plain meaning of its terms.").  And under New York law, which governs the NDA, Huawei USA

22   can legally bind its affiliate Huawei China to the NDA.  *See Credit Index, L.L.C. v. RiskWise*

23   *Intl., L.L.C.*, 746 N.Y.S.2d 885, 889 (Sup. Ct. 2002) ("[A] number of cases support…that a non-

24   signatory entity may…be considered an 'affiliate' within the meaning of the agreement, and be

25   bound by the…provision[s] contained therein.").  Huawei does not offer any reason why the

26   contract should not be interpreted as written.  Instead it cites inapposite cases, such as those

27   where the plaintiff only asserted an alter ego theory.  None of those cases involve contracts

T-MOBILE USA, INC.'S OPPOSITION TO HUAWEI
TECHNOLOGIES CO., LTD'S MOTION FOR SUMMARY
JUDGMENT - 11
(14-cv-01351-RAJ)

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

1    where, as here, a party explicitly agreed in the contract itself to bind its parents and affiliates.

2    *See, e.g., Horsehead Indus., Inc. v. Metallgesellschaft AG*, 657 N.Y.S.2d 632, 633 (App. Div.

3    1997) (plaintiff's claim based on an alter ego theory, not plain language of contract); *Maltz v.*

4    *Union Carbide Chems. & Plastics Co.*, 992 F. Supp. 286, 300 (S.D.N.Y. 1998) (same).

5        In addition, even if the contract did not have this explicit and binding language, there is

6    still ample evidence showing that Huawei China is bound to the terms of the NDA through its

7    actions as the parent company of Huawei USA.  As Huawei admits in its brief, a nonsignatory

8    parent company can be bound to the agreement – even without the binding language at issue here

9    – "if the parent's conduct manifests an intent to be bound by the contract, which intent is

10   inferable from the parent's participation in the negotiation of the contract, or if the subsidiary is a

11   dummy for the parent, or if the subsidiary is controlled by the parent for the parent's own

12   purposes." *Horsehead Indus.*, 657 N.Y.S.2d at 633.

13       Here, Huawei China manifested an intent to be bound by the NDA by controlling Huawei

14   USA's conduct for its own purposes.  As detailed above, the evidence shows Huawei China

15   controlled the activities of Huawei USA employees in T-Mobile's testing labs for its own

16   benefit.  Indeed, after Huawei China obtained the benefits of the NDA (*i.e.*, access to T-Mobile's

17   robotic testing system through Huawei USA employees), it coordinated and directed the scheme

18   to steal T-Mobile's trade secrets.[5]  *See* T-Mobile Opposition to Huawei USA MSJ, § II.C.

19   ████████████████████████████████████████████████████████████

20   ████████████████████████████████████████████████████████████

21

22      [5] In line with the evidence in this case showing Huawei China instructed Huawei USA employees to steal trade secrets to benefit its own R&D activities, Huawei China has admitted in other cases that it jointly conducts R&D

23   activities with Huawei USA.  Complaint at ¶ 18 (Dkt. 1), *Huawei Tech. Co., Ltd. v. Samsung Electronics Co., Ltd.*, No. 3:16-cv-02787-WHO (N.D. Cal. May 24, 2016).  An instructive example of how Huawei China takes ownership

24   of the R&D efforts of its subsidiary companies is in the context of patent ownership.  Johan Johansson was an employee of Huawei Sweden, a research and development subsidiary of Huawei China.  *See* Ex. 16 (LinkedIn);

25   Ex. 17 (CompWeekly Article).  Even though Huawei Sweden employee Johansson and another Stockholm-based Huawei employee are listed as the inventors on a patent, the only applicant and assignee listed on the patent is

26   Huawei China.  Ex. 18 (Patent 8,208,934) at 1.  Other patents on which Huawei Sweden employee Johansson is listed also are only assigned to and owned by Huawei China.  Ex. 19 (Patent 8,996,003) at 1; Ex. 20 (Patent

27   9,247,493) at 1.  Huawei China is not a passive "parent" – it is so active that it claims rights and privileges over the research and development of its subsidiaries.

T-MOBILE USA, INC.'S OPPOSITION TO HUAWEI
TECHNOLOGIES CO., LTD'S MOTION FOR SUMMARY
JUDGMENT - 12
(14-cv-01351-RAJ)

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

1    secrets.  Moreover, after the theft was discovered, Jennifer Ponder – Human Resources officer of

2    Huawei Device USA – represented to T-Mobile that *Huawei China* issued "Corrective Actions

3    and Disciplinary Actions" against the offending employees that Huawei now claims are not

4    employees of Huawei China.  *See* Ex. 1 (TMHUA00165538).  Thus, the evidence

5    unambiguously shows that Huawei obtained the benefits of the NDA with T-Mobile and

6    controlled and monitored the activities of its subsidiary's employees for its own purposes,

7    thereby manifesting an intent to be bound by the NDA.  Under these circumstances and given the

8    plain language of the NDA, the Court should find that Huawei China is bound by the NDA as a

9    matter of law.

10   ### III.    T-MOBILE IS ENTITLED TO UNJUST ENRICHMENT[6]

11          The Washington Uniform Trade Secrets Act ("WUTSA") provides that "[a]

12   complainant…may recover for the unjust enrichment caused by misappropriation that is not

13   taken into account in computing damages for actual loss."  RCWA 19.108.030(1).  Huawei

14   argues that T-Mobile is not entitled to such damages because T-Mobile has not shown a "nexus"

15   between Huawei's theft of the trade secrets and the benefit Huawei received.  Yet Huawei's

16   argument urges the Court to apply the wrong legal standard and to shift Huawei's evidentiary

17   burden to T-Mobile.  And even were the rule otherwise, the evidence demonstrates a "nexus"

18   between Huawei's theft and its benefits to Huawei.[7]

19

20          [6] Huawei improperly tacked this argument on to its brief for Huawei China to overcome the page limits
     established by Local Rule 7(e)(3).  Local Rule 7(e)(3) states that, "[a]bsent leave of the court, parties must not file
21   contemporaneous dispositive motions, each one directed toward a discrete issue or claim."  At the end of the twenty-
     fourth page in Huawei USA's brief, Huawei USA "incorporates by reference" the arguments in Huawei China's
22   brief on this issue.  There is nothing about this argument that is particular or unique to Huawei China.  Rather,
     Huawei merely ran out of space for argument in the Huawei USA brief, which generally addresses arguments
23   common to claims against both parties.  This circumvents the letter and spirit of Local Rule 7(e), and the Court
     should therefore disregard the argument.  *See Johnson v. U.S. Bancorp*, 2012 WL 6615507, at *1 n.3 (W.D. Wash.
24   Dec. 18, 2012) (Jones, J.) (declining to consider arguments in referenced brief that results in the brief exceeding
     page length limitations); *Stillaguamish Tribe of Indians v. Nelson*, 2013 WL 1661244, at *1 n.1 (W.D. Wash. Apr.
25   17, 2013) (Jones, J.) (same).  To the extent Huawei is allowed to make these arguments as to both Huawei parties in
     this manner, T-Mobile respectfully requests that its points in opposition also apply to both Huawei parties.

26          [7] ███████████████████████████████████████████████████

27   ████████████████████████████████████

T-MOBILE USA, INC.'S OPPOSITION TO HUAWEI
TECHNOLOGIES CO., LTD'S MOTION FOR SUMMARY
JUDGMENT - 13
(14-cv-01351-RAJ)

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

## A.    Huawei, Not T-Mobile, Carries The Burden To Show Which Portion Of Its Sales Are Not Attributable To The Trade Secret Theft

Huawei's motion on this ground fails for the simple reason that Huawei requests that the Court apply the wrong legal standard.  Specifically, Huawei claims that T-Mobile must present evidence to establish which portion of Huawei's sales are attributable to the trade secret.  *See, e.g.,* Huawei China MSJ at 12 n.5 ("T-Mobile cannot prove any sales attributable to the use of a trade secret, and thus, the burden never shifts away from T-Mobile.").  But Huawei miscites *Petters v. Williamson & Assocs., Inc.*, and has the rule exactly backwards.

It is *Huawei's* burden to show the portion of sales not attributable to the use of the trade secret; T-Mobile only needs to show Huawei's "sales."  *See Petters v. Williamson & Assocs., Inc.,* 151 Wash. App. 154, 165 (2009) (citing Restatement (Third) of Unfair Competition (the "Restatement") § 45 cmt. f, at 516-17 (1995) ("The plaintiff has the burden of establishing the defendant's sales; the defendant has the burden of establishing any portion of the sales not attributable to the trade secret and any expenses to be deducted in determining net profits.") (emphasis added); *see also Ada Motors, Inc. v. Butler*, 2014 WL 4067876, at *2-3 (Wash. App. Aug. 18, 2014) (explaining that under the holding of *Petters*, which "expressly adopts comment f of the *Restatement*," "[t]he plaintiff's initial burden in proving unjust enrichment for trade secret misappropriation is to prove only 'sales'").[8]  Indeed, in a recent trade secrets trial in the Western District of Washington, the court provided this very instruction to the jury.  Jury Instructions at 37-38 (Dkt. 200), *A.H. Lundberg Assocs., Inc. v. TSI, Inc.*, No. C14-1160JLR (W.D. Wash. Sept. 21, 2016) (Robart, J.) ("[Plaintiff] has the burden of establishing [defendant's] sales.  [Defendant] has the burden of establishing the amount of its profits that are not attributable to [plaintiff's] trade secrets.").

---

[8] Huawei's other cited cases do not apply the trade secret-specific standard for unjust enrichment in Washington. *See Young v. Young*, 164 Wash.2d 477, 480, 484-85 (2008) (unjust enrichment standard in the context of a real property claim); *Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc.*, 61 Wash. App. 151, 160 (1991) (same).

T-MOBILE USA, INC.'S OPPOSITION TO HUAWEI TECHNOLOGIES CO., LTD'S MOTION FOR SUMMARY JUDGMENT - 14 (14-cv-01351-RAJ)

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

1   This rule "places on the party in possession of the relevant information – the defendant –

2   the burden of demonstrating which portion, if any, of the revenue obtained through the transfer

3   of a trade secret was not, in fact, attributable to the transfer." *Petters*, 151 Wash. App. at 165.

4   Huawei's supposed "burden shifting" standard would be meaningless; it would somehow require

5   both parties to show the same thing – which sales are attributable to the trade secret or not.  At

6   best, this would be redundant; in fact, such a standard would be unworkable.  *See also, e.g., Ada*

7   *Motors,* 2014 WL 4067876, at *3 ("*Petters* holds that the plaintiff's initial burden is to prove

8   only 'sales,' not 'damages from sales,' before the burden shifts to the defendant … insertion of

9   the word 'damages' … misstates the law by requiring [Plaintiff] to prove something beyond

10  sales.").

11  ███████████████████████████████████████████████

12  ███████████████████████████████████████████████████

13  ███████████████████████████████████████████████████

14  ███   Huawei does not argue otherwise (*see* Dkt. 250 at 12:15-19), and any argument to the

15  contrary would be a dispute of fact not suitable for resolution at this stage.  Moreover, T-Mobile

16  has more than basic "sales" information; it can show Huawei's sales directly related to the trade

17  secret misappropriation.  ████████████████████████████

18  ████████████████████████████████████████████

19  █████████████████████████████████████████████

20  █████████████████████████████   Assuming the factfinder

21  determines that Huawei is liable for theft, T-Mobile has easily met its burden to show unjust

22  enrichment under Washington law.

23        1.    **Evidence Supports a Finding of Huawei's Use of T-Mobile's**
              **Trade Secrets Sufficient for Unjust Enrichment**

24

25  Even assuming *arguendo* that some other legal standard applies (although Huawei has

26  not cited support for one), T-Mobile can submit ample evidence to support a finding that Huawei

27  used T-Mobile's trade secrets and benefitted as a result.

T-MOBILE USA, INC.'S OPPOSITION TO HUAWEI
TECHNOLOGIES CO., LTD'S MOTION FOR SUMMARY
JUDGMENT - 15
(14-cv-01351-RAJ)

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350



At minimum, there is a dispute of fact as to whether and to what extent Huawei benefitted from the technology it stole from T-Mobile.  This is an issue for trial.

T-MOBILE USA, INC.'S OPPOSITION TO HUAWEI
TECHNOLOGIES CO., LTD'S MOTION FOR SUMMARY
JUDGMENT - 16
(14-cv-01351-RAJ)

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

**B.      There Are Genuine Disputes Of Material Facts As To T-Mobile's Request For Reasonable Royalties**

Under the WUTSA, "[i]f the court determines that it would be unreasonable to prohibit future use, an injunction may condition future use upon payment of a reasonable royalty for no longer than the period of time the use could have been prohibited."  RCW 19.108.020(2). ██

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████ Huawei only attacks the future royalty.  *See* Dkt. 50 at 13.

Aside from repeating the erroneous claim that T-Mobile did not show how Huawei benefitted from T-Mobile's technology, Huawei claims there is no evidence that the technology has been in use since 2013.  However, Huawei's evidence contradicts Huawei's claim.  ███

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████████

1  ███████████████████████████████████████████████████

2  ████████████████████████████████████████████████

3  █████████████████████████████████████████████████

4  █████████████████████████████████████████████

5  █████████████████████████████████████████████

6  █████████████████████████████████████████████████

7  ███████████████████████████████████████████

8  ████████████████████████████████████████████

9  ████████████████████████████████████ Thus, Huawei

10  continues to benefit from its misappropriation.

11        In short, this is an issue for trial.

12  **IV.    CONCLUSION**

13        For these reasons, the Court should deny Huawei China's motion for summary judgment

14  in its entirety.

15        DATED this 7th day of November, 2016.

16

17                           *s/ Eric Hayden*
                         Eric Hayden (admitted *pro hac vice*)

18                           John C. Hueston (admitted *pro hac vice*)

19                           Alison L. Plessman (admitted *pro hac vice*)
                         Steven N. Feldman (admitted *pro hac vice*)

20                           jhueston@hueston.com
                         aplessman@hueston.com

21                           ehayden@hueston.com
                         sfeldman@hueston.com

22                           660 Newport Center Drive, Suite 1000
                         Newport Beach, CA 92660

23                           (949) 229-8640

24                           Michael E. Kipling, WSBA #7677

25                           Marjorie A. Walter, WSBA #40078
                         kipling@kiplinglawgroup.com

26                           walter@kiplinglawgroup.com
                         **KIPLING LAW GROUP PLLC**

27                           4464 Fremont Avenue N., Suite 300

T-MOBILE USA, INC.'S OPPOSITION TO HUAWEI
TECHNOLOGIES CO., LTD'S MOTION FOR SUMMARY
JUDGMENT - 18
(14-cv-01351-RAJ)

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

Seattle, WA 98103
(206) 545-0345
(206) 545-0350 (fax)

***Counsel for Plaintiff T-Mobile USA, Inc***

T-MOBILE USA, INC.'S OPPOSITION TO HUAWEI
TECHNOLOGIES CO., LTD'S MOTION FOR SUMMARY
JUDGMENT - 19
(14-cv-01351-RAJ)

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

1

### CERTIFICATE OF SERVICE

2       I hereby certify that on the 7th day of November, 2016, I electronically filed the foregoing

3  with the Clerk of the Court using the CM/ECF system which will send notification of such filing

4  to all counsel of record.

5

6       DATED this 7th day of November, 2016.

7

8                        s/ Xinlin Li Morrow

Xinlin Li Morrow (admitted *pro hac vice*)

9                        **Hueston Hennigan LLP**

523 W. 6th Street, Suite 400

10                       Los Angeles, CA  90014

11                       (213) 788-4340

12                       *Counsel Plaintiff T-Mobile USA, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

T-MOBILE USA, INC.'S OPPOSITION TO HUAWEI
TECHNOLOGIES CO., LTD'S MOTION FOR SUMMARY
JUDGMENT - 20
(14-cv-01351-RAJ)

Kipling Law Group pllc
4464 Fremont Ave N, Suite 300
Seattle, Washington 98103
telephone (206) 545-0345
fax (206) 545-0350