1
2
3
4                                         HONORABLE RICHARD A. JONES
5
6
7
8                      UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF WASHINGTON
9                                 AT SEATTLE

10  T-MOBILE USA, INC., a Delaware
    corporation,                               Case No. 14-cv-01351-RAJ
11
                    Plaintiff,
12                                             **JOINT AGREED INSTRUCTIONS**
            v.
13
    HUAWEI DEVICE USA, INC., a Texas
14  corporation,

15                  Defendant.

16
17
18
19
20
21
22
23
24
25
26
27

The parties, having met and conferred regarding jury instructions pursuant to Western District of Washington Local Civil Rule ("LCR") 51(f), hereby submit the following Joint Agreed Instructions.

The parties expressly reserve the right to amend, supplement, or otherwise revise these jury instructions including, but not limited to, based upon the parties' stipulations, the Court's rulings on any pending or pretrial motions, a final determination as to the manner in which these cases will be tried, proof at trial, Plaintiff's or Defendant's pursuit or abandonment of their claims or defenses, or as is otherwise reasonable and appropriate.

# TABLE OF CONTENTS

### *Preliminary Instructions*

| Number | Title | Source | Page No. | Party |
|--------|-------|--------|----------|-------|
| 1 | Duty of Jury | 9th Cir. 1.2 | 2 | Joint |
| 2 | Burden of Proof - Preponderance of the Evidence | 9th Cir. 1.6 | 3 | Joint |
| 3 | What Is Evidence | 9th Cir. 1.9 | 4 | Joint |
| 4 | What Is Not Evidence | 9th Cir. 1.10 | 5 | Joint |
| 5 | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 6 | Joint |
| 6 | Ruling on Objections | 9th Cir. 1.13 | 7 | Joint |
| 7 | Credibility of Witnesses | 9th Cir. 1.14 | 8 | Joint |
| 8 | Foreign Language Testimony | 9th Cir. 2.8 | 10 | Joint |
| 9 | Bench Conferences and Recesses | 9th Cir. 1.20 | 11 | Joint |
| 10 | Taking Notes | 9th Cir. 1.18 | 12 | Joint |
| 11 | No Transcript Available to Jury | 9th Cir. 1.17 | 13 | Joint |
| 12 | Conduct of the Jury | 9th Cir. 1.15 | 14 | Joint |
| 13 | Outline of Trial | 9th Cir. 1.21 | 16 | Joint |

### *Mid-Trial Instructions*

| Number | Title | Source | Page No. | Party |
|--------|-------|--------|----------|-------|
| 14 | Recesses | Hon. Richard A. Jones Preliminary Instruction to the Jury No. 14 | 17 | Joint |
| 15 | Deposition in Lieu of Live Testimony | 9th Cir. 2.4 | 19 | Joint |
| 16 | Stipulations of Fact | 9th Cir. 2.2 | 20 | Joint |
| 17 | Expert Opinion | 9th Cir. 2.13 | 21 | Joint |

### *Final Instructions*

| 18 | Duty of Jury | 9th Cir. 1.4; WPI 1.02 | 23 | Joint |
|----|--------------|------------------------|----|-------|
| 19 | Burden of Proof - Preponderance of the Evidence | 9th Cir. 1.3 | 24 | Joint |
| 20 | What Is Evidence | 9th Cir. 1.6 | 25 | Joint |
| 21 | What Is Not Evidence | 9th Cir. 1.7 | 26 | Joint |
| 22 | Liability of Corporations - Scope of Authority Not In Issue | 9th Cir. 4.2 | 27 | Joint |
| 23 | Charts and Summaries | 9th Cir. 2.14, 2.15 | 28 | Joint |
| 24 | Trade Secret - Definition | WPI 351.02 | 29 | Joint |
| 25 | Independent Economic Value - Definition | WPI 351.05 | 30 | Joint |
| 26 | Reasonable Efforts to Maintain Secrecy - Definition | WPI 351.08 | 31 | Joint |
| 27 | Misappropriation - Definition | WPI 351.03 | 32 | Joint |
| 28 | Improper Means - Definition | WPI 351.04 | 33 | Joint |
| 29 | Contract Interpretation | WPI 301.05 | 34 | Joint |
| 30 | Duty to Deliberate | 9th Cir. 3.1 | 35 | Joint |
| 31 | Consideration of Evidence - Conduct of the Jury | 9th Cir. 3.2 | 36 | Joint |
| 32 | Evidence in Electronic Format | 9th Cir. 2.16 | 38 | Joint |
| 33 | Return of Verdict | 9th Cir. 3.5 | 40 | Joint |
| 34 | Communication With Court | 9th Cir. 3.3 | 41 | Joint |
| *Closing Instructions* | | | | |
| | | | | |

# PRELIMINARY INSTRUCTIONS

**JOINT INSTRUCTION NO. 1**

**Duty of Jury**

Members of the jury:  You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

*Authority*:  Ninth Circuit Manual of Model Jury Instructions: Civil 1.2 (2017).

**JOINT INSTRUCTION NO. 2**

**Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proving any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

*Authority*:     Ninth Circuit Manual of Model Jury Instructions: Civil 1.6 (2017) (modified as indicated).

**JOINT INSTRUCTION NO. 3**

**What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I [may instruct] [have instructed] you to accept as proved.

*Authority*:    Ninth Circuit Manual of Model Jury Instructions: Civil 1.9 (2017) (modified as indicated).

**JOINT INSTRUCTION NO. 4**

**What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they ~~[may say]~~ [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that is excluded or stricken, that you ~~[are]~~ [have been] instructed to disregard, is not evidence and must not be considered. In addition some evidence ~~[may be]~~ [was] received only for a limited purpose; when I ~~[instruct]~~ [have instructed] you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.      Anything you may ~~[see or hear]~~ [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.


*Authority*:      Ninth Circuit Manual of Model Jury Instructions: Civil 1.10 (2017) (modified as indicated).

**JOINT INSTRUCTION NO. 5**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

*Authority*:     Ninth Circuit Manual of Model Jury Instructions: Civil 1.12 (2017) & cmt. (modified as indicated).

**JOINT INSTRUCTION NO. 6**

**Ruling on Objections**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

*Authority:*     Ninth Circuit Manual of Model Jury Instructions: Civil 1.13 (2017).

# JURY INSTRUCTION NO. 7

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness's memory;

3.      the witness's manner while testifying;

4.      the witness's interest in the outcome of the case, if any;

5.      the witness's bias or prejudice, if any;

6.      whether other evidence contradicted the witness's testimony;

7.      the reasonableness of the witness's testimony in light of all the evidence; and

8.      any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

*Authority*:  Ninth Circuit Manual of Model Jury Instructions: Civil 1.14 (2017).

**JURY INSTRUCTION NO. 8**

**Foreign Language Testimony**

You [are about to hear] [have heard] will hear testimony of witnesses who [will be testifying] [testified] testify in the Chinese language and see documents written in Chinese. Witnesses who do not speak English or are more proficient in another language testify through an official a court-certified interpreter. In addition to the witness's interpreter, there may be a check interpreter provided by the other party. Although some of you may know the Chinese language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony or of Chinese text in documents. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

*Authority*: Ninth Circuit Manual of Model Jury Instructions: Civil 2.8 (2017) (modified as indicated).

**JURY INSTRUCTION NO. 9**

**Bench Conferences and Recesses**

From time to time during the trial, it ~~[may become]~~ ~~[became]~~ necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury ~~[is]~~ ~~[was]~~ present in the courtroom, or by calling a recess.  Please understand that while you ~~[are]~~ ~~[were]~~ waiting, we ~~[are]~~ ~~[were]~~ working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we ~~[will do]~~ ~~[have done]~~ what we ~~[can]~~ ~~[could]~~ to keep the number and length of these conferences to a minimum.  I ~~[may]~~ ~~[did]~~ not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

*Authority:*     Ninth Circuit Manual of Model Jury Instructions: Civil 1.20 (2017) (modified as indicated).

**JURY INSTRUCTION NO. 10**

**Taking Notes**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the ~~[courtroom] [~~jury room] ~~[envelope in the jury room]~~.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

*Authority*: Ninth Circuit Manual of Model Jury Instructions: Civil 1.18 (2017) (modified as indicated); Hon. Richard A. Jones Preliminary Instruction to the Jury No. 10.

**JURY INSTRUCTION NO. 11**

**No Transcript Available to Jury**

During deliberations, you will have to make your decision based on what you recall of the evidence. I urge you to pay close attention to the testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

*Authority*: Ninth Circuit Manual of Model Jury Instructions: Civil 1.17 (2017) (modified as indicated); Hon. Richard A. Jones Preliminary Instruction to the Jury No. 11.

**JURY INSTRUCTION NO. 12**

**Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it~~[, although I have no information that there will be news reports about this case]~~; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and

do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.


*Authority*: Ninth Circuit Manual of Model Jury Instructions: Civil 1.15 (2017) (modified as indicated); Hon. Richard A. Jones Preliminary Instruction to the Jury No. 12.


**JURY INSTRUCTION NO. 13**

**Outline of Trial**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

*Authority*: Ninth Circuit Manual of Model Jury Instructions: Civil 1.21 (2017) (modified as indicated); Hon. Richard A. Jones Preliminary Instruction to the Jury No. 13.

# **MID-TRIAL INSTRUCTIONS**

**JURY INSTRUCTION NO. 14**

**Recesses**

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

*Authority*: Hon. Richard A. Jones Preliminary Instruction to the Jury No. 14.

**JURY INSTRUCTION NO. 15**

**Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [name of witness] was taken on [date]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

*Authority*:     Ninth Circuit Manual of Model Jury Instructions: Civil 2.4 (2007) (modified as indicated).

**JURY INSTRUCTION NO. 16**

**Stipulations of Fact**

The parties have agreed to certain facts [to be placed in evidence as Exhibit ___ ][that will be read to you]. You must therefore treat these facts as having been proved.

*Authority*:     Ninth Circuit Manual of Model Jury Instructions: Civil 2.2 (2007).

**JOINT INSTRUCTION NO. 17**

**Expert Opinion**

You ~~[have heard]~~ [are about to hear] testimony from [*name*] who ~~[testified]~~ [will testify] to opinions and the reasons for [his] [her] opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

*Authority:*     Ninth Circuit Manual of Model Jury Instructions: Civil 2.13 (2017).

# **CLOSING INSTRUCTIONS**

# JURY INSTRUCTION NO. 18

## Duty of Jury

Members of the Jury: Now that you have heard all of the evidence [~~and the arguments of the attorneys~~], it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

[~~A copy of these instructions will be sent to the jury room for you to consult during your deliberations.~~]

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Finally, the order of these instructions has no significance as to their relative importance. They are all equally important. In closing arguments, the lawyers may properly discuss specific instructions, but you must not attach any special significance to a particular instruction that they may discuss. During your deliberations, you must consider the instructions as a whole.

*Authority*:    Ninth Circuit Manual of Model Jury Instructions: Civil 1.4 (2017) (modified as indicated); 6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 1.02 (6th ed.).

**JURY INSTRUCTION NO. 19**

**Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proving any claim ~~[or affirmative defense]~~ by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim ~~[or affirmative defense]~~ is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

*Authority*:   Ninth Circuit Manual of Model Jury Instructions: Civil 1.3 (2007).

**JURY INSTRUCTION NO. 20**

**What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that [I may instruct] [have instructed] you to accept as proved.

*Authority*:      Ninth Circuit Manual of Model Jury Instructions: Civil 1.6 (2007).

**JOINT INSTRUCTION NO. 21**

**What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they ~~[may say]~~ [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that is excluded or stricken, that you ~~[are]~~ [have been] instructed to disregard, is not evidence and must not be considered. In addition some evidence ~~[may be]~~ [was] received only for a limited purpose; when I ~~[instruct]~~ [have instructed] you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.  Anything you may ~~[see or hear]~~ [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

*Authority*: Ninth Circuit Manual of Model Jury Instructions: Civil 1.7 (2007).

**JURY INSTRUCTION NO. 22**

**Liability of Corporations—Scope of Authority Not In Issue**

Under the law, a corporation is considered to be a person. It can act only through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

*Authority*:       Ninth Circuit Manual of Model Jury Instructions: Civil 4.2 (2017).

**JURY INSTRUCTION NO. 23**

**Charts and Summaries**

Certain charts and summaries not admitted into evidence ~~[may be]~~ [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Certain charts and summaries ~~[may be]~~ [have been] admitted into evidence to illustrate information brought out in the trial.

Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

*Authority*:        Ninth Circuit Manual of Model Instructions: Civil 2.14, 2.15 (2017).

**JURY INSTRUCTION NO. 24**

**Trade Secret- Definition**

Washington law prohibits misappropriation of a trade secret. "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that:

(1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

(2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

*Authority*:     6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 351.02 (6th ed.).

# JURY INSTRUCTION NO. 25

## Independent Economic Value—Definition

Information has "independent economic value" if it gives the owner of the information a competitive advantage over others who do not know the information.

In determining whether information derives "independent economic value" from not being generally known or readily ascertainable, you may consider, among other factors, the following:

(1) The value of the information to the plaintiff and to the plaintiff's competitors;

(2) The amount of effort or money that the plaintiff expended in developing the information;

(3) The extent of measures that the plaintiff took to guard the secrecy of the information;

(4) The ease or difficulty of acquiring or duplicating the information by proper means;

(5) The degree to which third parties have placed the information in the public domain or rendered the information readily ascertainable.


*Authority*:     6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 351.05 (6th ed.).

**JURY INSTRUCTION NO. 26**

**Reasonable Efforts to Maintain Secrecy—Definition**

In determining whether information is "the subject of efforts that are reasonable under the circumstances to maintain its secrecy," you may consider, among other factors, the following:

(1) The extent to which the information is known outside the plaintiff's business;

(2) The extent to which employees and others in the plaintiff's business know the information;

(3) The nature and extent of the measures the plaintiff took to guard the secrecy of the information;

(4) The existence or absence of an express agreement restricting disclosure; and

(5) The extent to which the circumstances under which the information was disclosed to others indicate that further disclosure without the plaintiff's consent was prohibited.

*Authority*:     6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 351.08 (6th ed.).

**JURY INSTRUCTION NO. 27**

**Misappropriation- Definition**

"Misappropriation" of a trade secret means acquisition, disclosure, or use of a trade secret without the express or implied consent of the owner of the trade secret by a person who:

[(1) Used improper means to acquire the trade secret; or

(2) At the time of acquisition, disclosure, or use, knew or had reason to know that his or her knowledge of the trade secret was:

(a) derived from or through a person who had utilized improper means to acquire it; or

(b) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

(c) derived from or through a person who owed a duty to the plaintiff to maintain its secrecy or limit its use.] [or]

[(3) Before a material change of his or her position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.]

*Authority*:       6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 351.03 (6th ed.) (modified as indicated).

**JURY INSTRUCTION NO. 28**

**Improper Means- Definition**

The phrase "improper means" includes theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means.

[On the other hand, the phrase "improper means" does not include acquiring information through independent development or invention, research of public or industry resources, or reverse engineering.]

*Authority*:     6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 351.04 (6th ed.).

**JURY INSTRUCTION NO. 29**

**Contract Interpretation**

A contract is to be interpreted to give effect to the intent of the parties at the time they entered the contract.

You are to take into consideration all the language used in the contract, giving to the words their ordinary meaning, unless the parties intended a different meaning.

You are to determine the intent of the contracting parties by viewing the contract as a whole, considering the subject matter and apparent purpose of the contract, all the facts and circumstances leading up to and surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of the respective interpretations offered by the parties.

*Authority*:     6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 301.05 (6th ed.).

# JURY INSTRUCTION NO. 30

## Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

*Authority*:    Ninth Circuit Manual of Model Instructions: Civil 3.1 (2017).

**JURY INSTRUCTION NO. 31**

**Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to

read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

*Authority*:    Ninth Circuit Manual of Model Jury Instructions: Civil 3.2 (2017).

# JURY INSTRUCTION NO. 32

## Evidence in Electronic Format

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff]. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

*Authority*:  Ninth Circuit Manual of Model Jury Instructions: Civil 2.16 (2017).

**JURY INSTRUCTION NO. 33**

**Return of Verdict**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your ~~[presiding juror]~~ [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk~~[bailiff]~~ that you are ready to return to the courtroom.

*Authority*:  Ninth Circuit Manual of Model Jury Instructions: Civil 3.5 (2017).

**JURY INSTRUCTION NO. 34**

**Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

*Authority*:        Ninth Circuit Manual of Model Jury Instructions: Civil 3.3 (2017).

DATED this 7th day of February, 2017.

_Steven N. Feldman_

Michael E. Kipling, WSBA #7677
Marjorie A. Walter, WSBA #40078
kipling@kiplinglawgroup.com
walter@kiplinglawgroup.com
**KIPLING LAW GROUP PLLC**
4464 Fremont Avenue N., Suite 300
Seattle, WA 98103
(206) 545-0345
(206) 545-0350 (fax)


John Hueston (admitted _pro hac vice_)
Alison Plessman (admitted _pro hac vice_)
Eric Hayden (admitted _pro hac vice_)
Steven N. Feldman (admitted _pro hac vice_)
jhueston@hueston.com
aplessman@hueston.com
ehayden@hueston.com
sfeldman@hueston.com
**HUESTON HENNIGAN LLP**
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
(949) 229-8640


_**Counsel for Plaintiff T-Mobile USA, Inc.**_

_Margaret P. Kammerud_

Franklin D. Cordell, WSBA #26392
Jeffrey M. Thomas, WBSA #21175
**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, Washington 98154
(206) 467-6477
(206) 467-6292
fcordell@gordontilden.com
jthomas@gordontilden.com


Timothy C. Bickham (admitted _pro hac vice_)
James F. Hibey (admitted _pro hac vice_)
Michael J. Allan (admitted _pro hac vice_)
Margaret Kammerud (admitted _pro hac vice_)
tbickham@steptoe.com
jhibey@steptoe.com
mallan@steptoe.com
mkammerud@steptoe.com
**STEPTOE & JOHNSON LLP**
1330 Connecticut Avenue NW
Washington, DC 20036
(202) 429-3000


_**Counsel for Defendant Huawei Device USA, Inc.**_

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of February, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

DATED this 7th day of February, 2017.

<u>s/ Xinlin Li Morrow</u>
Xinlin Li Morrow (admitted *pro hac vice*)
**Hueston Hennigan LLP**
523 W. 6th Street, Suite 400
Los Angeles, CA  90014
(213) 788-4340

***Counsel Plaintiff T-Mobile USA, Inc.***