HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

T-MOBILE USA, INC., a Delaware
corporation,

          Plaintiff,

     v.

HUAWEI DEVICE USA, INC., a Texas
corporation,

          Defendant.

Case No. 14-cv-01351-RAJ

**JOINT STATEMENT OF
DISPUTED INSTRUCTIONS**

The parties, having met and conferred regarding jury instructions pursuant to Western District of Washington Local Civil Rule ("LCR") 51(f), hereby submit the following Joint Statement of Disputed Instructions.

The parties expressly reserve the right to amend, supplement, or otherwise revise these jury instructions, jury instruction objections, and verdict forms including, but not limited to, based upon the parties' stipulations, the Court's rulings on any pending or pretrial motions, any issues discussed in the parties' trial briefs, a final determination as to the manner in which this case will be tried, proof at trial, Plaintiff's or Defendant's pursuit or abandonment of their claims or defenses, or as is otherwise reasonable and appropriate.

# TABLE OF CONTENTS

### Preliminary Instructions

| **Number** | **Title** | **Source** | **Page No.** | **Party** |
|---|---|---|---|---|
| 1 | Claims and Defenses | 9th Cir. 1.2 | 2 | Plaintiff |
| 2 | Claims and Defenses | 9th Cir. 1.5 | 4 | Defendant |
| 3 | Burden of Proof - Clear and Convincing Evidence | 9th Cir. 1.7 | 6 | Defendant |

### Final Instructions

| Number | Title | Source | Page No. | Party |
|---|---|---|---|---|
| 4 | Corporations and Partnerships - Fair Treatment | 9th Cir. 4.1 | 9 | Defendant |
| 5 | Redacted Documents | *Costco Wholesale Corp.* | 11 | Plaintiff |
| 6 | Impeachment of a Witness | *Costco Wholesale Corp.* | 13 | Plaintiff |
| 7 | Issues | WPI 300.01 | 15 | Plaintiff |
| 8 | Issues | WPI 300.01 | 18 | Defendant |
| 9 | Acting in Concert | WPI 50.20-21 | 21 | Plaintiff |
| 10 | Trade Secrets - Burden of Proof | WPI 351.01; 50.20 | 23 | Plaintiff |
| 11 | Trade Secrets - Burden of Proof | WPI 351.01 | 25 | Defendant |
| 12 | Trade Secret – Compilation | WPI 351.02 | 28 | Plaintiff |
| 13 | Burden of Proof on the Issues - Breach of Contract | WPI 300.02 | 30 | Plaintiff |
| 14 | Burden of Proof on the Issues - Breach of Contract | WPI 300.02 | 33 | Defendant |
| 15 | Excuse of Performance – Estoppel | WPI 302.05 | 36 | Defendant |

| | | | | |
|---|---|---|---|---|
| 16 | Damages Overview | WPI 303.01 | 38 | Plaintiff |
| 17 | Damages Overview | WPI 303.01 | 41 | Defendant |
| 18 | Trade Secrets – Damages | Case law | 44 | Plaintiff |
| 19 | Trade Secrets – Damages | WPI 351.01 | 47 | Defendant |
| 20 | Reasonable Royalty – Description | 7th Cir. 11.4.4 | 49 | Plaintiff |
| 21 | Reasonable Royalty – Factors | Case law | 52 | Plaintiff |
| 22 | Contract Damages | WPI 303.01 | 54 | Plaintiff |
| 23 | Contract Damages | WPI 303.01 | 57 | Defendant |
| 24 | Lost Profits | WPI 303.04 | 60 | Plaintiff |
| 25 | Lost Profits | WPI 303.04 | 62 | Defendant |
| 26 | Punitive Damages | 9th Cir. 5.5; RCW 19.108.030(2) | 64 | Plaintiff |
| | ***Verdict Forms*** | | | |
| | Verdict Form | | 67 | Plaintiff |
| | Verdict Form | | 70 | Defendant |

## PRELIMINARY INSTRUCTIONS

**INSTRUCTION NO. 1**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 1**

**Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, T-Mobile, asserts that defendant, Huawei Device USA, Inc., misappropriated T-Mobile's trade secrets and also breached one or more of its contracts with T-Mobile. T-Mobile has the burden of proving these claims.

Huawei Device USA, Inc. denies those claims.

Prior to trial, the Court decided as a matter of law that Huawei Device USA, Inc. breached two of its contracts with T-Mobile.


*Authority*:    Ninth Circuit Manual of Model Jury Instructions: Civil 1.2 (2007) (modified as indicated).

## Defendant's Objections to Plaintiff's Instruction No. 1
### (Claims and Defenses)

T-Mobile USA's proposed Claims and Defenses instruction is misleading, incomplete, and redundant.

The instruction is misleading because it refers to Huawei Device USA as "Huawei," which invites the jury to erroneously conclude that T-Mobile USA is asserting claims against any entity other than Huawei Device USA.

The instruction is incomplete because the model instruction permits the defendant to assert the basis for any affirmative defenses. *See* Ninth Circuit Manual of Model Jury Instructions: Civil 1.5 (2017). Huawei Device USA is entitled to instruct the jury on its estoppel affirmative defense, preserved in its Answer. *See* ECF No. 79 at 21.

The instruction is redundant because another instruction (Issues) already instructs the jury that the Court has determined that Huawei Device USA entered into and did not comply with the terms of the parties' Mutual Nondisclosure Agreement and Clean Room Letter Agreement. Further, an instruction that Huawei Device USA has breached two agreements fails to inform the jury that the Court has found only the *element* of breach of contract and that the jury must still must find the other elements of a breach of contract claim, including damages, as described below (Def.'s Objection to Pl.'s Instruction No. 22).

**INSTRUCTION NO. 2**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 2**

**Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties. This summary is not evidence, but is meant to help you understand the parties' claims.

The plaintiff, T-Mobile USA, asserts that defendant, Huawei Device USA, Inc., misappropriated T-Mobile USA's trade secrets and also breached one or more of its contracts with T-Mobile USA. T-Mobile USA has the burden of proving these claims.

Huawei Device USA, Inc. denies those claims [and also contends that any breach of contract was excused by T-Mobile USA's earlier statements, acts, and conduct.] [Huawei Device USA has the burden of proof on this affirmative defense.]

*Authority*: Ninth Circuit Manual of Model Jury Instructions: Civil 1.5 (2017) (modified as indicated).

*__Plaintiff's Objections to Defendant's Instruction No. 2__*
*(Claims and Defenses)*

Defendant's instruction is objectionable for two primary reasons.  *First*, it fails to inform the jury that the Court has already decided as a matter of law that Huawei breached two of the agreements.  Dkt. #334 at 15-18 ("T-Mobile's motion for partial summary judgment is granted insofar as it seeks to establish Huawei USA breached the NDA and Clean Room Letter.").  This fact will assist the jury by properly framing what facts are actually at issue and avoid the jury becoming confused.

*Second*, Huawei's added reference to its breach being "excused" is inappropriate because it relates solely to its improper request for an instruction on the equitable doctrine of estoppel.  Estoppel is an equitable defense not available for claims for intentional torts, including trade secret misappropriation.  *See, e.g.*, *Wyeth v. Nat. Biologics, Inc.*, 2003 WL 22282371, at *25 (D. Minn. Oct. 2, 2003), *aff'd*, 395 F.3d 897 (8th Cir. 2005) ("The equitable defense of estoppel does not apply to Wyeth's claim against Natural Biologics for trade secret misappropriation.").  Consequently, this proposed instruction, which outlines the burden of proof for an estoppel affirmative defense, is inappropriate and unnecessary.  In addition, estoppel is an equitable issue for the Court that does not require an instruction to the jury.  *Granite States Ins. Co. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1027 (9th Cir. 1996) (a party is "not entitled to have the jury resolve a disputed affirmative defense if the defense is equitable in nature"); *see also A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1041 (Fed. Cir. 1992) ("Equitable estoppel to assert a claim is [a] defense addressed to the sound discretion of the trial court.").

**JOINT INSTRUCTION NO. 3**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 3**

**Burden of Proof—Clear and Convincing Evidence**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

*Authority*:        Ninth Circuit Manual of Model Jury Instructions: Civil 1.7 (2017).

***Plaintiff's Objections to Defendant's Instruction No. 3***
***(Burden of Proof - Clear and Convincing Evidence)***

The instruction is only relevant to Huawei's alleged equitable estoppel defense, which is an equitable defense not available for claims for intentional torts, including trade secret misappropriation. *See, e.g.*, *Wyeth v. Nat. Biologics, Inc.*, 2003 WL 22282371, at *25 (D. Minn. Oct. 2, 2003), *aff'd*, 395 F.3d 897 (8th Cir. 2005) ("The equitable defense of estoppel does not apply to Wyeth's claim against Natural Biologics for trade secret misappropriation."). Consequently, this proposed instruction, which outlines the burden of proof for an estoppel affirmative defense, is inappropriate and unnecessary.

Moreover, even if estoppel were an available affirmative defense in this case, it is not an issue for the jury. Under binding Ninth Circuit law, a defendant is "not entitled to have the jury resolve a disputed affirmative defense if the defense is equitable in nature." *Granite States Ins. Co. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1027 (9th Cir. 1996); *see also A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1041 (Fed. Cir. 1992) ("Equitable estoppel to assert a claim is [a] defense addressed to the sound discretion of the trial court.").

## CLOSING INSTRUCTIONS

**JURY INSTRUCTION NO. 4**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 4**

**Corporations and Partnerships—Fair Treatment**

All parties are equal before the law and a [corporation] [partnership] is entitled to the same fair and conscientious consideration by you as any party.

*Authority*:     Ninth Circuit Manual of Model Jury Instructions: Civil 4.1 (2017) (modified as indicated).

1

**_Plaintiff's Objections to Defendant's Instruction No. 4_**
**_(Corporations and Partnerships - Fair Treatment)_**

2

3        The instruction is unnecessary.  Both parties are corporate entities, and there is no risk

4   that the jury will favor one over the other by virtue of corporate status.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**JURY INSTRUCTION NO. 5**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 5**

**Redacted Documents**

Some documents have been admitted into evidence with certain words or other portions deleted.  You should not speculate why the deletions were made or what has been deleted or let the existence of the deletions influence your decision one way or another.

*Authority*:  Fed. R. Evid. 403; Jury Instructions at No. 8 (Dkt. 617-1), *Costco Wholesale Corp. v. AU Optronics Corp.*, No. 2:13-cv-01207-RAJ (W.D. Wash. Oct. 20, 2014).

***Defendant's Objections to Plaintiff's Instruction No. 5***
***(Redacted Documents)***

Huawei Device USA has no objection to this proposed instruction.

**JURY INSTRUCTION NO. 6**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 6**

**Impeachment of a Witness**

Testimony of a witness may have been discredited or "impeached" by showing that on some prior occasion the witness made a statement that is inconsistent with the witness's testimony in this trial. Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness.

*Authority*: Jury Instructions at No. 13 (Dkt. 617-1), *Costco Wholesale Corp. v. AU Optronics Corp.*, No. 2:13-cv-01207-RAJ (W.D. Wash. Oct. 20, 2014).

***Defendant's Objections to Plaintiff's Instruction No. 6***
***(Impeachment of a Witness)***

Huawei objects that this instruction is unnecessary. Impeachment evidence can be considered like any other evidence. There is no reason to highlight impeachment evidence over any other type of evidence.

**JURY INSTRUCTION NO. 7**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 7**

**Issues**

The following is a summary of the claims of the parties provided to help you understand the issues in the case. You are not to take this instruction as proof of the matters claimed. It is for you to decide, based upon the evidence presented, whether a claim has been proved.

The plaintiff, T-Mobile, claims:

1. That Huawei misappropriated T-Mobile's trade secrets.

2. That Huawei entered into one or more of the following contracts with T-Mobile, and that Huawei, either on its own or through its affiliates, breached those contract(s):

   a. Handset and Accessory Supply Agreement between T-Mobile and Huawei.

   b. MetroPCS Supply Agreement between T-Mobile and Huawei

   c. Mutual Nondisclosure Agreement between T-Mobile and Huawei.

   d. Clean Room Letter Agreement between T-Mobile and Huawei.

The Court has already determined as a matter of law that Huawei breached the Mutual Nondisclosure Agreement and Clean Room Letter Agreement by extracting and transmitting information about Tappy. It is up to the jury to determine whether Huawei Device USA also breached the Handset and Accessory Supply Agreement and MetroPCS Supply Agreement.

T-Mobile also claims that it sustained damages as a result of Huawei's actions and that Huawei's misappropriation and breaches caused Huawei and its related corporate entities to be unjustly enriched.

Huawei denies these claims, denies that T-Mobile was damaged as a result of any conduct by Huawei, or that any entities were unjustly enriched as a result of any conduct by Huawei.

*Authority*:     6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 300.01 (6th ed.) (modified as indicated); 6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 50.20-21 (6th ed.);

Jury Instructions at No. 16 (Dkt. 200), *A.H. Lundberg Assocs., Inc. v. TSI, Inc.*, No. C14-1160-JLR (W.D. Wash. Sept. 21, 2016).

**_Defendant's Objections to Plaintiff's Instruction No. 7_**
**_(Issues)_**

T-Mobile USA's proposed instruction is confusing, misleading, and legally erroneous because it suggests that Huawei Device USA may be held liable for any "unjust enrichment" bestowed upon "related corporate entities." As explained below, (Def.'s Objection to Pl.'s Instruction No. 18), any unjust enrichment award must be "based upon a calculation of each defendant's _own_ profits from misappropriation." _Mike's Train House, Inc. v. Lionel L.L.C._, No. 00 Civ. 71729(JCO), 2004 WL 2472644, at *3 (E.D. Mich. Nov. 1, 2004).

The instruction is also confusing because it refers to Huawei Device USA as "Huawei," which invites the jury to erroneously conclude that T-Mobile is asserting claims against any entity other than Huawei Device USA or that Huawei Device USA may be liable for the acts of its affiliates. In addition, the instruction invites the jury to find that Huawei Device USA breached contracts "through its affiliates," though T-Mobile has advanced no basis for such liability.

The instruction is misleading because it instructs the jury that the Court has found Huawei Device USA "breached" the Nondisclosure Agreement and Clean Room Letter. Because "breach of contract" is a claim, with numerous elements, and the Court "reserve[d] the fact-intensive issue of damages for trial," Dkt. #334 at 15, the jury should be instructed that the Court has found Huawei Device USA "did not comply with" the agreements' terms, to ensure the jury understands the other elements of the claim have not been found.

The instruction is incomplete because it fails to instruct the jury that the Court did not find whether T-Mobile suffered any damage, inviting the jury to skip the requisite finding of damages. Further, T-Mobile's instruction deletes from the model instruction an instruction that Huawei Device USA "denies the nature and extent of the claimed damage." WPI 300.01.

Finally, the instruction states that the Court found that Huawei breached the agreements by "extracting and transmitting information about Tappy." This language appears nowhere in the Court's summary judgment opinion and is highly prejudicial.

**JURY INSTRUCTION NO. 8**
**DEFENDANT'S PROPOSED INSTRUCTION NO. 8**

**Issues**

The following is a summary of the claims of the parties provided to help you understand the issues in the case. You are not to take this instruction as proof of the matters claimed. It is for you to decide, based upon the evidence presented, whether a claim has been proved.

The plaintiff, T-Mobile USA, claims:

1. That Huawei Device USA misappropriated certain T-Mobile USA trade secrets.

2. That Huawei Device USA entered into one or more of the following contracts with T-Mobile USA, and that Huawei Device USA breached those contract(s):

    a. Handset and Accessory Supply Agreement between T-Mobile USA and Huawei Device USA.

    b. MetroPCS Supply Agreement between T-Mobile USA and Huawei Device USA.

    c. Mutual Nondisclosure Agreement between T-Mobile USA and Huawei Device USA.

    d. Clean Room Letter Agreement between T-Mobile USA and Huawei Device USA.

The Court has already determined that Huawei Device USA entered into and did not comply with the terms of the Mutual Nondisclosure Agreement and Clean Room Letter Agreement. However, the Court has not determined that T-Mobile USA incurred any damage as a result. It is up to the jury to determine whether Huawei Device USA also breached the Handset and Accessory Supply Agreement and MetroPCS Supply Agreement and whether T-Mobile USA suffered any damage as a result of Huawei Device USA's breach of the Mutual Nondisclosure Agreement and Clean Room Letter Agreements.

T-Mobile USA claims that it sustained damages as a result of Huawei Device USA's actions and that Huawei Device USA was unjustly enriched as a result of its actions.

Huawei Device USA denies these claims,  Huawei Device USA further denies that T-Mobile USA was damaged or that it was unjustly enriched.  Huawei Device USA further denies the nature and extent of the claimed damage.

*Authority*:       6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 300.01 (6th ed.) (modified as indicated).

## *Plaintiff's Objections to Defendant's Instruction No. 8*
### *(Issues)*

Huawei's instruction is objectionable for two reasons. *First*, it attempts to confuse the jury by inaccurately describing the Court's Order on the parties' summary judgment motions as holding only that Huawei "did not comply with" its contractual obligations. In contrast, T-Mobile's instruction follows this Court's exact use of the word "breach." *See* Dkt. #334 at 15 ("Huawei USA breached its duties of confidentiality by extracting and transmitting information about Tappy."); *id.* at 16 ("Huawei USA contends that there is no evidence that it breached the NDA or Clean Room Letter. But there is copious evidence of breach.").

*Second,* Huawei improperly attempts to limit unjust enrichment damages to benefits received by Huawei Device USA only. RCW 19.108.030 plainly permits recovery for any unjust enrichment "caused by" the misappropriation, regardless of whether the unjust enrichment accrued to a third party. *See* Melvin F. Jager, 1 Trade Secrets Law § 3:42 (construing identical provision in Uniform Trade Secrets Act, and noting that "[d]amages can also include an ***amount for the unjust enrichment of*** either the defendant or ***third parties caused by the defendant's misappropriation*** that is not taken into account in computing actual loss.") (emphasis added); *see also Mangren*, 87 F.3d at 945-46 (affirming award of "unjust enrichment" damages for sales made by third-party non-defendant, which were made as a result of the third party's access to the trade secrets).

**JURY INSTRUCTION NO. 9**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 9**

**Acting In Concert**

Two or more people <u>or entities</u> act in concert if they consciously act together in an unlawful manner. It is not necessary that they intend to harm the plaintiff.

A party is liable for the [negligence] [fault] of another person <u>or entity</u> if both were acting in concert with respect to a particular act or omission and that act or omission was a proximate cause of the plaintiff's injuries.

<u>T-Mobile alleges that Huawei Device USA acted in concert with Huawei's related corporate entities, including but not limited to Huawei Device China. Huawei Device USA denies this allegation.</u>

*Authority:* 6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 50.20-21 (6th ed.) (modified as indicated).

## Defendant's Objections to Plaintiff's Instruction No. 9
### (Acting in Concert)

T-Mobile USA's "Acting in Concert" instruction improperly seeks to insert joint and several liability into the case on the eve of trial with language that does not apply to the causes of action at issue here.

*First*, T-Mobile USA waived its novel theory of joint and several liability by failing to allege it in the Complaint. It is well-settled that a party may not proceed to trial on "an unpleaded theory of recovery" without "express or implied consent of the parties." *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 401 (4th Cir. 1999). T-Mobile USA's Complaint never used the words "acting in concert" or "joint and several liability," and never put Huawei Device USA on notice that T-Mobile USA intended to hold it jointly and severally liable for the acts of nonparties. *See* 9 Wash. Prac., Civil Procedure Forms § 8.34 cmt. (3d ed. 2016) (observing that plaintiffs "have the responsibility of alleging a joint and several liability theory against the defendants as a separate claim in the complaint"). Because "joint and several liability … must be pleaded to be actionable at trial," *United States v. Cochran*, 79 F. Supp. 3d 578, 585 (E.D.N.C. 2015), and because T-Mobile has never alleged joint and several liability as between Huawei Device USA and nonparty Huawei affiliates, it cannot do so now.

Not only is T-Mobile USA's acting-in-concert theory waived, Huawei Device USA cannot be held jointly and severally liable for the "unjust enrichment" conferred on other Huawei entities for the reasons explained below. Def.'s Objection to Pl.'s Instruction No. 18. And the instructions separately hold Huawei Device USA liable for all of T-Mobile's actual damages.

*Second*, T-Mobile USA's proposed instruction does not apply on its face. The instruction proposed by T-Mobile USA is to be used "when an issue exists as to entities acting in concert under RCW 4.22.070(1)(a)." 6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 50.21 (6th ed.). That section, § 4.22.070 is limited to negligence-based causes of action. *Tegman v. Accident & Med. Investigations, Inc.*, 150 Wash. 2d 102, 109 (2003). T-Mobile USA claims that Huawei Device USA's misappropriation was intentional.

**JURY INSTRUCTION NO. 10**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 10**

**Trade Secrets—Burden of Proof**

On the claim of misappropriated trade secrets, T-Mobile has the burden of proving each of the following propositions:

(1) That T-Mobile had a trade secret;

(2) That Huawei misappropriated T-Mobile's trade secret; and

[(3) That Huawei's misappropriation was a proximate cause of damages to T-Mobile and/or that, as a result of the misappropriation, Huawei, or its related corporate entities, received money or benefits that in justice and fairness belong to T-Mobile.]

~~[(3) That, as a result of the misappropriation, (name of defendant) received money or benefits that in justice and fairness belong to (name of plaintiff).]~~

If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for T-Mobile [on this claim]. On the other hand, if you find that any of these propositions has not been proved, your verdict should be for Huawei on this claim.

*Authority*:      6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 351.01 (6th ed.) (modified as indicated); 6A Wash. Prac., Wash. Pattern Jury Instr. Civ. 50.20 (6th ed.); *Mangren R&D Corp. v. Nat'l Chem. Co.*, 87 F.3d 937, 945-46 (7th Cir. 1995).

## <u>*Defendant's Objections to Plaintiff's Instruction No. 10*</u>

(***Trade Secrets - Burden of Proof***)T-Mobile USA's proposed instruction departs from the model instruction (which restricts unjust enrichment to <u>money or benefits received by the defendant</u>) <u>to </u>instruct the jury that it may recover money or benefits received by "Huawei, *or its related corporate entities*."  As explained below (Def.'s Objection to Pl.'s Instruction No. 18), any unjust enrichment award must be "based upon a calculation of each defendant's *own* profits from misappropriation."  *Mike's Train House, Inc. v. Lionel L.L.C.*, No. 00 Civ. 71729(JCO), 2004 WL 2472644, at *3 (E.D. Mich. Nov. 1, 2004).  Moreover, prior to last week, T-Mobile had never claimed a right to recover unjust enrichment to non-party Huawei entities.  *See* Def.'s Objection to Pl.'s Instruction No. 9.

T-Mobile USA's instruction is further misleading because it refers to Huawei Device USA as "Huawei," which invites the jury to confuse Huawei Device USA with nonparty Huawei entities.

Finally, because T-Mobile USA has declined to specifically identify the trade secret(s) at issue in this case, the jury should be instructed that its verdict should be for T-Mobile USA "on an alleged trade secret" only if the elements of the claim have been satisfied "for that alleged trade secret."  Without such an instruction, the jury will be improperly invited to find misappropriation based on a vague and undefined "trade secret."  *See Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164–65 (9th Cir. 1998) (holding that plaintiff seeking relief for trade secret misappropriation must identify the trade secret with sufficient particularity).

**JURY INSTRUCTION NO. 11**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 11**

**Trade Secrets - Burden of Proof**

On the claim of misappropriated trade secrets, T-Mobile USA has the burden of proving each of the following propositions <u>for each alleged trade secret</u>:

(1) That T-Mobile USA had a trade secret;

(2) That Huawei Device USA misappropriated T-Mobile USA's trade secret; and

[(3) That Huawei Device USA's misappropriation was a proximate cause of damages to T-Mobile USA <u>and/or that, as a result of the misappropriation, Huawei Device USA received money or benefits that in justice and fairness belong to T-Mobile USA</u>.]

[~~(3) That, as a result of the misappropriation, (name of defendant) received money or benefits that in justice and fairness belong to (name of plaintiff).~~]

If you find from your consideration of all the evidence that each of these propositions has been proved <u>for an alleged trade secret</u>, then your verdict should be for T-Mobile USA ~~[on this claim]~~ <u>on that alleged trade secret</u>. On the other hand, if you find that any of these propositions has not been proved, your verdict should be for Huawei Device USA on this claim.

*Authority*:       6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 351.01 (6th ed.) (modified as indicated).

<u>***Plaintiff's Objections to Defendant's Instruction No. 11***</u>
***(Trade Secrets - Burden of Proof)***

Defendant's proposed instruction is objectionable for two reasons. *First*, it is confusing because it improperly suggests to the jury that T-Mobile must later make specific findings on the verdict form for individual named trade secrets. Washington district courts consistently contain no such requirement. *See, e.g.*, *A.H. Lundberg Assocs., Inc. v. TSI, Inc.*, 14-cv-1160-JLR, Dkt. #210 (W.D. Wash. Sept. 23, 2016); *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs, Inc.*, 14-cv-00085-LRS, Dkt. #496 (E.D. Wash. June 30, 2016); *Eagle Harbor Holdings, LLC v. Ford Motor Co.*, 11-CV-5503-BHS, Dkt. #648 (W.D. Wash. Mar. 26, 2015); *Straitshot Commc'ns, Inc. v. Telekenex, Inc.*, 10-cv-0268-TSZ, Dkt. #403 (W.D. Wash. Feb. 6, 2012); *Ultimate Timing, L.L.C. v. Simms*, 08-cv-1632-MJP, Dkt. #218 (W.D. Wash. July 2, 2010). There is no reason to diverge from the WPI language here, particularly where such a change would confuse the jury.

*Second*, Huawei's instruction incorrectly argues T-Mobile may only recover unjust enrichment damages for benefits received by Huawei Device USA. Instead, T-Mobile may recover damages for the "actual loss caused by misappropriation" ***or*** "unjust enrichment caused by misappropriation that is not taken into account in computing damages for actual loss." RCW 19.108.030. There is no requirement that the defendant alone directly receive all monetary benefits to recover unjust enrichment damages; to the contrary, the plain statutory language allows a plaintiff to recover damages for unjust enrichment "***caused by misappropriation***." *Id.* (emphasis added). This includes unjust enrichment that accrues to third parties as a result of defendant's misappropriation. *See* Melvin F. Jager, 1 Trade Secrets Law § 3:42 (construing identical provision in Uniform Trade Secrets Act, and noting that "[d]amages can also include an ***amount for the unjust enrichment of*** either the defendant or ***third parties caused by the defendant's misappropriation*** that is not taken into account in computing actual loss.") (emphasis added); *see also Mangren*, 87 F.3d at 945-46 (affirming award of "unjust enrichment"

damages for sales made by third-party non-defendant, which were made as a result of the third party's access to the trade secrets).

**JURY INSTRUCTION NO. 12**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 12**

**Trade Secret- Compilation**

A compilation of information may constitute a trade secret even though the plaintiff cannot prove that every element of the compilation is unavailable elsewhere. Trade secrets frequently contain elements that by themselves may be in the public domain, but which together qualify as trade secrets. On the other hand, when the information is in the public domain, and the end product of the information is unoriginal, there is no trade secret.

*Authority*: Comment to 6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 351.02 (6th ed.) (citing *Boeing Co. v. Sierracin Corp.*, 108 Wn. 38, 50 (1987); *Machen, Inc. v. Aircraft Design, Inc.*, 65 Wn. App. 319, 327 (1992)).

## ***Defendant's Objections to Plaintiff's Instruction No. 12***
### (***Trade Secrets - Compilation***)

T-Mobile USA's proposed "Compilation" instruction is unnecessary and risks confusing the jury. The Parties' agreed instructions include the Washington's model jury instruction, which explains that a "trade secret" includes a "compilation . . . that derives independent economic value . . . from not being generally known . . . [or] readily ascertainable" and "is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." 6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 351.02 (6th ed.). The proposed additional instruction is designed only to prejudice Huawei Device USA by implying that it should find a protectable compilation in this case and is likely to mislead or confuse the jury into believing that publicly available information is a trade secret. The instruction is especially improper given T-Mobile USA's failure to specify or describe any particular compilation trade secret that was taken by Huawei Device USA.

**JURY INSTRUCTION NO. 13**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 13**

**Burden of Proof on the Issues—Breach of Contract**

The plaintiff, T-Mobile, has the burden of proving each of the following propositions on [his] [her] its claim of breach of contract:

(1)     That the defendant entered into <u>one or more of the following contracts</u> with T-Mobile:

      a.  <u>Handset and Accessory Supply Agreement.</u>

      b.  <u>MetroPCS Supply Agreement.</u>

(2)     That the terms of the contract(s) entered into included: <u>Huawei's promise not to reproduce, copy and/or disclose T-Mobile's confidential and/or trade secret information.</u>

(3) That Huawei breached the contract(s) entered into by <u>reproducing, copying and/or disclosing T-Mobile's confidential and/or trade secret information.</u>

(4) That T-Mobile was damaged as a result of Huawei's breach(es).

<u>(5) In addition to the two contracts specified above, the Court has already ruled as a matter of law that Huawei breached the following two contracts:</u>

      a.  <u>Mutual Nondisclosure Agreement.</u>

      b.  <u>Clean Room Letter Agreement.</u>

<u>You are to consider T-Mobile's claims with respect to these two contracts as proven when determining T-Mobile's damages, if any.</u>

(4) [That (name of plaintiff) [was not in *[material]* breach of] *[had performed or offered to perform its obligations under]* [was excused from performing its obligations under] the contract]; (6) [That (here insert any condition precedent the occurrence of which plaintiff must prove) had occurred]

If you find from your consideration of all the evidence that each of these propositions has been proved, your verdict should be for T-Mobile [on this claim]. On the other hand, if any of these propositions has not been proved, your verdict should be for Huawei [on this claim].

JOINT STATEMENT OF DISPUTED INSTRUCTIONS - 30
(14-cv-01351-RAJ)

*Authority*:     6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 300.02 (6th ed.) (modified as indicated).

### Defendant's Objections to Plaintiff's Instruction No. 13
### *(Burden of Proof on the Issues - Breach of Contract)*

T-Mobile USA's proposed "Burden of Proof—Breach of Contract" instruction is misleading, incomplete, and confusing.

The instruction is misleading because it refers to Huawei Device USA as "Huawei," which invites the jury to confuse Huawei Device USA with nonparty Huawei entities.

The instruction is confusing because it instructs the jury that the Court has found Huawei Device USA "breached" the Handset and Accessory Supply Agreement and MetroPCS Supply Agreement. Because "breach of contract" is a claim, with numerous elements, the jury should be instructed that the Court has found Huawei Device USA "did not comply with" the agreements' terms, to ensure the jury understands the other elements of the claim have not been found as a matter of law. *See* Dkt. 334 at 17 ("reserv[ing] the fact-intensive issue of damages for trial").

The instruction is incomplete because it fails to instruct the jury that the Court did not find whether T-Mobile USA suffered any damage as a result of Huawei Device USA's breach of the Mutual Nondisclosure Agreement and Clean Room Letter Agreements, erroneously inviting the jury to skip the requisite finding of damages. Further, T-Mobile USA's proposed instruction deletes from the model instruction its burden to prove that it "was not in [material] breach of" and "had performed or offered to perform its obligations under" the relevant agreements. *See* 6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 300.02 (6th ed.). T-Mobile USA should not be relieved of its obligation to prove all the elements of breach of contract under Washington law.

**JURY INSTRUCTION NO. 14**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 14**

**Burden of Proof on the Issues—Breach of Contract**

The plaintiff, T-Mobile USA, has the burden of proving each of the following propositions on [his] [her] its claim of breach of contract:

(1)     That Huawei Device USA entered into <u>one or more of the following contracts</u> with T-Mobile USA:

        c.   <u>Handset and Accessory Supply Agreement.</u>

        d.   <u>MetroPCS Supply Agreement.</u>

(2)     That the terms of the contract(s) entered into included: <u>a promise not to reproduce, copy and/or disclose T-Mobile USA's confidential and/or trade secret information.</u>

(3)     That Huawei breached the contract(s) *[as] [in one or more of the ways]* claimed by (same of plaintiff) <u>entered into.</u>

        <u>The Court has already ruled that Huawei Device USA entered into and did not comply with the terms of the following two contracts:</u>

        c.   <u>Mutual Nondisclosure Agreement.</u>

        d.   <u>Clean Room Letter Agreement.</u>

<u>The Court's ruling on the Mutual Nondisclosure Agreement and Clean Room Letter Agreement does not mean that Huawei Device USA entered into and breached the Handset and Accessory Supply Agreement and the MetroPCS Supply Agreement.</u>

(4)     That T-Mobile USA [was not in material breach of] <u>and</u> [had performed or offered to perform its obligations under] the contract(s); and

(5)     That T-Mobile USA was damaged as a result of Huawei's breach(es).

The Court's ruling on the Mutual Nondisclosure Agreement and Clean Room Letter Agreement does not mean that T-Mobile USA was damaged as a result. You must still find that T-Mobile USA suffered damages as a result of the breach.

 (4) [That (name of plaintiff) [was not in *[material]* breach of] *[had performed or offered to perform its obligations under]* [was excused from performing its obligations under] the contract]; (6) [That (here insert any condition precedent the occurrence of which plaintiff must prove) had occurred]

If you find from your consideration of all the evidence that each of these propositions has been proved, your verdict should be for T-Mobile USA [on this claim]. On the other hand, if any of these propositions has not been proved, your verdict should be for Huawei Device USA [on this claim].

*Authority*:  6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 300.02 (6th ed.) (modified as indicated).

**<u>Plaintiff's Objections to Defendant's Instruction No. 14</u>**
**<u>(Burden of Proof on the Issues - Breach of Contract)</u>**

Huawei has no basis to include the element of T-Mobile's material breach where there has been no argument at any stage of the litigation to that effect. Washington law is clear that "[o]nly a breach or nonperformance of a promise by one party to a bilateral contract so material as to justify a refusal of the other party to perform a contractual duty, discharges that duty." *DC Farms, LLC v. Conagra Foods Lamb Weston, Inc.*, 179 Wash. App. 205, 220 (2014). Huawei has failed to argue at any point how T-Mobile has breached its agreements, let alone how any such breach is material. Even if T-Mobile *had* breached its duties, Huawei has failed to support its assertion that a breach can justify Huawei's decision to take the affirmative step of disclosing T-Mobile's confidential information. Including the instruction can only serve to confuse the jury.

Huawei's divergence from the WPI to include two admonishments to the jury regarding what this Court's Order does *not* say is unnecessary and confusing. T-Mobile's proposed instruction more closely tracks the WPI, only adding necessary language for the jury to understand that this Court has already ruled that Huawei breached two agreements. *See* Dkt. #334. In light of that ruling, Huawei's refusal to use the word "breach" is particularly misleading where the WPI requires the jury to find that Huawei "breached" the agreements. *See* WPI 300.02. Huawei's instruction would further confuse the jury by not explaining how "breach" and "not comply[ing]" with an agreement are different. Huawei cannot escape this Court's ruling that Huawei breached the NDA and Clean Room Letter by misleadingly describing the Order.

**JURY INSTRUCTION NO. 15**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 15**

**Excuse of Performance--Estoppel**

Huawei Device USA has the burden of proving the affirmative defense of estoppel. A party is not allowed to make a claim that contradicts or repudiates its earlier statement, admission, or conduct on which another has reasonably relied. This is known as estoppel.

Huawei Device USA claims that T-Mobile USA's invitation to take photographs and screenshots in the T-Mobile USA testing lab while knowing that Huawei Device China was building its own robot caused Huawei Device USA's ~~to fail~~ any failure to perform according to the terms of the contract, and that T-Mobile USA should not now be allowed to repudiate or contradict that conduct.

If you find that Huawei Device USA has proved by clear, cogent, and convincing evidence that:

(1)     That Huawei Device USA failed to perform according to the terms of the contract in reliance on T-Mobile USA's statements, acts, or conduct;

(2)     That Huawei Device USA reasonably relied on T-Mobile USA's statements, acts, or conduct; and

(3)     That Huawei Device USA would be injured if T-Mobile USA were allowed to contradict those statements, acts, or conduct now;

then Huawei Device USA's breach of contract will be excused.

*Authority*:        6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 302.05, 302.06 (6th ed.).; *see also Shelcon Const. Grp., LLC v. Haymond*, 187 Wash. App. 878, 902 (2015).

### *Plaintiff's Objections to Defendant's Instruction No. 15*
### *(Excuse of Performance - Estoppel)*

Estoppel is an equitable defense which is not available for claims for intentional torts, such as trade secret misappropriation. *See, e.g.*, *Wyeth v. Nat. Biologics, Inc.*, 2003 WL 22282371, at *25 (D. Minn. Oct. 2, 2003), *aff'd*, 395 F.3d 897 (8th Cir. 2005) ("The equitable defense of estoppel does not apply to Wyeth's claim against Natural Biologics for trade secret misappropriation.").

Moreover, even if estoppel were an available affirmative defense in this case, it is not an issue for the jury. Under binding Ninth Circuit law, a defendant is "not entitled to have the jury resolve a disputed affirmative defense if the defense is equitable in nature." *Granite States Ins. Co. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1027 (9th Cir. 1996); *see also A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1041 (Fed. Cir. 1992) ("Equitable estoppel to assert a claim is [a] defense addressed to the sound discretion of the trial court.").

**JURY INSTRUCTION NO. 16**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 16**

**Damages Overview**

It is the duty of the court to instruct you as to the measure of damages. [By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.]

Where there is no uncertainty as to the existence of substantial damages or as to causation, recovery of substantial damages is not to be denied merely because the extent or amount thereof cannot be ascertained with mathematical precision, provided the evidence is sufficient to afford a reasonable basis for estimating loss. Proof of the amount of damages need not be made with mathematical precision.

In order to recover actual damages, the plaintiff has the burden of proving that the defendant breached a contract with *[him] [her] [it]*, and that plaintiff incurred actual *[economic]* damages as a result of the defendant's breach, and the amount of those damages.

*[If your verdict is for plaintiff on plaintiff's breach of contract claim and]* if you find that plaintiff has proved that *[he] [she] [it]* incurred actual damages and the amount of those actual damages, then you shall award actual damages to the plaintiff.

Actual damages are those losses that were reasonably foreseeable, at the time the contract was made, as a probable result of the breach. A loss may be foreseeable as a probable result of a breach because it follows from the breach either

(a) in the ordinary course of events, or

(b) as a result of special circumstances, beyond the ordinary course of events, that the party in breach had reason to know.

In calculating the plaintiff's actual damages, you should determine the sum of money that will put the plaintiff in as good a position as *[he] [she] [it]* would have been in if both plaintiff and defendant had performed all of their promises under the contract.

~~The burden of proving damages rests with the plaintiff and it is for you to determine,~~ ~~based upon the evidence, whether any particular element has been proved by a preponderance of~~ ~~the evidence.  You must be governed by your own judgment, by the evidence in the case, and by~~ ~~these instructions, rather than by speculation, guess, or conjecture.~~

*Authority*:  6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 303.01 (6th ed.) (modified as indicated); *Jacqueline's Washington, Inc. v. Mercantile Stores Co.*, 80 Wn.2d 784, 786 (1972); *Washington Public Power Supply Sys. v. Gen. Elec. Co.*, 1989 WL 306200, at *7 (E.D. Wash. Nov. 6, 1989).

***Defendant's Objections to Plaintiff's Instruction No. 16***
***(Damages Overview)***

T-Mobile USA's proposed Damages Overview instruction deletes language properly conveyed by the model instruction and inserts T-Mobile USA's own skewed language.

The model instruction appropriately describes: (a) the measure of actual damages ("the sum of money that will put the plaintiff in as good a position as [he] [she] [it] would have been in if both plaintiff and defendant had performed all of their promises under the contract"); and (b) the burden borne by the plaintiff in obtaining actual damages ("The burden of proving damages rests with the plaintiff and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence. You must be governed by your own judgment, by the evidence in the case, and by these instructions, rather than by speculation, guess, or conjecture."). T-Mobile USA has identified nothing improper or untoward about the model instruction's overview of damages.

T-Mobile USA alters the model jury instruction by inserting a lengthy paragraph instructing the jury that proof of the amount of (actual) damages need not be made with mathematical precision. Putting aside the fact that T-Mobile USA's cited cases concern *actual* damages—whereas its proposed instruction extends to all forms of damages—the jury should not be instructed with snippets from case law that improperly invite the jury "not to deny" damages. The proper place for this sort of instruction is in the Lost Profits instruction, which neutrally explains that T-Mobile USA's damages may include net profits if proved with "reasonable certainty," and that reasonable certainty "relates to the fact of damage rather than the amount of damage." 6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 303.04 (6th ed.).

**JURY INSTRUCTION NO. 17**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 17**

**Damages Overview**

It is the duty of the court to instruct you as to the measure of damages. [By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.]

~~In order to recover actual damages, the plaintiff has the burden of proving that the defendant breached a contract with *[him] [her] [it]*, and that plaintiff incurred actual *[economic]* damages as a result of the defendant's breach, and the amount of those damages.~~

~~*[If your verdict is for plaintiff on plaintiff's breach of contract claim and]* if you find that plaintiff has proved that *[he] [she] [it]* incurred actual damages and the amount of those actual damages, then you shall award actual damages to the plaintiff.~~

~~Actual damages are those losses that were reasonably foreseeable, at the time the contract was made, as a probable result of the breach. A loss may be foreseeable as a probable result of a breach because it follows from the breach either~~

~~(a) in the ordinary course of events, or~~

~~(b) as a result of special circumstances, beyond the ordinary course of events, that the party in breach had reason to know.~~

In calculating the plaintiff's actual damages, you should determine the sum of money that will put the plaintiff in as good a position as *[he] [she] [it]* would have been in if both plaintiff and defendant had performed all of their promises under the contract.

The burden of proving damages rests with the plaintiff and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence. You must be governed by your own judgment, by the evidence in the case, and by these instructions, rather than by speculation, guess, or conjecture.

*Authority*:  6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 303.01 (6th ed.) (modified as indicated).

**_Plaintiff's Objections to Defendant's Instruction No. 17_**
*(Damages Overview)*

Huawei's instruction is objectionable because it incorrectly instructs the jury that T-Mobile is only seeking actual damages. As T-Mobile has made clear from the filing of the Complaint, T-Mobile seeks actual damages *and* unjust enrichment damages, including, where relevant, reasonable royalty damages. *First*, WUTSA explicitly provides for an award of unjust enrichment damages. RCW 19.108.030 (plaintiff may recover "unjust enrichment caused by misappropriation that is not taken into account in computing damages for actual loss"). *Second*, both Washington and New York permit recovery of unjust enrichment damages for breach of contract. *See, e.g., Summit Prop. Int'l, LLC v. Ladies Prof. Golf Ass'n*, 2010 WL 4983179, at *3-4 (S.D.N.Y. Dec. 6, 2010) ("restitution damages are available as an equitable remedy for repudiation or total breach of a contract."); *Veritas Operating Corp. v. Microsoft Corp.*, No. C06-0703-JCC, 2008 WL 7404617, at *4 (W.D. Wash. Feb. 26, 2008) (recognizing that "[r]estitution is an alternative remedy to damages for breach of contract," and holding that "to the extent that [expert's] calculations of contract-related damages is based on unjust enrichment, his testimony on the subject should be admissible"). *Third*, a reasonable royalty has "long been one of a number of calculations available to measure damages for trade secret misappropriation, particularly the value of the benefit received by a defendant who misappropriates trade secrets." *Id.* at *2 (internal quotations omitted). For these reasons, T-Mobile's proposed instruction is superior because it introduces the jury to its obligation with respect to awarding damages and leaves the specific determinations to appropriate later instructions.

**JURY INSTRUCTION NO. 18**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 18**

**Trade Secrets- Damages**

On its trade secret misappropriation claim, T-Mobile seeks damages in the form of its actual losses and unjust enrichment.

In order to recover unjust enrichment damages, T-Mobile has the burden of proving that Huawei misappropriated trade secrets and that the misappropriation caused Huawei, or its related corporate entities, to be unjustly enriched by the <u>disclosure or </u>use of those trade secrets.  Unjust enrichment damages are measured by sales attributable to the <u>disclosure or </u>use of T-Mobile's trade secrets.  T-Mobile has the burden of establishing the sales of Huawei and its related corporate entities.  Huawei has the burden of establishing the amount of sales that are not attributable to the misappropriation.

<u>As an alternative means of calculating unjust enrichment, you may award a reasonable royalty.</u>

If you find for T-Mobile on T-Mobile's claim for misappropriation of trade secrets, you may award the appropriate amount of unjust enrichment damages.  If you do not find for T-Mobile on its claim for misappropriation of trade secrets, you may not award any unjust enrichment damages.  In order to recover actual loss damages, T-Mobile has the burden of proving that Huawei misappropriated trade secrets and the actual loss caused to T-Mobile by Huawei's misappropriation.

If you award T-Mobile actual loss damages and unjust enrichment damages, you may not do so in a manner that results in a double recovery of <u>either measure of </u>damages.

*Authority*:      Jury Instructions at No. 34 (Dkt. 200), *A.H. Lundberg Assocs., Inc. v. TSI, Inc.*, No. C14-1160-JLR (W.D. Wash. Sept. 21, 2016); RCW 19.108.30(1); *Ada Motors, Inc. v. Butler*, 2014 WL 4067876, at *2-3 (Wash. App. Aug. 18, 2014); *Petters v. Williamson &*

*Assocs.*, 151 Wash. App. 154, 165(2009); *Veritas Operating Corp. v. Microsoft Corp.*, 2008 WL 7404617, at * 2 (W.D. Wash. Feb. 26, 2008); *Mangren R&D Corp. v. Nat'l Chem. Co.*, 87 F.3d 937, 945-46 (7th Cir. 1995); Melvin F. Jager, 1 Trade Secrets Law § 3:42.

*First*, T-Mobile USA cannot recover from Huawei Device USA benefits purportedly conferred on nonparty affiliates. *See Montanez v. HSBC Mortg. Corp. (USA)*, 876 F. Supp. 2d 504, 517 (E.D. Pa. 2012); *In re Washington Mut., Inc.*, 418 B.R. 107, 113 (Bankr. D. Del. 2009) (applying Washington law); Restatement (Third) of Restitution and Unjust Enrichment § 49(1) (2011). While parties sued for *actual* damages "may be held jointly liable in tort," "only those who have benefited" are liable for unjust enrichment, "and then only to the extent thereof." *Myzel v. Fields*, 386 F.2d 718, 744 (8th Cir. 1967); *Mike's Train House, Inc. v. Lionel L.L.C.*, No. 00 Civ. 71729(JCO), 2004 WL 2472644, at *3 (E.D. Mich. Nov. 1, 2004). In any event, T-Mobile neither pled nor disclosed until last week a claim to recover unjust enrichment accruing to nonparty Huawei affiliates. *See* Dkt. 1 at Pmbl. & Prayer for Relief.

*Second*, T-Mobile USA's instruction provides that it need only identify Huawei's sales, whereupon the burden shifts to Huawei Device USA to prove that the sales are not attributable to misappropriation. Under Washington law, however, the plaintiff must identify not just the defendant's total revenue, but the portion of revenue obtained "wrongfully obtained" *as a result of the misappropriation*, at which point the defendant must "explain why any *particular portion* of the money that it received as a result of the misappropriating transaction should not be considered." *Petters v. Williamson & Assocs., Inc.*, 151 Wash. App. 154, 165 (2009) (emphasis added). Washington's jury instructions explain: "once the plaintiff proves sales *attributable to the use of a trade secret*, the burden shifts to the defendant to establish 'any portion of the sales not attributable to the trade secret and any expenses to be deducted in determining net profits.'" WPI 351.01 cmt. (emphasis added); *see also* 4-15 Milgrim on Trade Secrets § 15.02[3][i].

*Third*, for the reasons stated below, a reasonable royalty is not an appropriate measure of damages for trade secret misappropriation. Def.'s Objection to Pl.'s Instruction No. 20. *Fourth*, T-Mobile USA's instruction is misleading because it refers to Huawei Device USA as "Huawei," which invites confusion with nonparty Huawei entities.

**JURY INSTRUCTION NO. 19**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 19**

**Trade Secrets- Damages**

On its trade secret misappropriation claim, T-Mobile USA seeks damages in the form of its actual losses and unjust enrichment.

T-Mobile USA has the burden of proving actual damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate T-Mobile USA for any injury you find was caused by the Huawei Device USA's misappropriation of T-Mobile USA's trade secrets.

T-Mobile USA also claims unjust enrichment damages on its claim of trade secret misappropriation. To recover unjust enrichment damages, T-Mobile USA has the burden of proving that Huawei Device USA misappropriated trade secrets and that, as a result of the misappropriation, Huawei Device USA received money or benefits that in justice and fairness belong to T-Mobile USA. T-Mobile USA has the burden of proving Huawei Device USA's sales attributable to the use of T-Mobile USA's trade secrets. The burden then shifts to Huawei Device USA to establish any portion of those sales not attributable to T-Mobile USA's trade secrets and any expenses to be deducted in determining net profits.

The law does not permit a plaintiff to recover twice for the same damages. Thus, you may include as damages both T-Mobile USA's actual loss and Huawei Device USA's unjust enrichment, but only if and to the extent that they do not overlap in this way.

*Authority*:        6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 351.01 cmt. (6th ed.).

## *Plaintiff's Objections to Defendant's Instruction No. 19*
### *(Trade Secrets - Damages)*

Huawei's instruction is objectionable because it attempts to limit unjust enrichment damages to benefits received by Huawei Device USA only. However, RCW 19.108.030 permits recovery for any unjust enrichment "caused by" the misappropriation, regardless of whether the unjust enrichment accrues to third parties. *See* Melvin F. Jager, 1 Trade Secrets Law § 3:42 (construing identical provision in Uniform Trade Secrets Act, and noting that "[d]amages can also include an ***amount for the unjust enrichment of*** either the defendant or ***third parties caused by the defendant's misappropriation*** that is not taken into account in computing actual loss.") (emphasis added); *see also Mangren*, 87 F.3d at 945-46 (affirming award of "unjust enrichment" damages for sales made by third-party non-defendant, which were made as a result of the third party's access to the trade secrets).

**JURY INSTRUCTION NO. 20**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 20**

**Reasonable Royalty - Description**

A royalty is a payment made to the owner of a trade secret by someone else so that he can use the trade secret. A "reasonable royalty" is the amount T-Mobile and Huawei would have agreed upon as a royalty at the time Huawei's misappropriation or breach occurred.

In determining a reasonable royalty, you should assume that T-Mobile would have been willing to allow Huawei to use the trade secrets and that Huawei would have been willing to pay T-Mobile to do so. You should take into account what T-Mobile's and Huawei's expectations would have been if they had negotiated a royalty and had acted reasonably in their negotiations. You should assume that both T-Mobile and Huawei would have believed that T-Mobile's trade secrets were legally enforceable and that they would have known the level of sales and profits that Huawei and its related corporate entities would make from the invention. You should also assume that Huawei would have been willing to pay, and T-Mobile would have been willing to accept, the reasonable royalty they negotiated. Your role is to determine what T-Mobile and Huawei would have agreed upon if they had negotiated in this manner, not just what either T-Mobile or Huawei would have preferred.

*Authority*: Seventh Circuit Manual of Model Jury Instructions: Civil 11.4.4 (2015); Northern District of California Model Patent Jury Instructions 5.7 (2015).

***Defendant's Objections to Plaintiff's Instruction No. 20***
***(Reasonable Royalty - Description)***

T-Mobile USA's reasonable royalty instruction, which improperly refers to Huawei Device USA as "Huawei," should not be given to the jury because a reasonable royalty is not available as a form of past damages. The Washington legislature has expressly limited a jury's damages award for trade secret misappropriation to "actual loss" and "unjust enrichment." RCW § 19.108.030(1). The Washington Uniform Trade Secrets Act permits the *Court* to issue an injunction conditioning future use upon payment of a reasonable royalty "for no longer than the period of time the use could have been prohibited." Summ. J. Order at 22:15-19 (quoting Wash. Rev. Stat. § 19.108.020(2)). The Washington legislature's decision to permit a reasonable royalty (by the court) in one circumstance, but not as an alternative measure of damages, must be respected. *Longview Fibre Co. v. Rasmussen*, 980 F.2d 1307, 1312–13 (9th Cir. 1992); *O'Melveny & Myers v. F.D.I.C.*, 512 U.S. 79, 86 (1994).

Nor can the jury impose a reasonable royalty as an alternative measure of contract damages. T-Mobile never sought unjust enrichment and a reasonable royalty for breach of contract. Dkt. 1 at 21. Moreover, T-Mobile's assertion that a reasonable royalty is a permissible alternative measure of restitutionary contract damages is incorrect. Restitution is available only when "the injured party [has] remaining duties to perform under the contract," which is not the case here. *Bailie Commc'ns v. Trend Bus. Sys.*, 53 Wash. App. 77, 81-82 (1988). Further, "a plaintiff who is a party to a 'valid express contract ...' may not bring a claim for unjust enrichment for issues arising under the contract's subject matter." *Minnick v. Clearwire US*, 683 F. Supp. 2d 1179, 1186 (W.D. Wash. 2010); *Strategic All. Partners v. Dress Barn*, 386 F. Supp. 2d 312, 318 (S.D.N.Y. 2005). That is why Washington's jury instructions limit restitution damages to cases involving *quasi-contracts*, not to breach of express contract cases, as here. *See* Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 303.08 (6th ed.).

T-Mobile also improperly amends the model instruction to insert language regarding "the level of sales and profits that Huawei and its related corporate entities would make from the

invention." T-Mobile's proposed addition would bias the jury's deliberations on a reasonable royalty and imports T-Mobile's improper and unpled theory of Huawei Device USA's liability for unjust enrichment to other Huawei entities.

Finally, T-Mobile fails to include language making clear that its claim for past reasonable royalty duplicates its claim for unjust enrichment. This will encourage the jury to award a double recovery and severly prejudice Huawei Device USA.

**JURY INSTRUCTION NO. 21**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 21**

**Reasonable Royalty - Factors**

In determining a reasonable royalty, you may consider the following factors, in addition to any others that are shown by the evidence. These factors, however, are neither exclusive nor necessarily pertinent to every reasonable royalty analysis:

1.     Royalties that others paid to T-Mobile for the trade secrets;

2.     Royalties that Huawei paid to others for comparable trade secrets;

3.     Whether T-Mobile had a policy of licensing or not licensing the trade secrets;

4.     Whether T-Mobile and Huawei are competitors;

5.     Whether use of the trade secrets helps to make sales of other products or services;

6.     Whether the product made using the trade secrets is commercially successful, as well as its profitability;

7.     The advantages of using the trade secrets over products that do not include the trade secrets;

8.     The extent of use by Huawei or its related corporate entities' use of the trade secrets and the value of that use to Huawei;

9.     Any royalty amounts that are customary for similar or comparable trade secrets;

10.    The portion of the profit on sales that is due to the trade secrets, as opposed to other factors, such as elements or processes, features, or improvements developed by Huawei; and

11.    Expert opinions regarding what would be a reasonable royalty.


*Authority*: *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970); *Atlantic Inertial Sys. Inc. v. Condor Pac. Indus. of Cal.*, Inc., 2015 WL 3825318, at *10-12 (C.D. Cal. June 18, 2015).

***Defendant's Objections to Plaintiff's Instruction No. 21***
*(Reasonable Royalty - Factors)*

T-Mobile USA's reasonable royalty instruction should not be given to the jury because a reasonable royalty is not available as a form of past damages. The Washington legislature has expressly limited a jury's damages award for trade secret misappropriation to "actual loss" and "unjust enrichment." RCW § 19.108.030(1). The Washington Uniform Trade Secrets Act permits the *Court* to issue an injunction conditioning future use upon payment of a reasonable royalty "for no longer than the period of time the use could have been prohibited." Summ. J. Order at 22:15-19 (quoting Wash. Rev. Stat. § 19.108.020(2)). The Washington legislature's decision to permit a reasonable royalty (by the court) in one circumstance, but not as an alternative measure of damages, must be respected. *Longview Fibre Co. v. Rasmussen*, 980 F.2d 1307, 1312–13 (9th Cir. 1992); *O'Melveny & Myers v. F.D.I.C.*, 512 U.S. 79, 86 (1994).

Nor can the jury impose a reasonable royalty as an alternative measure of contract damages. According to T-Mobile's proposed jury instructions, a reasonable royalty is a permissible alternative measure of restitutionary contract damages. Restitution is available only when "the injured party [has] remaining duties to perform under the contract," which is not the case here. *Bailie Commc'ns v. Trend Bus. Sys.*, 53 Wash. App. 77, 81-82 (1988). Further, "a plaintiff who is a party to a 'valid express contract ...' may not bring a claim for unjust enrichment for issues arising under the contract's subject matter." *Minnick v. Clearwire US*, 683 F. Supp. 2d 1179, 1186 (W.D. Wash. 2010); *Strategic All. Partners v. Dress Barn*, 386 F. Supp. 2d 312, 318 (S.D.N.Y. 2005). That is why Washington's jury instructions limit restitution damages to cases involving *quasi-contracts* (*i.e.*, contracts implied at law), not to breach of express contract cases, as here. *See* Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 303.08 (6th ed.).

Finally, T-Mobile USA's instruction is misleading because it refers to Huawei Device USA as "Huawei," which invites confusion with nonparty Huawei entities.

**JURY INSTRUCTION NO. 22**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 22**

**Contract Damages**

~~It is the duty of the court to instruct you as to the measure of damages.~~ *~~[By instructing you on damages the court does not mean to suggest for which party your verdict should be rendered.]~~* On its breach of contract claim, T-Mobile claims damages in the form of actual damages and restitution damages. In order to recover actual damages, T-Mobile ~~the plaintiff~~ has the burden of proving that Huawei ~~the defendant~~ breached a contract with it, and that T-Mobile incurred actual economic damages as a result of Huawei's breach, and the amount of those damages.

*~~[If your verdict is for plaintiff on plaintiff's breach of contract claim and]~~* ~~if you find that plaintiff has proved~~ If T-Mobile ~~the plaintiff~~ has proved that it incurred actual damages and the amount of those actual damages, then you shall award actual damages to T-Mobile ~~the plaintiff~~.

Actual damages are those losses that were reasonably foreseeable, at the time the contract was made, as a probable result of a breach. A loss may be foreseeable as a probable result of a breach because it follows from the breach either (a) in the ordinary course of events, or (b) as a result of special circumstances, beyond the ordinary course of events, that the party in breach had reason to know.

In calculating the plaintiff's actual damages, you should determine the sum of money that will put the plaintiff in as good a position as ~~*[he] [she]*~~ it would have been in if both plaintiff and defendant had performed all of their promises under the contract.

~~The burden of proving damages rests with the plaintiff and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence. You must be governed by your own judgment, by the evidence in the case, and by these instructions, rather than by speculation, guess, or conjecture.~~

As an alternative to actual damages, you may award unjust enrichment damages.  In order to recover unjust enrichment damages, T-Mobile has the burden of proving that Huawei's breach caused Huawei, or its related corporate entities, to be unjustly enriched.  Unjust enrichment damages are measured by sales attributable to the use of T-Mobile's trade secrets by Huawei or its related corporate entities.  T-Mobile has the burden of establishing the sales of Huawei and its related corporate entities.  Huawei has the burden of establishing the amount of sales that are not attributable to the breach.

As an alternative means of calculating unjust enrichment damages, you may award a reasonable royalty.

If you award T-Mobile damages for both its breach of contract and misappropriation of trade secrets claims, you may not award damages in a manner that results in a double recovery of the same damages.

*Authority*:  6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 303.01 (6th ed.) (modified as indicated); *Veritas Operating Corp. v. Microsoft Corp.*, 2008 WL 7404617, at *3 (W.D. Wash. Feb. 26, 2008); 25 Wash. Prac., Contract Law & Practice § 14:7 (3d ed.).

The Court should use Huawei Device USA's Contract Damages instruction because it tracks the language of the applicable Washington jury instruction: WPI 303.01. T-Mobile USA's instruction improperly deletes apposite portions of the model jury instruction and inserts misstatements of the law regarding "restitution" and now unjust enrichment damages.

*First*, T-Mobile's instruction is misleading because it refers to Huawei Device USA as "Huawei," which invites the jury to confuse Huawei Device USA with nonparty Huawei entities.

*Second*, T-Mobile misstates the law when it proposes to instruct the jury that it may award "restitution damages," as measured by (i) the unjust enrichment to Huawei Device USA and any entities acting in concert with it; and (ii) a reasonable royalty. T-Mobile never sought restitution damages in its Complaint, and never alleged that it sought to hold Huawei Device USA liable for the benefits conferred on a nonparty like Huawei Device China. *See* ECF No. 1 at 21. Further, restitution damages are available only when "the injured party [has] remaining duties to perform under the contract," which is not the case here. *Bailie Commc'ns v. Trend Bus. Sys.*, 53 Wash. App. 77, 81-82 (1988). Even if that were the case, T-Mobile USA's unjust enrichment-based reasonably royalty is not a remedy for breach of contract. "[A] plaintiff who is a party to a 'valid express contract ...' may not bring a claim for unjust enrichment for issues arising under the contract's subject matter." *Minnick v. Clearwire US*, 683 F. Supp. 2d 1179, 1186 (W.D. Wash. 2010).

*Third*, T-Mobile USA eliminates from the model instruction an instruction that it bears the burden of proving damages and that the jury must be governed by the instructions, not speculation, guess, or conjecture. *See* WPI 303.01. It would be prejudicial to Huawei Device USA not to inform the jury that a damages award cannot be based on conjecture.

*Fourth*, T-Mobile fails to include language making clear that its claims for restitution, past reasonable royalty, and unjust enrichment are duplicative. This will encourage the jury to award a double recovery and severly prejudice Huawei Device USA.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 23**

**Contract Damages**

~~It is the duty of the court to instruct you as to the measure of damages. *[By instructing you on damages the court does not mean to suggest for which party your verdict should be rendered.]*~~ On its breach of contract claim, T-Mobile USA may recover actual damages it suffered as a result of the breach. In order to recover actual damages, T-Mobile USA ~~the plaintiff~~ has the burden of proving that Huawei Device USA or its affiliates ~~the defendant~~ breached a contract with T-Mobile USA, and that T-Mobile USA incurred actual economic damages as a result of the breach, and the amount of those damages.

*~~[If your verdict is for plaintiff on plaintiff's breach of contract claim and]~~* ~~if you find that plaintiff has proved~~ If you find for T-Mobile USA on its claims for breach of contract, and if T-Mobile USA ~~the plaintiff~~ has proved that it incurred actual damages and the amount of those actual damages, then you shall award actual damages to T-Mobile USA~~the plaintiff.~~

Actual damages are those losses that were reasonably foreseeable, at the time the contract was made, as a probable result of a breach. A loss may be foreseeable as a probable result of a breach because it follows from the breach either (a) in the ordinary course of events, or (b) as a result of special circumstances, beyond the ordinary course of events, that the party in breach had reason to know.

In calculating the plaintiff's actual damages, you should determine the sum of money that will put the plaintiff in as good a position as *~~[he] [she]~~* it would have been in if both plaintiff and defendant had performed all of their promises under the contract.

The burden of proving damages rests with the plaintiff and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence. You must be governed by your own judgment, by the evidence in the case, and by these instructions, rather than by speculation, guess, or conjecture.

If you award T-Mobile USA damages for both its breach of contract and misappropriation of trade secrets claims, you may not award damages in a manner that results in a double recovery of the same damages.

*Authority*:  6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 303.01 (6th ed.) (modified as indicated).

## Plaintiff's Objections to Defendant's Instruction No. 23
### (Contract Damages)

Huawei incorrectly asserts that T-Mobile can only receive actual damages for breach of contract. T-Mobile is entitled to recover the unjust enrichment damages caused by Huawei USA's or its related corporate entities' breaches of the contract. Huawei USA signed the NDA on behalf of its related corporate entities, including the other Huawei entities, and expressly agreed that it would be "responsible" for any breaches by these affiliates. Both New York and Washington law permit recovery of unjust enrichment for breach of contract. *See, e.g.*, *Summit Prop. Int'l, LLC v. Ladies Prof. Golf Ass'n*, 2010 WL 4983179, at *3-4 (S.D.N.Y. Dec. 6, 2010) ("restitution damages are available as an equitable remedy for repudiation or total breach of a contract."); *Y.J.D Rest. Supply Co. v. DIB*, 413 N.Y.S.2d 835, 836 (N.Y. Sup. Ct. 1979) (although damages could not be proven, restitution damages awarded for breach of non-competition agreement because the defendant should not be enriched by his own wilful and wrongful acts); *Veritas Operating Corp. v. Microsoft Corp.*, No. C06-0703-JCC, 2008 WL 7404617, at *4 (W.D. Wash. Feb. 26, 2008) (recognizing that "[r]estitution is an alternative remedy to damages for breach of contract," and holding that "to the extent that [expert's] calculations of contract-related damages is based on unjust enrichment, his testimony on the subject should be admissible"); 25 Wash. Prac., Contract Law And Practice § 14:7 (3d ed.) ("Restitution is an alternative remedy to damages for breach of contract.").

Further, the jury may award a reasonable royalty for breach of contract. *See Veritas*, 2008 WL 7404617, at *3 (providing that reasonable royalty is also an appropriate measure for breach of contract). Accordingly, Huawei's assertion that only actual damages are available has no basis in the law.

# JURY INSTRUCTION NO. 24

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 24

### Lost Profits

In this case T-Mobile claims lost profits. T-Mobile's damages may include net profits if T-Mobile proves with reasonable certainty that net profits would have been earned, but were not earned because of Huawei's breach of contract and/or misappropriation.

"Reasonable certainty" relates to the fact of damage rather than the amount of damage.

*Authority*:  6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 303.04 (6th ed.) (modified as indicated).

## ***Defendant's Objections to Plaintiff's Instruction No. 24***
### ***(Lost Profits)***

T-Mobile USA's proposed lost profits instruction is misleading and incomplete.

The instruction is misleading because it refers to Huawei Device USA as "Huawei," which invites the jury to erroneously conclude that it may award lost profits if any Huawei-related entity breached a contract or misappropriated trade secrets.

The instruction is incomplete because the term "net profits" is a technical financial term that is likely to be foreign to the jury. For that reason, Washington's jury instructions provide that "[w]hen appropriate, insert a sentence to describe net profits." 6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 303.04 (6th ed.).

A description is appropriate in this case because net profit is distinct from gross profit. Gross profit is the difference between revenue and the cost of making a product or providing a service, before deducting overheads, payroll, taxation, and interest payments. *See Gross Profit*, Black's Law Dictionary (10th ed. 2014). Net profit is a company's measure of profitability after accounting for *all* costs. *See Net Profit*, Black's Law Dictionary (10th ed. 2014). To ensure that any award of lost profits is properly calculated, the jury should be provided with a definition of "net profits."

**JURY INSTRUCTION NO. 25**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 25**

**Lost Profits**

In this case T-Mobile USA claims lost profits. T-Mobile USA's damages may include net profits if T-Mobile USA proves with reasonable certainty that net profits would have been earned, but were not earned because of Huawei Device USA's breach <u>of contract and/or misappropriation</u>.

"Reasonable certainty" relates to the fact of damage rather than the amount of damage.

<u>"Net profits" in this case mean the actual profit after working expenses T-Mobile USA would have earned but were not earned because of Huawei Device USA's breach of contract and/or misappropriation.</u>

*Authority*:  6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 303.04 & cmt. (6th ed.) (modified as indicated); *Net Profit*, Black's Law Dictionary (10th ed. 2014).

**_Plaintiff's Objections to Defendant's Instruction No. 25_**
**_(Lost Profits)_**

There is no need to diverge from the WPI text in this circumstance. Further, Huawei's instruction injects confusion by requiring the jury to make a distinction between "net profit" and "actual profit," as well as failing to instruct them on what "working expenses" are. T-Mobile's opinion is more appropriate because it is clearer and follows the WPI.

**JURY INSTRUCTION NO. 26**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 26**

**Punitive Damages**

If you find for the plaintiff <u>on its trade secrets misappropriation claim</u>, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by ~~[a preponderance of the evidence]~~ ~~[clear and convincing evidence]~~ that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was willful and malicious~~, oppressive or in reckless disregard of the plaintiff's rights~~. Willful and malicious means an intentional and wrongful interference with trade secret rights of others not done in good faith. It is not necessary that actual malice in the sense of personal ill will exist. ~~Conduct is willful and malicious if it is accompanied by ill will or spite, or if it is for the purpose of injuring the plaintiff. Conduct is reckless in disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.~~ <u>Malice may be inferred from an act done in willful disregard of the rights of another, or an act wrongfully done without just cause or excuse, or an act or omission of duty betraying a willful disregard of social duty.</u>

~~If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but~~

1  ~~should not reflect bias, prejudice or sympathy toward any party. In considering the amount of~~
2  ~~any punitive damages, consider the degree of reprehensibility of the defendant's conduct [,~~
3  ~~including whether the conduct that harmed the plaintiff was particularly reprehensible because it~~
4  ~~also caused actual harm or posed a substantial risk of harm to people who are not parties to this~~
5  ~~case. You may not, however, set the amount of any punitive damages in order to punish the~~
6  ~~defendant for harm to anyone other than the plaintiff in this case].~~
7  ~~[In addition, you may consider the relationship of any award of punitive damages to any~~
8  ~~actual harm inflicted on the plaintiff.] [Punitive damages may not be awarded against [specify~~
9  ~~defendant.] [You may impose punitive damages against one or more of the defendants and not~~
10 ~~others, and may award different amounts against different defendants.]~~
11 ~~[Punitive damages may be awarded even if you award plaintiff only nominal, and not~~
12 ~~compensatory, damages.]~~

*Authority*:     Ninth Circuit Manual of Model Jury Instructions: Civil 5.5 (2007); RCW 19.108.030(2); Jury Instructions at No. 18C (Dkt. 388), *Straitshot Commnc'ns, Inc. v. Telekenex, Inc.*, No. C10-268-TSZ (W.D. Wash. Feb. 1, 2012); *McCormack & Dodge Corp. v. ABC Mgmt. Sys. Inc.*, 1983 WL 51859, at *19 (Wash. Sup. Ct. 1983).

## ***Defendant's Objections to Plaintiff's Instruction No. 26***
### ***(Punitive Damages)***

T-Mobile USA proposes to instruct the jury that it may award punitive damages against Huawei Device USA for misappropriation of trade secrets.  Under the Washington Uniform Trade Secrets Act, however, only "the *court* may award punitive damages" if willful and malicious misappropriation exists.  RCW § 19.108.030(2).  Under § 19.108.030, "the amount of any punitive damages is determined by the judge, not the jury, after a threshold finding has been made as to willful and malicious misappropriation."  6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 351.01 cmt. (6th ed.).  Further, because the Court must determine the amount of punitive damages, if any, it is also the Court's province to decide the threshold factual issue of whether Huawei Device USA's alleged misappropriation was willful and malicious.  *See Boeing Co. v. Sierracin Corp.*, 108 Wash. 2d 38, 62 (1987).  T-Mobile USA's proposal to permit the jury to award punitive damages is therefore contrary to law and should not be given.

In addition, T-Mobile's proposed instruction departs substantially from the model instruction in ways that misconstrue and misstate the law in favor of T-Mobile.

**PLAINTIFF'S PROPOSED VERDICT FORM**

We, the jury, being duly impaneled and sworn, provide the following answers to the questions submitted by the court:

**QUESTION NO. 1**: Do you find by a preponderance of the evidence that T-Mobile has proven its misappropriation of trade secrets claim against Huawei?

YES _____ NO _____

*If you answered "Yes" to Question No. 1, then you must answer Question Nos. 2-3. If you answered "No" to Question No. 1, then you must skip Question Nos. 2-3 and continue on with Question No. 5.*

**QUESTION NO. 2**: What do you find is the amount of damages caused by Huawei's misappropriation of trade secrets?

$_____

**QUESTION NO. 3**: Do you find by a preponderance of the evidence that Huawei's misappropriation of trade secrets was willful and malicious?

YES _____          NO _____

*If you answered "Yes" to Question No. 3, then you must answer Question No. 4. If you answered "No" to Question No. 3, then you must skip Question No. 4 and continue on with Question No. 5.*

**QUESTION NO. 4:** What amount of punitive damages, if any, do you recommend the Court award T-Mobile? Punitive damages may be an award of no more than two times the amount of damages you award for misappropriation of trade secrets in your response to Question No. 2.

$_____

*You must answer Question No. 5.*

**QUESTION NO. 5:** The Court has already determined that Huawei breached its Mutual Nondisclosure Agreement and Clean Room Letter Agreement with T-Mobile. Do you find by a

preponderance of the evidence that T-Mobile has proved its claim that Huawei breached one or more of its other contracts with T-Mobile?

Handset and Accessory Supply Agreement

YES _____          NO _____

MetroPCS Supply Agreement

YES _____          NO _____

*You must answer Question No. 6.*

**QUESTION NO. 6:**  What do you find is the total amount of damages that T-Mobile incurred as a result of (1) Huawei's breaches of the Nondisclosure Agreement and Clean Room Letter Agreement, and (2) Huawei's breach(es), if any, of the Handset and Accessory Supply Agreement and MetroPCS Supply Agreement?

$_____

*Please sign and date this form, and notify the courtroom deputy that you have reached a verdict.*

Dated this _____ day of _____, 2017.

_____

Presiding Juror

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S VERDICT FORM**

While T-Mobile's proposed instructions incorporate a blizzard of different categories of often overlapping forms of recovery – unjust enrichment, reasonable royalty, restitution, and actual damages – T-Mobile's verdict form lumps them all together so that the jury's ultimate award is completely opaque. This invites the jury to provide T-Mobile a double recovery – for example, by combining royalty, restitution, and/or unjust enrichment though each is calculated from the same set of profits. At the same time, T-Mobile's refusal to distinguish on its verdict form among its many theories of recovery will prevent any attribution of the jury's award if one of T-Mobile's theories is overturned, requiring an entirely new trial on damages.

At the same time it fails to distinguish between amounts awarded for unjust enrichment, reasonable royalty, restitution, and actual damages, T-Mobile provides separate lines for the jury to make awards for misappropriation of trade secrets and breach of contract. Because T-Mobile claims the same damages and unjust enrichment on both claims, this will confuse the jury and invites them to award T-Mobile a double recovery.

Finally, T-Mobile improperly requires the jury to find the availability and amount of punitive damages.

## DEFENDANT'S PROPOSED VERDICT FORM

We the jury, in the above captioned action, answer the questions submitted to us as follows:

## I.  <u>MISAPPROPRIATION OF TRADE SECRETS</u>

**Question 1:** Has T-Mobile proven by a preponderance of the evidence that any of the following meets the definition of a trade secret as set forth in Instruction XX?

a) [T-Mobile to identify trade secrets]

*Answer*:        Yes _____                No_____


b)

*Answer*:        Yes _____                No_____


c)

*Answer*:        Yes _____                No_____


d)

*Answer*:        Yes _____                No_____


e)

*Answer*:        Yes _____                No_____


f)

*Answer*:        Yes _____                No_____


g)

*Answer*:        Yes _____                No_____

*If you answered "Yes" to __any__ subpart of Question 1, please proceed to Question 2. If you answered "No" to __every__ subpart of Question 1, please proceed to Question 5.*

**Question 2:** Has T-Mobile proven by a preponderance of that evidence that Huawei Device USA misappropriated the trade secret or trade secrets identified in Question 1?

a) [T-Mobile to identify trade secrets]

*Answer*:        Yes _____                    No_____

b)

*Answer*:        Yes _____                    No_____

c)

*Answer*:        Yes _____                    No_____

d)

*Answer*:        Yes _____                    No_____

e)

*Answer*:        Yes _____                    No_____

f)

*Answer*:        Yes _____                    No_____

g)

*Answer*:        Yes _____                    No_____

*If you answered "Yes" to __any__ subpart of Question 1 and to any subpart of Question 2, please proceed to Questions 3 and 4. If you answered "No" to __every__ subpart of Question 2, please proceed to Question 5.*

**Question 3:** Did T-Mobile prove by a preponderance of the evidence that it suffered actual loss as a result of a misappropriation of trade secrets?

*Answer*:        Yes _____                        No_____

**Question 4:** Did T-Mobile prove by a preponderance of the evidence that, as a result of misappropriation, Huawei Device USA received money or benefits that in justice and fairness belong to T-Mobile?

*Answer*:        Yes _____                        No_____

***Proceed to Question 5***

## II. **BREACH OF CONTRACT**

The Court has already determined that Huawei Device USA breached its Mutual Nondisclosure Agreement and Clean Room Letter Agreement with T-Mobile.

**Question 5:** Did T-Mobile prove by a preponderance of the evidence that Huawei Device USA breached the Handset and Accessory Supply Agreement?

*Answer*:          Yes _____                    No_____

**Question 6:** Did T-Mobile prove by a preponderance of the evidence that Huawei Device USA breached the MetroPCS Supply Agreement?

*Answer*:          Yes _____                    No_____

**Question 7:** Did Huawei Device USA prove by clear, cogent, and convincing evidence that its breach of the above contracts, if any, is excused by T-Mobile's statements, acts, or conduct as set forth in Instruction XX?

*Answer*:          Yes _____                    No_____

***If you answered "Yes" to Question 7, you should STOP HERE.   If you answered "No" to Question 7, you should move on to Question 8.***

**Question 8:** Did T-Mobile prove by a preponderance of the evidence that it incurred actual loss as a result of (1) Huawei Device USA's breaches of the Nondisclosure Agreement and Clean Room Letter Agreement, and (2) Huawei Device USA's breach(es), if any, of the Handset and Accessory Supply Agreement and MetroPCS Supply Agreement, that was reasonably foreseeable at the time the contract was made?

*Answer*:          Yes _____                    No_____

***If you answered "Yes" to Question 3, Question 4, <u>or</u> Question 8, PROCEED to Part III.  If you answered "No" to or did not reach Question 3, Question 4, <u>and</u> Question 8, you should STOP HERE.***

## III. **DAMAGES**

***If you answered "Yes" to Question 3 or "Yes" to Question 8, please answer Question 9. If you answered "No" to Question 3 and to Question 8 or did not reach Question 3 and Question 8, do not answer Question 9.***

**Question 9:** If you answered "Yes" to Question 3 or 8, what is the amount of T-Mobile's actual loss?

*Answer*:     $_____

***If you answered "Yes" to Question 4, please answer Question 10.***

**Question 10:** If you answered "Yes" to Question 4, then what is the amount of money or benefits received by Huawei Device USA as a result of misappropriation that, in justice and fairness, belong to T-Mobile?

*Answer*:     $ _____

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S VERDICT FORM**

Huawei's proposed verdict form is objectionable for three reasons, which are discussed at further length in T-Mobile's objections to specific instructions and its trial brief. *First*, despite uniform Washington authority to the contrary, it improperly requires the jury to make separate findings for each individual trade secret. *See, e.g., A.H. Lundberg Assocs., Inc. v. TSI, Inc.*, 14-cv-1160-JLR, Dkt. #210 (W.D. Wash. Sept. 23, 2016); *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs, Inc.*, 14-cv-00085-LRS, Dkt. #496 (E.D. Wash. June 30, 2016); *Eagle Harbor Holdings, LLC v. Ford Motor Co.*, 11-CV-5503-BHS, Dkt. #648 (W.D. Wash. Mar. 26, 2015); *Straitshot Commc'ns, Inc. v. Telekenex, Inc.*, 10-cv-0268-TSZ, Dkt. #403 (W.D. Wash. Feb. 6, 2012); *Ultimate Timing, L.L.C. v. Simms*, 08-cv-1632-MJP, Dkt. #218 (W.D. Wash. July 2, 2010).

*Second*, Huawei attempts to limit T-Mobile's unjust enrichment damages to benefits accruing only to Huawei Device USA. RCW 19.108.030 plainly permits recovery for any unjust enrichment "caused by" the misappropriation, regardless of whether the unjust enrichment accrued to a third party. *See* Melvin F. Jager, 1 Trade Secrets Law § 3:42 (construing identical provision in Uniform Trade Secrets Act, and noting that "[d]amages can also include an ***amount for the unjust enrichment of*** either the defendant or ***third parties caused by the defendant's misappropriation*** that is not taken into account in computing actual loss.") (emphasis added); *see also* Mangren, 87 F.3d at 945-46 (affirming award of "unjust enrichment" damages for sales made by third-party non-defendant, which were made as a result of the third party's access to the trade secrets). T-Mobile can recover unjust enrichment damages for benefits that flowed to Huawei's related corporate entities, including Huawei Technologies Co. Ltd.

*Third*, Huawei's estoppel defense is inapplicable where there has been no evidence or argument that T-Mobile is in material breach of any of its agreements. Even if T-Mobile were, such a breach would not excuse Huawei's intentional violation of its promise to not disclose or use T-Mobile's confidential information.

DATED this 7th day of February, 2017.

| | |
|---|---|
| <u>Steven N. Feldman</u> | <u>Margaret P. Kammerud</u> |
| Michael E. Kipling, WSBA #7677 | Franklin D. Cordell, WSBA #26392 |
| Marjorie A. Walter, WSBA #40078 | Jeffrey M. Thomas, WBSA #21175 |
| kipling@kiplinglawgroup.com | **GORDON TILDEN THOMAS & CORDELL LLP** |
| walter@kiplinglawgroup.com | 1001 Fourth Avenue, Suite 4000 |
| **KIPLING LAW GROUP PLLC** | Seattle, Washington 98154 |
| 4464 Fremont Avenue N., Suite 300 | (206) 467-6477 |
| Seattle, WA 98103 | (206) 467-6292 |
| (206) 545-0345 | fcordell@gordontilden.com |
| (206) 545-0350 (fax) | jthomas@gordontilden.com |
| | |
| John Hueston (admitted *pro hac vice*) | Timothy C. Bickham (admitted *pro hac vice*) |
| Alison Plessman (admitted *pro hac vice*) | James F. Hibey (admitted *pro hac vice*) |
| Eric Hayden (admitted *pro hac vice*) | Michael J. Allan (admitted *pro hac vice*) |
| Steven N. Feldman (admitted *pro hac vice*) | Margaret Kammerud (admitted *pro hac vice*) |
| jhueston@hueston.com | tbickham@steptoe.com |
| aplessman@hueston.com | jhibey@steptoe.com |
| ehayden@hueston.com | mallan@steptoe.com |
| sfeldman@hueston.com | mkammerud@steptoe.com |
| **HUESTON HENNIGAN LLP** | **STEPTOE & JOHNSON LLP** |
| 620 Newport Center Drive, Suite 1300 | 1330 Connecticut Avenue NW |
| Newport Beach, CA 92660 | Washington, DC 20036 |
| (949) 229-8640 | (202) 429-3000 |

*Counsel for Plaintiff T-Mobile USA, Inc.*          *Counsel for Defendant Huawei Device USA, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of February, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

DATED this 7th day of February, 2017.

_s/ Xinlin Li Morrow_
Xinlin Li Morrow (admitted *pro hac vice*)
**HUESTON HENNIGAN LLP**
523 W. 6th Street, Suite 400
Los Angeles, CA  90014
(213) 788-4340

***Counsel Plaintiff T-Mobile USA, Inc.***