The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| T-MOBILE USA, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>HUAWEI DEVICE USA, INC., a Texas corporation.<br><br>  Defendants. | NO. C14-1351 RAJ<br><br>**DEFENDANT HUAWEI DEVICE USA, INC.'S SUPPLEMENTAL TRIAL BRIEF**<br><br>**REDACTED – PUBLIC VERSION** |

DEFENDANT HUAWEI DEVICE USA'S
SUPPLEMENTAL TRIAL BRIEF
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

**TABLE OF CONTENTS**

ARGUMENT ..................................................................................................................... 1

I. Washington's Uniform Trade Secrets Act Does Not Require a Defendant to Disgorge the Alleged Unjust Enrichment of Non-Parties. ............................................................. 1

II. T-Mobile USA Cannot Compel Huawei Device USA to Disgorge the Alleged Enrichment of its Corporate Affiliates Under Joint and Several Principles. ...................... 2

    A. T-Mobile USA Waived its Newfangled Theory of Recovery by Failing to Plead Joint and Several Liability in its Complaint. ........................................... 2

    B. Washington's Joint and Several Liability Statute Does Not Apply to Divisible Harms Like Unjust Enrichment. ............................................................. 3

    C. T-Mobile USA's "Agency" Theory of Liability is Defective Because There is No Principle of "Respondeat Inferior." ................................................... 5

III. Unjust Enrichment, from Huawei Device USA or its Corporate Affiliates, is Not an Available Remedy for Breach of Contract. ............................................................. 6

IV. A Reasonable Royalty is Not an Available Remedy for Trade Secret Misappropriation or Breach of Contract. ............................................................. 7

V. The Court Should Grant Huawei Device USA's Motions *in Limine*. ............................. 10

DEFENDANT HUAWEI DEVICE USA'S
SUPPLEMENTAL TRIAL BRIEF
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Bailie Commc'cns v. Trend Bus. Sys.*,
   53 Wash. App. 77 (1988) ................................................................. 7

*Bailie Commc'ns, v. Trend Bus. Sys.*,
   61 Wash. App. 151 (1991) ............................................................... 1

*Clark v. Bunker*,
   453 F.2d 1006 (9th Cir. 1972) ......................................................... 5

*DePuy Spine v. Medtronic Sofamor Danek*,
   567 F.3d 1314 (Fed. Cir. 2009) ..................................................... 10

*Dodson v. Econ. Equip. Co.*,
   188 Wash. 340 (1936) ..................................................................... 6

*Gerrard v. Craig*,
   67 Wash. App. 394 (1992) ............................................................... 4

*H.E. Briggs & Co. v. Harper Clay Products Co.*,
   150 Wash. 235 (1928) ..................................................................... 6

*Harris Rutsky & Co. v. Bell & Clements*,
   328 F.3d 1122 (9th Cir. 2003) ......................................................... 6

*In re Washington Mut., Inc.*,
   418 B.R. 107 (Bankr. D. Del. 2009) ................................................ 2

*Inventio AG v. Thyssenkrupp Elevator*,
   2013 WL 6628007 (D. Del. Dec. 13, 2013) ..................................... 9

*Inwood Labs. v. Ives Labs.*,
   456 U.S. 844 (1982) ...................................................................... 10

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ........................................................... 3

*Kalland v. N. Am. Van Lines*,
   716 F.2d 570 (9th Cir. 1983) ........................................................... 4

*Mangren Research & Dev. Corp. v. Nat'l Chem. Co.*,
   87 F.3d 937 (7th Cir. 1996) ............................................................. 2

*McCormack & Dodge Corp. v. ABC Mgmt. Sys., Inc.*,
   No. 82 2 00204 2, 1983 WL 51859 (Wash. Super. Dec. 22, 1983) ........ 2

DEFENDANT HUAWEI DEVICE USA'S
SUPPLEMENTAL TRIAL BRIEF
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

*Mike's Train House, Inc. v. Lionel L.L.C.*,
 No. 00 Civ. 71729(JCO), 2004 WL 2472644 (E.D. Mich. Nov. 1, 2004) ............................... 4

*Minnick v. Clearwire US*,
 683 F. Supp. 2d 1179 (W.D. Wash. 2010) ............................................................................ 7

*Myzel v. Fields*,
 386 F.2d 718 (8th Cir. 1967) ................................................................................................. 4

*PMC, Inv. v. Kadisha*,
 78 Cal.App.4th 1368 (2000) .................................................................................................. 5

*Power Integrations v. Fairchild Semiconductor*,
 711 F.3d 1348 (Fed. Cir. 2013) ........................................................................................... 10

*Salton v. Philips Domestic Appliances & Pers. Care*,
 391 F.3d 871 (7th Cir. 2005) ................................................................................................. 5

*Soaring Helmet Corp. v. Nanal, Inc.*,
 No. C09–0789 JLR, 2011 WL 39058 (W.D. Wash. Jan. 3, 2011) ......................................... 3

*Speer v. Taira Lynn Marine*,
 116 F. Supp. 2d 826 (S.D. Tex. 2000) .................................................................................. 6

*Storagecraft Tech. Corp. v. Kirby*,
 744 F.3d 1183 (10th Cir. 2014) ............................................................................................ 8

*Strategic All. Partners v. Dress Barn*,
 386 F. Supp. 2d 312 (S.D.N.Y. 2005) ................................................................................... 7

*Summit Prop. Int'l, LLC v. Ladies Prof. Gold Ass'n*,
 2010 WL 4983179 (S.D.N.Y. Dec. 6, 2010) ......................................................................... 7

*Topps Co. v. Cadbury Stani S.A.I.C.*,
 380 F. Supp. 2d 250 (S.D.N.Y. 2005) ............................................................................. 6, 8

*U.S. Naval Inst. v. Charter Commc'ns*,
 936 F.2d 692 (2d Cir. 1991) .................................................................................................. 6

*Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil*,
 425 F.3d 1366 (Fed. Cir. 2005) ............................................................................................. 9

*United States v. Cochran*,
 79 F. Supp. 3d 578, 585 (E.D.N.C. 2015) ............................................................................ 2

*University Computing Co. v. Lykes-Youngstown Corp.*,
 504 F.2d 518 (5th Cir. 1974) ................................................................................................. 8

*Vermont Mut. Ins. Co. v. Ciccone*,
 No. 3:09-CV-00445-VAB, 2015 WL 4999894 (D. Conn. Aug. 21, 2015) ............................ 3

DEFENDANT HUAWEI DEVICE USA'S
SUPPLEMENTAL TRIAL BRIEF
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*,
  520 U.S. 17 (1997) .......................................................................................................... 10

*Xi v. U.S. I.N.S.*,
  298 F.3d 832 (9th Cir. 2002) ............................................................................................ 7

**STATUTES**

RCW § 19.108.020 ............................................................................................................... 7

RCW § 19.108.030 ........................................................................................................ 1, 2, 7

Uniform Trade Secrets Act §§ 2, 3 & cmt. ................................................................... 1, 7, 8

RCW § 4.22.030 ................................................................................................................... 4

**BOOKS AND ARTICLES**

11 Corbin on Contracts § 55.3 ............................................................................................. 7

24 Williston on Contracts § 64:1 (4th ed.) .......................................................................... 7

25 Wash. Prac., Contract Law and Practice § 14:7 (3d ed.) ............................................... 7

Cornelius J. Peck, *Reading Tea Leaves*, 15 U. Puget Sound L. Rev. 335, 337 (1992) ........ 4

Melvin F. Jager, 1 Trade Secrets Law § 3:42 ....................................................................... 2

Restatement (Second) of Contracts § 347 (1981) ................................................................ 7

Restatement (Third) of Agency § 7.01 cmt. a (2006) .......................................................... 6

Restatement (Third) of Agency § 7.01 cmt. d (2006) .......................................................... 6

Restatement (Third) of Restitution & Unjust Enrichment § 42 illus. 8, 11 (2011) ............. 4

Restatement (Third) of Torts: Apportionment Liab. § 12 (2000) ........................................ 4

Restatement (Third) of Unfair Competition § 40 cmt. c (1995) ........................................ 10

*Total Breach*, Black's Law Dictionary (10th ed. 2014) ...................................................... 7

**OTHER AUTHORITIES**

6 Wash. Prac., Wash. Pattern Jury Instr. Civ. 50.00 (6th ed.) ............................................ 5

Fed. R. Civ. P. 16 ................................................................................................................. 3

DEFENDANT HUAWEI DEVICE USA'S
SUPPLEMENTAL TRIAL BRIEF
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

On the eve of trial, T-Mobile USA seeks to radically expand the scope of its damages and liability claims. Neither T-Mobile nor its experts ever alleged that Huawei Device USA is liable for the actions or enrichment of its affiliates under joint and several liability. Nor did they disclose T-Mobile's new reasonable royalty theory by which Huawei Device USA would have taken a license on behalf of its corporate grandparents. T-Mobile's eleventh-hour theories are unsupported by the law and are also waived. Injection of these new issues into the case long after the conclusion of discovery would severely prejudice Huawei Device USA, which will have to revamp its trial strategy, produce additional documents, disclose new trial witnesses, and retain additional expert witnesses. T-Mobile cannot restructure the case at this late date.

## ARGUMENT

### I. Washington's Uniform Trade Secrets Act Does Not Require a Defendant to Disgorge the Alleged Unjust Enrichment of Non-Parties.

T-Mobile USA claims that the plain language of Washington's Uniform Trade Secrets Act permits a plaintiff to disgorge from a party-defendant the alleged unjust enrichment of non-parties. The law does nothing of the sort. *See* Dkt. 357 at 5-11.

Under Washington law, a plaintiff may recover damages for "actual loss caused by misappropriation" or "unjust enrichment caused by misappropriation that is not taken into account in computing damages for actual loss." RCW § 19.108.030. Nothing about that language "unambiguously" compels a party-defendant to disgorge the alleged unjust enrichment of a non-party any more than it allows a plaintiff to recover actual losses suffered by non-parties. Unjust enrichment is an equitable principle that requires disgorgement when the *defendant* "received money or benefits that in justice and fairness belong" to the plaintiff. WPI 351.01; *see also Bailie Commc'ns, Ltd. v. Trend Bus. Sys.*, 61 Wash. App. 151, 160 (1991) ("Unjust enrichment occurs when ***one retains*** money or benefits which in justice and equity belong to another." (emphasis added)). T-Mobile USA's reading of the statute, however, would convert unjust enrichment from a doctrine of equity to one of punishment, allowing non-parties to retain their unjust enrichment while compelling the party-defendant to disgorge more than it benefitted.

DEFENDANT HUAWEI DEVICE USA'S
SUPPLEMENTAL TRIAL BRIEF      - 1 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

The fact that Huawei Device USA and the relevant non-parties are corporate affiliates does not make T-Mobile USA's theory any more equitable.  Courts have refused to disrespect the corporate form by compelling a corporate defendant to disgorge the enrichment of its affiliates except in one circumstance:  where the defendant is a parent company of a subsidiary that has liquidated and thus shared the benefit of the wrongdoing with the parent's shareholders. *See, e.g.*, *In re Washington Mut., Inc.*, 418 B.R. 107, 113 (Bankr. D. Del. 2009) (applying Washington law).  That circumstance is not presented here, and nothing about the language of § 19.108.030 suggests Washington, alone among the states, intended for unjust enrichment to be wielded as a punitive remedy.

In arguing otherwise, T-Mobile USA cites *Mangren Research & Dev. Corp. v. Nat'l Chem. Co.*, 87 F.3d 937 (7th Cir. 1996), and a treatise (Melvin F. Jager, 1 Trade Secrets Law § 3:42) citing thereto.  But *Mangren* involved an award of actual damages in the form of the *plaintiff's* lost sales, not unjust enrichment to the defendant.  *See id.* at 945-46.  T-Mobile USA's other cited authority, *McCormack & Dodge Corp. v. ABC Mgmt. Sys., Inc.*, No. 82 2 00204 2, 1983 WL 51859, at *18 (Wash. Super. Dec. 22, 1983), merely held that liability may be imposed on a principal for the acts of its employees and agents.  Neither case interpreted § 19.108.030, or language analogous to it, as permitting the disgorgement of unjust enrichment to non-parties.

II. **T-Mobile USA Cannot Compel Huawei Device USA to Disgorge the Alleged Enrichment of its Corporate Affiliates Under Joint and Several Principles.**

   A. **T-Mobile USA Waived its Newfangled Theory of Recovery by Failing to Plead Joint and Several Liability in its Complaint.**

Nor, as T-Mobile USA contends, may Huawei Device USA be compelled to disgorge the alleged enrichment of its grand-parent (Huawei Device China) and great-grandparent (Huawei Technologies) under principles of joint and several liability.  *See* Dkt. 357 at 4, 5-11.

At the outset, T-Mobile USA never pled such a theory in its complaint.  "[J]oint and several liability … must be pleaded to be actionable at trial," and where the plaintiff "did not plead such a theory of relief, plaintiff's present assertions of liability on this basis must be excluded from trial."  *United States v. Cochran*, 79 F. Supp. 3d 578, 585 (E.D.N.C. 2015).

DEFENDANT HUAWEI DEVICE USA'S
SUPPLEMENTAL TRIAL BRIEF                   - 2 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

Courts have refused to permit such shifting theories of liability after the close of discovery or on the eve of trial because expanding the case in such a manner inevitably results in prejudice to the defendant. *See Vermont Mut. Ins. Co. v. Ciccone*, No. 3:09-CV-00445-VAB, 2015 WL 4999894, at *2 (D. Conn. Aug. 21, 2015) (citing cases); *see also Soaring Helmet Corp. v. Nanal, Inc.*, No. C09–0789 JLR, 2011 WL 39058, at *4 (W.D. Wash. Jan. 3, 2011) (denying leave to add new defendant and pierce the corporate veil theory on eve of trial where movant did not act diligently in moving to amend).

In effect, T-Mobile USA seeks to amend its complaint after the December 23, 2015 deadline for amendments established by this Court's scheduling order. *See* Dkt. 41. Under Rule 16, however, such amendments are permitted only when the moving party could not reasonably meet the pretrial schedule despite diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If plaintiff "was not diligent, the inquiry should end," and "[f]ailing to heed clear and repeated signals that not all the necessary parties had been named in the complaint does not constitute diligence." *Id.*

Here, the defendants made it repeatedly known to T-Mobile before the deadline for amendment that its claims were predicated on alleged actions taken by employees of Huawei Device China. *See, e.g.*, Dkt. 50 at 6, 51 ¶¶ 119-19, 59 at 1, 250 at 2-3. If T-Mobile intended to seek recovery from Huawei Device China, it was T-Mobile's obligation to amend its complaint by the deadline and so plead its claims. Having failed to diligently do so, T-Mobile USA cannot now dramatically expand its liability and damages theories via trial briefs.

**B.   Washington's Joint and Several Liability Statute Does Not Apply to Divisible Harms Like Unjust Enrichment.**

Putting aside T-Mobile USA's waiver, Washington's joint and several liability statute is limited to cases involving *indivisible* harms. In some circumstances, a plaintiff's actual damages, caused by multiple tortfeasors, may be indivisible. By their nature, however, the unjust enrichment of numerous entities is *not* indivisible—the purported enrichment can be traced to each separate entity.

DEFENDANT HUAWEI DEVICE USA'S
SUPPLEMENTAL TRIAL BRIEF    - 3 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

Washington Revised Code section 4.22.030 provides that liability shall be joint and several "if more than one person is liable to a claimant on an *indivisible* claim for the same injury, death or harm." (Emphasis added). The plain language of the statute reflects the principle that each person who commits an intentional tort is jointly and severally liable "for any indivisible injury legally caused by the tortious conduct." Restatement (Third) of Torts: Apportionment Liab. § 12 (2000).

An injury is indivisible, and thus joint and several liability is appropriate, only "if it is incapable of division on any logical or reasonable basis." *Kalland v. N. Am. Van Lines*, 716 F.2d 570, 573 (9th Cir. 1983) (quotation marks and citation omitted). Put otherwise, joint and several liability is limited to circumstances where the trier of fact "cannot reasonably make the division of liability between the tortfeasors." *Gerrard v. Craig*, 67 Wash. App. 394, 406–07 (1992), *rev'd on other grounds in*, 122 Wash. 2d 288 (1993). T-Mobile USA's own damages expert divided the purported unjust enrichment between U.S. sales (made by Huawei Device USA) and foreign sales (made by other entities). Dkt. 273-8 at 131. Accordingly, this is not a case where apportionment is unfeasible and thus not a case where section 4.22.030 can properly be applied.

T-Mobile USA's request to hold Huawei Device USA liable for the alleged unjust enrichment of non-parties also contravenes the fundamental principle that a defendant can only be liable for disgorging its *own* enrichment. The purpose of joint and several liability is to ensure an injured plaintiff recovers full compensation for *his* injuries. *See* Cornelius J. Peck, *Reading Tea Leaves*, 15 U. Puget Sound L. Rev. 335, 337 (1992). The principle thus permits a plaintiff to hold a defendant jointly and severally liable for the plaintiff's actual damages; in contrast, however, "only those who have benefited" are liable for unjust enrichment, "and then only to the extent thereof." *Myzel v. Fields*, 386 F.2d 718, 744 n.21 (8th Cir. 1967); *see also, e.g.*, Restatement (Third) of Restitution & Unjust Enrichment § 42 illus. 8, 11 (2011) (defendants may be held jointly liable for actual damages caused by intellectual property misappropriation, but are liable only for their own unjust enrichment); *Mike's Train House, Inc. v. Lionel L.L.C.*, No. 00 Civ. 71729(JCO), 2004 WL 2472644, at *3 (E.D. Mich. Nov. 1, 2004).

DEFENDANT HUAWEI DEVICE USA'S
SUPPLEMENTAL TRIAL BRIEF    - 4 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

None of the authorities cited in T-Mobile USA's trial brief supports its request to extend the doctrine of unjust enrichment beyond its traditional bounds. T-Mobile USA relies principally on *Clark v. Bunker*, 453 F.2d 1006 (9th Cir. 1972), which held, under Nevada law, that the plaintiff in a trade secret case could recover "compensatory damages" from all of the defendants—even though not all defendants received profits from the misappropriation—because the defendants were found to be "jointly and severally liable for the damage sustained by [the plaintiff]." *Id.* at 1011-12. In effect, the Ninth Circuit held that even defendants who did not obtain profits could still be held jointly and severally liable for *actual damages—i.e.*, "compensatory damages" or the damage sustained by the plaintiff. But unjust enrichment is not a form of compensatory *damage* or an injury sustained by the *plaintiff*. *Clark* thus does not address the question presented here: whether a defendant may be held jointly and severally liable for the unjust enrichment of a non-party.

T-Mobile USA's citation to *PMC, Inv. v. Kadisha*, 78 Cal.App.4th 1368 (2000), is likewise misplaced. *Kadisha* held that "[a]ll persons who are shown to have participated in an intentional tort are liable for the full amount of the damages suffered." *Id.* at 1381. But the court did not consider, let alone analyze, whether the unjust enrichment of a non-party can be disgorged under joint and several principles from a lone defendant. Similarly, *Salton v. Philips Domestic Appliances & Pers. Care*, 391 F.3d 871, 877 (7th Cir. 2005), did not address whether the general concept of joint and several liability extends beyond actual damages to alleged unjust enrichment. Rather, it concerned a different question than the one presented here—to wit, whether a potential co-defendant was an "indispensible party."

### C. T-Mobile USA's "Agency" Theory of Liability is Defective Because There is No Principle of "Respondeat Inferior."

T-Mobile USA suggests that, even if a defendant may not be forced to disgorge a non-party's unjust enrichment under principles of joint and several liability, Huawei Device USA can be held vicariously liable as the agent of its upstream affiliates. A *principal* may be held vicariously liable for the acts of its agent. *See* 6 Wash. Prac., Wash. Pattern Jury Instr. Civ. 50.00 (6th ed.). But the converse is not true. An agent is not liable for torts committed by its

DEFENDANT HUAWEI DEVICE USA'S
SUPPLEMENTAL TRIAL BRIEF      - 5 -
NO. C14-1351 RAJ

principal. Restatement (Third) of Agency § 7.01 cmt. d (2006). "[T]here is no principle of 'respondeat inferior.'" *Id.*; *see also Speer v. Taira Lynn Marine*, 116 F. Supp. 2d 826, 830 (S.D. Tex. 2000) ("There is no such thing as respondeat inferior.").

The cases upon which T-Mobile USA relies stand for the limited proposition that an agent is liable for *his own* conduct even if his acts were performed for the benefit of his principal and without profit to himself personally. *See Dodson v. Econ. Equip. Co.*, 188 Wash. 340, 343 (1936); *see also* Restatement (Third) of Agency § 7.01 cmt. a (2006) ("This section states the general proposition that an agent's tortious conduct subjects the agent to liability."). None supports the illogical notion that an agent can be held liable in place of its principal.[1]

### III. Unjust Enrichment, from Huawei Device USA or its Corporate Affiliates, is Not an Available Remedy for Breach of Contract.

T-Mobile USA's attempt to disgorge from Huawei Device USA the unjust enrichment of non-parties under its contract claim is likewise defective. T-Mobile did not seek unjust enrichment for breach of contract in its Complaint. Dkt. 1 at 21. Disgorgement of profits is not an appropriate remedy for a breach of contract because "the injured party should not recover more from the breach than the party would have gained had the contract been fully performed." *Topps Co. v. Cadbury Stani S.A.I.C.*, 380 F. Supp. 2d 250, 269 (S.D.N.Y. 2005) ("although disgorgement may be available to Topps to remedy the independent tort of misappropriation of trade secrets, it is not available on the breach of contract claim"); *accord U.S. Naval Inst. v. Charter Commc'ns*, 936 F.2d 692, 696–97 (2d Cir. 1991). Thus, a "plaintiff may recover no

---

[1] Similarly misguided is T-Mobile's waived theory that Huawei Device USA and Huawei Device China are "alter egos." To establish alter ego liability, it is not enough that one corporation owns the stock of another and that the two are intimately related in carrying on their business for the purpose of mutual benefit. *See H.E. Briggs & Co. v. Harper Clay Products Co.*, 150 Wash. 235, 239 (1928). Rather, "their property rights [must be] so commingled and their affairs so intimately related in management as to render it apparent that they are, in fact and in intent, one, and, so related, to have them regarded otherwise would work a fraud upon third persons." *Id.* The evidence cited by T-Mobile does not come close to establishing that Huawei Device China exercises such control over Huawei Device USA as to "render the latter the mere instrumentality of the former." *Harris Rutsky & Co. v. Bell & Clements*, 328 F.3d 1122, 1135 (9th Cir. 2003). For example, T-Mobile asserts that Huawei Technologies claimed Huawei Device China's revenues as its own in interrogatory responses. On the contrary, T-Mobile asked for "Huawei's" – defined as all Huawei affiliates – handset revenue data, so Huawei Technologies provided it. Indeed, Huawei has extensive internal agreements and accounting controls to preserve the separate identity of each of Huawei entity. Had T-Mobile pursued an alter ego claim prior to pre-trial briefing, Huawei would have produced this material, and it will all need to be produced now if T-Mobile is permitted to bring an alter ego claim at this late date.

DEFENDANT HUAWEI DEVICE USA'S
SUPPLEMENTAL TRIAL BRIEF - 6 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

more than is necessary to provide what he or she would have obtained had both parties fully performed their respective promises." 24 Williston on Contracts § 64:1 (4th ed.); *see also* 11 Corbin on Contracts § 55.3 ("[I]t is a basic tenet of contract law that the aggrieved party will not be placed in a better position than it would have occupied had the contract been fully performed."); Restatement (Second) of Contracts § 347 (1981) & cmt. e ("The injured party is limited to damages based on his actual loss caused by the breach.").[2]

T-Mobile USA cites an unpublished New York case holding that restitution damages are available as an equitable remedy in cases of repudiation or total breach of contract—*i.e.*, where the aggrieved party has "remaining rights" to perform under the contract. *Summit Prop. Int'l, LLC v. Ladies Prof. Gold Ass'n*, 2010 WL 4983179, at *3-4 (S.D.N.Y. Dec. 6, 2010); *Total Breach*, Black's Law Dictionary (10th ed. 2014). But T-Mobile USA has not identified any remaining obligations under the contract. *See* 25 Wash. Prac., Contract Law and Practice § 14:7 (3d ed.); *Bailie Commc'ns v. Trend Bus. Sys.*, 53 Wash. App. 77, 81-82 (1988). Further, an award of unjust enrichment is improper where, as here, an express contractual agreement governs the parties' relationship. *Minnick v. Clearwire US*, 683 F. Supp. 2d 1179, 1186 (W.D. Wash. 2010); *Strategic All. Partners v. Dress Barn*, 386 F. Supp. 2d 312, 318 (S.D.N.Y. 2005).

### IV. A Reasonable Royalty is Not an Available Remedy for Trade Secret Misappropriation or Breach of Contract.

Finally, T-Mobile USA argues that it may recover unjust enrichment to nonparties in the form of a reasonable royalty. But a reasonable royalty is unavailable in this case, except as an alternative to an injunction for ongoing use. Unlike the Uniform Trade Secret Act and the laws of some other states, Washington's Trade Secret Act limits the remedies for misappropriation to "unjust enrichment" and "actual loss." RCW § 19.108.030. Reasonable royalty is available only as a "condition [on] future use." RCW § 19.108.020.[3] T-Mobile cannot by fiat rewrite the Washington statute. *Xi v. U.S. I.N.S.*, 298 F.3d 832, 839 (9th Cir. 2002).

---

[2] T-Mobile's quotes from the MSA say nothing about unjust enrichment, much less to nonparties.

[3] The UTSA allows reasonable royalty as a "condition [of] future use" *and* provides that damages may be "measured by imposition of liability for a reasonable royalty." *See* UTSA §§ 2 & 3. The commentary to the UTSA makes clear that "[t]he reasonable royalty alternative measure of damages . . . under Section 3(a)" – which does not

DEFENDANT HUAWEI DEVICE USA'S
SUPPLEMENTAL TRIAL BRIEF                - 7 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

Nor is a reasonable royalty (or unjust enrichment) available on T-Mobile USA's contract claims. To begin, T-Mobile USA has waived any such claim. Although T-Mobile USA's complaint requests "unjust enrichment" and a "reasonable royalty" (though only as an alternative to injunction) as relief for misappropriation, it seeks only "damages . . . , including expectation damages, consequential damages, and incidental damages" on its contract claim. Dkt. 1 at 21. T-Mobile did not seek reasonable royalty or unjust enrichment on its contract claims until a week before the pre-trial conference. And, as explained above, disgorgement of profits is not an appropriate remedy for breach of contract. *See, e.g.*, *Topps*, 380 F. Supp. 2d at 269.

T-Mobile USA relies heavily on *Storagecraft Tech. Corp. v. Kirby*, 744 F.3d 1183 (10th Cir. 2014), to support its request for a reasonable royalty calculated according to the supposed benefits obtained by non-party Huawei entities. But *Storagecraft* applied Utah's trade secret act, which "expressly allows a reasonable royalty measure of damages." *Id.* at 1185. While the Tenth Circuit properly deferred to Utah's "policy choice on this score," it "d[id]n't mean to suggest that the reasonable royalty measure of damages is always the most sensible remedy" "[o]r that every state must be as solicitous to it as Utah." *Id.* at 1186, 1187. Thus, the decision has no application to a suit in this State, where the legislature made just the opposite decision.

In any event, *Storagecraft* did not allow a royalty based on the enrichment obtained by a *non-party*. Just the opposite, the Court held that the defendant "should pay a royalty reflecting" the "diminished value of [plaintiff's] intellectual property and the products depending on it" because "an award based on unjust enrichment risks undercompensating the plaintiff when the defendant has no gains of his own to disgorge." *Id.* at 1186. This holding provides no support for T-Mobile USA's proposed reasonable royalty, which is based solely on Huawei's supposed unjust enrichment. *See also University Computing Co. v. Lykes-Youngstown Corp.*, 504 F.2d 518, 539 (5th Cir. 1974) (the "primary concern" is to "measure the value *to the defendant* of what he actually obtained").

---

appear in the Washington Act – "is readily distinguishable from" the royalty Washington allows – "a Section 2(b) royalty order injunction, which conditions a misappropriator's future ability to use a trade secret upon payment of a reasonable royalty." UTSA § 3 cmt.

DEFENDANT HUAWEI DEVICE USA'S
SUPPLEMENTAL TRIAL BRIEF            - 8 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

T-Mobile cites *Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil*, 425 F.3d 1366, 1377 (Fed. Cir. 2005), and *Inventio AG v. Thyssenkrupp Elevator*, 2013 WL 6628007, at *1 (D. Del. Dec. 13, 2013), for the proposition that its reasonable royalty may include benefits to nonparties. But those cases are irrelevant. *Union Carbide* merely held that a patent owner's corporate parent was not alike to a non-exclusive licensee and thus could recover its own injuries in an infringement action in which it was a plaintiff. *Inventio* applied the same principle.

Moreover, T-Mobile's new theory—that Huawei Device USA would take a license from T-Mobile on behalf of its Chinese affiliates—appears nowhere in the report of its reasonable royalty expert. Rather, Dr. Sullivan's reasonable royalty calculations distinguish amounts attributable to U.S. (*i.e.*, Huawei Device USA) and non-U.S. sales. *See* Dkt. 330-1 at Att. J-6. Huawei Device USA has had no opportunity to depose Dr. Sullivan on the notion that it would take a license on behalf of its affiliates as part of a hypothetical negotiation, no opportunity to produce contrary evidence, and no opportunity to offer its own expert opinion on the point.

In fact, such a scenario is completely implausible. Huawei Device USA is organized as a

[REDACTED] *Id*.

It is Huawei Device China, not Huawei Device USA, that would have entered into any hypothetical license agreement with T-Mobile. But T-Mobile USA chose not to sue Huawei Device China, and it cannot evade the consequences of that decision by inventing new damages theories in its trial brief. Allowing T-Mobile now to claim that Huawei Device USA would have purchased a license to T-Mobile USA's trade secrets on behalf of its affiliates will require Huawei Device USA to produce substantial numbers of additional documents, disclose new fact

DEFENDANT HUAWEI DEVICE USA'S
SUPPLEMENTAL TRIAL BRIEF         - 9 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

witnesses at trial, and retain and disclose the opinions of an additional expert witness who can ███████████████████████████████████████████████████████████████████████████████████.

## V. The Court Should Grant Huawei Device USA's Motions *in Limine*.

Finally, Huawei requests oral argument or another opportunity to respond to the many inaccurate and misleading statements made in T-Mobile's opposition to Huawei's motions *in limine*. For example, as explained in the Declaration of Debra Aron, Dkt. 366, T-Mobile makes almost no attempt to defend the opinions and analysis contained in Dr. Sullivan's expert report and instead substitutes an entirely different analytical structure that would not support Dr. Sullivan's unjust enrichment numbers. Similarly, T-Mobile (1) submits a new declaration with heretofore undisclosed materials regarding Mr. Davies's supposed qualifications, (2) asserts that Mr. Davies "synthesized and analyzed voluminous" T-Mobile return data when he simply reproduced it in appendices and calculated averages over time, and (3) claims that "highly relevant sequence files were unavailable to Mr. Davies when he wrote his initial report," even though Huawei does not use "sequence files" and all of the test scripts which Davies later cited were produced months before his initial report. Huawei requests a full opportunity to respond to these and other misleading assertions.[4]

---

[4] T-Mobile's trial brief calls Huawei Device China's xDeviceRobot a "copycat" seven times. But Davies admits that xDR is not an exact copy of Tappy, that they are only "exact copies from the perspective of the functionality that they provide," and that "functionally equivalent" and "copied" are "different concepts." Dkt. 330-5 (Davies Tr.) at 57:6-12, 62:21-25; *see also id.* at 63:1-68:19 (identifying only functionality as copied). Generally, "[r]eproduction of a functional attribute is legitimate competitive activity." *Inwood Labs. v. Ives Labs.*, 456 U.S. 844, 863 (1982). A defendant may be liable for using a trade secret "if the result is **substantially derived** from the trade secret." Restatement (Third) of Unfair Competition § 40 cmt. c (1995) (emphasis added). While patent law has developed a narrow "doctrine of equivalents," Mr. Davies' opinion is unbounded by any of the limitations patent law uses to ensure that principle is not applied overbroadly. For example, the doctrine may only be applied "to individual elements of the claim, not to the invention as a whole." *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29–30 (1997). Mr. Davies, however, intends to opine that xDeviceRobot is "functionally equivalent" to Tappy "on the whole." Dkt. 330-3 ¶ 289. Further, the doctrine is fairly applied in the patent context because the defendant has notice of the specific limitation claimed; indeed, a patent application claiming a "means-plus-function" limitation must meet the definiteness requirements by disclosing a "sufficiently definite structure." *Power Integrations v. Fairchild Semiconductor*, 711 F.3d 1348, 1365 (Fed. Cir. 2013). And any claim of infringement necessarily excludes prior art. *See DePuy Spine v. Medtronic Sofamor Danek*, 567 F.3d 1314, 1325 (Fed. Cir. 2009). Here, however, T-Mobile intends to apply the doctrine without any definite claims and without showing that xDR could not have been built by reliance on prior art.

DEFENDANT HUAWEI DEVICE USA'S
SUPPLEMENTAL TRIAL BRIEF     - 10 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

DATED this 21st day of February, 2017.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Defendants Huawei Device USA, Inc. and Huawei Technologies Co., Ltd.

By  s/Franklin D. Cordell
    Franklin D. Cordell, WSBA #26392
    Jeffrey M. Thomas, WSBA #21175
    1001 Fourth Avenue, Suite 4000
    Seattle, Washington 98154
    Telephone: (206) 467-6477
    Facsimile: (206) 467-6292
    Email: fcordell@gordontilden.com
    Email: jthomas@gordontilden.com

**STEPTOE & JOHNSON LLP**
Attorneys for Defendants Huawei Device USA, Inc. and Huawei Technologies Co., Ltd.

By  s/Timothy C. Bickham
    Timothy C. Bickham*
    James F. Hibey*
    Michael J. Allan*
    Jeffrey M. Theodore*
    Jessica I. Rothschild*
    1330 Connecticut Avenue NW
    Washington, DC 20036
    Telephone: (202) 429-3000
    Facsimile: (202) 429-3902
    Email: jhibey@steptoe.com
    Email: tbickham@steptoe.com
    Email: jrothschild@steptoe.com

    William F. Abrams*
    Meg Kammerud*
    Michael Flynn-O'Brien*
    1891 Page Mill Road, Suite 200
    Palo Alto, CA 94394
    Telephone: (650) 687-9500
    Facsimile: (650) 687-9499
    Email: wabrams@steptoe.com
    Email: mkammerud@steptoe.com
    Email: mflynnobrien@steptoe.com
    * Admitted *Pro Hac Vice*

DEFENDANT HUAWEI DEVICE USA'S
SUPPLEMENTAL TRIAL BRIEF
NO. C14-1351 RAJ
- 11 -
GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

# CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Michael E. Kipling
Marjorie A. Walter
KIPLING LAW GROUP PLLC
3601 Fremont Avenue N., Suite 414
Seattle, WA 98103
kipling@kiplinglawgroup.com
walter@kiplinglawgroup.com

John Hueston
Alison Plessman
Eric Hayden
HUESTON HENNIGAN LLP
523 West 6th Street
Los Angeles, CA 90014
(213) 788-4340
jhueston@hueston.com
aplessman@hueston.com
ehayden@hueston.com

s/ *Jessica I. Rothschild*
Jessica I. Rothschild*
(*admitted *pro hac vice*)

DEFENDANT HUAWEI DEVICE USA'S
SUPPLEMENTAL TRIAL BRIEF    - 12 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292