HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

T-MOBILE USA, INC.,

    Plaintiff,

v.

HUAWEI DEVICE USA, INC., *et al.*,

    Defendants.

Case No. C14-1351-RAJ

ORDER

The parties disagree whether Defendant Huawei Device USA, Inc.'s gross revenue is relevant to the issues of damages. In particular, Huawei USA contends that it would be irrelevant and unfairly prejudicial for the jury to see a $30 billion figure. Plaintiff T-Mobile USA, Inc. contends that this figure and other gross sales data are relevant to establishing damages.

As noted in the comments to the Washington Pattern Instructions, "the Court of Appeals has held that, once the plaintiff proves sales attributable to the use of a trade secret, the burden shifts to the defendant to establish 'any portion of the sales not attributable to the trade secret and any expenses to be deducted in determining net profits.'" WPI 351.01 cmt. (quoting *Petters v. Williamson & Assocs., Inc.*, 210 P.3d 1048, 1054 (Wash. Ct. App. 2009)).

This comment is an accurate description of the Washington Court of Appeals' holding in *Petters*. In *Petters*, the court adopted comment f to Restatement (Third) of Unfair Competition § 45:

ORDER – 1

> The traditional form of restitutionary relief in an action for the appropriation of a trade secret is an accounting of the defendant's profits on sales attributable to the use of the trade secret. . . . The plaintiff has the burden of establishing the defendant's sales; the defendant has the burden of establishing any portion of the sales not attributable to the trade secret and any expenses to be deducted in determining net profits.

*Id.* (quoting Restatement (Third) of Unfair Competition § 45 cmt. f., at 516-17 (1995)).

The court explained that this rule

> places on the party in possession of the relevant information—the defendant—the burden of demonstrating which portion, if any, ***of the revenue obtained through the transfer of a trade secret*** was not, in fact, attributable to the transfer. That is, it requires the defendant to explain why any particular portion of the money that it received as a result of the misappropriating transaction should not be considered an 'actual loss' suffered by the plaintiff under RCW 19.108.030(1).

*Id.* (emphasis added).

Under this burden-shifting scheme, T-Mobile's initial burden is to establish sales attributable to Huawei USA's alleged trade secrets misappropriation. The scope of evidence relevant to this inquiry does not, as T-Mobile contends, permit an unconstrained assessment of Huawei USA's gross revenue. The $30 billion figure at issue bears little to no relevance to this inquiry. Given its minimal probative value, allowing the jury to see this figure would also be unfairly prejudicial, confusing, and misleading in violation of Rule 403. *Stanard v. Bolin*, 565 P.2d 94, 97 (Wash. 1977) (discussing potential for "evidence of the defendant's wealth" to mislead a jury).

DATED this 4th day of May, 2017.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 2