HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| T-MOBILE USA, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>HUAWEI DEVICE USA, INC., a Texas corporation,<br><br>        Defendant. | Case No. 14-cv-01351-RAJ<br><br>**PLAINTIFF'S UPDATED DAMAGES INSTRUCTIONS** |

Per the Court's direction, plaintiff T-Mobile USA, Inc. hereby submits the following updated proposed Jury Instructions on damages.

# JURY INSTRUCTION NO. 16

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 16

### Damages Overview

It is the duty of the court to instruct you as to the measure of damages.  {By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.}

<u>Where there is no uncertainty as to the existence of substantial damages or as to causation, recovery of substantial damages is not to be denied merely because the extent or amount thereof cannot be ascertained with mathematical precision, provided the evidence is sufficient to afford a reasonable basis for estimating loss.  Proof of the amount of damages need not be made with mathematical precision.</u>

~~In order to recover actual damages, the plaintiff has the burden of proving that the defendant breached a contract with *[him] [her] [it]*, and that plaintiff incurred actual *[economic]* damages as a result of the defendant's breach, and the amount of those damages.~~

~~*[If your verdict is for plaintiff on plaintiff's breach of contract claim and]* if you find that plaintiff has proved that *[he] [she] [it]* incurred actual damages and the amount of those actual damages, then you shall award actual damages to the plaintiff.~~

~~Actual damages are those losses that were reasonably foreseeable, at the time the contract was made, as a probable result of the breach.  A loss may be foreseeable as a probable result of a breach because it follows from the breach either~~

~~(a) in the ordinary course of events, or~~

~~(b) as a result of special circumstances, beyond the ordinary course of events, that the party in breach had reason to know.~~

~~In calculating the plaintiff's actual damages, you should determine the sum of money that will put the plaintiff in as good a position as *[he] [she] [it]* would have been in if both plaintiff and defendant had performed all of their promises under the contract.~~

PLAINTIFF'S UPDATED DAMAGES INSTRUCTIONS - 1
(14-cv-01351-RAJ)

1  ~~The burden of proving damages rests with the plaintiff and it is for you to determine,~~
2  ~~based upon the evidence, whether any particular element has been proved by a preponderance of~~
3  ~~the evidence. You must be governed by your own judgment, by the evidence in the case, and by~~
4  ~~these instructions, rather than by speculation, guess, or conjecture.~~

*Authority*: 6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 303.01 (6th ed.) (modified as indicated); *Jacqueline's Washington, Inc. v. Mercantile Stores Co.*, 80 Wn.2d 784, 786 (1972); *Washington Public Power Supply Sys. v. Gen. Elec. Co.*, 1989 WL 306200, at *7 (E.D. Wash. Nov. 6, 1989).

PLAINTIFF'S UPDATED DAMAGES INSTRUCTIONS - 2
(14-cv-01351-RAJ)

# JURY INSTRUCTION NO. 18

# PLAINTIFF'S PROPOSED INSTRUCTION NO. 18

### Trade Secrets- Damages

On its trade secret misappropriation claim, T-Mobile seeks damages in the form of unjust enrichment and its actual losses.

In order to recover unjust enrichment damages, T-Mobile has the burden of proving that Huawei misappropriated trade secrets and that the misappropriation caused Huawei, or its related corporate entities, to be unjustly enriched by the <u>disclosure or</u> use of those trade secrets. Unjust enrichment damages are measured by sales attributable to the <u>disclosure or</u> use of T-Mobile's trade secrets. T-Mobile has the burden of establishing the sales attributable to Huawei's misappropriation of the trade secret; Huawei then has the burden of establishing the amount of sales that are not attributable to the misappropriation.

<u>As an alternative means of calculating unjust enrichment, you may award a reasonable royalty.</u>

In order to recover actual loss damages, T-Mobile has the burden of proving that Huawei misappropriated trade secrets and the actual loss caused to T-Mobile by Huawei's misappropriation.

*Authority*:   Jury Instructions at No. 34 (Dkt. 200), *A.H. Lundberg Assocs., Inc. v. TSI, Inc.*, No. C14-1160-JLR (W.D. Wash. Sept. 21, 2016); RCW 19.108.30(1); *Ada Motors, Inc. v. Butler*, 2014 WL 4067876, at *2-3 (Wash. App. Aug. 18, 2014); *Petters v. Williamson & Assocs.*, 151 Wash. App. 154, 165(2009); *Veritas Operating Corp. v. Microsoft Corp.*, 2008 WL 7404617, at * 2 (W.D. Wash. Feb. 26, 2008); *Mangren R&D Corp. v. Nat'l Chem. Co.*, 87 F.3d 937, 945-46 (7th Cir. 1995); Melvin F. Jager, 1 Trade Secrets Law § 3:42.

# JURY INSTRUCTION NO. 20

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 20

### Reasonable Royalty - Description

A royalty is a payment made to the owner of a trade secret by someone else so that he can use the trade secret. A "reasonable royalty" is the amount T-Mobile and Huawei would have agreed upon as a royalty at the time Huawei's misappropriation or breach occurred.

In determining a reasonable royalty, you should assume that T-Mobile would have been willing to allow Huawei to use the trade secrets and that Huawei would have been willing to pay T-Mobile to do so. You should take into account what T-Mobile's and Huawei's expectations would have been if they had negotiated a royalty and had acted reasonably in their negotiations. You should assume that both T-Mobile and Huawei would have believed that T-Mobile's trade secrets were legally enforceable and that they would have known the level of sales and profits that Huawei and its related corporate entities would make from the invention. You should also assume that Huawei would have been willing to pay, and T-Mobile would have been willing to accept, the reasonable royalty they negotiated. Your role is to determine what T-Mobile and Huawei would have agreed upon if they had negotiated in this manner, not just what either T-Mobile or Huawei would have preferred.

A royalty can be calculated in several different ways and it is for you to determine which way is the most appropriate based on the evidence you have heard. One way to calculate a royalty is to determine an "ongoing royalty." Another way to calculate a royalty is to determine a one-time lump sum payment that the wrongdoer would have paid at the time of the hypothetical negotiation for a license covering all sales, both past and future. When a one-time lump sum is paid, the wrongdoer pays a single price for a license covering both past and future sales. It is up to you, based on the evidence, to decide what type of royalty is appropriate in this case.

*Authority*: Seventh Circuit Manual of Model Jury Instructions: Civil 11.4.4 (2015); Northern District of California Model Patent Jury Instructions 5.7 (2015).

# JURY INSTRUCTION NO. 21

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 21

### Reasonable Royalty - Factors

In determining a reasonable royalty, you may consider the following factors, in addition to any others that are shown by the evidence. These factors, however, are neither exclusive nor necessarily pertinent to every reasonable royalty analysis:

1. Royalties that others paid to T-Mobile for the trade secrets;
2. Royalties that Huawei paid to others for comparable trade secrets;
3. Whether T-Mobile had a policy of licensing or not licensing the trade secrets;
4. Whether T-Mobile and Huawei are competitors;
5. Whether use of the trade secrets helps to make sales of other products or services;
6. Whether the product made using the trade secrets is commercially successful, as well as its profitability;
7. The advantages of using the trade secrets over products that do not include the trade secrets;
8. The extent of use by Huawei or its related corporate entities' use of the trade secrets and the value of that use to Huawei;
9. Any royalty amounts that are customary for similar or comparable trade secrets;
10. The portion of the profit on sales that is due to the trade secrets, as opposed to other factors, such as elements or processes, features, or improvements developed by Huawei; and
11. Expert opinions regarding what would be a reasonable royalty.

*Authority*: Seventh Circuit Manual of Model Jury Instructions: Civil 11.4.4 (2015); *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970); *Atlantic Inertial Sys. Inc. v. Condor Pac. Indus. of Cal.*, Inc., 2015 WL 3825318, at *10-12 (C.D. Cal. June 18, 2015).

PLAINTIFF'S UPDATED DAMAGES INSTRUCTIONS - 6
(14-cv-01351-RAJ)

# JURY INSTRUCTION NO. 22
## PLAINTIFF'S PROPOSED INSTRUCTION NO. 22
### Contract Damages

~~It is the duty of the court to instruct you as to the measure of damages.~~ *~~[By instructing you on damages the court does not mean to suggest for which party your verdict should be rendered.]~~* On its breach of contract claim, T-Mobile claims damages in the form of actual damages and restitution damages. In order to recover actual damages, T-Mobile ~~the plaintiff~~ has the burden of proving that Huawei ~~the defendant~~ breached a contract with it, and that T-Mobile incurred actual economic damages as a result of Huawei's breach, and the amount of those damages.

Actual Damages:

*~~[If your verdict is for plaintiff on plaintiff's breach of contract claim and]~~* ~~if you find that plaintiff has proved~~T-Mobile may recover actual damages for Huawei's breach of any and all of the four contracts in this case. If T-Mobile ~~the plaintiff~~ has proved that it incurred actual damages and the amount of those actual damages, then you shall award actual damages to T-Mobile for breach of that contract~~the plaintiff~~.

Actual damages are those losses that were reasonably foreseeable, at the time the contract was made, as a probable result of a breach. A loss may be foreseeable as a probable result of a breach because it follows from the breach either (a) in the ordinary course of events, or (b) as a result of special circumstances, beyond the ordinary course of events, that the party in breach had reason to know.

In calculating the plaintiff's actual damages, you should determine the sum of money that will put the plaintiff in as good a position as *~~[he] [she]~~* it would have been in if both plaintiff and defendant had performed all of their promises under the contract.

~~The burden of proving damages rests with the plaintiff and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of~~

PLAINTIFF'S UPDATED DAMAGES INSTRUCTIONS - 7
(14-cv-01351-RAJ)

~~the evidence. You must be governed by your own judgment, by the evidence in the case, and by these instructions, rather than by speculation, guess, or conjecture.~~

<u>Reasonable Royalty:</u>

<u>As an alternative to actual damages, you may award unjust enrichment damages in the form of a reasonable royalty for a breach of either: (i) the Handset and Accessory Supply Agreement or (ii) the Clean Room Letter.</u>

<u>If you award T-Mobile damages for both its breach of contract and misappropriation of trade secrets claims, you may not award damages in a manner that results in a double recovery of the same damages.</u>

*Authority*: 6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 303.01 (6th ed.) (modified as indicated); *Veritas Operating Corp. v. Microsoft Corp.*, 2008 WL 7404617, at *3 (W.D. Wash. Feb. 26, 2008) (citing *Celeritas Tech., Ltd. v. Rockwell Int'l Corp.*¸ 150 F.3d 1354, 1360 (Fed. Cir. 1998) ("[Plaintiff's] damages may include that which [defendant] might have paid for use of the technology at the time of the breach if it had chosen not to breach the [nondisclosure] contract.")); *Vojdani v. Pharmsan Labs, Inc.*, 741 F.3d 777, 786 (7th Cir. 2013) ("One obvious remedy for … breach [of a confidentiality agreement], when the confidential information is used by the defendant for its own commercial purposes, is a reasonable royalty."); § 14:42.Remedies—Damages, 3 Callmann on Unfair Comp., Tr. & Mono. § 14:42 (4th Ed.) ("Reasonable royalty is also an appropriate measure of damages for breach of a confidentiality agreement.") (citing *Celeritas Tech., Ltd.*, 150 F.3d at 1360)); 25 Wash. Prac., Contract Law & Practice § 14:7 (3d ed.).

As the Court has already found, Washington law allows for a plaintiff to recover a reasonable royalty for breach of a nondisclosure agreement. Dkt. #400 at 5-6 (citing *Veritas Operating Corp.*, 2008 WL 740617, at *3). Further, courts routinely account for an affiliate's benefit of a license when calculating a reasonable royalty. *See, e.g.*, *Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*, 425 F.3d 1366, 1377 (Fed. Cir. 2005), *overruled on other*

PLAINTIFF'S UPDATED DAMAGES INSTRUCTIONS - 8
(14-cv-01351-RAJ)

*grounds by Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*¸576 F.3d 1348 (Fed. Cir. 2009); *Inventio AG v. Thyssenkrupp Elevator Am. Corp.*, 2013 WL 6628007, at *1 (D. Del. Dec. 13, 2013).

**JURY INSTRUCTION NO. 24**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 24**

**Lost Profits**

In this case T-Mobile claims lost profits. T-Mobile's damages may include net profits if T-Mobile proves with reasonable certainty that net profits would have been earned, but were not earned because of Huawei's breach <u>of contract and/or misappropriation</u>.

"Reasonable certainty" relates to the fact of damage rather than the amount of damage.

*Authority*:  6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 303.04 (6th ed.) (modified as indicated).

PLAINTIFF'S UPDATED DAMAGES INSTRUCTIONS - 10
(14-cv-01351-RAJ)

# JURY INSTRUCTION NO. 26
# PLAINTIFF'S PROPOSED INSTRUCTION NO. 26
### Punitive Damages

If you find for the plaintiff <u>on its trade secrets misappropriation claim</u>, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by ~~[a preponderance of the evidence]~~ ~~[clear and convincing evidence]~~ that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was willful and malicious~~, oppressive or in reckless disregard of the plaintiff's rights~~. Willful and malicious means an intentional and wrongful interference with trade secret rights of others not done in good faith. It is not necessary that actual malice in the sense of personal ill will exist. ~~Conduct is willful and malicious if it is accompanied by ill will or spite, or if it is for the purpose of injuring the plaintiff. Conduct is reckless in disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.~~ <u>Malice may be inferred from an act done in willful disregard of the rights of another, or an act wrongfully done without just cause or excuse, or an act or omission of duty betraying a willful disregard of social duty.</u>

~~If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but~~

PLAINTIFF'S UPDATED DAMAGES INSTRUCTIONS - 11
(14-cv-01351-RAJ)

1  ~~should not reflect bias, prejudice or sympathy toward any party. In considering the amount of~~
2  ~~any punitive damages, consider the degree of reprehensibility of the defendant's conduct [,~~
3  ~~including whether the conduct that harmed the plaintiff was particularly reprehensible because it~~
4  ~~also caused actual harm or posed a substantial risk of harm to people who are not parties to this~~
5  ~~case. You may not, however, set the amount of any punitive damages in order to punish the~~
6  ~~defendant for harm to anyone other than the plaintiff in this case].~~
7  ~~[In addition, you may consider the relationship of any award of punitive damages to any~~
8  ~~actual harm inflicted on the plaintiff.] [Punitive damages may not be awarded against [specify~~
9  ~~defendant.] [You may impose punitive damages against one or more of the defendants and not~~
10 ~~others, and may award different amounts against different defendants.]~~
11 ~~[Punitive damages may be awarded even if you award plaintiff only nominal, and not~~
12 ~~compensatory, damages.]~~

*Authority*:   Ninth Circuit Manual of Model Jury Instructions: Civil 5.5 (2007); RCW 19.108.030(2); Jury Instructions at No. 18C (Dkt. 388), *Straitshot Commnc'ns, Inc. v. Telekenex, Inc.*, No. C10-268-TSZ (W.D. Wash. Feb. 1, 2012); *McCormack & Dodge Corp. v. ABC Mgmt. Sys. Inc.*, 1983 WL 51859, at *19 (Wash. Sup. Ct. 1983).

DATED this 9th day of May, 2017.

s/ *Steven N. Feldman*
John Hueston (admitted *pro hac vice*)
Alison Plessman (admitted *pro hac vice*)
Eric Hayden (admitted *pro hac vice*)
Steven Feldman  (admitted *pro hac vice*)
jhueston@hueston.com
aplessman@hueston.com
ehayden@hueston.com
sfeldman@hueston.com
**HUESTON HENNIGAN LLP**
660 Newport Center Drive, Suite 1000
Newport Beach, CA 92660
(949) 229-8640

Michael E. Kipling, WSBA #7677
Marjorie A. Walter, WSBA #40078
kipling@kiplinglawgroup.com
walter@kiplinglawgroup.com
**KIPLING LAW GROUP PLLC**
3601 Fremont Avenue N., Suite 414
Seattle, WA 98103
(206) 545-0345
(206) 545-0350 (fax)

*Counsel for Plaintiff T-Mobile USA, Inc.*

PLAINTIFF'S UPDATED DAMAGES INSTRUCTIONS - 13
(14-cv-01351-RAJ)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of May, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

DATED this 9th day of May, 2017.

s/ *Xinlin Li Morrow*
**HUESTON HENNIGAN LLP**
660 Newport Center Drive, Suite 1000
Newport Beach, CA 92660
(949) 229-8640

*Counsel Plaintiff T-Mobile USA, Inc.*

PLAINTIFF'S UPDATED DAMAGES INSTRUCTIONS - 14
(14-cv-01351-RAJ)