The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| T-MOBILE USA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>HUAWEI DEVICE USA, INC., a Texas corporation,<br><br>Defendant. | NO. C14-1351 RAJ<br><br>**DEFENDANT HUAWEI DEVICE USA, INC.'S OPPOSITION TO T-MOBILE USA, INC.'S MOTION FOR RECOVERY OF COSTS PURSUANT TO FED. R. CIV. P. 54**<br><br>Noting Date: June 30, 2017 |

DEFENDANT HUAWEI DEVICE USA'S
OPPOSITION TO T-MOBILE'S MOTION FOR RECOVERY
OF COSTS PURSUANT TO FRCP 54
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

## TABLE OF CONTENTS

Page

INTRODUCTION .......... 1

ARGUMENT .......... 1

I. T-MOBILE IS NOT ENTITLED TO COSTS BECAUSE IT IS NOT THE PREVAILING PARTY .......... 1

II. T-MOBILE'S COSTS WERE NOT NECESSARY TO THE LITIGATION .......... 2

A. T-Mobile Cannot Recover the Cost of "Premium" Deposition Services .......... 2

B. T-Mobile Is Not Entitled to Recoup the Cost of Serving Its Complaint on Huawei Technologies .......... 4

C. T-Mobile Has Not Identified Any Necessary Copying Costs .......... 4

D. T-Mobile Cannot Recover Interpreter and Reporter Fees that It Agreed to Split with Huawei .......... 6

CONCLUSION .......... 7

DEFENDANT HUAWEI DEVICE USA'S OPPOSITION TO T-MOBILE'S MOTION FOR RECOVERY OF COSTS PURSUANT TO FRCP 54
NO. C14-1351 RAJ

- i -

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

## TABLE OF AUTHORITIES

Page

**Cases**

*AIG Glob. Sec. Lending Corp. v. Banc of Am. Sec. LLC*, No. 01 CIV 11448 JGK, 2011 WL 102715 (S.D.N.Y. Jan. 6, 2011) .... 3, 6

*Amarel v. Connell*, 102 F.3d 1494 (9th Cir. 1996), *as amended* (Jan. 15, 1997) .... 1

*Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2014 WL 4745933 (N.D. Cal. Sept. 19, 2014) .... 5

*Beck v. Metro. Prop. & Cas. Ins. Co.*, No. 3:13-CV-00879-AC, 2016 WL 4978411 (D. Or. Sept. 16, 2016) .... 4, 5

*City of Alameda, Cal. v. Nuveen Mun. High Income Opportunity Fund*, No. C 08-4575 SI, 2012 WL 177566 (N.D. Cal. Jan. 23, 2012) .... 3

*Colon v. Fashion Inst. of Tech. (State Univ. of N.Y.)*, No. 12CV7405 HB, 2014 WL 1979875 (S.D.N.Y. May 15, 2014) .... 2, 3

*Conti v. Corp. Servs. Group.*, 30 F. Supp. 3d 1051 (W.D. Wash. 2014) .... 5

*Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*, No. 7:12-CV-00133-O, 2015 WL 12696493 (N.D. Tex. Jan. 22, 2015) .... 5

*Fink v. Ylst*, 198 F. App'x 587 (9th Cir. 2006) .... 2

*Forest Labs. v. Abbott Labs.*, No. 96-CV-159S, 2006 WL 7077571 (W.D.N.Y. May 17, 2006) .... 6

*Frlekin v. Apple*, No. 1303775, 2016 WL 354862 (N.D. Cal. Jan. 25, 2016) .... 4

*In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361 (Fed. Cir. 2011) .... 6

*Intermedics v. Ventritex*, No. C-90-20233 JW (WDB), 1993 WL 515879 (N.D. Cal. Dec. 2, 1993) .... 3, 4

*Kalitta Air L.L.C. v. Cent. Texas Airborne Systems*, 741 F.3d 955 (9th Cir. 2013) .... 3

*Oyarzo v. Tuolumne Fire Dist.*, No. 1:11-CV-01271-SAB, 2014 WL 1757217 (E.D. Cal. Apr. 30, 2014) .... 1, 2

DEFENDANT HUAWEI DEVICE USA'S OPPOSITION TO T-MOBILE'S MOTION FOR RECOVERY OF COSTS PURSUANT TO FRCP 54 NO. C14-1351 RAJ

- ii -

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## TABLE OF AUTHORITIES

**Page**

*Plantronics v. Aliph*,
No. C 09-01714 WHA LB, 2012 WL 6761576 (N.D. Cal. Oct. 23, 2012) .............................. 3

*Sun Studs, Inc. v. ATA Equip. Leasing*,
No. CIV. 78-714-RE, 1990 WL 293887 (D. Or. Dec. 12, 1990) .............................................. 6

*Sundaram v. Villanti*,
174 F. App'x 368 (9th Cir. 2006) ............................................................................................. 2

*Taniguchi v. Kan Pac. Saipan, Ltd.*,
566 U.S. 560, 132 S. Ct. 1997 (2012) ..................................................................................... 2

*Thomas v. Duralite Co.*,
524 F.2d 577 (3d Cir. 1975) ..................................................................................................... 6

*Total Recall Techs. v. Luckey*,
No. C 15-02281 WHA, 2017 WL 2118297 (N.D. Cal. May 16, 2017) .................................... 3

**STATUTES**

28 U.S.C. § 1920 ............................................................................................................... 2, 5

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 54 ........................................................................................ 1, 7

DEFENDANT HUAWEI DEVICE USA'S OPPOSITION TO T-MOBILE'S MOTION FOR RECOVERY OF COSTS PURSUANT TO FRCP 54
NO. C14-1351 RAJ

- iii -

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

## INTRODUCTION

T-Mobile seeks $202,894.29 in costs under Federal Rule of Civil Procedure 54 for litigating this matter. As T-Mobile acknowledges, the vast majority of these amounts overlap charges T-Mobile for which T-Mobile seeks reimbursement in its motion for attorneys' fees. If the Court awards costs under RCW 4.84.330, it should not award them again under Rule 54.

Moreover, T-Mobile's request for costs should be denied in its entirety for the same reason that the Court should not award fees—that T-Mobile is not the substantially prevailing party in this case. Where, as here, both parties prevailed on major issues at trial, each party must bear its own costs.

Even if T-Mobile were entitled to some costs, its application is larded with improper expenses, such as premium deposition services, unnecessary copies, and unreimbursable translation services. When those inappropriate expenses are excluded, T-Mobile is entitled to no more than $44,470.58 under Rule 54.

## ARGUMENT

### I. T-MOBILE IS NOT ENTITLED TO COSTS BECAUSE IT IS NOT THE PREVAILING PARTY

T-Mobile should not recover its costs in this action for the same reason it should not recover any fees: it is not the substantially prevailing party. As explained in Huawei's opposition to T-Mobile's fees motion, Huawei, not T-Mobile prevailed on T-Mobile's main claim for misappropriation as well as two of the four contracts, tortious interference, and the Consumer Protection Act. "In the event of a mixed judgment, . . . it is within the discretion of a district court to require each party to bear its own costs." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996), *as amended* (Jan. 15, 1997).

A recent case from the Eastern District of California is instructive. There, the plaintiff did "not obtain[] any damages or other form of relief" on one of its claims. *Oyarzo v. Tuolumne Fire Dist.*, No. 1:11-CV-01271-SAB, 2014 WL 1757217, at *3 (E.D. Cal. Apr. 30, 2014). Despite its partial recovery, the court held "that neither Plaintiff … nor Defendant … are entitled

DEFENDANT HUAWEI DEVICE USA'S OPPOSITION TO T-MOBILE'S MOTION FOR RECOVERY OF COSTS PURSUANT TO FRCP 54
NO. C14-1351 RAJ
- 1 -

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

to prevailing party status and both parties' request for costs are denied." *Id.*; *see also Fink v. Ylst*, 198 F. App'x 587, 594 (9th Cir. 2006) (no costs where plaintiff prevailed against only two of six defendants at trial).

Here, the "mixed judgment" whereby Huawei prevailed on the majority of the claims and T-Mobile recovered less than one percent of the damages it sought makes it "inappropriate or inequitable to award costs." *Sundaram v. Villanti*, 174 F. App'x 368, 369–70 (9th Cir. 2006). In these circumstances, refusing to award costs is "not an abuse of discretion." *Id.*

## II. T-MOBILE'S COSTS WERE NOT NECESSARY TO THE LITIGATION

### A. T-Mobile Cannot Recover the Cost of "Premium" Deposition Services

T-Mobile seeks $124,278.80 in costs for deposition transcripts.[1] T-Mobile's "transcript" request includes fees for expedited transcripts, rough drafts, "premium litigation package[s]," RealTime, expedited shipping, airfare and lodging, meals, and video synchronization. *See* Dkt. 509-2 at pp. 49-120. It also includes thousands of dollars for trial transcripts from a case in the Western District of Wisconsin that has no apparent relationship to this litigation. *See* Dkt. 509-2 at 95-96. All of these extraneous charges are not taxable as costs and should be disallowed.

The "narrow scope of taxable costs" are "limited to relatively minor, incidental expenses," and courts may not "stretch the ordinary meaning of the cost items Congress authorized in § 1920." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 132 S. Ct. 1997, 2006 (2012). Thus, while the costs statute permits "fees for printed or electronically recorded transcripts necessarily obtained for use in the case," 28 U.S.C. § 1920, it does not allow recovery of ancillary charges incurred for the convenience of counsel. "[T]he original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at the trial." *Colon v. Fashion Inst. of Tech. (State Univ. of N.Y.)*, No. 12CV7405 HB, 2014 WL 1979875, at *3 (S.D.N.Y. May 15, 2014).

---

[1] T-Mobile also seeks $22,879.26 for trial transcripts, for a total of $147,158.06 in "transcript" costs. The trial transcripts are addressed below.

DEFENDANT HUAWEI DEVICE USA'S OPPOSITION TO T-MOBILE'S MOTION FOR RECOVERY OF COSTS PURSUANT TO FRCP 54
NO. C14-1351 RAJ

- 2 -

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

For this reason, courts have rejected many of the ancillary charges that T-Mobile seeks to tax as costs. For example, T-Mobile seeks reimbursement of dozens of charges for "video-transcript synchronization," "synched transcript/video," and the like. Yet, the Ninth Circuit has squarely held that "synchronizing deposition videotapes with their transcripts, while convenient," is "not truly necessary for trial," "do[es] not fit squarely within the costs statute," and is therefore not recoverable. *Kalitta Air L.L.C. v. Cent. Texas Airborne Systems*, 741 F.3d 955, 959 (9th Cir. 2013).

T-Mobile also seeks to recover the costs of "RealTime" services that its counsel purchased for their convenience at depositions. But "the costs of extra services in addition to the transcripts, such as RealTime transcription, are not taxable." *Colon v. Fashion Inst. of Tech. (State Univ. of N.Y.)*, No. 12CV7405 HB, 2014 WL 1979875, at *2 (S.D.N.Y. May 15, 2014); *see also AIG Glob. Sec. Lending Corp. v. Banc of Am. Sec. LLC*, No. 01 CIV 11448 JGK, 2011 WL 102715, at *2 (S.D.N.Y. Jan. 6, 2011) (refusing to tax costs where party "failed to establish that realtime transcripts, the most expensive transcription option available, were necessary, as opposed to merely convenient or helpful, to the prosecution of their case").

Similarly, courts disallow the cost of having transcripts "made available in an additional, separate medium" and "postage and handling charges that exceed the rate of regular first-class mail plus handling." *Intermedics v. Ventritex*, No. C-90-20233 JW (WDB), 1993 WL 515879, at *3 (N.D. Cal. Dec. 2, 1993); *see also Plantronics v. Aliph*, No. C 09-01714 WHA LB, 2012 WL 6761576, at *6 (N.D. Cal. Oct. 23, 2012) ("the costs of expedited delivery are not recoverable generally"); *City of Alameda, Cal. v. Nuveen Mun. High Income Opportunity Fund*, No. C 08-4575 SI, 2012 WL 177566, at *3 (N.D. Cal. Jan. 23, 2012) (rejecting costs for courier deliver, additional transcripts, rough drafts, and disks).

Finally, T-Mobile seeks reimbursement of the cost of videotaping every deposition in this case. But the law "rejects [its] blanket omnibus approach to videotape every deposition." *Total Recall Techs. v. Luckey*, No. C 15-02281 WHA, 2017 WL 2118297, at *2 (N.D. Cal. May 16, 2017). T-Mobile has offered no support to explain why videotaping every witness—including its

DEFENDANT HUAWEI DEVICE USA'S
OPPOSITION TO T-MOBILE'S MOTION FOR RECOVERY
OF COSTS PURSUANT TO FRCP 54
NO. C14-1351 RAJ

- 3 -

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

own witnesses and witnesses who would appear at trial—was necessary for the litigation. "A blanket omnibus approach to videotape every deposition … is wasteful and should not be rewarded." *Frlekin v. Apple*, No. 1303775, 2016 WL 354862, at *2 (N.D. Cal. Jan. 25, 2016).

At trial, T-Mobile played video only of Messrs. Yu and Cui.[2] Combining the cost of those videos with "the cost of one copy of a deposition transcript" that "the law allows" and the reporters' attendance fees, *Intermedics*, 1993 WL 515879, at *3, T-Mobile is entitled to $44,470.58. Jessica Rothschild ("JIR") Decl. ¶ 80.

**B. T-Mobile Is Not Entitled to Recoup the Cost of Serving Its Complaint on Huawei Technologies**

T-Mobile seeks $4,005 for serving its summons and Complaint on Huawei Device USA and Huawei Technologies. Of this, $3,900 is attributable to a five-day stakeout of the Las Vegas Convention Center in an attempt to serve Huawei Technologies at the Consumer Electronics Show. Dkt. 509-2 at 47. Even if this effort were reasonable, T-Mobile cannot recoup the cost of serving a party that was dismissed for lack of personal jurisdiction and against which it did not prevail. T-Mobile should recover only $105 for service of the summons on Huawei Device USA.

**C. T-Mobile Has Not Identified Any Necessary Copying Costs**

T-Mobile seeks $28,657.73 in costs of printing and copying but provides no explanation for why these are taxable. "Recoverable copying costs . . . do not include costs associated with in-house photocopying for use by counsel" or any copies that "are prepared for the convenience of the attorneys." *Beck v. Metro. Prop. & Cas. Ins. Co.*, No. 3:13-CV-00879-AC, 2016 WL 4978411, at *26 (D. Or. Sept. 16, 2016). Taxable copying costs are limited to "documents produced to opposing parties in discovery, submitted to the court for consideration of motions, and used as exhibits at trial…." *Id.*

[2] While T-Mobile used video to impeach Messrs. Yao and Hu, "transcribed testimony would have sufficed" for this purpose. *Frlekin*, 2016 WL 354862, at *2. T-Mobile is of course free to use video to impeach, but Huawei should not be charged for this convenience.

DEFENDANT HUAWEI DEVICE USA'S OPPOSITION TO T-MOBILE'S MOTION FOR RECOVERY OF COSTS PURSUANT TO FRCP 54
NO. C14-1351 RAJ
- 4 -

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

A "court will not award costs for 'copying' or 'document imaging' without evidence that the copying or imaging was necessary at trial." *Conti v. Corp. Servs. Group.*, 30 F. Supp. 3d 1051, 1084 (W.D. Wash. 2014). "A party's conclusory assertion that all copies were reasonably necessary to its case is, by itself, insufficient." *Beck*, 2016 WL 4978411, at *26.

Here, T-Mobile does not explain how any of the copies for which it requests reimbursement fall into taxable categories. Far from providing support for any such conclusion, the invoices for which it requests reimbursement suggest the opposite. For example, T-Mobile seeks $1540.62 for printing of documents and assembly into binders in September 2015, which does not correspond with production of documents, submission of motions, or introduction of exhibits at trial. Dkt. 509-2 at 24. T-Mobile also seeks $1563.06 for printing four color copies of the reports of Debra Aron and Andrew Wolfe, apparently for use by counsel. Dkt. 509-2 at 25.

T-Mobile's copying and printing invoices from the period of trial also do not suggest compensable copying costs. It submits $1090.16 in charges from two *Los Angeles* copy vendors. Dkt. 509-2 at 26-27, 44. Meanwhile, the invoices from its Seattle vendor refer to "Prep Binder," "Prep Binder Materials," "photo binder," "witness prep," "prep materials," "mock cross," "Examination compilation," "trial exhibit hits," and so forth. Dkt. 509-2 at 28-43. These references strongly suggest that the charges consist primarily of binders made for counsel. Moreover, the invoices are replete with charges for binders, customs tabs, copying of data onto DVDs, and other extraneous services. But T-Mobile cannot recover the cost of binders "prepared for the convenience of the attorneys," and "costs for office supplies, such as binders and tabs, are not authorized under 28 U.S.C. § 1920." *Beck*, 2016 WL 4978411, at *26; *Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*, No. 7:12-CV-00133-O, 2015 WL 12696493, at *6 (N.D. Tex. Jan. 22, 2015).

These items are not taxable, and T-Mobile has not met is burden to show that the "copying or imaging was necessary at trial." *Conti*, 30 F. Supp. 3d at 1084. T-Mobile's copying charges should be disallowed in their entirety. *See Apple Inc. v. Samsung Elecs. Co.*, No. 11-

DEFENDANT HUAWEI DEVICE USA'S OPPOSITION TO T-MOBILE'S MOTION FOR RECOVERY OF COSTS PURSUANT TO FRCP 54
NO. C14-1351 RAJ

- 5 -

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

CV-01846-LHK, 2014 WL 4745933, at *8–9 (N.D. Cal. Sept. 19, 2014) ("Given the lack of appropriate documentation, the Court denies Apple's request for copying costs in its entirety.").

**D. T-Mobile Cannot Recover Interpreter and Reporter Fees that It Agreed to Split with Huawei**

T-Mobile asks that the Court tax $22,673.50 in interpreter fees and $22,879.26 in charges for expedited daily transcripts. These items must be disallowed in their entirety. Prior to trial, the parties agreed to split the cost of interpreters and trial transcripts evenly. JIR Decl. ¶ 71. Where the parties have "agreed to share the expense for" transcripts and interpretation services, "exclud[ing]" these amounts from an award of costs is "proper." *Thomas v. Duralite Co.*, 524 F.2d 577, 590 (3d Cir. 1975); *see also In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1366–67 (Fed. Cir. 2011) (holding in a case decided under Ninth Circuit law that "[t]here is no question that parties may agree to share costs that would otherwise be taxable" and that, where there is "no indication" that cost-sharing agreement was intended to be temporary, the costs may not be taxed); *Forest Labs. v. Abbott Labs.*, No. 96-CV-159S, 2006 WL 7077571, at *3 (W.D.N.Y. May 17, 2006) ("plaintiffs' attempt to recover [court interpreter] costs is contrary to their pretrial agreement to share such costs with the defendants equally").

In addition, T-Mobile cannot recover for its trial transcript fees because they consist of daily transcripts and RealTime. The $12,272.40 for RealTime is not compensable for the same reasons it is not compensable in the deposition context. T-Mobile has "failed to establish that realtime transcripts, the most expensive transcription option available, were necessary, as opposed to merely convenient or helpful, to the prosecution of [its] case." *AIG Glob. Sec. Lending Corp. v. Banc of Am. Sec. LLC*, No. 01 CIV 11448 JGK, 2011 WL 102715, at *2 (S.D.N.Y. Jan. 6, 2011). The remainder is for daily transcripts, which are also not compensable. *See id.* ("rejecting request for daily transcript costs"); *Sun Studs, Inc. v. ATA Equip. Leasing*, No. CIV. 78-714-RE, 1990 WL 293887, at *1 (D. Or. Dec. 12, 1990) (daily transcript not compensable because it was for the lawyer's convenience).

DEFENDANT HUAWEI DEVICE USA'S
OPPOSITION TO T-MOBILE'S MOTION FOR RECOVERY
OF COSTS PURSUANT TO FRCP 54
NO. C14-1351 RAJ
- 6 -

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

## CONCLUSION

For these reasons, the Court should award no more than $44,470.58 in costs under Federal Rule of Civil Procedure 54.

DATED this 26th day of June, 2017.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Defendants Huawei Device USA, Inc.

By *s/Franklin D. Cordell*
Franklin D. Cordell, WSBA #26392
Jeffrey M. Thomas, WSBA #21175
1001 Fourth Avenue, Suite 4000
Seattle, Washington 98154
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: fcordell@gordontilden.com
Email: jthomas@gordontilden.com

**STEPTOE & JOHNSON LLP**
Attorneys for Defendants Huawei Device USA, Inc.

By *s/Timothy C. Bickham*
Timothy C. Bickham*
James F. Hibey*
Michael J. Allan*
Jeffrey M. Theodore*
Jessica I. Rothschild*
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
Email: jhibey@steptoe.com
Email: tbickham@steptoe.com
Email: mallan@steptoe.com
Email: jtheodore@steptoe.com
Email: jrothschild@steptoe.com

DEFENDANT HUAWEI DEVICE USA'S OPPOSITION TO T-MOBILE'S MOTION FOR RECOVERY OF COSTS PURSUANT TO FRCP 54
NO. C14-1351 RAJ

- 7 -

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

Michael Flynn-O'Brien*
1891 Page Mill Road, Suite 200
Palo Alto, CA 94394
Telephone: (650) 687-9500
Facsimile: (650) 687-9499
Email: mflynnobrien@steptoe.com
* Admitted *Pro Hac Vice*

DEFENDANT HUAWEI DEVICE USA'S OPPOSITION TO T-MOBILE'S MOTION FOR RECOVERY OF COSTS PURSUANT TO FRCP 54
NO. C14-1351 RAJ

- 8 -

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Michael E. Kipling
Marjorie A. Walter
KIPLING LAW GROUP PLLC
3601 Fremont Avenue N., Suite 414
Seattle, WA 98103
kipling@kiplinglawgroup.com
walter@kiplinglawgroup.com

John Hueston
Alison Plessman
Eric Hayden
HUESTON HENNIGAN LLP
523 West 6th Street
Los Angeles, CA 90014
(213) 788-4340
jhueston@hueston.com
aplessman@hueston.com
ehayden@hueston.com

s/ *Jessica I. Rothschild*
Jessica I. Rothschild*
(*admitted *pro hac vice*)

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292