The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| T-MOBILE USA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>HUAWEI DEVICE USA, INC., a Texas corporation,<br><br>Defendant. | NO. C14-1351 RAJ<br><br>**DEFENDANT HUAWEI DEVICE USA, INC.'S OPPOSITION TO T-MOBILE'S MOTION FOR RECOVERY OF ATTORNEYS' FEES**<br><br>Noting Date: June 30, 2017<br><br>**REDACTED PUBLIC VERSION** |

DEFENDANT HUAWEI DEVICE USA'S
OPP. TO MOT. FOR FEES
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................1
ARGUMENT ..............................................................................................................2
I. Each Party Should Bear Its Own Fees and Costs. ..........................................2
II. A Reasonable Fee in This Case Can Be No More than $1-$1.14 Million. .........4
   A. Hueston Hennigan's Rates Far Exceed Prevailing Seattle Rates. ............4
   B. T-Mobile's Fee Request Includes Unreimbursable and Unreasonable Hours. ......................................................................................5
      1. The Time Incurred by Zoellner Byington Should Be Rejected. ..............5
      2. Hueston Hennigan's Timekeepers and Hours Are Grossly Inflated. .........6
      3. T-Mobile Cannot Recover Fees for Non-Compensable Claims..................7
      4. Any Fee Award Must Be Reduced to Account for Limited Success. .........9
III. T-Mobile's Requested Expenses Are Improper. ..............................................10
CONCLUSION ..........................................................................................................12

DEFENDANT HUAWEI DEVICE USA'S
OPP. TO MOT. FOR FEES    - i -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

# TABLE OF AUTHORITIES

**Cases**   Page(s)

*Acuna v. Regents of Univ. of California*,
   141 F.3d 1173 (9th Cir. 1998) ................................................................. 10

*Applegate v. Washington Fed. Sav.*,
   182 Wn. App. 1001 (2014) ....................................................................... 7

*Berryman v. Metcalf*,
   177 Wash. App. 644 (2013) ..................................................................... 4

*Boguch v. Landover Corp.*,
   153 Wn. App. 595 (2009) ........................................................................ 8

*Boyd v. Sunflower Props.*,
   197 Wn. App. 137 (2016) ........................................................................ 8

*Citizens for Better Forestry v. U.S. Dep't of Agr.*,
   567 F.3d 1128 (9th Cir. 2009) ................................................................. 3

*DBM Consulting Engineers v. Sanders*,
   157 Wn. App. 1051 (2010) ..................................................................... 11

*Edmonds v. John L. Scott Real Estate*,
   87 Wn. App. 834 (1997) .......................................................................... 8

*Farrar v. Hobby*,
   506 U.S. 103 (1992) ................................................................................ 9

*Fox v. Vice*,
   563 U.S. 826 (2011) ................................................................................ 9

*Gaglidari v. Denny's Restaurants, Inc.*,
   117 Wn. 2d 426 (1991) ............................................................................ 7

*Gardner v. Toyota Motor Corp.*,
   No. 08-0632, 2010 WL 3733876 (W.D. Wash. Sept. 1, 2010) ................. 4

*Greater L.A. Council on Deafness v. Community TV of So. Cal.*,
   813 F.2d 217 (9th Cir. 1987) ................................................................. 10

*Harris v. Marhoefer*,
   24 F.3d 16 (9th Cir. 1994) ..................................................................... 10

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ................................................................................ 9

DEFENDANT HUAWEI DEVICE USA'S
OPP. TO MOT. FOR FEES - ii -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

*Hertz v. Riebe*,
 86 Wn. App. 102 (1995) ................................................................................................... 2

*In re Taco Bell Wage & Hour Actions*,
 222 F. Supp. 3d 813 (E.D. Cal. 2016) ............................................................................... 9

*In re Washington Mut. Sec. Litig.*,
 No. 08-MD-1919 MJP, 2011 WL 8190466 (W.D. Wash. Nov. 4, 2011) .......................... 5

*Ives v. Ramsden*,
 142 Wn. App. 369 (2008) ................................................................................................. 8

*McCown v. City of Fontana*,
 565 F.3d 1097 (9th Cir. 2009) ......................................................................................... 10

*McGinnis v. Kentucky Fried Chicken of California*,
 51 F.3d 805 (9th Cir. 1994) ............................................................................................. 10

*Morales v. City of San Rafael*,
 96 F.3d 359 (9th Cir. 1996) ............................................................................................... 9

*Muniz v. UPS*,
 738 F.3d 214 (9th Cir. 2013) ............................................................................................. 9

*N. Pac. Crane Co. v. Bear*,
 151 Wn. App. 1002 (2009) ............................................................................................. 11

*Panorama v. Allstate Ins. Co.*,
 144 Wn. 2d 130 (2001) ................................................................................................... 11

*PH Group v. Birch*,
 985 F.2d 649 (1st Cir. 1993) ............................................................................................. 3

*Phillips Bldg. Co. v. An*,
 81 Wn. App. 696 (1996) ................................................................................................... 2

*Puget Sound Serv. Corp. v. Bush*,
 45 Wn. App. 312 (1986) ................................................................................................... 2

*Rowe v. Floyd*,
 29 Wn. App. 532 (1981) ............................................................................................... 2, 3

*Salvatori v. Westinghouse Elec. Corp.*,
 190 F.3d 1244 (11th Cir. 1999) ........................................................................................ 3

*Sardam v. Morford*,
 51 Wn. App. 908 (1988) ................................................................................................... 3

DEFENDANT HUAWEI DEVICE USA'S
OPP. TO MOT. FOR FEES - iii -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

*Schwarz v. Sec'y of Health & Human Servs.*,
 73 F.3d 895 (9th Cir. 1995) ............................................................................................. 10

*Shaw v. City of Sacramento*,
 250 F.3d 1289 (9th Cir. 2001) ........................................................................................... 3

*Tallman v. Durussel*,
 44 Wn. App. 181 (1986) .................................................................................................... 2

*Tunison v. Continental Airlines Corp.*,
 162 F.3d 1187 (D.C. Cir. 1998) ........................................................................................ 3

*Wallis v. BNSF Ry. Co.*,
 No. 13-40, 2014 WL 1648472 (W.D. Wash. Apr. 23, 2014) ........................................ 4, 5

*West Virginia Univ. Hospitals v. Casey*,
 499 U.S. 83 (1991) ........................................................................................................... 11

*Wilbur v. City of Mount Vernon*,
 No. C11-1100RSL, 2014 WL 11961980 (W.D. Wash. Apr. 15, 2014) ............................ 5

*Yamada v. Nobel Biocare Holding*,
 825 F.3d 536 (9th Cir. 2016) ............................................................................................. 9

**STATUTES**

RCW 4.84.330 .................................................................................................................... 1, 2, 7

RCW 19.108.050 .......................................................................................................................... 7

DEFENDANT HUAWEI DEVICE USA'S
OPP. TO MOT. FOR FEES - iv -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

# INTRODUCTION

At the same time that it asks for a new trial, T-Mobile claims to have prevailed in this suit and seeks more than $18.5 million in fees and expenses—four times the amount of the judgment in a case where it lost on several core questions in dispute and recovered less than one percent of the amount that it sought. These are far from the "excellent results" that justify an undiscounted, lodestar fee award. No reasonable client would pay $18.5 million for a $4.8 million recovery.

To begin, T-Mobile should recover no fees because, where "both parties prevail on major issues" so that there is "no singularly prevailing party," neither party is entitled to fees under RCW 4.84.330. T-Mobile lost on its primary claim that Huawei obtained hundreds of millions of dollars in unjust enrichment through a scheme to steal T-Mobile's trade secrets and use them to improve almost one billion phones sold worldwide through 2020. T-Mobile also lost on its claims concerning the MetroPCS Agreement, the NDA, the Consumer Protection Act, and tortious interference. In these circumstances, the only reasonable fee award is no fee at all.

In any event, even if its small victory on two contracts made it the "singular" prevailing party, T-Mobile's requested award would have to be dramatically reduced—as described in the Declarations of Bradley Keller and Jessica Rothschild. Hueston Hennigan's hourly rates far exceed the highest that have ever been awarded in this District. Hueston Hennigan's overbilling—such as ███ hours for a one-hour closing—grossly exceeds the time that was reasonable and necessary to expend on the litigation. And fee shifting is legally allowable only for the time incurred on the contract claims on which T-Mobile succeeded, not for the entire case; even that time must be discounted for T-Mobile's minimal success.

T-Mobile's claimed expenses are just as unreasonable. T-Mobile seeks reimbursement of first-class airfare and stays in ultra-luxury hotels, ███████████████████████ ███. T-Mobile also requests $1.7 million for its $1000-an-hour damages expert—even though Dr. Sullivan testified under oath at trial that his bills were less than half that amount and even though his opinions were rejected by the jury.

In sum, the Court should reject T-Mobile's unreasonable request in its entirety.

DEFENDANT HUAWEI DEVICE USA'S
OPP. TO MOT. FOR FEES     - 1 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

Alternatively, it should deem the reasonable fee and cost award to be no more than $1 to 1.25 million to reflect reasonable fees and expenses and T-Mobile's minimal success.

## ARGUMENT

### I. Each Party Should Bear Its Own Fees and Costs.

T-Mobile's motion for fees and costs should be denied in its entirety, because T-Mobile is not "the prevailing party" in this case. Where, as here, both parties prevailed on major issues at trial, neither party is entitled to fees under RCW 4.84.330.

Because section 4.84.330 contemplates an award of fees to only one party—"the prevailing party"—the statute is inapplicable where there is "no singularly prevailing party." *Rowe v. Floyd*, 29 Wn. App. 532, 536 (1981). Where "both parties prevail on major issues," there is no prevailing party and neither party is entitled to recovery of its fees. *Phillips Bldg. Co. v. An*, 81 Wn. App. 696, 702-03 (1996); *Tallman v. Durussel*, 44 Wn. App. 181, 189 (1986) (same); *Puget Sound Serv. Corp. v. Bush*, 45 Wn. App. 312, 320-21 (1986) (same).

To determine whether there is one singularly prevailing party, "[t]he statute focuses rather on the relief afforded to the parties for the entire suit whether or not the underlying claim provides for fees." *Hertz v. Riebe*, 86 Wn. App. 102, 105 (1995). Thus, the critical question is whether T-Mobile was the "singularly prevailing party" in the suit as a whole. It plainly was not.

*Rowe* is highly instructive. There, the plaintiff sued on a realty contract authorizing attorneys' fees, claiming that the defendants had failed to make a $20,000 payment, and seeking forfeiture of the defendants' land. *Id.* at 533. After trial, the court ordered defendants to pay $16,475, but rejected the forfeiture claim. *Id.* at 534-35. On appeal, the court held that neither party was entitled to fees because both had prevailed on major issues: the plaintiff had recovered 20 times what the defense had offered to settle, but the defendant had defeated the plaintiff's forfeiture claim. *Id*. at 535-36. There was no singularly prevailing party.[1]

---

[1] T-Mobile argues that it should be regarded as the prevailing party merely because this Court entered a judgment in its favor. Mot. at 4-5. Washington law rejects such a mechanical approach and directs courts to go beyond "the language of the judgment" to examine "its practical effect." *Rowe*, 29 Wn. App. at 535.

DEFENDANT HUAWEI DEVICE USA'S
OPP. TO MOT. FOR FEES - 2 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

T-Mobile has even less basis for claiming "prevailing party" status than the plaintiff in *Rowe*. While T-Mobile prevailed on its claim for breach of the Master Supply Agreement and Clean Room Letter and obtained a $4.8 million jury verdict, Huawei prevailed on every other claim in the case: The jury awarded zero damages on T-Mobile's primary claim for trade secret misappropriation and its claim for breach of the NDA. Dkt. 484. It is well-settled that a plaintiff does not qualify as the "prevailing" party where, as here, "no damages were awarded." *Shaw v. City of Sacramento*, 250 F.3d 1289, 1295 (9th Cir. 2001); *see also Citizens for Better Forestry v. U.S. Dep't of Agr.*, 567 F.3d 1128, 1131-32 (9th Cir. 2009) (fee award not justified unless "some relief" has been granted); *Tunison v. Continental Airlines Corp.*, 162 F.3d 1187, 1190 (D.C. Cir. 1998) (same); *Salvatori v. Westinghouse Elec. Corp.*, 190 F.3d 1244, 1245 (11th Cir. 1999) (same). "[A]n award of zero damages, supported by a rational basis in the record, is generally considered a judgment for defendant." *PH Group v. Birch*, 985 F.2d 649, 652 (1st Cir. 1993).

Further, the jury found that Huawei had not breached the MetroPCS Agreement. And before trial, the Court dismissed T-Mobile's claims under the Consumer Protection Act and for tortious interference. Thus, fees are inappropriate because Huawei "successfully defended against a major claim" by T-Mobile. *Sardam v. Morford*, 51 Wn. App. 908, 911-12 (1988).

Even this overstates T-Mobile's degree of success. The great majority of the Parties' litigation efforts focused on T-Mobile's claim that Huawei stole a unique and ground-breaking testing robot that Huawei needed to develop its business around the world, that the technology was worth hundreds of millions of dollars, and that this willful misappropriation of trade secrets was essential to Huawei's effort to transform itself into a leading smartphone maker. On these core questions in dispute, T-Mobile's failure was complete and unequivocal. The jury squarely rejected T-Mobile's claim for willful misappropriation and punitive damages—along with T-Mobile's central theory of the case and its attempt to recover almost $600 million.

"It would be inequitable to award substantial fees in these circumstances…." *Sardam*, 51 Wn. App. at 912. Instead, the Parties, having each prevailed on major issues, should bear their own fees and costs.

DEFENDANT HUAWEI DEVICE USA'S
OPP. TO MOT. FOR FEES - 3 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

## II. A Reasonable Fee in This Case Can Be No More than $1-$1.14 Million.

Even if T-Mobile could be characterized as the "prevailing party" and were entitled to *some* fees, its requested award would have to be dramatically reduced. As explained by Bradley Keller, an experienced Seattle trial litigator, competent Seattle counsel could have handled this entire case—including the unsuccessful claims—for ▓▓▓▓▓▓▓▓ Keller Decl. ¶ 27. Yet, T-Mobile is entitled to fees and costs only on the two contract claims on which it prevailed (and not for the time and expenses attributable to other claims), an amount which must also be discounted for T-Mobile's limited success.

### A. Hueston Hennigan's Rates Far Exceed Prevailing Seattle Rates.

A determination of reasonable attorney fees begins with a calculation of the "lodestar," which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Berryman v. Metcalf*, 177 Wash. App. 644, 660 (2013). Simply by using the highest prevailing Seattle rates—rather than the excessive out-of-town rate used by T-Mobile—the Hueston Hennigan fees fall to no more than $8,082,099. Rothschild ("JIR") Decl. ¶¶ 27.

T-Mobile hired a boutique Los Angeles firm with rates far exceeding those of capable counsel in Seattle and those that have been approved by courts in this District. While T-Mobile is free to retain an out-of-market firm, "Seattle's market rates [are] the guideline for reasonableness." *Gardner v. Toyota Motor Corp.*, No. 08-0632, 2010 WL 3733876, at *6 (W.D. Wash. Sept. 1, 2010) (Jones, J.). Because T-Mobile "has not shown that local counsel would be unavailable or unable to handle this matter," "the relevant community [is] this district." *Wallis v. BNSF Ry. Co.*, No. 13-40, 2014 WL 1648472, at *1 (W.D. Wash. Apr. 23, 2014).

T-Mobile seeks rates ranging from ▓▓▓▓▓▓ for lead counsel Mr. Hueston and ▓▓▓▓ for a mid-level associate.[2] But it cannot cite even one decision from this District approving rates anywhere close to rates this high. Rather, Judge Pechman has "determine[d] that the benchmark for quality and experienced counsel in this community does not exceed $525 an hour" and was "particularly convinced that the partner rates . . . ranging from $700 to $975 an

---

[2] The rates T-Mobile is actually seeking exceed those quoted in the Feldman declaration. *See* JIR Decl. ¶¶ 2-4; Keller Decl. ¶ 15.

DEFENDANT HUAWEI DEVICE USA'S
OPP. TO MOT. FOR FEES - 4 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

hour[] are excessive." *In re Washington Mut. Sec. Litig.*, No. 08-MD-1919 MJP, 2011 WL 8190466, at *1 (W.D. Wash. Nov. 4, 2011); *see also Wallis*, 2014 WL 1648472, at *1 (awarding $400 an hour for senior partner "extensive experience and recognition in the field" who had "specialized . . . for over 35 years" and $250-$275 for mid-level associates).

T-Mobile has hired David Burman to testify that its counsel rates are reasonable. But, in a recent case involving rates requested by Mr. Burman's law firm, Judge Lasnik found that "the top of the market range" for a case in which "the complexity . . . was significant" and counsel "would command the highest hourly rate that the market would bear" was $580 for the lead partner and $200-400 for associates. *Wilbur v. City of Mount Vernon*, No. C11-1100RSL, 2014 WL 11961980, at *2–3 (W.D. Wash. Apr. 15, 2014). As explained by Mr. Keller, the Hueston Hennigan rates far exceed the most generous possible rates that are consistent with the top end of the Seattle market. Keller Decl. ¶¶ 9, 14-25.

### B. T-Mobile's Fee Request Includes Unreimbursable and Unreasonable Hours.

In addition to an inflated hourly rate, T-Mobile claims more than ▬▬▬ hours, an excessive number that must be dramatically reduced. Once T-Mobile's attorney hours have been properly narrowed, the reasonable fee is no higher than $1-$1.14 million.

### 1. The Time Incurred by Zoellner Byington Should Be Rejected.

At the threshold, T-Mobile should not recover the ▬▬▬ in fees for Zoellner Byington, one of two outside firms that it claims performed document review and management. This time is unreasonable and should be deducted in its entirety. Keller Decl. ¶¶ 39-43.

First, T-Mobile hired both Zoellner and a firm called UnitedLex to perform document review. T-Mobile does not explain why it needed to retain two firms to perform this task in this case, in addition to the ▬▬ hours and ▬▬▬▬ that Hueston Hennigan attorneys spent on document review. JIR Decl. ¶ 11 (p. 11). Second, while UnitedLex's review rates of just under ▬▬▬ are consistent with industry standards for document review, Zoellner's billing rates of ▬▬▬ for review and ▬▬▬ or project management far exceed the norms for contract attorneys. Third, T-Mobile has not identified the Zoellner timekeepers, their qualifications, or

DEFENDANT HUAWEI DEVICE USA'S
OPP. TO MOT. FOR FEES
NO. C14-1351 RAJ

- 5 -

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

whether they have been admitted to practice as attorneys.  Fourth, the Zoellner time entries consist of the same stock phrases, *e.g.*, ████████████████████████ repeated hundreds of times and provide no substantive insight into the reasonableness of the hours claimed.  Fifth, the Zoellner records are replete with entries claiming ████████████ ████████ which suggests that the work of multiple attorneys were combined into one entry, preventing any analysis of reasonableness.  Keller Decl. ¶¶ 39-42; JIR Decl. ¶¶ 2, 4, 6, 11.

In sum, there is no evidence that the Zoellner time was reasonable and necessary.  It should be deducted from T-Mobile's requested award.  Keller Decl. ¶ 43.

### 2. Hueston Hennigan's Timekeepers and Hours Are Grossly Inflated.

T-Mobile's request for ████████ hours billed by Hueston Hennigan must also be substantially reduced.  These numbers far exceed what was reasonably required to litigate this case.  Keller Decl. ¶¶ 26-38; JIR Decl. ¶¶ 2-26.

T-Mobile claims that, "for the majority of the case," it "had only one to two partners and two to three associates actively working on the case." Feldman Decl. ¶ 31; Mot. at 6.  While three to five attorneys might have been a reasonable team for this litigation, Keller Decl. ¶¶ 10-11, 27, this supposed approach does not reflect T-Mobile's actual staffing.  JIR Decl. ¶¶ 4-8.  Almost twenty lawyers entered appearances on T-Mobile's behalf, and T-Mobile had as many as a ██ lawyers working on the same task at any given time.  The revolving set of associates and partners led to major inefficiencies, and Hueston Hennigan's time records are replete with duplication and overbilling.  Keller Decl. ¶¶ 28-37; JIR Decl. ¶ 11 (pp. 6-18).  For example:

- ████████████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████. JIR Decl. ¶ 11 (p. 12).
- ████████████████████████████████████████████████ ████████████████████████████. *Id.* ¶ 11 (p. 7).
- ████████████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████. *Id.* ¶ 11 (p. 7, 10).

Mr. Keller, an experienced Seattle trial attorney and a Fellow of the American College of

DEFENDANT HUAWEI DEVICE USA'S
OPP. TO MOT. FOR FEES
NO. C14-1351 RAJ
- 6 -

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

Trial Lawyers has reviewed T-Mobile's time entries and concluded that they are replete with "unreasonable and excessive charges" for "unnecessary" and "duplicative" time. Keller Decl. ¶ 38. In Mr. Keller's opinion, Hueston Hennigan's submission of this time to T-Mobile "reflects a failure to exercise billing judgment." *Id.* By contrast, T-Mobile's declarant Mr. Burman has nothing to say about the reasonableness of the hours T-Mobile claims. *See* Dkt. 502.

After adjusting for the ▮▮▮▮ of duplicative hours that Hueston Hennigan billed on witness prep, opening, closing, and other tasks, the lodestar should be well under $4 million. *See* JIR Decl. ¶¶ 28-30. This is consistent with Mr. Keller's opinion. Keller Decl. ¶ 27.

### 3.  T-Mobile Cannot Recover Fees for Non-Compensable Claims.

As explained in Mr. Keller's declaration, ▮▮▮▮ reflects what a qualified Seattle firm reasonably would have billed for the entire case. Yet, T-Mobile is not entitled to recover fees on all claims. To the contrary, T-Mobile is entitled to recover only those fees attributable to two of the seven claims it asserted in this case—for breach of the MSA and Clean Room Letter.

It is hornbook law that, "[i]n a case involving multiple claims, the court should award attorney fees only on the claims for which attorney fees are authorized." 14A Wash. Prac., Civil Procedure § 37:16 (2d ed. 2017); *see also Gaglidari v. Denny's Restaurants, Inc.*, 117 Wn. 2d 426, 450 (1991) ("Segregation is required where attorney fees are authorized for only some of the claims."). Thus, a plaintiff who seeks fees under RCW 4.84.330 must segregate the fees incurred for "claims directly related to the contractual document containing the attorney fee provision from the fees and costs incurred litigating other claims." *Applegate v. Washington Fed. Sav.*, 182 Wn. App. 1001, at *11 (2014) (unpublished).

T-Mobile's fee request consists primarily of fees devoted to its trade secret misappropriation claim. Washington law permits the plaintiff in a trade secret case to recover attorneys' fees, but only if "willful and malicious misappropriation exists." RCW 19.108.050. The jury, of course, rejected such a finding. Dkt. 484. T-Mobile nevertheless contends it is entitled to recover fees on its trade secret misappropriation claim because that claim was "on a contract," specifically the MSA. But, as T-Mobile's own case explains, non-contractual claims

DEFENDANT HUAWEI DEVICE USA'S
OPP. TO MOT. FOR FEES
NO. C14-1351 RAJ

- 7 -

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

are "on the contract" only where they "arose out of the contract" because of a "duty [that] was created under, and defined by . . . agreement." *Edmonds v. John L. Scott Real Estate*, 87 Wn. App. 834, 855 1083 (1997). By contrast, "[i]f a party alleges breach of a duty imposed by an external source, such as a statute or the common law, the party does not bring an action on the contract, even if the duty would not exist in the absence of a contractual relationship." *Boguch v. Landover Corp.*, 153 Wn. App. 595, 615 (2009). T-Mobile's WUTSA claim was based on alleged breach of a statutory duty—one that existed separate and apart from any contractual relationship—so the claim was not *on* a contract.

According to T-Mobile, it is enough that Huawei would not have had access to T-Mobile's trade secrets unless it first signed the MSA's confidentiality provisions. That is not legally sufficient under Washington law. By analogy, a doctor would not have access to a patient absent a contract to perform a medical procedure, but a doctor who "commits medical malpractice while performing a medical procedure pursuant to a contract is not liable *on the contract* for the malpractice." *Boyd v. Sunflower Props.*, 197 Wn. App. 137, 150 (2016). Just so here: Huawei's obligation not to misappropriate trade secrets arose by statute—not by contract.

T-Mobile does not even argue that its claims dismissed pre-trial or its claims for breach of the NDA or MetroPCS Agreement—neither of which contains an attorney's fees provision—arose out of the MSA, an entirely separate contract. There is thus no basis for its unfounded effort to recover fees attributable to those unsuccessful claims. Keller Decl. ¶¶ 44-49.

T-Mobile argues that fees should not be reduced on a claim-by-claim basis because all claims derive from the same general set of facts. Under Washington law, however, "the court *must* segregate the time spent on other theories and claims on the record, even if the other theories and claims are interrelated or overlap, unless the trial court finds that 'no reasonable segregation of successful and unsuccessful claims can be made.'" *Hume*, 124 Wn. 2d at 673. T-Mobile has not attempted to carry its burden of showing that no reasonable segregation can be made. *Ives v. Ramsden*, 142 Wn. App. 369, 397 n.14 (2008).

Because T-Mobile has not even attempted to segregate between its claims, the Court may

DEFENDANT HUAWEI DEVICE USA'S
OPP. TO MOT. FOR FEES - 8 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

conduct its own segregation analysis, by "determin[ing] the percentage of a reduction that would be required to reasonably compensate Plaintiff[] for work on" its compensable claims. *See In re Taco Bell Wage & Hour Actions*, 222 F. Supp. 3d 813, 837 (E.D. Cal. 2016). In so doing, it is appropriate for the Court to "use estimates in calculating and allocating" the hours spent by T-Mobile's counsel. *Id.* (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).[3]

Here, of the seven claims asserted by T-Mobile against Huawei, only two are compensable. Given that T-Mobile had two claims dismissed before trial, that T-Mobile's trade secret claim was the focus of trial, and that the Court found breach of the Clean Room Letter on summary judgment, a *conservative* estimate would require allocating no more than two sevenths of the ▮▮▮▮▮▮▮▮ that is reasonable for the entire case to T-Mobile's compensable claims. At the most, therefore, T-Mobile should recover no more than 28.57% of that amount, or $1-1.14 million.

### 4. Any Fee Award Must Be Reduced to Account for Limited Success.

Even if it were impossible to segregate T-Mobile's claims, the Court should reach the same result—a fee award of no more than $1-$1.14 million—by accounting for T-Mobile's "partial or limited success." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *see also Muniz v. UPS*, 738 F.3d 214, 224 (9th Cir. 2013) ("fee award must be adjusted to reflect limited success").

Courts are "obligated to consider" the extent of the movant's success in relation to the lodestar figure. *Morales v. City of San Rafael*, 96 F.3d 359, 364 (9th Cir. 1996); *see also Farrar v. Hobby*, 506 U.S. 103, 114 (1992) ("[I]n fixing fees, [a district court] is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought.").

A party's degree of success in the litigation is the "most critical" factor in assessing the reasonableness of a fee award. *Yamada v. Nobel Biocare Holding*, 825 F.3d 536, 546 (9th Cir. 2016). "Success," in turn, is evaluated by comparing the amount and nature of claims on which

---

[3] Contrary to T-Mobile's assertions, it has not excluded hours related to unsuccessful claims such as those against Huawei Technologies. Instead, T-Mobile appears to have redacted the language referencing Huawei Technologies from its time entries while still seeking reimbursement of the time. *See* JIR Decl. ¶ 11 (p. 18).

DEFENDANT HUAWEI DEVICE USA'S
OPP. TO MOT. FOR FEES         - 9 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

a party prevailed compared to those on which it did not, the amount of damages awarded compared to the amount sought, and the amount of damages awarded relative to the amount of fees sought. *McCown v. City of Fontana*¸ 565 F.3d 1097, 1103 (9th Cir. 2009).

Each of these factors compels a substantial reduction in the fees sought by T-Mobile. As explained above, T-Mobile prevailed only on two breach of contract claims; Huawei prevailed on the rest. T-Mobile sought almost $600 million, and was awarded less than 1% of that figure. And T-Mobile seeks almost four times the amount of the verdict in fees. Awarding that amount would be reversible error. For example, in *McGinnis v. Kentucky Fried Chicken of California*, 51 F.3d 805, 810 (9th Cir. 1994), the Ninth Circuit vacated an attorney's fee award due to limited success because "no reasonable person would pay lawyers $148,000 to win $34,000." Similarly, no reasonable person would pay $18.5 million to win $4.8 million. On its face, T-Mobile's request is grossly excessive and requires a substantial reduction.

Courts apply a flat reduction based on "the number of claims prevailed upon versus the number of claims dismissed or decided in defendant's favor." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 905 (9th Cir. 1995) (quoting *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994)). Here, the lodestar that can be attributed to the entire case ▮▮▮▮ should be reduced to reflect that T-Mobile lost on five of its seven claims—a reduction of 71.43%—to $1-$1.14 million, a reduction that is consistent with decisions of the Ninth Circuit. *See Greater L.A. Council on Deafness v. Community TV of So. Cal.*, 813 F.2d 217, 222–23 (9th Cir. 1987) (60% reduction); *Acuna v. Regents of Univ. of California*, 141 F.3d 1173 (9th Cir. 1998) (50% reduction) (unpublished). T-Mobile prevailed on only two of its seven claims; thus, even if the Court cannot segregate hours between the claims, it is appropriate to use a flat reduction that approximates T-Mobile's level of success.

### III. T-Mobile's Requested Expenses Are Improper.

In addition to its requested fees, T-Mobile also seeks reimbursement of $4.3 million of expenses—approximately $3 million in fees charged by its experts and another $1.3 million in other expenses. These requested amounts also are not reasonable. Keller Decl. ¶¶ 50-53.

DEFENDANT HUAWEI DEVICE USA'S
OPP. TO MOT. FOR FEES - 10 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

**a.** First, T-Mobile cannot recover the Sullivan and Davies fees, both because expert witness fees are not compensable under the MSA and because the testimony of these two witnesses was almost completely rejected by the jury.

The MSA permits recovery of "reasonable attorneys' fees and actual costs," but not expert fees. MSA § 9.12. Expert fees are not considered part of attorneys' fees or costs and must be identified separately and explicitly in the language that provides the basis for shifting such fees. *See West Virginia Univ. Hospitals v. Casey*, 499 U.S. 83, 88 (1991) (distinguishing between fee-shifting statutes that refer only to attorneys' fees and those that "explicitly shift expert witness fees *as well as* attorney's fees"). Where parties intend to permit recovery of expert fees in addition to attorneys' fees and costs, they must include express language referring to "expert" fees. *See, e.g., DBM Consulting Engineers v. Sanders*, 157 Wn. App. 1051 (2010); *N. Pac. Crane Co. v. Bear*, 151 Wn. App. 1002 (2009).[4] Because T-Mobile and Huawei did not do so here, expert fees are not recoverable.

Recovery of Dr. Sullivan and Mr. Davies's fees is particularly inappropriate here because the jury rejected their testimony. Between them, Davies and Sullivan asserted that xDR was a copycat robot used to improve all of Huawei's devices and generate almost $200 million in unjust enrichment. The jury decisively rejected that assertion.

**b.** Like T-Mobile's lawyers, T-Mobile's experts charged much more than the norm for expert testimony in a case such as this one. Dr. Sullivan's firm, Intensity, billed almost $1.7 million for the work of twelve timekeepers, including Dr. Sullivan at $1000 an hour. This is more than double the $800,000 that Dr. Sullivan told the jury at trial he had been paid. May 9 Trial Tr. at 122:24-25. Dr. Sullivan's time should be disallowed for this reason alone.

T-Mobile provides no explanation for why this time was necessary, and the Intensity time entries do not help: Every one of Dr. Sullivan's entries reads ▉▉▉▉▉▉▉▉▉▉ JIR Decl. ¶¶ 32-38. Highly qualified damages experts can be found for much lower hourly rates,

---

[4] T-Mobile's reliance on *Panorama v. Allstate Ins. Co.*, 144 Wn. 2d 130, 143 (2001), is misplaced. That case did not interpret a contractual fee-shifting provision and instead allowed recovery of expert fees under a judicial policy created to protect insureds in coverage disputes.

DEFENDANT HUAWEI DEVICE USA'S
OPP. TO MOT. FOR FEES - 11 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

and $1.7 million far exceeds what is required to analyze damages in a case such as this one. Keller Decl. ¶¶ 51-52.

The $1.3 million requested for Michael Davies is similarly excessive and far exceeds what was charged by Huawei's technical experts. Mr. Davies's firm charged $400 an hour for each ▆▆ separate timekeepers – including at least four college interns – though his analysis never proceeded beyond vague claims of functional equivalence. In fact, the majority of Mr. Davies's fee is attributable to time billed by interns and recent graduates. By contrast, Drs. Smith and Wolfe were able to perform their analysis without support staff despite engaging in much deeper and more specific analysis of the robot technology at issue. JIR Decl. ¶¶ 39-48.[5]

**c.** T-Mobile's remaining expenses are also excessive. T-Mobile asks for ▆▆ n travel expenses, ▆▆ JIR Decl. ¶¶ 57-65. While T-Mobile is entitled to treat its lawyers to first class travel and luxury accommodations, it is not entitled to recoup the cost from Huawei. T-Mobile's remaining expenses—including ▆▆ —are also unreasonable. *Id*. ¶¶ 49-56, 66-81; Gegenheimer Decl. ¶¶ 4-7. T-Mobile should recover no more than $135,000 of its costs, JIR Decl. ¶¶ 56, 65, 80, an amount that should be further reduced for lack of success.

## CONCLUSION

The Court should reject T-Mobile's fee and expense request in its entirety because T-Mobile has not substantially prevailed. But if the Court is inclined to award fees, it should substantially reduce T-Mobile's request to reflect the reasonable and necessary costs of litigating this case, the fact that fees and costs are compensable only on two of T-Mobile's contract claims, and T-Mobile's small degree of success. The Court should aware no more than $1-1.25 million.

---

[5] T-Mobile attempts to justify Mr. Davies and Dr. Sullivan's rates by averaging them and comparing them to those of Huawei's experts. Mot. at 12. This is highly misleading. Dr. Sullivan's $1000-an-hour rate far exceeds those of Huawei's experts and of competent Seattle damages experts. Keller Decl. ¶¶ 52-53. Mr. Davies's $400-an-hour rate is a blended rate that applied equally to all ▆▆ timekeepers at Endeavor, including college interns and recent graduates. JIR Decl. ¶¶ 41-42. It does not accurately reflect his cost.

DEFENDANT HUAWEI DEVICE USA'S
OPP. TO MOT. FOR FEES - 12 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

DATED this 26th day of June, 2017.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Defendant Huawei Device USA, Inc.

By  *s/Franklin D. Cordell*
Franklin D. Cordell, WSBA #26392
Jeffrey M. Thomas, WSBA #21175
1001 Fourth Avenue, Suite 4000
Seattle, Washington 98154
Telephone:  (206) 467-6477
Facsimile:   (206) 467-6292
Email:  fcordell@gordontilden.com
Email:  jthomas@gordontilden.com

**STEPTOE & JOHNSON LLP**
Attorneys for Defendant Huawei Device USA, Inc.

By  *s/Timothy C. Bickham*
Timothy C. Bickham*
James F. Hibey*
Michael J. Allan*
Jeffrey M. Theodore*
Jessica I. Rothschild*
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile:  (202) 429-3902
Email:  jhibey@steptoe.com
Email:  tbickham@steptoe.com
Email:  jrothschild@steptoe.com

William F. Abrams*
Meg Kammerud*
Michael Flynn-O'Brien*
1891 Page Mill Road, Suite 200
Palo Alto, CA 94394
Telephone: (650) 687-9500
Facsimile: (650) 687-9499
Email: wabrams@steptoe.com
Email: mkammerud@steptoe.com
Email: mflynnobrien@steptoe.com
* Admitted *Pro Hac Vice*

DEFENDANT HUAWEI DEVICE USA'S
OPP. TO MOT. FOR FEES                    - 13 -
NO. C14-1351 RAJ

GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292

# CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Michael E. Kipling
Marjorie A. Walter
KIPLING LAW GROUP PLLC
3601 Fremont Avenue N., Suite 414
Seattle, WA 98103
kipling@kiplinglawgroup.com
walter@kiplinglawgroup.com

John Hueston
Alison Plessman
Eric Hayden
HUESTON HENNIGAN LLP
523 West 6th Street
Los Angeles, CA 90014
(213) 788-4340
jhueston@hueston.com
aplessman@hueston.com
ehayden@hueston.com

s/ *Jessica I. Rothschild*
Jessica I. Rothschild*
(*admitted *pro hac vice*)

DEFENDANT HUAWEI DEVICE USA'S
OPP. TO MOT. FOR FEES
NO. C14-1351 RAJ
- 14 -
GORDON TILDEN THOMAS & CORDELL LLP
1001 FOURTH AVENUE, SUITE 4000
SEATTLE, WA 98154
PHONE (206) 467-6477
FAX (206) 467-6292